**YEN PILCH ROBAINA & KRESIN PLC**
6017 N. 15th Street
Phoenix, Arizona 85014
Telephone: (602) 682-6450
Ty D. Frankel (027179)
TDF@yprklaw.com

**YEN PILCH ROBAINA & KRESIN PLC**
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
Telephone: (619) 756-7748
Patricia N. Syverson (020191)
PNS@yprklaw.com

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>Defendant. | Case No.<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Christopher J. Houck ("Plaintiff"), individually and on behalf of all others similarly situated, for his Complaint against Defendant Maricopa County (the "County") alleges as follows:

## I. NATURE OF THE CASE

1.  Plaintiff brings this action against the County for its unlawful failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.  This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties and

- 1 -

damages owed to Plaintiff and all others similarly situated. For collective action purposes, the proposed Class consists of:

> All current and former lieutenants employed by Maricopa County in the Patrol Division in the last three years ("Patrol Lieutenants").

3. For at least three (3) years prior to the filing of this action (the "Liability Period"), the County had and continues to have a consistent policy and practice of suffering or permitting employees who worked as Patrol Lieutenants, including Plaintiff, to work in excess of forty (40) hours per week, without paying them proper overtime compensation as required by federal wage and hour laws. Plaintiff seeks to recover unpaid overtime compensation, interest thereon, statutory penalties, reasonable attorneys' fees and litigation costs on behalf of himself and all similarly situated current and former Patrol Lieutenants. Plaintiff and all similarly situated current and former Patrol Lieutenants who may opt-in pursuant to 29 U.S.C. § 216(b) also seek liquidated damages.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District. Plaintiff was employed by the County in this District.

## III. PARTIES

6. At all times relevant to the matters alleged herein, Plaintiff Christopher J. Houck resided in the State of Arizona in Maricopa County.

7. Plaintiff has worked for the Maricopa County Sherriff's Office ("MCSO") from February 2007 to the present.

8. Plaintiff was a full-time, non-exempt employee of the County employed as a Deputy from August 2007 when he completed training until September 2017 and then as Sergeant for MSCO from September 2017 until April 4, 2022.

9. On April 4, 2022, Plaintiff was promoted to Lieutenant employed by the County at the MCSO in the Patrol Division and continues in the position through the present time.

10. Plaintiff's Consent to be a Named Plaintiff and Opt In to Lawsuit pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A, affirming his consent to opt-in to this action and pursue his unpaid wages under the FLSA and act as the representative Plaintiff in the action on behalf of the Patrol Lieutenants.

11. Defendant Maricopa County is a political subdivision of the State of Arizona and can sue and be sued pursuant to A.R.S. § 11-201.

12. The County hires Patrol Lieutenants like Plaintiff to provide law enforcement throughout Maricopa County for the MCSO. Plaintiff and the other similarly situated Patrol Lieutenants are employees as defined in 29 U.S.C. § 203(e)(1) and are non-exempt employees under 29 U.S.C. § 213(a)(1).

13. At all relevant times, the County is an employer as defined by 29 U.S.C. § 203(d).

14. The County is a legally constituted governmental entity under Arizona law and subject to the requirements of the FLSA.

### IV. FACTUAL BACKGROUND

15. The County provides law enforcement services throughout Maricopa County.

16. The County employs numerous Patrol Lieutenants like Plaintiff to carry out these law enforcement services.

17. Plaintiff was employed by the County as a Sergeant from September 2017 until April 4, 2022.

18. On April 4, 2022, the County promoted Plaintiff and he began employment for the County as a Patrol Lieutenant on April 4, 2022, and he remains in that position through the current time.

19. As a Patrol Lieutenant, Plaintiff's primary job duties are law enforcement duties he typically performed alongside the officers on his team on a daily basis.

20. Plaintiff's primary duty as a Patrol Lieutenant is non-exempt in nature. Plaintiff's primary duty is law enforcement, including rescuing crime victims, preventing or detecting crimes, conducting investigations and inspections for violations of law, performing surveillance, pursuing, restraining, and apprehending suspects, detaining or supervising suspected and convicted criminals, interviewing witnesses, and interrogating suspects.

21. While Plaintiff has some office duties, his primary and most important duty as a Patrol Lieutenant constitute law enforcement first responder duties.

22. To that end, Plaintiff spends every day monitoring the police radio for patrol activity, so that he can respond to first responder law enforcement calls as required by the County.

23. Patrol Lieutenants are expected to provide law enforcement as their primary duty for the County. For example, Patrol Lieutenants like Plaintiff are required to respond to all high level patrol calls and report as first responders in the field for all such calls.

24. In fact, Plaintiff's supervisory role is limited, both because of the importance of his primary duty of law enforcement and because he lacks discretion in his duties involving supervision of other employees.

25. Plaintiff's discretion in his administrative or supervisory role is limited by the decisions of his Captain, who ultimately makes decisions regarding management and operations of the Patrol Division.

26. Plaintiff does not have authority to hire and fire employees, his primary duty is not management, he does not have discretion over other employees' employment, he does not run a division within the MCSO, his primary duty is not the performance of office or non-manual work directly related to the management or general business operations of MCSO, and his primary duty is not the performance of work requiring knowledge of an advanced type customarily acquired by prolonged course of intellectual instruction.

27. Despite the non-exempt nature of Plaintiff's duties as a Patrol Lieutenant, the County classifies Plaintiff and the Patrol Lieutenants as exempt managers and pays them a "salary."

