**YEN PILCH ROBAINA & KRESIN PLC**
6017 N. 15th Street
Phoenix, Arizona 85014
Telephone: (602) 682-6450
Ty D. Frankel (027179)
TDF@yprklaw.com

**YEN PILCH ROBAINA & KRESIN PLC**
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
Telephone: (619) 756-7748
Patricia N. Syverson (020191)
PNS@yprklaw.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated, | Case No.  2:23-cv-00068-DGC |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO EXTEND DEADLINE TO RESPOND TO PLAINTIFF'S "COLLECTIVE ACTION AND CLASS ACTION COMPLAINT"** |
| v. | |
| Maricopa County, | |
| Defendant. | |

Plaintiff Christopher J. Houck ("Plaintiff"), through undersigned counsel, agreed to provide Defendant Maricopa County (the "County") the two week extension that was requested to accommodate defense counsel's timing needs, including an unexpected family emergency.  Due to the nature of the claims, however, Plaintiff requested that Defendant agree to a simple tolling agreement for the two week response period, not to gain a "procedural advantage" as Defendant asserts, but to avoid prejudicing the rights of the putative opt-in plaintiffs as a result of the extension request.  *See* D.E. 20-1, email exchange.

The statute of limitations for FLSA claims is two years, or three years if a plaintiff is able to prove that the defendant's violations of the FLSA were willful. 29 U.S.C. § 255(a). Unlike class claims brought under Rule 23 of the Federal Rules of Civil Procedure,

- 1 -

collective claims brought under Section 216(b) of the FLSA are not preserved by the filing of a collective action.  Rather, under the FLSA, the statute of limitations on putative opt-in plaintiffs' claims continues to run until each individual files a written consent to join the action as a party plaintiff.  *See* 29 U.S.C. § 256(b).  Thus, "time is of the essence" in providing notice to potential opt-ins because the mere commencement of this collective action under the FLSA does not operate to toll the statute of limitations for such persons. *See, e.g.*, *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011) ("the commencement of a collective action under § 216(b) does not toll the statute of limitations period" for those employees who later are given an opportunity to join the action) (citations omitted).

Defendant's extension request delays the case getting underway.  Plaintiff's counsel is not insensitive to defense counsel's need for an extension.  However, in light of the important interests at issue and the running of the statute of limitations for the putative opt-in plaintiffs, Plaintiff's counsel attempted to simultaneously balance the professional courtesy of the two week extension with counsel's obligation to protect the putative opt-in plaintiffs' rights by requesting that Defendant enter into a simple two week tolling agreement.  Further, Defendant would not be prejudiced by a tolling agreement as it would be in the same position as if it filed its responsive pleading when originally due.

Tolling of the statute of limitations in this manner is not unusual.  In fact, the statute of limitations is frequently tolled in FLSA cases to prevent the opt-in plaintiffs' rights from being negatively impacted by circumstances beyond their control.  *See, e.g.*, *Villareal v. Caremark LLC*, 2014 WL 4247730, at *5 (D. Ariz. Aug. 21, 2014) (tolling the statute of limitations in the interest of justice for all putative members of the collective during the length of the extension to respond to conditional certification); *Barba v. Seung Heun Lee*, 2009 WL 8747368, at *28 (D. Ariz. Nov. 4, 2009) ("The FLSA limitations period is subject to the doctrine of equitable tolling."); *see also Barnett v. Concentrix Sol. Corp.*, Case No. 2:22-cv-00266-DJH (D. Ariz.), Order dated 4/27/2022 (ordering that "in the interest of justice, the Court will toll the statute of limitations on the putative class members' FLSA

overtime claims for this seven-day extension") (**Exhibit A**); *Vega v. All My Sons*, Case No. 4:20-cv-00284-RCC (D. Ariz.), Order dated 08/17/20 (ordering that "[i]n the interest of fairly adjudicating this matter while still allowing an extension for good cause shown, equitable tolling is appropriate", explaining that "Putative Plaintiffs would suffer prejudice at the hands of Defendant by potentially forfeiting their claim if the deadline to answer were extended at Defendant's request without also tolling the limitations period") (**Exhibit B**). Thus, although tolling is, in other types of cases, used "sparingly," *see Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990), "[c]ourts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions...." *Antonio-Morales v. Bimbo's Best Produce, Inc.*, 2009 WL 1591172, at *1-2 (E.D. La. April 20, 2009) (collecting cases and reasoning that equitable tolling was appropriate where "[p]otential opt-ins stand to forfeit their claims through no fault of their own...").

Plaintiff reiterates to the Court his willingness to provide Defendant the two week extension requested, and simply requests that the Court also provide that the putative opt-in plaintiffs have their claims under the FLSA tolled during the two week extension period so that their important FLSA wage rights are not negatively impacted by the delay. This avoids the inequitable circumstances of putative opt-in plaintiffs having their potential damages reduced or even extinguished by an extension request beyond their control.

DATED: February 16, 2023.

**YEN PILCH ROBAINA & KRESIN PLC**
By    *s/ Ty D. Frankel*
Ty D. Frankel
6017 N. 15th Street
Phoenix, Arizona 85014

**YEN PILCH ROBAINA & KRESIN PLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

Attorneys for Plaintiff