Shayna Balch Santiago, SBN 024852
Jacob R. Valdez, SBN 035634
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
ssantiago@fisherphillips.com
jvaldez@fisherphillips.com
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>Defendant. | No. 2:23-cv-00068-DGC<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO JOIN INDESPENSIBLE PARTIES**<br><br>**(Oral Argument Requested)** |

Defendant Maricopa County, by and through undersigned counsel, hereby moves to dismiss Plaintiff Christopher J. Houck's ("Houck") "Collective Action and Class Action Complaint" ("Complaint") for failure to join his spouse and the purported opt in plaintiffs' spouses as necessary parties pursuant to Fed. R. Civ. P. 19(a). Alternatively, in the event the Court is not inclined to dismiss Houck's Complaint, Defendant respectfully requests that this Court order Houck to amend his Complaint and properly identify all party plaintiffs in the caption. Defendant further requests that this Court otherwise strike immaterial, impertinent material found in the caption of the Complaint pursuant to Fed. R. Civ. P. 12(f).

This Motion is supported by the following Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such matters as may be

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

introduced at the hearing on this Motion. Further, certification of counsel in compliance with Rule 12.1(C) of the Local Rules of Civil Procedure is attached hereto at **Exhibit A**.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      RELEVANT BACKGROUND**

Houck filed his Complaint on January 11, 2023 purporting to represent those similarly situated. (Doc. 1). The Complaint alleges Defendant "had and continues to have a consistent policy and practice of suffering or permitting employees who worked as Patrol Lieutenants, including Houck, to work in excess of forty (40) hours per week, without paying them proper overtime compensation as required by federal wage and hour laws." (Doc. 1, ¶ 3). Houck seeks to "recover unpaid overtime and compensation, interest therein, statutory penalties, reasonable attorneys' fees and litigation costs on behalf of himself and all similarly situated current and former Patrol Lieutenants." (Doc. 1, ¶ 4). While the caption of Houck's Complaint is styled as a "Collective Action and Class Action Complaint," Houck asserts his claim under 29 U.S.C § 201, *et. seq* as a collective action. (Doc. 1, ¶ 39). Specifically, Houck asserts one cause of action for failure to pay overtime time wages pursuant to 29 U.S.C. § 207, *et. seq*. (Doc. 1, ¶¶ 45-51). Since Houck filed his Complaint, fourteen (14) individuals, including Houck, have allegedly consented to opt-in to this lawsuit. (Doc. 1 at Exhibit A; Docs. 5-14, and 16-18).

Defendant's counsel met and conferred with Houck's counsel regarding the defects contained in Houck's Complaint on February 13, 2023.

Defendant categorically denies any wrongdoing in this matter and asserts that Houck's claims are without merit. Even assuming the factual matters as pled in the Complaint to be true, Houck's claims for relief are subject to dismissal as outlined below because Houck failed to join indispensable parties under Fed. R. Civ. P. 19(a).

**FISHER & PHILLIPS LLP**
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

## II.    ARGUMENT

### A.    The Complaint Is Subject to Dismissal Because Houck Failed to Join His Spouse And the Purported Opt-In Plaintiffs' Spouses As Indispensable Parties.

Houck's spouse and the purported opt-in plaintiffs' spouses must be joined as indispensable parties under Fed. R. Civ. P. 19(a).[1] Upon information and belief, Houck and most of the purported opt-in plaintiffs are married. However, Houck failed to join the spouses as necessary parties to this lawsuit. Defendant is confident that Houck's claims are completely without merit and will be dismissed in their entirety at the summary judgment stage. Accordingly, when Defendant prevails, it will be entitled to recover its costs in defending this lawsuit. 28 U.S.C. §1920.

Here, the taxable costs could amount to thousands of dollars. If Defendant prevails and is awarded costs, however, complete relief would not be afforded because marital property of Houck and the purported opt-in plaintiffs is shielded from any award that Defendant may receive in this matter. Well-settled Arizona law provides that a "judgment against one spouse does not bind the community." *Spudnuts, Inc. v. Lane*, 139 Ariz. 35, 36, 676 P.2d 667, 670 (App. 1984); *see also* A.R.S. § 25-215(D); *Eng v. Stein*, 123 Ariz. 343, 345-46, 599 P.2d 796, 798-99 (1979). Therefore, Houck and the purported opt-in plaintiffs seek relief that will benefit their marital community while simultaneously shielding their marital community from exposure to any judgment that Defendant may obtain. If Defendant is ultimately awarded a judgment against Houck and the opt-in plaintiffs, Houck and the opt-in plaintiffs will undoubtedly claim that their earnings and assets are community property, not their separate property, which are therefore unattachable under Arizona law unless their spouses are parties to the litigation. *See* A.R.S. § 25-215(D).

