**YEN PILCH ROBAINA & KRESIN PLC**
6017 N. 15th Street
Phoenix, Arizona 85014
Telephone: (602) 682-6450
Ty D. Frankel (027179)
TDF@yprklaw.com

**YEN PILCH ROBAINA & KRESIN PLC**
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
Telephone: (619) 756-7748
Patricia N. Syverson (020191)
PNS@yprklaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO JOIN INDESPENSIBLE PARTIES** |

Plaintiff Christopher J. Houck submits this Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Join Indispensable Parties. This Response is supported by the following Memorandum of Points and Authorities.

**I.    Introduction**

Despite filing a Motion to Dismiss, Defendant does not raise a single substantive issue regarding the merits of the Fair Labor Standards Act ("FLSA") overtime claims alleged in the Complaint. Instead, Defendant attacks procedural issues that must not result in a dismissal of the Complaint and could have easily been addressed as part of the routine case management process. Defendant argues that Plaintiff and each Opt In Plaintiff who

joined the case must have their claims dismissed because they did not include their spouses as parties to the Complaint. Defendant does not cite a single authority requiring inclusion of Plaintiffs' spouses at this juncture of an FLSA collective action. In fact, the District of Arizona has denied a defendant's request to join spouses during the early stages of litigation when the request is based on the speculative belief that the defendant may at some point be entitled to fees or costs in the action, recognizing the spouses can be added later in the case when an award of costs is more than just speculation. Defendant also complains that Plaintiff and a few of the Opt In Plaintiffs electronically signed their FLSA consent forms, offering conjecture about the impropriety of doing so. Defendant ignores that there is not a signature requirement when filing an FLSA Consent Form to join a collective action and also ignores the law recognizing that electronic signatures have become the norm in today's modern society. Defendant similarly makes frivolous arguments about the wording in the caption of the Complaint and the parties who are included in the caption – arguments which do not warrant dismissal of the Complaint.

Ultimately, Defendant's procedural maneuvering must be called out for what it is – an unnecessary delay in this litigation getting underway. In an FLSA collective action like this one, the statute of limitations on putative opt-in plaintiffs' claims continues to run until each individual files a written consent to join the action as a party plaintiff. *See* 29 U.S.C. § 256(b). Thus, "time is of the essence" in providing notice to potential opt-in plaintiffs because the mere commencement of this collective action under the FLSA does not operate to toll the statute of limitations for such persons. *See, e.g.*, *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011) (unlike a class action under Fed. R. Civ. P. 23, "the commencement of a collective action under § 216(b) does not toll the statute of limitations period" for those employees who later are given an opportunity to join the action) (citations omitted). Defendant's quibbling about the format and style of Plaintiff's pleadings to date must be rejected, so the case can promptly move forward and the rights of the putative collective action members can be expeditiously protected.

**II.   Plaintiffs must not be required to join their spouses at this preliminary stage and dismissal on that ground is improper.**

Defendant speculates based on "information and belief" that Plaintiff Houck and "most" of the Opt In Plaintiffs are married and must join their spouses in the action as indispensable parties under Fed. R. Civ. P. 19(a) so that Defendant can be potentially afforded "complete relief" by collecting against their community assets and not risk somehow being "shielded" from an award of taxable costs due to Arizona community property laws.  Doc. 23 at 3.  Defendant's entire argument is based on the self-serving speculation that "when Defendant prevails" on summary judgment, Defendant will be entitled to recover "thousands of dollars" in taxable costs in defending the lawsuit.  *Id.*  Defendant's pure speculation about its unlikely ability to prevail at some distant point in the future and then in turn recover taxable costs cannot outweigh the very real deterrent effect that requiring Plaintiffs to join their spouses could have on their decision to participate in the action.  Such a deterrent is completely counter to the FLSA.

In making its argument, Defendant willfully ignores the case law that Plaintiff provided during the meet and confer process, which supports that spouses of plaintiffs in FLSA actions do not need to be added as parties at this time.  *See* email between counsel at Exhibit 1.  A court within the District of Arizona declined to conclude that a spouse is a necessary party based on a distant possibility that the defendant might be entitled to fees and costs in the action, even in a Title VII case where fees and costs could conceivably shift to a defendant under the statute.  *Alves v. Emerald Correctional Mngm't LLC*, 2011 WL 5289771, at *1-*2 (D. Ariz. Nov. 3, 2011).  Like the Defendant here, the defendant in *Alves* argued that the complaint must be dismissed because the plaintiff failed to join her spouse in the action.  *Id.* at *1.  The defendant reasoned that it could not be accorded "complete relief" because Arizona was a community property state and the defendant would not be able to enforce a judgment against the plaintiff's marital community for fees and costs that could be available to a prevailing defendant under Title VII.  *Id.*  The court rejected the defendant's position and "decline[d] to conclude at this early stage of the case

