# EXHIBIT 1

**From:** Valdez, Jacob <jvaldez@fisherphillips.com>
**Sent:** Friday, March 3, 2023 8:57 AM
**To:** Ty Frankel <TDF@yprklaw.com>
**Cc:** Patti Syverson <PNS@yprklaw.com>; David Streyle <djs@yprklaw.com>; Colwell, Michelle <mcolwell@fisherphillips.com>; Santiago, Shayna Balch <ssantiago@fisherphillips.com>
**Subject:** RE: Houck v. Maricopa County: Meet and Confer f/u

Thanks for your response, Ty.  However, we disagree with your characterization of our arguments.  While we would also prefer to avoid costs of motion practice, simply amending your Complaint would resolve most of the issues outlined below. At this point, it looks like we met our meet and conferral obligations and will proceed with filing our response.

Thanks,
Jacob



**Jacob Valdez**
**Attorney at Law**

Fisher & Phillips LLP
3200 N. Central Avenue | Suite 1550 | Phoenix, AZ 85012
jvaldez@fisherphillips.com | O: (602) 281-3395

vCard  |  Bio  |  Website    *On the Front Lines of Workplace Law*<sup>SM</sup>

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

**From:** Ty Frankel <TDF@yprklaw.com>
**Sent:** Thursday, March 2, 2023 1:57 PM
**To:** Valdez, Jacob <jvaldez@fisherphillips.com>
**Cc:** Patti Syverson <PNS@yprklaw.com>; David Streyle <djs@yprklaw.com>; Colwell, Michelle <mcolwell@fisherphillips.com>; Santiago, Shayna Balch <ssantiago@fisherphillips.com>
**Subject:** RE: Houck v. Maricopa County: Meet and Confer f/u

Jacob,

Thanks for your email.  Please see the response to each issue below in **red**.

**From:** Valdez, Jacob <jvaldez@fisherphillips.com>
**Sent:** Tuesday, February 28, 2023 2:49 PM
**To:** Ty Frankel <TDF@yprklaw.com>
**Cc:** Patti Syverson <PNS@yprklaw.com>; David Streyle <djs@yprklaw.com>; Colwell, Michelle

<mcolwell@fisherphillips.com>; Santiago, Shayna Balch <ssantiago@fisherphillips.com>
**Subject:** Houck v. Maricopa County: Meet and Confer f/u

Ty,

Thanks for speaking with us on February 14, 2023.  We have summarized what we understand the parties' respective positions to be on the topics discussed.  But if we somehow misunderstood your position, please let us know.  We apologize for not being able to get this information to you sooner, but as you know, Shayna was unexpectedly out of the office with a family emergency.

**Amendment of the Complaint/Caption**

As we mentioned during our call, we were somewhat surprised by your office's titling of the Complaint as a "Collective Action and Class Action Complaint."  We do not see how this FLSA case could be pursued as a class action and asked if the phrasing was an oversight or typo.  In response, you confirmed there was a mistake in the caption and that you only intended to pursue a collective action lawsuit.  We asked if you would be agreeable to amending the Complaint to remove the phrase "and Class Action" from the caption.  You declined and stated that you believed it was a non-issue.  Specifically, because you did not include references to a class action lawsuit in the numbered paragraphs of the Complaint, it was clear this is only a collective action.  We respectfully disagree, and it is our position that your office needs to fix the source of confusion by amending the caption/complaint.  In the alternative, we can file a motion to dismiss "class action" complaint or motion to strike.  But we don't want to unnecessarily waste resources in doing so.  We respectfully ask that you reconsider your position in amending the complaint so that we can avoid motion practice on this issue, which you have already conceded was a mistake to begin with.

**It is perplexing that you still view the caption referencing "Collective Action and Class Action Complaint" as confusing when, as you acknowledge yourself in your email, we have clarified that we are only pursuing an FLSA collective action lawsuit.  Setting aside the fact that the words collective and class are often used interchangeably when referring to an FLSA collective action, the allegations in the Complaint are explicit about the nature of the claim that has been alleged.  Paragraph 2 states "[t]his action is brought as a collective action pursuant to 29 U.S.C. § 216(b). . . ."  Count V similarly brings allegations specific to a "collective action."  There is no reference to a Rule 23 class action in the Complaint, and there is no good faith basis for a motion on this issue, which would be frivolous.  If you are actually concerned with getting this clarified on the record, we could easily clear this up in a joint case management plan and address the issue with the Court at the case management conference to the extent the Judge might have any questions about the nature of the collective action alleged, which I believe is unlikely given the clear allegations specifically referencing the precise statutory provisions for collective actions in the Complaint.  I encourage you to reconsider needless motion practice on this issue, which will waste the Court's and the parties' time and resources.**

