Shayna Balch Santiago, SBN 024852
Jacob R. Valdez, SBN 035634
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
ssantiago@fisherphillips.com
jvaldez@fisherphillips.com
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>Defendant. | No. 2:23-cv-00068-DGC<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO JOIN INDESPENSIBLE PARTIES**<br><br>**(Oral Argument Requested)** |

Defendant Maricopa County, by and through undersigned counsel, hereby renews its request to dismiss Plaintiff Christopher J. Houck's ("Plaintiff" or "Houck") Complaint (the "Motion") at Doc. 23. As set forth in the Motion, Defendant requests that the Court either order joinder of Houck's spouse and the spouses of the purported opt-in plaintiffs or dismiss the Complaint for failure to join necessary parties pursuant to Fed. R. Div. P. 19(a). Defendant further requests that this Court otherwise strike immaterial, impertinent material found in the caption of the Complaint pursuant to Fed. R. Civ. P. 12(f).

# MEMORANDUM OF POINTS AND AUTHORITIES

**I.  ARGUMENT**

### A. Houck Concedes That Inclusion Of The Phrase "Class Action" In The Caption Was In Error; The Court Should Strike This Language.

As Defendant fully briefed in its opening Motion, the Court should strike the phrase "Class Action" from the caption on the first page of the Complaint. Prior to Defendant filing its motion to dismiss, the parties met and conferred on this issue. Defense counsel explained that inclusion of this language and characterization of the present lawsuit as a "Class Action" (in addition to a "Collective Action") created unnecessary confusion, and Defense counsel asked Plaintiff's counsel to amend the Complaint to strike this language. Plaintiff's counsel conceded that the lawsuit was not filed as a "Class Action" and that inclusion of this language was in error. Plaintiff's counsel claimed that Houck only intended to bring the present lawsuit as a "Collective Action" under the FLSA. Despite this verbal concession, Houck refused to amend the Complaint to make this correction.

Now, in response to Defendant's opening motion, Houck has again conceded that Houck only intended to bring this lawsuit as a "Collective Action" under the FLSA – not as a "Class Action." *See* [Doc. 25, 12:4-5] ("The Complaint is explicit that the case is brought as a collective action under the FLSA only.") Accordingly, and to avoid confusion, this Court should strike the phrase "Class Action" from the caption of the Complaint.[1] *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (noting "[t]he function of a 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial").

---

[1] As the Court is aware, very different standards apply to litigation of class actions versus collective actions, especially with respect to opt-in and opt-out requirements.

FP 46482707.1

### B. Joinder Of Houck's Spouse And The Purported Opt-Ins' Spouses Are Necessary.

Joinder of Houck's spouse and the purported opt-in plaintiffs' spouses is necessary, otherwise Houck's Complaint is subject to dismissal for failure to join their spouses as indispensable parties under Fed. R. Civ. P. 19(a).

This case is about an alleged misclassification of Houck and the purported opt-ins. Specifically, Houck alleges in his Compliant that "[d]espite the non-exempt nature of Plaintiff's duties as a Patrol Lieutenant, the County classifies Plaintiff and the Patrol Lieutenants as exempt managers and pays them a 'salary.'" [Doc. 1, 5:1-3]. If Houck is unable to meet his burden of proof with regard to the alleged misclassification issue, then this Court will be required to enter judgment in Defendant's favor, resulting in at least an award of costs to Defendant. *See* Fed. R. Civ. P. 54(d); *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012); *Ruiz v. APCO Const.*, No. 2:10-cv-1312, 2014 WL 4402379, at *4 (D. Nev. Sept. 5, 2014) (awarding reasonable costs to prevailing defendant in an FLSA action); *Taylor v. AutoZone Inc.*, No. CV 10-8125, 2012 WL 2357379, at *3 (D. Ariz. June 20, 2012) (affirming clerk's taxation judgment against plaintiffs in an FLSA action); *In re Farmers Ins. Exch. Claims Representatives Overtime Pay Litig.*, No. MDL 33-1439(A), 2009 WL 3834034, at *1 (D. Or. Nov. 13, 2009) (Jones, J.) (awarding costs to defendant that prevailed on FLSA claims). Here, the taxable costs could be significant given the fees necessary for printed or electronically recorded deposition transcripts, witnesses, subpoenas, and compensation for court appointed experts.

