**Frankel Syverson** pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated, | Case No. 2:23-cv-00068-DGC |
| Plaintiff, | |
| v. | **PLAINTIFF CHRISTOPHER J. HOUCK'S REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION UNDER THE FAIR LABOR STANDARDS ACT** |
| Maricopa County, | |
| Defendant. | |

Defendant Maricopa County concedes that Patrol Lieutenants comprise Patrol Bureaus East and West (Doc. 33, at 3; Doc. 33-3, at 38), and Plaintiff Houck agrees that the appropriate scope of the collective is defined as Patrol Lieutenants who worked in Patrol Bureaus East and West (the "Patrol Lieutenants").[1]  However, despite Houck offering to stipulate to conditional certification of this collective so that Notice could go out without delay, the County continues to oppose certification by misapplying the legal standard for FLSA conditional certification, attacking the evidence Houck has submitted, and improperly asking this Court to evaluate the County's conclusory evidence focused primarily on merits-based issues appropriately considered at the decertification stage after discovery is complete.  None of the County's efforts warrant denial of conditional certification.  Rather, Houck readily satisfies the "lenient" FLSA conditional certification standard by demonstrating that the Patrol Lieutenants have a common job classification, common job function, and common employment and compensation policies and practices applicable to them, which is supported by Houck's declaration, declarations from multiple opt-in plaintiffs, and County documents.  As such, the Court should authorize Houck to issue Notice as outlined in his Motion and this Reply, rejecting the County's attempts to modify the Notice and Notice procedure in a manner that would improperly decrease the likelihood of putative opt in plaintiffs joining the case.

I. **THE CONDITIONAL CERTIFICATION STANDARD IS A "LENIENT" INQUIRY ABOUT WHETHER OPT IN PLAINTIFFS ARE "SIMILARLY SITUATED."**

The County improperly heightens the evidentiary standard for conditional certification by arguing the Court should weigh each party's evidence regarding the similarly situated standard and the merits of the case. *See* Doc. 33.  The County misapplies

---

[1] The collective should be certified for three years back from the date the Complaint was filed on January 11, 2023, in light of the case law on point and consistent with the tolling ordered to protect the rights of the putative opt in plaintiffs in this case. *Vega v. All My Sons Bus. Dev. LLC*, 2022 WL 684380, at *2-*3 (D. Ariz. Mar. 8, 2022)(notice should be issued for three years back from when the complaint was filed to ensure "the broadest notice possible on conditional certification"); Doc. 22 (ordered tolling due to delay in answer filing); Doc. 29 (ordered tolling due to delay in conditional certification briefing).

the Ninth Circuit's decision in *Campbell*, effectively applying the standard for *decertification* instead of *conditional certification*. *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109, 1118 (9th Cir. 2018)(noting that conditional certification requires a lenient review to determine if there is plausible basis for finding the employees are similarly situated and decertification requires the court to examine all the evidence post-discovery at a heightened standard akin to summary judgment). The proper standard at conditional certification is a "lenient" burden examining whether it is "plausible" that the Patrol Lieutenants are similarly situated based on the pleadings, declarations from plaintiffs, or "limited other evidence." *Id.*; *see also Vega v. All My Sons Bus. Dev., LLC, et al.*, 583 F.Supp. 3d 1244, 1252-53 (D. Ariz. 2022); *Collinge v. Intelliquick Delivery, Inc.*, 2012 WL 3108836, at *1 (D. Ariz. July 31, 2012)(the "only question…is whether the pleadings and declarations provided by plaintiffs establish that notice should be given to potential class members"); Doc. 27, at 8-9. Given plaintiff's "low" burden, "the initial determination to certify...typically results in conditional certification of a representative class." *Gillespie v. Cracker Barrel Old Country Store Inc.*, 2023 WL 2734459, at *10 (D. Ariz. Mar. 31, 2023)(citation omitted); *see also* Doc. 27, at 9-10 (citing decisions conditionally certifying FLSA law enforcement misclassification collectives). Indeed, "the court 'requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Vega,* 583 F.Supp. 3d at 1253; *Barrera v. US Airways Grp., Inc.*, 2013 WL 4654567, at *3, 5 (D. Ariz. Aug. 30, 2013)(quotation omitted). "Factual disputes do not negate the appropriateness of court facilitated notice," which is the "sole consequence" of conditional certification. *Gerben v. O.T. Neighoff & Sons, Inc.,* 2018 WL 461614, at *4 (D. Md. Jan. 18, 2018); *Vega,* 583 F.Supp. 3d at 1252 (citations omitted). A "fairly lenient standard" is appropriate because ordinarily, as here, the case is near its inception and "the Court does not have much evidence." *Juvera v. Salcido,* 294 F.R.D. 516, 520 (D. Ariz. 2013)(citations omitted).

