Shayna Balch Santiago, SBN 024852
Lori A. Guner, SBN 031646
Jacob R. Valdez, SBN 035634
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
ssantiago@fisherphillips.com
lguner@fisherphillips.com
jvaldez@fisherphillips.com
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>　　　　　　　　Defendant. | No. 2:23-cv-00068-DGC<br><br>**DEFENDANT'S ANSWER TO COLLECTIVE ACTION AND CLASS ACTION COMPLAINT** |

Defendant Maricopa County (the "County" and/or "Defendant"), by and through undersigned counsel, hereby answers Plaintiff Christopher J. Houck's Collective Action and Class Action Complaint (the "Complaint") at Doc. 1 as set forth below:

## I.　　NATURE OF THE CASE

1. Responding to the allegations contained within paragraph 1 of the Complaint, Defendant admits that Plaintiff has asserted a claim against Defendant for unlawful failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Except as expressly admitted herein, Defendant denies each and every remaining allegation contained within paragraph 1 of the Complaint.

2. Responding to the allegations contained within paragraph 2 of the Complaint, Defendant admits that Plaintiff has alleged that he brings this action as a

collective action pursuant to 29 U.S.C. § 216(b) to recover alleged unpaid overtime compensation, liquidated damages, statutory penalties and damages and all others similarly situated. Defendant further admits that paragraph 2 of the Complaint alleges that "the proposed class consists of: All current and former lieutenants employed by Maricopa County in the Patrol Division in the last three years." Except as expressly admitted herein, Defendant denies each and every remaining allegation contained within paragraph 2 of the Complaint.

3. Responding to the allegations contained within paragraph 3 of the Complaint, Defendant admits that Plaintiff alleges he is seeking to recover unpaid overtime compensation, interest thereon, statutory penalties, reasonable attorneys' fees and litigation costs on behalf of himself and "all similarly situated current and former Patrol Lieutenants," and that Plaintiff further alleges that he and "all similarly situated current and former Patrol Lieutenants" who may opt-in pursuant to 29 U.S.C. § 216(b) also seek liquidated damages. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained within paragraph 3 of the Complaint.

## II.  JURISDICTION AND VENUE

4. Responding to the allegations contained within paragraph 4 of the Complaint, Defendant admits that jurisdiction is proper in this Court. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained within paragraph 4 of the Complaint.

5. Responding to the allegations contained within paragraph 5 of the Complaint, Defendant admits that venue is proper in this Court and that Plaintiff was employed by Defendant in Maricopa County. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained within paragraph 5 of the Complaint.

## III.  PARTIES

6. Responding to the allegations contained within paragraph 6 of the Complaint, Defendant lacks information sufficient to form a belief as to the truth of the

FP 48625906.4

allegations in paragraph 6 of the Complaint, and on that basis, denies the same.

7. Responding to the allegations contained within paragraph 7 of the Complaint, Defendant admits said allegations.

8. Responding to the allegations contained within paragraph 8 of the Complaint, Defendant denies said allegations. Defendant avers that MCSO is a department within Maricopa County, and that MCSO is the Plaintiff's employer. Defendant further avers that Plaintiff began his employment with MCSO in or about February 2007 as a non-exempt Deputy Sheriff Trainee, and after completing a period of probation, Plaintiff became a non-exempt Deputy Sheriff in or about August 2007 until September 2017. Defendant further avers that Plaintiff was promoted to Sergeant for MCSO from September 2017 until April 4, 2022.

9. Responding to the allegations contained within paragraph 9 of the Complaint, Defendant admits that on April 4, 2022, Plaintiff was promoted to Lieutenant but denies that he was employed by the County. Defendant avers that MCSO is a department within Maricopa County, and that MCSO is Plaintiff's employer. Defendant further admits that Plaintiff continues to serve as Lieutenant for MCSO. Defendant denies that Plaintiff has worked or presently works in the "Patrol Division." Defendant avers that MCSO does not have a "Patrol Division."

