**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Maricopa County,<br><br>　　　　Defendant. | No. 2:23-cv-00068-DGC<br><br>**JOINT STIPULATED LIMITED PROTECTIVE ORDER** |

This matter having come before the Court on the parties' Stipulation for Limited Protective Order, and good cause appearing,

**IT IS HEREBY ORDERED:**

1. In connection with discovery proceedings in this action, the parties may designate as "CONFIDENTIAL" information concerning parties or non-parties which has not been made public and which concerns or relates to:

   a. Personal email addresses, phone numbers, and addresses of potential Plaintiff class members;

   b. Personnel files of a party or nonparty containing personal information such as social security numbers, home address or home telephone numbers, e-mail addresses, dates of birth, information pertaining to dependents, medical and/or personal leave taken, information

       pertaining to an individual's selection for a reduction in force, termination, and/or an individual's application for positions.

    c. Earnings and wage information including payroll records and other documentation referencing employee salaries and compensation.

    d. Trade secret, proprietary, or other confidential County information.

    e. Confidential nonpublic records relating to third parties containing personal information such as social security numbers, home address or home telephone numbers, e-mail addresses, dates of birth, HIPAA protected information, and/or financial records.

2. By designating a document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. In the alternative, confidential documents may be designated "CONFIDENTIAL" by providing written notice to the party to whom the documents are produced, in which event the notice shall list and reference the confidential documents by Bates numbers.

4. Specifically designated testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding and a party will have until thirty (30) days after receipt of the transcript from the proceeding at issue to inform the other party or parties to the action of the portions of the transcript to be designated confidential. The party designating such testimony confidential shall state on the record the good faith basis for the confidential designation. Arrangements shall be made with the court

reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately. If this additional binding results in extra expenses, the expenses for the separating binding, etc., shall be the sole responsibility of the party that designated the "CONFIDENTIAL" material.

5. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" as provided in paragraph 7.

7. Confidential Material produced pursuant to this Order may be disclosed to the "qualified persons" designated below:

   a. Counsel for the receiving party, a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;
   b. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;
   c. court reporter(s) employed in this action;
   d. professional vendors to whom disclosure is reasonably necessary;
   e. the Court and any Court staff and administrative personnel;
   f. any mediator, settlement officer, or arbitrator, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions associated with this action;

FP 48744478.1

   g. any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as to one to whom a copy of such document was sent before its production in this action;

   h. a witness at any deposition or other proceeding in this action;

   i. as ordered by the Court; and

   j. any other person as to whom the parties in writing agree.

  Prior to receiving any Confidential Material, each "qualified person" except court reporters employed in this action, shall be provided with a copy of this Order and "qualified persons" identified in Section 7(b), (d) and (f)(excluding magistrate judges) shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

  8. Depositions shall be taken only in the presence of qualified persons.

  9. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 3 and 4 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 7(b), (g), (i), and (j)bove, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

  10. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

11. In the event that any Confidential Material including material designated as "Attorney's Eyes Only" is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

12. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is properly designated as Confidential or Attorneys' Eyes Only or whether its use should be restricted or (ii) to present a motion to the Court under Federal Rules of Civil Procedure, Rule 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13. In the event a party challenges another party's Confidential or Attorneys' Eyes Only designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may hereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Attorneys' Eyes Only Material disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information and Attorneys' Eyes Only Material disclosed, in accordance with applicable law and Court rules.

14. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

15. Before any Materials produced in discovery, answers to interrogatories,

responses to requests for admissions, deposition transcripts, or other documents which are designated as "Confidential Material" are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. Nothing in this order shall be construed as automatically permitting a party to file material under seal. A party seeking to file documents under seal must seek leave of Court and shall show "compelling reasons" (dispositive motion) or "good cause" (non-dispositive motion) for filing under seal. Additionally, such party seeking to file under seal shall comply with the requirements of LRCiv. 5.6(d), including but not limited to, conferring with opposing party, lodging the document under seal, and filing a notice of lodging. Provided, however, that no portion of the trial of the matter shall be conducted under seal. The rules and procedures governing the use of Confidential Information at trial shall be determined by the Court at the final pretrial conference.

16. In the event the Court, denies a request by either party to file a document under seal, the party seeking to file the document shall ensure that any confidential, sensitive, proprietary, and/or trade secret information is redacted from the document(s) prior to submitting such document(s) into the public record. The parties shall work cooperatively with each other to ensure any redactions are reasonable and appropriate under the circumstances. Should the parties be unable to agree on the scope of appropriate redactions they shall follow the discovery dispute procedure set forth by the Court.

17. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

Attachment A
### NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear/affirm that I am fully familiar with the terms of the Stipulated Protective Order entered in *Christopher J. Houck v. Maricopa County*, Case No 2:23-cv-00068-DGC, pending before the U.S. District Court, District of Arizona, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED:

_____

FP 48744478.1