28. Plaintiff's "salary" as a Patrol Lieutenant is paid on an hourly basis with the requirement that Plaintiff accounts for at least 80 hours every two weeks regardless of the amount of hours he actually works.

29. Plaintiff's hourly rate as a Patrol Lieutenant started at $47.45 per hour and was increased to $52.06 in July 2022.

30. As a Patrol Lieutenant, Plaintiff routinely works more than forty hours per week and he is not paid time and a half for those hours worked over forty in a workweek.

31. Plaintiff's overtime hours during a typical week in which he works overtime ranges from two to nine hours.

32. For example, for the pay period from July 10, 2022 through July 24, 2022, Plaintiff's pay stubs show that he worked 5.5 hours of overtime. However, Plaintiff was only paid for 80 hours at his regular rate of pay and he was not paid any overtime for the 5.5 hours he was required to work beyond the forty hours per week reflected on his pay statement for that pay period.

33. Plaintiff complained to his supervisor and human resources that he was not being paid correctly because the County was failing to pay him overtime even though he was performing law enforcement duties comparable to the duties he performed as a non-exempt Sergeant prior to his promotion to Patrol Lieutenant, but the County refused to correct his pay and continued its practice not to pay him or the Patrol Lieutenants time and a half for hours worked over forty in a workweek.

34. Rather, the County improperly stated that the Patrol Lieutenants were exempt from overtime, failing to account for the fact that their primary duties are law enforcement.

35. Plaintiff's work in the field as a Patrol Lieutenant includes activities like investigating crimes and apprehending fugitives.

36. Plaintiff's duties, hours and compensation are indicative of the similarly situated Patrol Lieutenants.

37. The County's improper policies and compensation practices applied to Plaintiff and all similarly situated Patrol Lieutenants he seeks to represent.

38. Upon information and belief, the County is aware that it has misclassified the Patrol Lieutenants as exempt from overtime, but it has taken no actions necessary to ensure that all non-exempt employees who work overtime hours have been properly paid for those hours as required by the FLSA.

## V.  COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings his claim under the FLSA, 29 U.S.C. § 201 *et seq.*, as a collective action. Plaintiff brings this action on behalf of himself and others similarly situated, properly defined in paragraph 2 above.

40. The County's illegal overtime wage practices were widespread with respect to the proposed Class. The failure to pay proper overtime was not the result of random or isolated individual management decisions or practices.

41. The County's overtime wage practices were routine and consistent. Throughout the Liability Period, employees regularly were not paid the proper overtime wage despite working in excess of forty hours per week.

42. Other Patrol Lieutenants performed the same or similar job duties as Plaintiff. Moreover, Patrol Lieutenants regularly work more than forty hours in a workweek. Accordingly, the employees victimized by the County's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

43. The County's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the others employed by the County as Patrol Lieutenants.

44. All Patrol Lieutenants, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in

excess of forty.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

## VI.  COUNT ONE

**(Failure to Pay Overtime Wages - FLSA - 29 U.S.C. § 207 *et seq.*)**

45.     Plaintiff, on behalf of himself and all those similarly situated, incorporates by reference all of the above allegations as though fully set forth herein.

46.     Plaintiff and the Patrol Lieutenants are non-exempt employees entitled to the statutorily mandated overtime pay according to the FLSA.

47.     The County was an employer pursuant to 29 U.S.C. § 203(d).

48.     The County failed to comply with 29 U.S.C. § 207 because Plaintiff and the Patrol Lieutenants worked for the County in excess of forty hours per week, but the County failed to pay them for those excess hours at the statutorily required rate of one and one-half times their regular rate of pay as required by the FLSA.

49.     The work was performed at the County's direction and with the County's knowledge.

50.     The County's failure to pay overtime to Plaintiff and the Patrol Lieutenants was willful.  The County knows Plaintiff and the Patrol Lieutenants work overtime but fails to properly pay overtime wages.  The County has no reason to believe its failure to pay overtime was not a violation of the FLSA.

51.     Plaintiff and the Patrol Lieutenants are entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees and costs.

## VII.  REQUESTED RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays:

A.     For the Court to order the County to furnish to Plaintiff's counsel a list of the names and contact information of all current and former Patrol Lieutenants who worked for the County within the past three years;

B. For the Court to authorize Plaintiff's counsel to issue notice at the earliest possible time to all current and former Patrol Lieutenants who worked for the County within the past three years immediately preceding this action, informing them that this action has been filed and the nature of the action, and of their right to opt-in to this lawsuit if they worked during the Liability Period;

C. For the Court to declare and find that the County committed one or more of the following acts:

    i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff and persons similarly situated who opt-in to this action; and

    ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

D. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

E. For the Court to award interest due and accruing from the date such amounts were due;

F. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

G. For the Court to award restitution;

H. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

I. For the Court to award pre- and post-judgment interest; and

K. For such other relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

52. Plaintiff, on behalf of himself and all others similarly situated, hereby demands trial of his claims by jury to the extent authorized by law.

DATED: January 11, 2023.

    **YEN PILCH ROBAINA & KRESIN PLC**

    By  *s/Ty D. Frankel*
    Ty D. Frankel
    6017 N. 15th Street
    Phoenix, Arizona 85014

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**YEN PILCH ROBAINA & KRESIN PLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

Attorneys for Plaintiff