By filing his case, Houck and the purported opt-in plaintiffs attempt to benefit their marital community. *See* A.R.S. § 25-211; *Flexmaster Aluminum Awning Co. v.*

---

[1] The Complaint is additionally subject to dismissal due to Houck's failure to provide a valid opt-in notice as the named party plaintiff as set forth in Section D below.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

*Hirschberg*, 173 Ariz. 83, 88, 839 P.2d 1128, 1133 (App. 1992); *Shaw v. Greer*, 67 Ariz. 223, 225, 79 P.2d 965, 966 (1948). Any obligations Houck and the opt-in plaintiffs incur in seeking to benefit the community necessarily becomes an obligation of the marital community. *See Ellsworth v. Ellsworth*, 5 Ariz. App. 89, 423 P.2d 364 (1967). A judgment itself, though, is not enforceable against the marital community unless both spouses are parties to the litigation. Thus, in the absence of one spouse, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1).

Accordingly, because Houck and several of the opt-in plaintiffs are married, their spouses must be joined, or the Complaint is subject to dismissal for failure to join indispensable parties. Fed. R. Civ. P. 19 requires joinder of additional parties if "in that person's absence, the court cannot accord <u>complete relief</u> among existing parties." Fed. R. Civ. P. 19(a)(1) (emphasis added). Joinder of a spouse or the marital community is customary and usual under Fed. R. Civ. P. 19. Indeed, the District Court for the District of Arizona has previously ruled that a plaintiff's spouse is properly joined under Fed. R. Civ. P. 19 for purposes of allowing the defendant to seek recovery of attorneys' fees and costs against marital property. *See Weimer v. Maricopa County Cmty. Coll. Dist.*, 184 F.R.D. 309, 310 (D. Ariz. 1998).

It is anticipated that Houck will argue that Fed. R. Civ. P. 19(a) is inapplicable in lawsuits brought under the Fair Labor Standards Act ("FLSA") because the FLSA is not a fee shifting statute. Houck's argument is misplaced.

In *Gomez*, former employees of an Arizona hospital filed suit against four officers of the hospital under the FLSA. *Gomez v. Faulkner*, No. CV-12-01506-PHX-FJM, 2013 WL 2558766, at *1 (D. Ariz. June 11, 2013). Plaintiffs named the officer's wives as defendants because of the respective marital community property. *Id*. The Court reasoned that a spouse is not required to be joined only if the state's community property law does not require joinder of spouses to collect on a community obligation. *Id*. Ultimately, the Court found the applicable state's community property statute did not require joinder because it provided that either spouse could collect on a community

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

4

obligation. *Id*. Here, the opposite is true. Unlike *Gomez*, pursuant to A.R.S. § 25-215(D), "in an action on such a debt or obligation the spouses shall be sued jointly, and the debt or obligation shall be satisfied." It is beyond dispute that Arizona is a community property state and joinder of spouses is required under A.R.S. § 25-215(D). Therefore, joinder of Houck's spouse and the purported opt-in plaintiffs' spouses is appropriate under Fed. R. Civ. P. 19 in an action brought under the FLSA.

Joinder of the opt-in plaintiff spouses is also required. It is well settled that filing a written consent form is sufficient to confer party plaintiff status in an FLSA collective action. *See e.g.*, *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018) ("Under the Fair Labor Standards Act (FLSA), every plaintiff who opts in to a collective action has party status."); *Mickles on behalf of herself v. Country Club Inc*., 887 F.3d 1270, 1273 (11th Cir. 2018) ("We conclude that filing a written consent pursuant to § 216(b) is sufficient to confer party-plaintiff status."); *Canaday v. Anthem Companies, Inc*., 9 F.4th 392, 394 (6th Cir. 2021), cert. denied, 213 L. Ed. 2d 1015, 142 S. Ct. 2777 (2022) ("Once they file a written consent, opt-in plaintiffs enjoy party status as if they had initiated the action."); *Waters v. Day & Zimmermann NPS, Inc*., 23 F.4th 84, 89 (1st Cir.), cert. denied, 213 L. Ed. 2d 1016, 142 S. Ct. 2777 (2022) ("Conditional certification has no bearing on whether the opt-in plaintiffs become parties to the action."). Therefore, any opt-in plaintiffs who filed valid consent forms must similarly have their spouses joined for community property purposes or face dismissal.