that plaintiff's spouse is a necessary party based on a distant possibility that defendant might be entitled to fees and costs." *Id.* The court also noted that the decision would not prejudice the defendant, because the defense of failure to join an indispensable party could be raised as late as trial. *Id.* at *2. As a result, the court rejected the defendant's request to dismiss the complaint because plaintiff's spouse was not joined, noting that spouses could be joined later if an award of attorneys' fees and costs against the marital community became more than "mere speculation." *Id.* at *2.

The reasoning in *Alves* is applicable here. In fact, an award of fees or costs against the Plaintiff and Opt-In Plaintiffs in this FLSA action is far more remote than in *Alves*. The FLSA provides that an award of fees and costs shifts in favor of a prevailing plaintiff. 29 U.S.C. § 216(b)("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In fact, courts routinely reject efforts by defendants to even notify opt in plaintiffs that they may be liable for costs when distributing FLSA Notice following conditional certification, "noting that it is not clear whether prevailing defendants can be awarded defense costs from plaintiffs seeking recovery under the FLSA, and such notice may discourage plaintiffs from joining the litigation." *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 500 (D. Neb. 2009)(internal citations omitted); *see also Austin v. CUNA Mut. Ins. Soc.*, 232 F.R.D. 601, 608 (W.D. Wisc. 2006)(declining to include warning in FLSA notice about costs shifting to defendant "because statute is silent with respect to fee shifting for prevailing defendants and because the warning would chill participation in collective actions."). Defendant's effort to include Plaintiff's and Opt-In Plaintiffs' spouses for the remote chance of recovering taxable costs would have an improper chilling effect on the willingness of Opt In Plaintiffs to participate in the litigation. Further, the Opt-In Plaintiffs completed FLSA Consent Forms that authorized the Named Plaintiff to act as their representative and make decisions on their behalf. *See* Docs. 5-14, 16-18, 24 Requiring Opt In Plaintiffs to take the additional step of joining their spouses as plaintiffs so Defendants could conceivably recover taxable costs from them runs afoul of the FLSA

collective action procedure in a manner that could deter Opt In Plaintiffs from participating and thus is inconsistent with the remedial purpose of the FLSA.  *See Martinez*, 265 F.R.D. at 500.  In contrast, Defendant would not be prejudiced by waiting to add Plaintiff's and Opt-In Plaintiffs' spouses for community property purposes until the likelihood of recovering taxable costs increases beyond the bare speculation proffered now and assuming Defendant can legally support doing so at the appropriate time.  The Court should therefore deny Defendant's request to add spouses to avoid an unnecessary procedural step at this time, especially when that step risks deterring opt in plaintiffs from joining the case.

The authority cited by Defendant does not support its argument either.  For example, Defendant cites *Weimer v. Maricopa County Cmty. Coll. Dist.*, 184 F.R.D. 309 (D. Ariz. 1998) for the proposition that Fed. R. Civ. P. 19 requires a plaintiff's spouse to be joined "for purposes of allowing the defendant to seek recovery of attorneys' fees and costs against marital property." Doc. 23 at 4.  However, that case is very different from the one brought by Plaintiff here under the FLSA.  In *Weimer*, the court addressed whether the spouse of a plaintiff had to be joined as an indispensable party for purposes of enabling a defendant to recover fees in a lawsuit arising from 42 U.S.C. § 1983 and for breach of contract under Arizona law.  *Weimer*, 184 F.R.D. at 310.  In holding that the spouse had to be added to enable "complete relief" to the defendant in the form of attorneys' fees, the court specifically noted that both the 42 U.S.C. § 1983 and breach of contract causes of action allowed for attorneys' fees to be awarded to the prevailing party.  *Id.* at 310-11.  That case had absolutely nothing to do with FLSA plaintiffs, which is a critical distinction because completely unlike the causes of action at issue in *Weimer*, the FLSA only allows a prevailing plaintiff, not a defendant, to recovery attorneys' fees.  29 U.S.C. § 216(b).