**Joinder of Spouses for Community Property Purposes**

Next, we asked whether Mr. Houck and any of the opt-ins were married for community property

purposes pursuant to Rule 19.  You responded that you did not know.  We have since confirmed that Mr. Houck and the majority of the opt-ins are married.  You also stated that you were not agreeable to adding spouses for community property purposes.  Both because this is an FLSA case and because it was filed as a "collective action."  We explained that joinder was appropriate since the prevailing party in a lawsuit is entitled to, at a minimum, costs.  And since Arizona is a community property state, cost recovery can only be made against a marital community if the spouse is joined for community property purposes.  You did, however, agree to consider any authority we have on this subject and asked that we provide it.  Our authority is set forth below and we ask you to reconsider your position.

Pursuant to A.R.S. § 25-215(D), the plaintiffs' spouses need to be joined for community property purposes.  See e.g., *Weimer v. Maricopa County Cmty. Coll. Dist.*, 184 F.R.D. 309, 310 (D. Ariz. 1998); *Spudnuts, Inc. v. Lane*, 139 Ariz. 35, 36, 676 P.2d 667, 670 (Ariz. Ct. App. 1984); *Essex Eng'g Co. v. Credit Vending, Inc.*, 732 F. Supp. 311, 312-16 (D. Conn. 1990) (joining spouse in accordance with Arizona law). This argument does not change merely because the present case involves FLSA claims. For example, in the attached FLSA case that we were able to locate in the District of Arizona, the Court reasoned that a spouse is not required to be joined only if the state's community property law does not require joinder of spouses to collect on a community obligation.  *Gomez v. Faulkner*, No. CV-12-01506-PHX-FJM, 2013 WL 2558766, at *1 (D. Ariz. June 11, 2013). Here, because Arizona law expressly requires spousal joinder for collection of a community debt, Mr. Houcks' spouse needs to be joined.  Moreover, because opting in confers party plaintiff status on the opt ins, their spouses must also be joined. We likewise ask you to reconsider your position on spousal joinder.

**It is improper to require plaintiffs in an action involving only claims under the FLSA to join their spouses in the action, and in fact, there's nothing in the very specific statutory procedure for collective actions where that could even be conceivable.  As you know, courts routinely reject maneuvering that has a deterrent effect on participation in an FLSA case given the broad remedial purpose of the statute, which this certainly would.  Importantly, courts within this jurisdiction decline to conclude that a spouse is a necessary party based on a distant possibility that the defendant might be entitled to fees and costs, even in a Title VII case where fees and costs could even arguably shift to the defendant under the statute.  See Alves v. Emerald Correctional Mngm't LLC, 2011 WL 5289771, at \*1-\*2 (D. Ariz. Nov. 3, 2011)(rejecting defendant's argument that plaintiff  must join husband in case to enforce a potential judgment against the marital community, noting that the likelihood of attorneys' fees and costs shifting to the defendant was "distant" but that if it appeared more likely later in the case, the issue of joining the spouse could be revisited at that time).  Importantly, the chances of fees or costs shifting to the defendant here is even more distant, if not impossible, considering that the FLSA only provides for fees and costs to shift in favor of a prevailing plaintiff.  29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").**

**The *Gomez v. Faulkner* decision you attached to support your position is irrelevant to the issue, addressing "whether a spouse is a properly named FLSA *defendant* in a community property state," having nothing to say about whether a plaintiff or opt in plaintiffs in an FLSA case must include their spouses in affirmatively pursuing a collective action in Arizona.  2013 WL 2558766,**

at *1 (D. Ariz. June 11, 2013)(emphasis added).  Other cases you cite similarly address adding a defendant as a party for purposes of recovering from community property, not a plaintiff joining their spouse to bring a case. *Essex Eng'g Co. v. Credit  Vending, Inc.*, 732 F.Supp.311, 316 (D. Conn. 1990)(addressing whether defendant's spouse should be added); *Spudnuts, Inc. v. Lane*, 19, Ariz. 35, 36 (addressing whether Rule 21 allows addition of defendants post judgment).  Another case you cite similarly does not support a requirement to join spouses of FLSA plaintiffs, considering that it specifically noted that the case addressed claims, unlike claims under the FLSA, where fees and costs shift to the prevailing party as opposed to the plaintiff only.  *Weimer v. Maricopa County Community College Dist.*, 184 F.R.D. 309, 310 (D. Ariz. 1998).