However, without joinder of spouses, complete relief could not be afforded to Defendant because Houck and the purported opt-ins' marital property would be shielded from any award that Defendant may receive.[2] As set forth in Defendant's opening Motion,

---

[2] In addition to the *Weimer* decision, other Arizona courts have similarly required joinder of a spouse pursuant to Rule 19. *See Cutrona v. Sun Health Corp., No.* CV 06-02184PHXMHM, 2007 WL 4150210, at *2 (D. Ariz. Nov. 19, 2007) (husband was a necessary party under Rule 19 in wife's action under Title VII); *Henson v. Air Nat. Guard*

1  the Arizona District Court in *Gomez* specifically considered joinder in an FLSA action
2  and ultimately found that Idaho's community property statute did not require joinder
3  because it provided that either spouse could collect on a community obligation. *Gomez v.*
4  *Faulkner,* No. CV-12-01506-PHX-FJM, 2013 WL 2558766, at *1 (D. Ariz. June 11,
5  2013). Despite Houck's arguments to the contrary, the court in *Gomez* recognized that a
6  state's community property laws could require spousal joinder in an FLSA case for
7  recovery of fees or costs. Here, and unlike *Gomez,* Arizona is a community property state
8  that requires joinder of spouses. *See* A.R.S. § 25-215(D) ("in an action on such a debt or
9  obligation the spouses shall be sued jointly, and the debt or obligation shall be satisfied.");
10 *see also Alves*, 2011 WL 5289771, at *1 ("Arizona law requires that spouses be sued
11 jointly to reach community assets."). Accordingly, joinder of Houck's spouse and the
12 purported opt-ins' spouses is appropriate and necessary under Fed. R. Civ. P. 19 in an
13 action brought under the FLSA. Houck's attempt to differentiate *Gomez* by stating joinder
14 in that case was only considered for the defendant's spouse, and not the plaintiff's spouse
15 such as here, is unavailing. Houck provides no legal authority for the proposition that
16 spousal joinder is inappropriate in an FLSA action.

17  Instead, Houck's primary argument against joinder appears to be his reliance on the
18 *Alves* case - claiming that an award of fees or costs against Houck and the purported opt-
19 ins is too remote and speculative for this Court to join their spouses at this stage. [*Id.*, 4:8-
20 9]. Houck's argument is misplaced because *Alves* is easily distinguishable from the present
21 case. *Alves* did not involve FLSA claims. Rather, in *Alves*, plaintiff alleged defendant
22 wrongfully terminated her employment and discriminated against her on the basis of sex.
23 *Alves v. Emerald Corr. Mgmt. LLC*, No. CV 11-00509-PHX-FJM, 2011 WL 5289771, at

---

25 *Air Force Rsrv. Command Test Ctr.*, No. CV06-526-TUC-FRZJCG, 2007 WL 2903993,
26 at *6 (D. Ariz. Sept. 28, 2007) (husband was a necessary party under Rule 19 in wife's
   action under Title VII); *Torres-Gomez v. Litton Loan Servicing*, No. CV09-2122-PHX-
27 JAT, 2010 WL 2280508, at *3 (D. Ariz. June 7, 2010) (wife was a necessary party under
   Rule 19 in husband's action against loan servicer); *Drottz v. Park Electrochemical Corp.*,
28 No. CV 11-1596-PHX-JAT, 2012 WL 1344729, at *8 (D. Ariz. Apr. 18, 2012).

4

FP 46482707.1

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

*1 (D. Ariz. Nov. 3, 2011). Because plaintiff's husband was not a named party, defendant moved to dismiss the complaint for failure to join an indispensable party. *Id.* In opposition to defendant's motion, plaintiff devoted her entire response brief to arguing that she could not represent her husband's interests because she was estranged and living separately from her husband. Plaintiff argued that her husband had essentially abandoned his position in managing the community property and was not even subject to the court's jurisdiction. The court acknowledged that Arizona is a community property state and "requires that spouses be sued jointly to reach community assets." However, in concluding that joinder was not appropriate under the facts of the specific case, the Court took note of the fact that plaintiff's spouse lived out of state and had been living separately from plaintiff for several years. *Id.* The Court further opined that defendant's "recovery of **attorney's fees** [under Title VII] [was] remote." (emphasis added.) *Id.* Ultimately, however, defendant did prevail and was awarded complete summary judgment – resulting in an award of costs against the plaintiff in excess of $6,000. Here, according to Defendant's records, Houck is presently married. He has made no argument and presented no facts to suggest that his spouse or the purported opt-ins' spouses are either separated, otherwise estranged, or living in separate states such that one spouse cannot represent the interests of the other.[3]

Accordingly, because Houck and several of the opt-in plaintiffs are married, their spouses must be joined, or the Complaint is subject to dismissal for failure to join indispensable parties.