## II. PLAINTIFF HAS DEMONSTRATED THAT THE PATROL LIEUTENANTS ARE SIMILARLY SITUATED.

Here, Houck has set forth more than sufficient evidence to meet the "lenient" burden of demonstrating that the Patrol Lieutenants are similarly situated for purposes of conditional certification. It is undisputed that all the Patrol Lieutenants have the same job description. Doc. 33, at 3, 9. Further, Houck has submitted evidence demonstrating all the Patrol Lieutenants are expected to provide law enforcement as their primary duty and are required to respond to all high-level patrol calls and report as first responders in the field for all such calls. Doc. 27, at § II. Despite the non-exempt nature of the Patrol Lieutenants' primary job duties – *i.e.*, law enforcement – all of the Patrol Lieutenants are classified by the County as exempt from overtime. *Id.*; Doc. 33, at 3, 9. And, all of the Patrol Lieutenants are subject to the same uniform compensation policies and practices, including regularly and repeatedly working in excess of forty hours per week without overtime pay. Doc. 27, at § II. The uniformity of the policies is supported by: (1) Houck's declaration and three corroborating declarations from Opt-In Plaintiffs Halverson, Hunter, and Sanchez, in which they each testify about their own observations and conversations with other Patrol Lieutenants regarding how they perform their jobs; and (2) the County's documents applicable to all the Patrol Lieutenants, including pay statements, Lieutenant job description, and written overtime policy. Docs. 27-1, at 8-42; 27-2. This evidence sufficiently demonstrates the Patrol Lieutenants are similarly situated for purposes of conditional certification because they are subject to the same job duties and compensation policies that will be analyzed when determining the merits of this case. *See, e.g., Udd v. City of Phoenix*, 2020 WL 8996584, at *3 (D. Ariz. March 23, 2020)(noting the "lenient" standard and conditionally certifying FLSA collective involving law enforcement employees alleging off the clock work based on plaintiff's declaration and declarations from opt in plaintiffs, specifically discounting evidence submitted by defendant).

## III. NONE OF THE COUNTY'S ARGUMENTS DEFEAT CONDITIONAL CERTIFICATION.

Ignoring Houck's evidence demonstrating the Patrol Lieutenants are "similarly

1  situated," the County offers a series of misguided arguments not relevant to conditional
2  certification, including that: (1) Houck has set forth "[in]admissible" and "conclusory"
3  evidence insufficient to support his claims; (2) Houck has not demonstrated the Patrol
4  Lieutenants are "similarly situated" in light of "differences" manufactured by the County
5  to defeat certification; and (3) the County's evidence allegedly demonstrates that Houck's
6  claims are not viable. None of these arguments defeat conditional certification.

        **A.**      **Plaintiff's Evidence is Admissible and Sufficiently Specific.**

8  The County repeatedly claims Houck does not set forth any specific admissible facts
9  in support of conditional certification and only relies on "conclusory" and "unsupported"
10 allegations. *See* Doc. 33, at 7, 9-10, 13-15.  First, the County ignores that strict adherence
11 to evidentiary rules at this early conditional certification stage is not a requirement. *See,*
12 *e.g., Stickle v. SCI Western Mkt. Support Ctr., L.P.,* 2009 WL 3241790, *5 (D. Ariz. Sept.
13 30, 2009)("[T]his Court is not convinced that at this stage of the litigation the affidavits
14 submitted in support of a motion for conditional certification pursuant to § 216(b) must
15 meet the precise evidentiary standards set forth in Rule 56(e)."); *see also Shaia v. Harvest*
16 *Mgmt. Sub LLC*, 306 F.R.D. 268, 275 (N.D. Cal. 2015)("a majority of courts have
17 determined that evidentiary rules should be relaxed at this stage")(citing cases).  Further,
18 Houck did submit admissible evidence.  Houck testified by declaration *under penalty of*
19 *perjury* about specific detailed facts supporting that the Patrol Lieutenants are similarly
20 situated based on his own personal experiences and communications with other Patrol
21 Lieutenants who he specifically identifies by name.  Doc. 27-1, at 8-12.  The supporting
22 declarations of the three Opt-In Plaintiffs (Doc. 27-2) similarly set forth *under penalty of*
23 *perjury* that they were subject to the same wrongful wage policies and that they have
24 spoken with and observed other Patrol Lieutenants identified by name who were subject to
25 the same policies and practices that they were.  This evidence is sufficient to support
26 conditional certification.  *See Hambrick v. Promevo, LLC*, 2020 WL 3621315, at *6 (E.D.
27 Ky. July 2, 2020)("'employee statements regarding their employer's policies and practices
28 and hours worked by other employees were admissible evidence based on the employee's

personal knowledge' and could support conditional class certification")(citing cases).[2]