10. Responding to the allegations contained within paragraph 10 of the Complaint, Defendant admits that attached to the Complaint as "Exhibit A" is a pleading entitled "Consent to be Named Plaintiff and Opt in to Lawsuit," which is purportedly electronically signed by Plaintiff and states, *inter alia*: "I, Christopher J. Houck, pursuant to 29 U.S.C. §§ 216(b) and 256 . . . consent to opt in to this lawsuit and authorize counsel of record to pursue this lawsuit on my behalf, along with all those similarly situated employees of Defendant who I agree to represent. I consent to be the Named Plaintiff in this lawsuit and specifically authorize counsel of record to file suit on my behalf of all those similarly situated." Except as expressly admitted herein, Defendant

FP 48625906.4

denies each and every remaining allegation contained within paragraph 10 of the Complaint.

11. Responding to the allegations contained within paragraph 11 of the Complaint, Defendant admits that Maricopa County is a political subdivision of the State of Arizona. With respect to the remaining allegations within paragraph 11 of the Complaint, Defendant avers that said allegations are conclusions of law that do not require an answer. To the extent an answer is required, Defendant denies said allegations.

12. Responding to the allegations contained within paragraph 12 of the Complaint, Defendant denies said allegations. Defendant avers that MCSO is a department within Maricopa County, and that MCSO is the employer of Plaintiff and Lieutenants who provide, among other things, law enforcement throughout Maricopa County. With respect to the remaining allegations within paragraph 12 of the Complaint, Defendant avers that said allegations are conclusions of law that do not require an answer. To the extent an answer is required, Defendant denies said allegations.

13. Responding to the allegations contained within paragraph 13 of the Complaint, Defendant avers that said allegations are conclusions of law that do not require an answer. To the extent an answer is required, Defendant denies said allegations.

14. Responding to the allegations contained within paragraph 14 of the Complaint, Defendant admits that Maricopa County is a legally constituted governmental entity under Arizona law. With respect to the remaining allegations within paragraph 14 of the Complaint, Defendant avers that said allegations are conclusions of law that do not require an answer. To the extent an answer is required, Defendant denies said allegations.

## IV.   FACTUAL BACKGROUND

15. Responding to the allegations contained within paragraph 15 of the Complaint, Defendant denies said allegations. Defendant avers that MCSO is a

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 48625906.4

department within Maricopa County, and that MCSO provides law enforcement services throughout Maricopa County.

16. Responding to the allegations contained within paragraph 16 of the Complaint, Defendant denies said allegations. Defendant avers that MCSO is a department within Maricopa County, and that MCSO is the employer of Plaintiff and Lieutenants. With respect to the remaining allegations within paragraph 16 of the Complaint, Defendant avers that said allegations are conclusions of law that do not require an answer. To the extent an answer is required, Defendant denies said allegations.

17. Responding to the allegations contained within paragraph 17 of the Complaint, Defendant denies said allegations. Defendant avers that MCSO is a department within Maricopa County, and that Plaintiff was employed by MCSO from September 2017 to April 4, 2022 as a Sergeant.

18. Responding to the allegations contained within paragraph 18 of the Complaint, Defendant denies said allegations. Defendant avers that MCSO is a department within Maricopa County, and that on April 4, 2022, MCSO promoted Plaintiff to Law Enforcement Lieutenant, that Plaintiff began employment for MCSO as a Law Enforcement Lieutenant on April 4, 2022, and that he presently remains in that position.

19. Responding to the allegations contained within paragraph 19 of the Complaint, Defendant denies said allegations.

20. Responding to the allegations contained within paragraph 20 of the Complaint, Defendant denies said allegations.

21. Responding to the allegations contained within paragraph 21 of the Complaint, Defendant denies said allegations.

22. Responding to the allegations contained within paragraph 22 of the Complaint, Defendant denies said allegations.

/ / /

FP 48625906.4

23. Responding to the allegations contained within paragraph 23 of the Complaint, Defendant denies said allegations.

24. Responding to the allegations contained within paragraph 24 of the Complaint, Defendant denies said allegations.

25. Responding to the allegations contained within paragraph 25 of the Complaint, Defendant denies said allegations.

26. Responding to the allegations contained within paragraph 26 of the Complaint, Defendant denies said allegations.

27. Responding to the allegations contained within paragraph 27 of the Complaint, Defendant denies said allegations. Defendant avers that MCSO classifies Law Enforcement Lieutenants, including Plaintiff, as exempt, and pays them a salary. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained within paragraph 27 of the Complaint.

28. Responding to the allegations contained within paragraph 28 of the Complaint, Defendant admits that Plaintiff is paid a salary as a Law Enforcement Lieutenant. Defendant avers that Plaintiff is required to account for his time worked each week in the timekeeping system. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained within paragraph 28 of the Complaint.