**B.**  **If The Court Is Disinclined To Dismiss The Complaint In Its Entirety For Failure To Join, In The Alternative, Defendant Respectfully Requests An Order That Houck Amend The Caption Of His Complaint To Include (1) Houck's Spouse, (2) All Opt-In Plaintiffs With Facially Valid Written Consent Forms, And (3) The Opt-In Plaintiffs' Spouses, To The Extent They Are Married.**

As stated above, the Complaint is subject to dismissal because Houck failed to join his spouse and the opt-in plaintiffs' spouses as necessary parties under Fed. R. Civ. P. 19. To the extent this Court is disinclined to dismiss Houck's Complaint, however, Defendant respectfully requests that Houck amend the caption of his Complaint to

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

identify all party plaintiffs in the caption, which includes (1) Houck's spouse, (2) all opt-in plaintiffs who filed facially valid written consent forms, and (3) the spouses of all opt-in plaintiffs to the extent they are married. *Hoemke v. Macy's W. Stores LLC*, No. CV-20-01317-PHX-DWL, 2020 WL 5229194, at *1 (D. Ariz. Sept. 2, 2020) (holding whether to amend a case caption is within the Court's discretion and should be based on factors such as promoting clarity and avoiding confusion); Fed. R. Civ. P. 10 ("The title of the complaint must name all the parties…").

To bring a collective action under the FLSA, a plaintiff must file a written consent form. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Specifically, a plaintiff is required to file a **valid** written consent form. Courts have interpreted this to mean that such document must have some indicia of reliability that consent is being provided by the purported opt-in plaintiffs who signed it. *See Kulik v. Superior Pipe Specialties Co*., 203 F.Supp. 938, 941 (N.D.Ill.1962) (concluding that an FLSA written consent "is a document signed by the person whose consent it purports to be"). Examples of opt-in forms that have been deemed acceptable by Courts in the past are forms with some indicia of reliability such as typed forms that bore a wet signature or were authenticated by electronic signature programs, such as DocuSign. *See Wingo v. Martin Transp., Inc.*, No. 2:18-CV-00141-JRG, 2018 WL 6334312, at *14 (E.D. Tex. Dec. 5, 2018) (allowing prospective class members to electronically sign their consent forms but requiring that such electronic signatures "be through a service such as DocuSign, and may not merely be "/s/ FirstName LastName.""").

Here, the purported opt-in plaintiffs did neither. For example, the written consent forms do not appear to be hand-written, or at least signed by hand, nor does it appear that Houck's counsel utilized an electronic signature program with built in safety mechanisms to ensure the signatures' validity. Instead, many of these consent forms appear to be fully typed into a word document, including the purported opt-in plaintiffs'

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

6

signatures, and turned into a PDF document, which was presumably done by Houck's counsel's office. (Doc. 1 at Exhibit A [Christopher J. Houck]; Docs. 6 [Emanuel Sanchez], 10 [Todd Brice], 12 [A.J. Jackson], 18 [Kelly Bocardo]). Without making any admissions, the following individuals appear to be the only purported opt-in plaintiffs who provided facially valid opt-in consent forms: David Keller, Lt. Donald Rosenberger, Matthew T. Hunter, Jonathan Halverson, Lt. Ryan J. Neville, Jerry Vance, Jason N. Thomas, Michael Throwbridge, and Andrew Rankin. (Docs 5, 7-9, 11, 13-14, 16-18).

Accordingly, and for the reasons stated in Section A of this motion, Defendant respectfully requests this Court order Houck amend the caption of his Complaint to properly name (1) Houck's spouse, (2) the opt-in plaintiffs who provided facially valid opt-in consent forms, and (3) the opt-in plaintiffs' spouses (to the extent they are married).

### C. Defendant Respectfully Requests That This Court Strike Portions Of The Caption As Immaterial and Impertinent Pursuant to Fed. R. Civ. P. 12(f).

Defendant further requests that this Court strike "Class Action" from Houck's pleading because it is immaterial, impertinent and frankly causes confusion. Pursuant to Fed. R. Civ. P. 12, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. The purpose of a Fed. R. Civ. P. 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983); *see also Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010) (noting "[t]he function of a 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial").