The other cases cited by Defendant as support for requiring Plaintiff and Opt-In Plaintiffs to join their spouses in the action are irrelevant.  The *Gomez v. Faulkner* decision addressed "whether a spouse is a properly named FLSA **defendant** in a community property state," and it did not address whether a plaintiff or opt-in plaintiffs must include their spouses when affirmatively pursuing an FLSA collective action in Arizona. 2013 WL

- 5 -

2558766, at *1 (D. Ariz. June 11, 2012)(emphasis added). Defendant also cites four cases for the general proposition that opting in to the case confers "party plaintiff" status in an FLSA collective action. *See* Doc. 23 at 5:7-20. However, those cases cited by Defendant have nothing to do with adding FLSA plaintiffs' spouses to a collective action complaint, and in fact, the word "spouse" does not even appear once in any of them. *See Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018); *Mickles v. Country Club Inc.*, 887 F.3d 1270 (11th Cir. 2018); *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392 (6th Cir. 2021); *Waters v. Day & Zimmerman NPS, Inc.*, 23 F.4th 84 (1st Cir 2022).

Thus, Defendant's purported concern about how it could recover costs against Plaintiff and Opt-In Plaintiffs should not be the subject of a motion to dismiss. Plaintiff respectfully submits that the Court should follow the *Alves* decision and address the issue of joinder *if* Defendant's remote chance of recovering taxable costs ever comes to pass. By following *Alves*, the Court can fairly balance Defendant's need to include the Plaintiffs' marital community in the unlikely event that Defendant may at some point be entitled to costs and able to show that applies to the named Plaintiff and Opt In Plaintiffs, with the chilling effect such inclusion would have on the participation of the opt in plaintiffs at this early stage of litigation who very well may be intimidated by the prospect of having to bring in their spouses.

**III.    Plaintiff and the Opt-In Plaintiffs properly joined the FLSA collective action.**

Defendant next complains that Plaintiff's and certain Opt-In Plaintiffs' FLSA Consent Forms are invalid because they were signed electronically, baselessly speculating that the Plaintiffs' names were typed into a Word document and turned into a PDF "presumably" by Plaintiff's counsel's office. Doc. 23 at 6-7. When Defendant's counsel conferred with Plaintiff's counsel about the FLSA Consent Forms prior to filing the Motion, they simply took the position that Consent Forms that were electronically signed needed to be resubmitted with wet signatures or through DocuSign. They never asked Plaintiff's counsel about the signatures themselves and whether there were factors that

would support or question their validity; instead, they saved their wild allegations for their Motion. Defendant speculates that Plaintiff Houck and Opt In Plaintiffs Sanchez, Brice, Jackson, and Bocardo "appear" to have typed their names into a Word document, and Defendant even goes so far as to speculate that Plaintiff's counsel "presumably" completed this. Doc. 23 at 7. Had defense counsel asked Plaintiff's counsel during the meet and confer process, they would have learned that: Plaintiff and each Opt-In Plaintiff who joined the case were provided with a PDF version of the FLSA Consent Form following their request for information regarding participating in the action and for the explicit purpose of joining the FLSA collective action; Plaintiff and each Opt-In Plaintiff affirmatively returned a completed PDF version of the FLSA Consent Form without any assistance from Plaintiff's counsel when filling out the form; and then Plaintiff's counsel simply filed the completed forms with the Court. The Consent Forms affirmatively state that they "consent to opt in" and do so "pursuant to 29 U.S.C. §§ 216(b) and 256." *See* Doc. 1-2 (Exhibit to Doc. 1), and Docs. 5-14, 16-18, 24. In fact, the Opt-In Plaintiffs completed the Consent Form by providing the information requested (affixing their name, contact information, and signing and dating the document) thereby affirmatively showing their intent to join the case. *Id.* at 5-14, 16-18, 24.

Defendant's position regarding Plaintiff's and Opt In Plaintiffs' Consent Forms creates an improper procedural hurdle that needlessly delays the case and potentially deters Opt In Plaintiffs from participating. Defendant effectively acknowledges that Opt In Plaintiffs Keller, Rosenberger, Hunter, Halverson, Neville, Vance, Thomas, Throwbridge, and Rankin provided facially valid opt in forms, apparently because Defendant perceives those forms to have been signed by hand as opposed to electronically. Doc. 23 at 7. There is no legitimate reason to draw a distinction between Plaintiffs who complete the Consent Form by hand versus electronically, when they all affirmatively took steps to complete and return a Consent Form for the explicit purpose of joining the case as an opt in plaintiff as the FLSA requires. And, Defendant's demand that Plaintiffs who signed electronically

resubmit their Consent Forms utilizing Defendant's preferred method could likely prejudice those Plaintiffs required to take this extra step.[1]