We encourage you to reconsider filing this improper motion, which will needlessly run up costs on both sides and waste the Court's resources addressing the issue at this extremely preliminary stage where the likelihood of any recovery from the plaintiffs is effectively impossible given the FLSA fee shifting statute at hand.

**Signatures on Opt-In Forms**

We also inquired about the opt-in forms that were attached to the Complaint.  Some of the forms contain what appear to be wet signatures.  Other signatures appear to be names typed into a word doc and turned into a PDF document.   It does not appear that any application or program for electronic signatures was used (i.e. Docusign).  We asked if it would be possible for you to provide updated opt-in forms with wet signatures (or use of a program such as Docusign with built in reliability measures).  You responded that you had researched this issue in the past and concluded that it was permissible.  Can you please provide any such legal authority that you have?  Based on our research thus far, we believe that some of the forms are not acceptable.

The FLSA statute itself mandates the procedure for consenting to join a collective action, and it does not require that such a consent form even be signed.  Rather, 29 U.S.C. § 216(b) provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  In fact, the District of Arizona long ago affirmed that "Section 256(b) [] requires only that a written consent form [be] filed in the court in which the action was commenced" and "does not require persons wishing to opt in to submit signed consent forms."  *Wertheim v. State of Arizona*, 1993 WL 603552, at *8 (D. Ariz. Sept. 30, 1993)(rejecting defendants' objection to consent forms that were unsigned and noting that "the opt-in forms were filled out then sent to plaintiff's counsel clearly indicates consent by the opt-ins to join the lawsuit.").  Clearly, the plaintiffs here indicated a desire to join the case by completing a consent form, and they should be accepted as such.

Furthermore, courts that have specifically addressed the issue of electronic signatures on FLSA consent forms have noted that such electronic signatures, regardless of the format, have been found permissible.  *Wingo v. Martin Transport, Inc.*, 2018 WL 6334312, at *13 (E.D. Tex. Dec. 5, 2018)(while the Court requested DocuSign, it still noted in dicta that was not necessary, pointing out that "courts have permitted electronic signatures on the basis that 'we live in a time when all manner of commercial transactions are routinely cemented by electronic submission'", noting

**that parties in federal litigation sign their submissions electronically, and even noting that the FLSA does not require a signature on a consent form);** *Landry v. Swire Oilfield Services, LLC***, 252 F.Supp.3d 1079, 1030 (D. N.M. 2019)(holding that "class members should be allowed to electronically execute their consent forms").**

**Again, we encourage you to reconsider filing a motion on this issue, which attempts to require a completely unnecessary hoop for opt in plaintiffs to jump through who have already complied with the FLSA by submitting written consent forms to join the case.**

**Conditional Certification**

Finally, you asked whether we would stipulate to conditional certification.  We stated we would speak with our client and get back to you.

**It has now been more than 2 weeks since we asked you to check with your client whether they would stipulate to conditional certification.  As you know, these motions are typically granted, and that is especially likely here given how many opt in plaintiffs have already joined the case.  Time is of the essence due to the running of the statute of limitations.  If we don't hear from you by Monday at 5 p.m. Arizona time, we will assume that your client will not stipulate and will proceed with preparing our motion.  That would be another unfortunate development in unnecessary motion practice, which will only serve to drive up fees and costs, but we are left with no choice but to timely protect the interests of the putative collective action members.**

We are, of course, disappointed that we could not come to an agreement on any of these issues during our call.  Please let us know if you are willing to reconsider your position on any of the above issues.  We certainly want to avoid costly motion practice on these issues, if possible.

Thanks,
Jacob



**Jacob Valdez**
**Attorney at Law**

Fisher & Phillips LLP
3200 N. Central Avenue | Suite 1550 | Phoenix, AZ 85012
jvaldez@fisherphillips.com | O: (602) 281-3395



vCard  |  Bio  |  Website    *On the Front Lines of Workplace Law*<sup>SM</sup>

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*