### C.   The Purported Opt-Ins, And The Purported Opt-Ins' Spouses Should Be Identified As Party Plaintiffs In The Caption.

To the extent this Court is disinclined to dismiss Houck's Complaint, Defendant respectfully requests that Houck amend the caption of his Complaint to identify all party

---

[3] Although Houck attempts to distinguish *Weimer* and cites to several out of circuit cases, Defendant has already provided legal authority for the Court's consideration of joining spouses in an FLSA action. [Doc. 23, 4:21-28; 5:1-20]; *Gomez v. Faulkner*, 2013 WL 2558766, at *1.

plaintiffs in the caption, which includes (1) Houck's spouse, (2) all opt-in plaintiffs who filed facially valid written consent forms, and (3) the spouses of all opt-in plaintiffs to the extent they are married.

In Houck's response at Doc. 25, Houck argues there is no requirement or procedural mechanism for an opt-in plaintiff to add spouses when they file an FLSA opt-in notice. Case law is clear, however, that that FLSA opt-ins are conferred party plaintiff status when they file valid, written consent forms. *See e.g., Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018) ("Under the Fair Labor Standards Act (FLSA), every plaintiff who opts-in to a collective action has party status."). Houck does not dispute this. Instead, Houck merely takes issue with inclusion of party plaintiffs and their spouses in the caption of the Complaint.

Houck has not cited to any legal authority for the proposition that it is inappropriate to add party plaintiffs and their spouses in an FLSA lawsuit and amend the caption of the Complaint to reflect the same. Instead, Houck merely cites to *Hoemke* to opine that that amending the caption in this case would burden the Court as courts "[do] not generally grant motions to amend the caption of a case each time a defendant is dismissed [] during the course of litigation, as it would be confusing for the case name to continually change as the litigation unfolds." *Hoemke v. Macy's W. Stores LLC*, No. CV-20-01317-PHX-DWL, 2020 WL 5229194, at *1 (D. Ariz. Sept. 2, 2020). The Court in *Hoemke* also noted, however, that "no federal or local rule governs caption amendments" and "whether to amend a case caption is within the Court's discretion and should be based on factors such as promoting clarity and avoiding confusion." *Id*. Houck's cherry-picked citations to *Hoemke* are nothing more than a backdoor argument around spousal joinder. As fully briefed in Defendant's opening motion, Defendant has requested joinder of the opt-ins' spouses based on Arizona's community property laws. Assuming the Court grants Defendant's request, the only procedural mechanism to add the purported opt-in spouses

6

FP 46482707.1

is through amending the caption to ensure the spouses are provided adequate notice of this lawsuit and are joined for community property purposes.[4]

Accordingly, Defendant respectfully requests that the Court order Houck to amend the caption of the Complaint to include (1) his own spouse, (2) all opt-in plaintiffs who filed facially valid written consent forms, and (3) the spouses of all opt-in plaintiffs to the extent they are married.

### D. Houck And Many Of The Purported Opt-Ins Failed To Provide Facially Valid, Written Consent Forms And Therefore Did Not Properly Join The FLSA Collective Action.

Houck and many of the purported opt-ins did not provide facially valid written consent forms.[5] As fully briefed in Defendant's opening motion, a named plaintiff must file his valid written consent to commence a collective action under the FLSA. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *Faust v. Comcast Cable Commc'ns Mgmt., LLC*, No. CIV.A. WMN-10-2336, 2013 WL 5587291, at *2 (D. Md. Oct. 9, 2013) ("Courts have repeatedly interpreted Section 256 as requiring all plaintiffs in an FLSA collective action, whether named or unnamed, to file written consents to toll the statute of limitations.").

---

[4] If Houck's primary concern is that the Court will be burdened by multiple amendments when new opt-notices are filed, this could easily be remedied by amending the Complaint now to include all necessary party plaintiffs and again after the deadline to file opt-in notices has passed.

[5] The parties previously met and conferred on this issue prior to Defendant filing its motion to dismiss and Defense counsel explained that many of the purported opt-in notices appeared deficient on their face due to no indicia of reliability. Plaintiff's counsel has misconstrued the parties' meet and confer efforts on this issue. Defense counsel never demanded that Plaintiff's counsel must provide wet signatures or signatures validated via DocuSign. However, Defense counsel did suggest, after pointing out the deficiencies in the opt-in notices, that the deficiencies could easily be remedied through obtaining wet signatures, use of a program such as DocuSign, or some other alternative with indicia of reliability. Plaintiff's counsel refused.