After attacking Houck's evidence as, *inter alia*, not "admissible" and "conclusory," the County next requests the Court consider its evidence largely comprised of a conclusory, self-serving declaration regarding the ultimate merits questions in this case. This is improper at the conditional certification stage. *See Loera v. County of Alameda*, 2023 WL 4551080, at *3 (N.D. Cal. July 13, 2023)("even if the defendant 'submits competing declarations,' that 'will not as a general rule preclude conditional certification'")(citations omitted; collecting cases); *Hamm v. S. Ohio Med. Ctr.*, 275 F.Supp.3d 863, 876 (S.D. Ohio 2017)("Balancing Defendant's evidence against Plaintiff's assertion of personal knowledge would require credibility and factual determinations improper at the conditional certification stage.")(citations omitted); *Sanchez v. Sephora USA, Inc.*, 2012 WL 2945753, at *4 (N.D. Cal. July 18, 2012)("evidence from the employer is not germane at the first stage of the certification process, which is focused simply on whether notice should be disseminated to potential claimants"); *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 628 (E.D. Cal. 2009)(at conditional certification, "courts need not consider evidence provided by defendants").[3] Thus, not only is Houck's evidence "admissible" and not simply "bare bones", as the County argues, it is also sufficient to support conditional

---

[2] The County also argues Houck has done nothing more than provide a "formulaic assertion" of non-exempt job duties as provided in 29 C.F.R. § 541.3(b)(1). Doc. 33, at 7. Although each of Houck's supporting declarations do reference some (or all) of the job duties set forth in 29 C.F.R. § 541.3(b)(1), where – like here – Houck and the 3 Opt-In Plaintiffs have each individually attested to those specific activities being part of their job duties, that is not an improper "formulaic assertion," as the County implies. In addition, Houck's supporting declarations attest to their firsthand knowledge about the Patrol Lieutenants' precise law enforcement job duties they are required to perform, and beyond those listed in the regulation, they also attest to having to monitor the police radio and respond to certain law enforcement calls regardless of any other work they may be performing at the time and their lack of discretion when performing purportedly exempt duties. *See* Houck Decl. Doc. 27-1 at ¶¶ 9-16; Halverson Decl Doc. 27-2 at ¶¶ 5-13; Hunter Decl. Doc. 27-2 at ¶¶ 5-12; Sanchez Decl. Doc. 27-2 at ¶¶ 5-12.

[3] Unlike here where no discovery has occurred, in *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1274 (M.D. Ala. 2004), "fairly extensive evidence" on the "similarly situated" issue had been conducted making it appropriate for the court to consider both parties' evidence regarding certification of a *nationwide* collective.

- 5 -

certification at this pre-discovery, FLSA conditional certification stage.[4]

### B. None of the Purported Differences the County Argues Exist Between Patrol Lieutenants Defeat Conditional Certification.

Next, the County attempts to establish variations in the Patrol Lieutenants' work situations to show they are not "similarly situated," such as differences in supervising captains, divisions, squads, shifts, job responsibilities, and types of vehicles (Doc. 33, at 15-17). Such purported "differences" should not be considered because they are irrelevant to whether conditional certification is appropriate. In fact, courts have rejected the County's strategy to defeat conditional certification by pointing to such "differences" at the conditional certification stage. *See Gillespie,* 2023 WL 2734459, at *10 ("Any 'disparities in the factual employment situations of any plaintiffs who choose to opt in should be considered during the court's second tier analysis[.]'")(citation omitted); *Villarreal v. Caremark LLC*, 66 F.Supp.3d 1184, 1191 (D. Ariz. 2014)(declining to consider defendants' declarations that merely purported to show disparate facts because such evidence pertains to the second, not the first, tier of conditional certification); *see also Zaniewski v. PRRC Inc.*, 848 F.Supp.2d 213, 230 (D. Conn. 2012)("An objection at this preliminary stage to conditional certification based upon individual employees' asserted different circumstances is clearly part of the FLSA defense bar's play book, but it has not found favor with the courts, and it does not persuade this Court in this case.").