29. Responding to the allegations contained within paragraph 29 of the Complaint, Defendant denies that Plaintiff is paid hourly as a Law Enforcement Lieutenant. Defendant avers that Plaintiff is paid a salary as a Law Enforcement Lieutenant and that Maricopa County's payroll system requires employees' pay to be entered as an hourly rate, even for employees such as Plaintiff who are salaried. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained within paragraph 29 of the Complaint.

30. Responding to the allegations contained within paragraph 30 of the Complaint, Defendant denies said allegations.

/ / /

FP 48625906.4

31. Responding to the allegations contained within paragraph 31 of the Complaint, Defendant denies said allegations.

32. Responding to the allegations contained within paragraph 32 of the Complaint, Defendant admits that Plaintiff's pay stub for the period ending July 24, 2022 indicates a line items for hours of 80.00 and 5.50. Defendant avers that Plaintiff was properly paid for all hours worked. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained within paragraph 32 of the Complaint.

33. Responding to the allegations contained within paragraph 33 of the Complaint, Defendant denies said allegations.

34. Responding to the allegations contained within paragraph 34 of the Complaint, Defendant denies said allegations.

35. Responding to the allegations contained within paragraph 35 of the Complaint, Defendant denies said allegations.

36. Responding to the allegations contained within paragraph 36 of the Complaint, Defendant denies said allegations.

37. Responding to the allegations contained within paragraph 37 of the Complaint, Defendant denies that it has improper policies and compensation practices and on that basis, denies the allegations within paragraph 37 of the Complaint.

38. Responding to the allegations contained within paragraph 38 of the Complaint, Defendant denies said allegations.

### V.   COLLECTIVE ACTION ALLEGATIONS

39. Responding to the allegations contained within paragraph 39 of the Complaint, Defendant admits that Plaintiff has alleged that his brings his claim under the FLSA, 29 U.S.C. § 201 *et seq.*, as a collective action, and that he has alleged that he brings this action on behalf of himself and others similarly situated. Except as expressly admitted herein, Defendant denies each and every remaining allegation contained within paragraph 39 of the Complaint.

FP 48625906.4

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

40. Responding to the allegations contained within paragraph 40 of the Complaint, Defendant denies said allegations.

41. Responding to the allegations contained within paragraph 41 of the Complaint, Defendant denies said allegations.

42. Responding to the allegations contained within paragraph 42 of the Complaint, Defendant denies said allegations.

43. Responding to the allegations contained within paragraph 43 of the Complaint, Defendant denies said allegations.

44. Responding to the allegations contained within paragraph 44 of the Complaint, Defendant denies said allegations.

## VI.   COUNT ONE

**(Failure to Pay Overtime Wages – FLSA – 29 U.S.C. § 207 *et seq*.)**

45. Responding to the allegations contained within paragraph 45 of the Complaint, Defendant incorporates by reference herein the answers, defenses, responses, denials, and averments to all allegations contained within paragraphs 1 through 44 above as though fully set forth herein.

46. Responding to the allegations contained within paragraph 46 of the Complaint, Defendant denies said allegations.

47. Responding to the allegations contained within paragraph 47 of the Complaint, Defendant avers that said allegations are conclusions of law that do not require an answer. To the extent an answer is required, Defendant denies said allegations.

48. Responding to the allegations contained within paragraph 48 of the Complaint, Defendant denies said allegations.

49. Responding to the allegations contained within paragraph 49 of the Complaint, Defendant denies said allegations.

50. Responding to the allegations contained within paragraph 50 of the Complaint, Defendant denies said allegations.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 48625906.4

51. Responding to the allegations contained within paragraph 51 of the Complaint, Defendant denies said allegations.

WHEREFORE, Defendant requests that each and every count of Plaintiff's Complaint be denied in its entirety, that Plaintiff and the putative class members take nothing, and that Defendant be awarded its reasonable attorneys' fees and costs pursuant to any statutes and rules that would allow Defendant to recover its attorneys' fees, costs, or other relief.

## VII. REQUESTED RELIEF

Responding to the prayer for relief, Defendant denies engaging in any wrongdoing, denies any liability arising out of Plaintiff's causes of action, and denies that Plaintiff and/or the putative class members are entitled to any relief whatsoever.