Here, Houck styles his Complaint as a "Collective Action and Class Action." However, Houck has not satisfied any of the pleading requirements to maintain a class action. Pursuant to Fed. R. Civ. P. 23, a proposed class action must: (1) be sufficiently

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

numerous, (2) involve questions of law or fact common to the class, (3) involve class plaintiffs whose claims are typical of those of the class, and (4) involve a class representative or representatives who adequately represent the interests of the class. Fed. R. Civ. P. 23. Here, Houck has not plead any of these requirements. Instead, Houck appears to frame his lawsuit on Collective Class allegations pursuant to 29 U.S.C § 201, *et. seq.* On February 13, 2023, the parties met and conferred to discuss this discrepancy, among other things, and the inclusion of "Class Action" appears to be a mistake and/or an oversight. Accordingly, Defendant requests that this Court strike "Class Action" from the caption of the Complaint to avoid any confusion and to fairly put all parties in this litigation on fair notice of the claims asserted.

### D. The Complaint Is Further Subject To Dismissal Because Named Plaintiff Houck Failed To Provide A Valid Written Consent Form.

As discussed above, Plaintiff Houck has not provided this Court with a valid written consent form. The form filed at Doc. 1 at Exhibit A is completely typed, appears to be nothing more than a template prepared by his counsel's office, and bears an "electronic signature" that is nothing more than typed name. There is absolutely no indicia that this written consent came from Houck, *i.e.*, it is not in his handwriting, it does not bear his wet signature, it was not signed with a software program such as DocuSign.

It is well established that a named plaintiff must file his valid written consent to commence a collective action under the FLSA. 29 U.S.C. § 256 ([I]n the case of a collective or class action instituted under the [FLSA], it shall be considered to be commenced in the case of any individual claimant—(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought or (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced."); *Faust v. Comcast Cable Commc'ns Mgmt., LLC,*

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

8

No. CIV.A. WMN-10-2336, 2013 WL 5587291, at *2 (D. Md. Oct. 9, 2013) ("Courts have repeatedly interpreted Section 256 as requiring all plaintiffs in an FLSA collective action, whether named or unnamed, to file written consents to toll the statute of limitations."). For the above reasons, however, Houck has not submitted a valid opt-in notice. Plaintiff Houck's counsel securing a valid written consent with some indicia of reliability This is surprising given that Houck is the named plaintiff in this case, and presumably, this issue could be remedied by Plaintiff Houck's counsel provided Defendant with a valid written consent for Houck with some indicia of reliability. Accordingly, Houck's claims must be dismissed for failing to provide a valid written consent form pursuant to 29 U.S.C. § 256.

## III.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Houck's Complaint in its entirety for failure to join indispensable parties under Fed. R. Civ. P. 19. Alternatively, if the Court denies Defendant's Motion to Dismiss, Defendant respectfully requests that this Court issue an order requiring Houck to amend his Complaint to identify all party plaintiffs and striking "Class Action" from the pleading.

RESPECTFULLY SUBMITTED this 3rd day of March 2023.

FISHER & PHILLIPS LLP

By   /s/  Jacob R. Valdez
       Shayna Balch Santiago
       Jacob R. Valdez
       3200 N. Central Avenue, Suite 1550
       Phoenix, Arizona 85012-2487
       Attorneys for Defendant

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 46482707.1

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on March 3, 2023, I electronically transmitted the attached

3    document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4    Notice of Electronic Filing to the following CM/ECF registrant(s):

5
     Ty D. Frankel
6    Yen Pilch Robaina & Kresin PLC
     6017 N. 15th Street
7    Phoenix, Arizona 85014
     tdf@yprklaw.com
8    Attorneys for Plaintiff

9
     Patricia N. Syverson
10   Yen Pilch Robaina & Kresin PLC
     9655 Granite Ridge Drive, Suite 200
11   San Diego, California 92123
     pns@yprklaw.com
12   Attorneys for Plaintiff

13
       s/  Michelle C. Colwell
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**
**ATTORNEY CERTIFICATION PURSUANT TO LOCAL RULES OF CIVIL**
**PROCEDURE FOR THE DISTRICT OF ARIZONA 12.1(C)**

Undersigned counsel for Defendant hereby certifies that prior to filing the instant Motion to Dismiss, counsel notified Plaintiff's counsel of the issues asserted in this Motion. Specifically, counsel for Defendant notified Plaintiff's counsel of the defects and during a personal telephonic consultation on February 13, 2023 and via email on February 28, 2023. Despite this notification and the ensuing discussions, the parties were unable to agree to cure the pleading by further permissible amendment offered by the pleading party.

DATED this 3rd day of March 2023.

FISHER & PHILLIPS LLP

By  /s/  Jacob R. Valdez
 Shayna Balch Santiago
 Jacob R. Valdez
 3200 N. Central Avenue, Suite 1550
 Phoenix, Arizona 85012-2487
 Attorneys for Defendants

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

11

FP 46482707.1