Defendant's position also ignores the law about what is required for a plaintiff to join an FLSA collective action, which was outlined for them in detail during the meet and confer process to avoid this unnecessary procedural motion practice. Exhibit 1. The FLSA mandates the procedure for collective actions, and it does not require that a Consent Form to join the case even be signed at all. As noted by Defendant in its Motion, "a plaintiff must file a written consent form." Doc. 23 at 6:8-9 (citing 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which it is brought.")). In fact, the District of Arizona long ago affirmed that "Section 256(b) [] requires only that a written consent form [be] filed in the court in which the action was commenced" and "does not require persons wishing to opt in to submit signed consent forms." *Wertheim v. State of Arizona*, 1993 WL 603552, at *8 (D. Ariz. Sept. 30, 1993)(rejecting defendants' objection to FLSA consent forms that were unsigned and noting that "the opt-in forms were filled out and then sent to plaintiff's counsel clearly indicates consent by the opt-ins to join the lawsuit."). Defendant cites one case that is more than sixty years old for the proposition that FLSA consent forms must be signed. *See Kulik v. Superior Pipe Specialties Co.*, 203 F.Supp. 938, 941 (N.D. Ill. 1962). It should be obvious why that case is irrelevant in this technology-driven era, considering how common it is now to complete important forms electronically. And, that analysis from the *Kulik* decision cited by Defendant in its Motion

---

[1] If the Court were to require Plaintiff or Opt In Plaintiffs who completed their forms electronically to resubmit their forms in a different format, presumably Defendant would argue their statute of limitations should run from the date of the second consent form being filed. This would unfairly prejudice those plaintiffs and tolling would be required, necessitating further procedural motion practice that should be avoided so this case can proceed on its merits. *See, e.g.*, *Villareal v. Caremark LLC*, 2014 WL 4247730, at *5 (D. Ariz. Aug. 21, 2014) (tolling the statute of limitations in the interest of justice for all putative members of the collective).

1  was rejected by the District of Arizona when it held that FLSA Consent Forms do not have
2  to be signed. *Wertheim*, 1993 WL 603552, at *8.

3        Defendant's position that Consent Forms are only valid if they contain a wet
4  signature or were validated by a program like DocuSign is simply not supported by the
5  plain language of the FLSA collective action procedure or case law addressing the issue.
6  Ignoring the reality that every single consent form submitted by the Plaintiffs in this case
7  is signed, Defendant makes unfounded assertions that some of them need greater indicia of
8  validity by using a program like DocuSign.  To advance that argument, Defendant cites to
9  *Wingo v. Martin Transport, Inc.*, 2018 WL 6334312, at *14 (E.D. Tex. Dec. 5, 2018) for
10 the proposition that only electronic signatures utilizing DocuSign are proper.  Defendant
11 cherry-picks the conclusion from that decision allowing DocuSign but completely ignores
12 the court's analysis, which noted that consent forms are valid when other forms of
13 electronic signature are used and even when the consent forms do not contain any signature
14 at all.  *Wingo*, 2018 WL 6334312, at *13 ("courts have permitted electronic signature on
15 the basis that we live in a time when all manner of commercial transactions are routinely
16 cemented by electronic submission," noting that parties in federal litigation sign their
17 submissions electronically, and even noting that the FLSA does not require a signature on
18 a consent form to begin with).

19       Ignoring this reality, Defendant goes so far as to claim that Plaintiff's Complaint
20 must be dismissed entirely because he completed his Consent Form electronically.  Doc.
21 23 at 8-9.  While Defendant on the one hand correctly cites the FLSA and case law
22 interpreting the statutory requirement to opt in to an FLSA collective action as requiring a
23 written consent form be filed with the Court, Defendant simultaneously argues that
24 Plaintiff's Consent Form is improper because it was completed electronically.  *Id.*
25 However, there is no legitimate basis to reject Plaintiff's FLSA Consent Form that was
26 filed with the Court as an exhibit to Plaintiff's Complaint.  Doc. 1-2 (Exhibit 1 to Doc. 1).
27 Plaintiff alleges in the Complaint that he was filing a Consent to be a Named Plaintiff and
28 Opt In to Lawsuit pursuant to 29 U.S.C. § 216(b) and affirmed his consent to opt in to this

action and pursue his unpaid wages under the FLSA and act as the representative Plaintiff in the action on behalf of the Opt-In Plaintiffs by completing and filing his Consent Form. Doc. 1 at ¶ 10; Doc. 1-2 (Exhibit 1 to Doc. 1).  Further, there is simply no legitimate basis to dismiss Plaintiff's claims on account of Defendant's concocted concerns about the format of the FLSA Consent Form Plaintiff completed, especially considering that courts provide great "flexibility" to plaintiffs when making a determination about whether they properly opted in to an FLSA collective action like this one.  *Faust v. Comcast Cable Comm's Mngmt. LLC*, 2013 WL 5587291, at *5 (D. Md. Oct. 9, 2013)("[T]he purpose of the consent requirement [] is to make the members of the class of unnamed plaintiffs who wished to participate in, and be bound by, the action identify themselves for the defendant" and noting that courts show "considerable flexibility with respect to the form of consent"). There is no doubt that Defendant has sufficient notice of Plaintiff's intent to opt in and serve as the named plaintiff based on the language of his completed Consent Form filed with the Court and the allegations in the Complaint reflecting the submission of the Consent Form as well.