Now, in response to Defendant's Motion, Plaintiff has attempted to misconstrue Defendant's position by arguing that "Defendant's position that Consent Forms are only valid if they contain a wet signature or were validated by a program like DocuSign is simply not supported by the plain language of the FLSA collective action procedure or case law addressing the issue." [Doc. 25, 9:3-5] However, Defendant has not taken the position that opt-in consent forms must "contain a wet signature" or be "validated by a program like DocuSign" in order to be valid. Instead, Defendant has always argued, consistent with applicable case law, that such the written opt-in consent form needs to have some indicia of reliability. By way of example only, courts have upheld the reliability of typed forms that bore a wet signature or were authenticated by electronic signature programs, such as DocuSign. *See Wingo v. Martin Transp., Inc.*, No. 2:18-CV-00141-JRG, 2018 WL 6334312, at *14 (E.D. Tex. Dec. 5, 2018). Defendant respectfully submits that the completely typed pdf consent forms, including named Plaintiff Houck's typed opt-in notice, do not have any indicia of reliability. *See, e.g.,* [Doc. 1 at Exhibit A (Christopher J. Houck); Docs. 6 (Emanuel Sanchez), 10 (Todd Brice), 12 (A.J. Jackson), 18 (Kelly Bocardo)].

In apparent recognition that the opt-in notices are, in fact, facially deficient, Houck has now claimed, in response to Defendant's motion to dismiss, that "Plaintiff and each Opt-in Plaintiff who join the case were provided with a PDF version of the FLSA Consent Form following their request for information regarding participating in the action and for the explicit purpose of joining the FLSA collective action; Plaintiff and each Opt-In Plaintiff affirmatively returned a completed PDF version for the FLSA Consent Form without any assistance from Plaintiff's counsel when filling out the form; and then Plaintiff's counsel simply filed the completed forms with this Court." [Doc. 25, 6:6-12]. However, this is nothing more than a lawyerly argument. The simple fact of the matter remains that the opt-in notices, on their face, appear to be deficient. And the Court must consider a motion to dismiss based on the four corners of the Complaint. *Minor v. FedEx*

*Off. & Print Servs., Inc.*, 78 F. Supp. 3d 1021, 1027 (N.D. Cal. 2015) ("On a Rule 12(b)(6) motion, the Court generally may not look beyond the four corners of the complaint…").[6]

It is surprising that Plaintiff still refuses to submit valid, written consent forms with some indicia of reliability, especially for named Plaintiff Houck. It is entirely appropriate for the lead, named Plaintiff on the Complaint to provide a consent form with some indicia of reliability. *Thrower v. UniversalPegasus, Int'l Inc.*, 484 F. Supp. 3d 473, 488 (S.D. Tex. 2020) ("Notice is particularly important for FLSA collective actions as potential plaintiffs' statutes of limitations continue to run unless and until a plaintiff 'gives his consent in writing to become a party and such consent is filed in the court in which such action is brought'").

Accordingly, Houck's claims must be dismissed for failing to provide a valid written consent form pursuant to 29 U.S.C. § 256. In the alternative, Houck along with opt-ins Emanuel Sanchez [Doc. 6], Todd Brice [Doc. 10], A.J. Jackson [Doc. 12], and Kelly Bocardo [Doc. 18] should be ordered to submit valid written consent forms with some indicia of reliability.

## II.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court either dismiss Houck's Complaint for failure to join indispensable parties under Fed. R. Civ. P. 19 or issue an order requiring Houck to amend his Complaint to identify all party plaintiffs and striking "Class Action" from the caption.

---

[6] It should be noted that while Houck now appears to be arguing that the opt-in plaintiffs completed their own forms, Plaintiff's counsel has provided no evidence of this to Defendant. Houck and the opt-in plaintiffs certainly haven't supplemented their opt-in notices.

9

1   RESPECTFULLY SUBMITTED this 24th day of March 2023.

2           FISHER & PHILLIPS LLP

3   By /s/ Jacob R. Valdez
4       Shayna Balch Santiago
    Jacob R. Valdez
5       3200 N. Central Avenue, Suite 1550
    Phoenix, Arizona 85012-2487
6       Attorneys for Defendants

FP 46482707.1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Ty D. Frankel
Yen Pilch Robaina & Kresin PLC
6017 N. 15th Street
Phoenix, Arizona 85014
tdf@yprklaw.com
Attorneys for Plaintiff

Patricia N. Syverson
Yen Pilch Robaina & Kresin PLC
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
pns@yprklaw.com
Attorneys for Plaintiff

 s/ Michelle C. Colwell

FP 46482707.1