Even if considered, the differences raised by the County are simply irrelevant to conditional certification. For example, the fact that a Patrol Lieutenant may no longer work in the East or West Patrol Bureaus (Doc. 33, at 16-17), has no relevance to the issue of

---

[4] Houck's detailed evidence is distinguishable from the "bare-bones" evidentiary submission in *Alonzo v. Akal Sec., Inc.*, 2017 WL 5598227, at *2 (D. Ariz. Nov. 21, 2017), cited by the County. There, in denying conditional certification, the court rejected the "one piece of evidence: [plaintiff's] own declaration" because it consisted of "eight paragraphs that essentially reiterate the factual allegations of the Complaint," *i.e.*, it "amounts to a sworn description of Plaintiff's job duties and pay and does not even mention any other individual." Here, in contrast, Houck provides sworn testimony from Houck and several opt in plaintiffs regarding their personal experiences with the County's compensation policies and practices at issue in this case and specifically names other individuals who experienced the same overtime policies and practices. Docs. 27-1, at 8-42; 27-2.

- 6 -

whether that Patrol Lieutenant at some point in the relevant period was similarly situated to Houck and the other Patrol Lieutenants, which is the question at this stage.[5] And, there is no evidence to suggest that different supervising Captains would be implementing different compensation or employment policies; in fact, the declarations Houck has submitted here – from Patrol Lieutenants in different districts within Patrol East and West – all attest to the same common employment and compensation policies and practices. Further, some of the differences raised by the County address the extent of time the Patrol Lieutenants spend on certain job duties or the amount of overtime they may be eligible for (*e.g.*, which shifts and regular hours Patrol Lieutenants were scheduled for, or whether Patrol Lieutenants had periods of potential limited supervisory responsibilities when filling in for others), which are merits and damages questions not considered at conditional certification. *Stillman v. Staples, Inc.*, 2008 WL 1843998, at *4 (D.N.J. Apr. 22, 2008)("at this stage the Court here does not engage in an analysis as to whether or not the [employees] are exempt, but rather concentrates on whether or not the plaintiff has satisfied the lenient burden of showing that the other [employees] are similarly situated to him...."); *Wren v. RGIS Inventory Specialists*, 2007 WL 4532218, at *5 (N.D. Cal. Dec. 19, 2007)("[T]he potentially individualized nature of determining damages is irrelevant in considering conditional certification [because] [t]he threshold inquiry does not require that the extent of the potential plaintiffs' damages be identical or even similar.")(internal citation omitted).

C.   **The Court Must Not Consider The Merits of Houck's Claims or Resolve Factual Disputes at Conditional Certification.**

The County next prematurely and improperly attacks the legal viability of Houck's FLSA claim by arguing that the Patrol Lieutenants were properly classified as exempt, despite their actual primary duties being non-exempt in nature. First, the County focuses

---

[5] The County ignores that each of the 14 Opt-In Plaintiffs, as well as Houck, have ***all*** submitted Consent Forms attesting to the fact they are "similarly situated" to Houck. *See* Docs. 1-2, 5-13, 16-18, 24. That some of the opt in plaintiffs may have also worked in other areas outside of Patrol Bureaus East and West does not negate that they are similarly situated in how they performed their jobs as Patrol Lieutenants during their time working in Patrol Bureaus East and West in the last three years.

on supposed "evidence" it has introduced at this early, pre-discovery stage, which it claims supports that the Patrol Lieutenants are exempt from overtime under the FLSA. However, courts overwhelmingly agree that FLSA exemptions are merits-based inquiries improper at conditional certification and should be considered at stage two when certification for trial is at issue and discovery has been completed. *Coyle v. Flowers Foods Inc.*, 2016 WL 4529872, at *6 (D. Ariz. Aug. 30, 2016)("[t]he potential applicability of a FLSA exemption...does not preclude conditional certification at step one; it is relevant at step two of the two-step approach."); *Vega,* 583 F.Supp. 3d at 1253 (same); *Barrera,* 2013 WL 4654567, at *5 (same).[6]

And, even if the Court considered the County's evidence at this stage (which it should not (*see* § III(A), above), it does not prove the Patrol Lieutenants are exempt. For example, that non-exempt job duties are "not listed in the job description nor in the policies relied upon by Houck" is not dispositive – especially given that Houck's and the Opt-In Plaintiffs' declarations all attest to the fact that their jobs primarily involve non-exempt job duties.[7] Here, ultimately, whether the Patrol Lieutenants are bound by the County's written policies or the uniform practices attested to by Houck and the Opt-In Plaintiffs is a common question which will be answered uniformly as to all the Patrol Lieutenants at the merits stage. As noted by the court in *Vega*, "[t]he determination of which precise policy applies and in what manner is an in-depth factual dispute that the Court will not resolve at the certification stage." 583 F.Supp. 3d at 1253.