## VIII. DEMAND FOR JURY TRIAL

Responding to Plaintiff's Jury Trial Demand, Defendant acknowledges that Plaintiff has demanded a trial by jury.

## IX. DEFENDANT'S AFFIRMATIVE DEFENSES

1. The claims of Plaintiff and any potential opt-ins are barred, in whole or in part, by their failure to state a claim upon which relief may be granted.

2. The claims of Plaintiff and any potential opt-ins are barred, in whole or in part, by the applicable statutes of limitations.

3. The Complaint, and each and every purported claim contained therein, is not proper for collective treatment because, among other reasons: (a) Plaintiff is an inadequate representative of the purported collective; (b) Plaintiff cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims; and (d) the individualized nature of Plaintiff's claims makes collective treatment inappropriate.

4. The Complaint, and each and every purported claim contained therein, is not proper for collective treatment because it is not superior to other available methods for the fair and efficient adjudication of this controversy.

5. Plaintiff lacks standing to raise some or all of his individual claims and

claims of the alleged groups of individuals which he purports to represent.

6. The Complaint, and each and every purported claim contained therein, is barred in whole or in part because Defendant's compensation and timekeeping practices were adopted in good faith and in conformity with and in reliance upon written administrative regulations, orders, rulings, opinion letters, approvals, or interpretations of the United States Department of Labor and therefore may not give rise to liability for back pay pursuant to 29 U.S.C. § 259.

7. The Complaint, and each and every purported claim contained therein, is barred in whole or in part because Defendant acted in good faith and with reasonable grounds to believe that its actions were not in violation of the law, such that no liquidated damages may be awarded to Plaintiff, or those similarly situated, if any, pursuant to 29 U.S.C. § 260.

8. The claims of Plaintiff and any potential opt-ins are barred as to all hours during which Plaintiff and potential opt-ins were engaged in activities that were preliminary or postliminary to their principal activities.

9. The claims of Plaintiff and any potential opt-ins are barred as to all hours allegedly worked that Defendant did not suffer or permit to be worked and/or of which Defendant lacked actual or constructive knowledge.

10. The claims of Plaintiff and any potential opt-ins are barred, in whole or in part, because Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices.

11. The claims of Plaintiff and any potential opt-ins are barred, in whole or in part, because Defendant is entitled to an offset of monies, compensatory time off or other consideration paid or provided to Plaintiff (and any potential opt-ins) by Defendant for periods in which Plaintiff and/or any potential opt-ins were not engaged to work.

12. The claims of Plaintiff and any potential opt-ins are barred to the extent they seek to recover for time that is *de minimis* work time and thus not compensable under the FLSA.

FP 48625906.4

13. The claims of Plaintiff and any potential opt-ins are barred, in whole or in part, by statutory exclusions, exceptions, or credits under the FLSA.

14. Plaintiff and any potential opt-ins are barred from seeking injunctive or other equitable relief because they have an adequate remedy at law.

15. Plaintiff and any potential opt-ins were and are properly classified as exempt from the overtime requirements under the FLSA.

16. Defendant reserves the right to amend and/or add affirmative defenses as discovery proceeds.

**WHEREFORE**, Defendant prays as follows:

1. That judgment be entered in favor of Defendant;

2. That each and every count of Plaintiff's Complaint be denied in its entirety, and that Plaintiff takes nothing by this action;

3. That Defendant be awarded reasonable attorneys' fees and costs incurred herein pursuant to any and all statutes and rules that would allow Defendant to recover its attorneys' fees, costs, or other relief.

4. That Defendant be awarded pre- and post-judgment interest on the foregoing amounts at the maximum rate permitted by law; and

5. For such other and further relief as the Court deems just and proper.

DATED this 8th day of November 2023.

        FISHER & PHILLIPS LLP

        By  /s/ Lori A. Guner
          Shayna Balch Santiago
          Lori A. Guner
          Jacob R. Valdez
          3200 N. Central Avenue, Suite 1550
          Phoenix, Arizona 85012-2487
          Attorneys for Defendant

FP 48625906.4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Ty D. Frankel
Frankel Syverson PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
ty@frankelsyverson.com
Attorneys for Plaintiff

Patricia N. Syverson
Frankel Syverson PLLC
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
patti@frankelsyverson.com
Attorneys for Plaintiff

    s/ Dino Mehinovic

FP 48625906.4