Defendant also argues that Plaintiff must amend the caption of the Complaint to identify all the opt in plaintiffs by name and include their spouses and Plaintiff's spouse as well.  Doc. 23 at 5-6.  Defendant's request runs completely counter to the collective action procedure explicitly outlined in the FLSA, which requires opt in plaintiffs to file consent forms with the Court to join the case and nothing more.  29 U.S.C. §§ 216(b) and 256. Indeed, they joined the case explicitly authorizing the named Plaintiff to represent them in the action.  *See* Docs. 5-14, 16-18, 24   Also, there is no requirement or procedural mechanism for a plaintiff or opt in plaintiff to add their spouses when they file an FLSA Consent form to join a collective action.  Under Defendant's requested procedure, Plaintiff would be required to seek leave to amend under Fed. R. Civ. P. 15 and then file an amended complaint each time an opt in plaintiff joins the case, burdening Plaintiff's counsel and the Court with an unnecessary procedural step that is not required under the FLSA.  In fact, Defendant's own citation to *Hoemke v. Macy's West Stores LLC* rejects the notion that a

caption should be amended each time a party changes in the case. 2020 WL 5229194, at *1 (noting the caption is just for administrative convenience so "the Court does not generally grant motions to amend the caption of a case each time a defendant is dismissed [] during the course of litigation, as it would be confusing for the case name to continually change as the litigation unfolds."). The court also notes that "the caption is not determinative as to the identity of the parties to the action," so there is no legitimate basis for Defendant to argue the Opt In Plaintiffs must be added to the caption. *Id.* at fn 2.

### IV.     The caption of the Complaint does not require amendment.

Finally, Defendant asks this Court to strike the words "class action" from the caption of the Complaint, claiming that it "causes confusion" and should be stricken "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those prior to trial." Doc. 23 at 7. It is puzzling that Defendant claims to be "confused" by the caption, when Defendant acknowledges in its Motion that Plaintiff frames his lawsuit as a collective action under 29 U.S.C. § 201 *et seq.*, and Plaintiff clarified during the meet and confer process that the action was brought only as an FLSA collective action. *Id.* at 8; Exhibit 1. In addition, the words collective and class are often used interchangeably when referring to an FLSA collective action,[2] and the allegations in the Complaint are explicit that the lawsuit was brought as an FLSA collective action. The Complaint alleges "[t]his action is brought as a collective action pursuant to 29 U.S.C. § 216(b). . . ." Doc. 1 at ¶ 2. Count V similarly pleads allegations specific to a "collective action." Doc. 1. There is no reference to a Rule 23 class action in the Complaint, and there is no good faith basis to amend the caption when no confusion exists. To avoid Defendant's frivolous Motion, Plaintiff indicated during the meet and confer process that if Defendant

---

[2] The suggestion that Defendant is actually "confused" by the language in the caption calling the case a collective and class action defies logic, especially given the interchangeable use of these terms. For example, counsel for Defendant recently resolved FLSA collective action litigation involving homicide detectives, and when the court in that case granted FLSA conditional certification, the court referenced "conditional **class** certification." *Udd v. City of Phoenix*, 2020 WL 8996584, at *3 (D. Ariz. March 23, 2020)(emphasis added).

was concerned with getting the caption clarified on the record, Plaintiff would provide clarification in the joint case management report prepared by the parties rather than going through the needless delay associated with filing an amended complaint.  Exhibit 1.  Frankly, though, even that is unnecessary.  The Complaint is explicit that the case is brought as a collective action under the FLSA only.

**V.     Conclusion**

Based on the foregoing, Defendant's Motion should be denied in its entirety.

DATED:  March 17, 2023.

                                **YEN PILCH ROBAINA & KRESIN PLC**
By  *s/ Ty D. Frankel*
Ty D. Frankel
6017 N. 15th Street
Phoenix, Arizona 85014

**YEN PILCH ROBAINA & KRESIN PLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*