---

[6] *See also Stanfield v. First NLC Fin. Servs., LLC*, 2006 WL 3190527, at *4 (N.D. Cal. Nov. 1, 2006)("Even if it turns out that plaintiffs cannot prevail on their FLSA claim because they are subject to exemptions, a collective action should still be certified if they are similarly situated").

[7] Further, through the declaration of Chief Roska, the County attempts to support its position that there is no uniform policy that violates the FLSA because the Patrol Lieutenants are properly classified as "exempt" and were properly paid. However, the declaration has no bearing on whether Houck has met his burden for conditional certification, especially considering the Roska declaration is disputed by Houck's evidence. *See, e.g., Becerra v. IM LLC-I*, 2015 WL 1954478, at *4 (E.D.N.Y. Apr. 29, 2015)(declining to consider defendants' declarations "whose authors have not been deposed, as they do not bear on whether Plaintiff has made the 'modest factual showing' that he is required to make at this stage of the litigation").

Further, despite the County's comparison of the Patrol Lieutenants' duties to the Sergeants' and Deputies' non-exempt duties using job descriptions and CAD System data, that is not dispositive of the underlying issue, *i.e.*, whether the Patrol Lieutenants are properly classified as exempt under the FLSA based on the work they attest to have actually performed.[8] And, that some Patrol Lieutenants may engage in "significant amounts of supervisory and administrative duties" (Doc. 33, at 10), does not preclude a finding on the merits that the primary and most important duties the Patrol Lieutenants have are non-exempt law enforcement duties. *See, e.g., Barrows v. City of Chattanooga, Tenn.*, 944 F. Supp. 2d 596, 601, 605 (E.D. Tenn. 2013)("The determination of an employee's primary duty under either of these exemptions is a factual question that 'must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole.'…'although Plaintiff's firefighting duties [versus managerial duties] may not have been his most time-consuming, they were clearly the most important duties that he performed, and accordingly, those duties were Plaintiff's 'primary' duties'").

Despite Houck's confidence in the evidence supporting the merits of his claim, the County's factual posturing about the application of the exemption is at odds with the conditional certification stage and should not be considered. This case is at its inception, yet the County is asking the Court to accept the merits proposition that it has a uniform, lawful policy of classifying Patrol Lieutenants as exempt. In essence, the County is asking the Court to decide whether its fact-based defense is meritorious, an evaluation which courts overwhelmingly agree is premature at conditional certification. *See Gillespie,* 2023 WL 2734459, at *10 ("it is not the court's role to resolve factual disputes, decide substantive issues relating the merits of the claims, or make credibility determinations at this first stage of certification")(citation omitted); *see also O'Neal v. America's Best Tire*

---

[8] Houck does not argue the Lieutenants "perform deputy level duties," as the County claims (Doc. 33, at 5). Rather, Houck argues the Lieutenants (like deputies) are performing non-exempt law enforcement duties, such as monitoring the police radio for patrol activity and being required to respond to all high-level patrol calls and then report as first responders in the field. *See* Doc. 1, at ¶¶ 19-23; Doc. 27-1, at ¶¶ 9-12; Doc. 27-2.

*LLC*, 2016 WL 3087296, at *5 (D. Ariz. June 2, 2016); *Barrera,* 2013 WL 4654567, at *5.

## IV.  PLAINTIFF'S NOTICE PLAN SHOULD BE APPROVED.

The County proposes that either the County or a third-party administrator should distribute Notice due to individuals' "privacy interest" in their personal information. (Doc. 33, at 18). Houck does not dispute the importance of privacy rights. However, the Supreme Court has held that contact information for putative class members is relevant and discoverable for purposes of *plaintiff* issuing notice. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Indeed, Plaintiff's Counsel has been tasked with this responsibility numerous times in this District without any issues.[9] Privacy concerns, even in cases involving law enforcement, should not prevent ordering such information be provided to Plaintiff's Counsel for notice purposes.[10] If the County itself were to handle Notice (and potentially collect Consent Forms (*see* Doc. 33-3, at 38-41)), it would run contrary to the remedial purpose of the FLSA as putative class members (especially current employees) would be hesitant to respond to Notice from their employer. Such tactics that could discourage opt-in plaintiffs from enforcing their wage rights are routinely rejected. *See, e.g., Martinez v. Cargill Meat Sols.*, 265 F.R.D. 490, 500 (D. Neb. 2009)(refusing to include language in notice when it could discourage plaintiffs from joining the litigation). Plaintiff's Counsel can efficiently and cost effectively manage Notice of this modestly sized putative collective, while an administrator would cause unnecessary delay and costs. *See Taylor v. Autozone, Inc.*, 2011 WL 2038514, at *5 (D. Ariz. May 24, 2011)(absent compelling reasons, "there is no reason to impose this additional expense" of third party administrator); *Udd*, 2020 WL 8996584, at *3.[11]

---

[9] *See, e.g., Anthony v. Rise Servs., Inc.,* 2022 WL 3042854, at *3 (D. Ariz. Aug. 2, 2022); *Vega,* 2022 WL 684380, at *5; *Shoults v. G4S Secure Sol. (USA) Inc.*, 2020 WL 8674000, at *4 (D. Ariz. July 31, 2020).

[10] *See Udd,* 2020 WL 8996584, at *3 (in a FLSA case involving detectives, the same defense counsel that represent the County here raised the same "privacy interest" argument; the court did not agree with defendant's argument and ordered the class members' information to be provided to plaintiff's counsel for notice purposes).

[11] In *Lewis v. Wells Fargo & Co.*, 669 F.Supp.2d 1124 (N.D. Cal. Oct. 26, 2009), while acknowledging it "is authorized to order the production of potential class members' contact

Further, offering no justification, the County proposes only email and mail Notice – ignoring Houck's proposal to send a text message about notice as well. Text message notice, in addition to mail and email, is intended to increase the likelihood that the putative opt-in plaintiffs will learn of their rights, which is the purpose of this initial "notice" stage. Courts within this District have approved this procedure. *See* Doc. 27, at 16 (citing cases). And, finally, the County seeks a 45-day Notice period. While the 90-day period Houck proposed is appropriate (*see* Doc. 27, at 15 (citing cases)), Houck will agree to the 45-day notice period proposed by the County if the Court approves a text about the Notice, in addition to email and mail, to ensure the putative opt in plaintiffs learn about this action and their right to opt in through the most expeditious means possible.

To avoid delay, a revised form of Proposed Notice incorporating the changes discussed above (and addressing additional changes raised in the County's redlined Notice (Doc. 33-3, at 38-41)) is attached hereto as Exhibit A for the Court's approval.

## V. CONCLUSION

Houck's Motion should be granted, conditionally certifying the proposed collective of Patrol Lieutenants from three years back from the date the Complaint was filed to the date the Notice is distributed, approving the proposed Amended Notice (Exhibit A) and Notice procedure, and approving the Consent Form (Doc. 27-1, at 5-6).[12]

DATED: August 23, 2023.

        **FRANKEL SYVERSON PLLC**

        By *s/Ty D. Frankel*
        Ty D. Frankel
        2375 E. Camelback Road, Suite 600
        Phoenix, Arizona 85016

---

information to Plaintiff's counsel," the court approved use of a third-party administrator because plaintiffs "have not explained why it would be preferable for their counsel to oversee distribution of the notice." Here, Houck explains that hiring a third-party administrator would be unnecessarily costly and likely to cause delay.

[12] Houck has satisfied his burden of demonstrating the Patrol Lieutenants are similarly situated. However, if the Court disagrees, Houck requests the Court deny certification *without* prejudice and allow an opportunity to engage in further discovery. *See, e.g., Ji v. Jling Inc.*, 2016 WL 2939154, at *5 (E.D.N.Y. May 19, 2016)(denying initial motion for conditional certification noting that plaintiff may "renew his motion" if "additional facts and evidence" are discovered). The County offered no justification why a harsh "with prejudice" ruling would be appropriate, especially given the early stage of this litigation before any discovery.

- 11 -

1
2
3
4   **FRANKEL SYVERSON PLLC**
    Patricia N. Syverson
    9655 Granite Ridge Drive, Suite 200
    San Diego, California 92123

    *Attorneys for Plaintiff and the Class*

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28