**FRANKEL SYVERSON PLLC**
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**PLAINTIFF'S MOTION TO QUASH SUBPOENAS SERVED ON THIRD PARTY ENTITIES** |

Pursuant to Fed. R. Civ. P. 45(d)(3) and Fed. R. Civ. P. 26(b)(1), Plaintiff Christopher Houck ("Houck") moves for an order quashing Defendant Maricopa County's (the "County") subpoenas to produce documents served on 49 third party entities for whom selected Opt In Plaintiffs Todd Brice, Benjamin Freeman, Jonathan Halverson, Alden Jackson, David Keller, Ryan Neville, Andrew Rankin, Donald Rosenberger, Jason Thomas, and Jerry Vance (the "Opt In Plaintiffs") have worked.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I. Background

Houck brings this action against the County for its unlawful failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Houck alleges that the County improperly classified him and the other similarly situated Patrol Lieutenants as exempt from overtime, when their primary duties are nonexempt in nature. Through this action, Houck seeks to recover the overtime compensation that the Patrol Lieutenants have earned but not been paid. Despite the non-exempt nature of the Patrol Lieutenants' job duties, the County classifies Houck and the Patrol Lieutenants as exempt managers. Twenty Patrol Lieutenants in addition to Houck have joined this action to pursue unpaid overtime and remain in the case. Of those Patrol Lieutenants, ten Opt In Plaintiffs responded to written discovery in April 2024, much of which was focused on the hours and time periods they worked as a Patrol Lieutenant for the County. *See, e.g.,* Opt In Plaintiff Vance's discovery responses, attached as Exhibit. 1.[2]

Nevertheless, on September 9, 2024, Plaintiff received the County's notice of intent to serve subpoenas to produce documents on 49 third party entities for whom Opt In Plaintiffs Todd Brice, Benjamin Freeman, Jonathan Halverson, Alden Jackson, David

---

[1] This Court limited written discovery to fifty percent of the Patrol Lieutenants who joined this case, which includes this group of Opt In Plaintiffs who have already responded to written discovery. Doc. 45 at 12:20-21.

[2] The discovery served on the Opt In Plaintiffs was substantially uniform in the information sought. For ease of reference, Plaintiff attaches the responses for Opt In Planitiff Vance. The other Opt In Plaintiffs' responses can be provided at the Court's request.

Keller, Ryan Neville, Andrew Rankin, Donald Rosenberger, Jason Thomas, and Jerry Vance has provided some work. *See* Notice of Request for Production from Non-Parties, at Exhibit 2. That Notice was served on Plaintiff by electronic mail only. Exhibit 2. This electronic service is not proper or valid under the Federal Rules, since the County refused to consent to service by electronic mail and has insisted on service by mail during this case. Fed. R. Civ. P. 5(b)(2); *see also* Doc. 45 at 12:2-21. Despite having not served proper notice of the subpoenas on Plaintiff as required under Fed. R. Civ. P. 45(a)(4), the County nevertheless served 49 third party subpoenas on entities where the Opt In Plaintiffs subject to the subpoenas worked, requesting an extraordinarily broad production of documents from each third party entity that includes:

1. Complete copies of any and all file(s) regarding [the Opt In Plaintiff], whether maintained by Human Resources or other administrative department(s), manager(s) or supervisor(s), including, but not limited to: time records, time sheets, applications for employment; resumes; notes; correspondence regarding application(s) for employment including job offer letter, letters of rejection/withdrawal, and [Opt In Plaintiff's] prior employment history; payroll records; compensation (including W-2 Forms, Forms 1099, or other forms reflecting year-end earnings and deductions for taxes and benefits); bonuses; commissions; agreements reflecting terms of commission and/or bonus; and evaluations or other documents in any written form reflecting job performance, counseling, investigations, or discipline or any other documents contained in [Opt In Plaintiff's] personnel file.

2. Any and all documents pertaining to any alleged complaints, claims, or lawsuits lodged by or against [Opt In Plaintiff] in relation to their employment by [Third Party], including, but not limited to, settlement agreements, settlement negotiations, witness statements, declarations, affidavits, deposition transcripts, or any other related documents.

1  *See*, e.g., Third Party Subpoena regarding Opt In Plaintiff Vance[3] at Exhibit 3.[4]

2  In the months prior to the issuance of the subpoenas, Plaintiff met and conferred with the County about the overbreadth and harassing nature of the information being sought in the numerous third party subpoenas, especially as this action is centered around overtime claims where the County's own pay records largely show when the Opt In Plaintiffs were working unpaid overtime. When asked, the County explained that the third party subpoenas were necessary to determine when a Patrol Lieutenant may have been working for an entity other than the County during their employment as a Patrol Lieutenant. *See* letter at Exhibit 4. In response, Plaintiff explained that the subpoenas sought information far beyond when the Patrol Lieutenants were working, and importantly, were harassing in scope and breadth, particularly when the County could get information about when the Patrol Lieutenants were working for the County without intruding on the Patrol Lieutenants' relationship with the third party entities who they are (or were previously) working for. *See* letter at Exhibit 5 at page 5. Indeed, the County's own pay records have information relevant to when the Patrol Lieutenants worked. Despite the overbreadth and harassing nature of the subpoenas, the County proceeded to serve them on 49 third parties without any modification or limitation.

Importantly, the information requested in the subpoenas is irrelevant to this case. The Opt In Plaintiffs for whom the subpoenaed records are now sought have already responded to discovery requests regarding their hours worked and their schedules with the County. They responded to interrogatories, requests for production of documents, and requests for admission in this case regarding: (1) the dates they worked for the County; (2) their typical schedule for the County; (3) the workweeks they worked for the County; and (4) the hours they worked each workweek for the County. *See, e.g.,* Exhibit 1. By letter

---

[3] The 49 subpoenas served on the third parties requested the same information from each entity for each of the Opt In Plaintiffs, so Plaintiff attaches one as an exemplar. If the Court wishes to review each subpoena, Plaintiff can provide that upon request.

[4] The third party subpoenas include the Opt In Plaintiffs' Social Security Numbers. *See, e.g.*, Exhibit 3. The County did not mark this information Confidential or otherwise take necessary steps to protect this sensitive, personal information subject to the Protective Order in this case. Doc. 42 at § 1(b).

1 dated July 15, 2024, the County had represented that they needed the information requested in the subpoenas "as Plaintiffs' hours worked are at the core of Plaintiffs' claim for unpaid wages." *See* Exhibit 4 at page 5.  The County has not and cannot articulate any explanation why the written discovery regarding the Opt In Plaintiffs' hours worked is insufficient.  The County also failed to tailor the subpoenas to records regarding the hours worked by Opt In Plaintiffs, instead asking for irrelevant and harassing documents including applications for employment, resumes, notes, correspondence regarding applications for employment, job offer letters, letters of rejection/withdrawal, tax documents, compensation information, evaluations, disciplinary records, and information regarding legal claims involving the third party entities.  None of this information has anything to do with their hours worked, which is the only reason given by the County as to why this information could conceivably be needed.

**II.     Analysis**

Plaintiff respectfully requests that the Court quash the County's subpoenas to third parties.  Pursuant to Fed. R. Civ. P. 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that. . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  The County's subpoenas subject the Opt In Plaintiffs to an undue burden because they improperly seek production of information irrelevant to this case.  The same "scope of discovery set out in Rule 26 applies to the discovery that may be sought pursuant to Rule 45*." Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014); *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D. N.Y. 1998)("The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1).").  Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to a party's claim or defense."  To be relevant, the information must be proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).

4

The subpoenas request information that has no bearing on the claims in this case, and even the information arguably related to the hours the Opt In Plaintiffs worked is disproportionate to the need for discovery in this case and thus irrelevant under the Federal Rules. Indeed, the County stated that it needed the information in the subpoenas because it goes to the "hours" the Opt In Plaintiffs worked for the County. *See* Exhibit 4 at page 5. However, information about when they were working had already been requested and provided in discovery from the Opt In Plaintiffs in this case. *See, e.g.*, Exhibit 1. Further, the vast majority of the documents requested have no bearing on the overtime claims in this case, which centers around exemption analysis dealing with how the Patrol Lieutenants perform their job duties. Indeed, the subpoenas request for applications for employment, resumes, notes, correspondence regarding applications for employment, job offer letter, letters of rejection/withdrawal, tax documents, compensation information, evaluations, disciplinary records, and information regarding legal claims involving the third party entities have no bearing on the claims in this case. Thus, the subpoenas should be quashed. *See St. Paul Mercury Ins. v. Homes*, 2015 WL 7077450, at *2 (E.D. Cal. Nov. 13, 2015)(where requested documents are not relevant, any burden whatsoever imposed on a non-party is, by definition, an undue burden).

In addition, the subpoenas are harassing because they interfere with the Opt In Plaintiff's relationship with the third party entities in an unreasonable manner given the ability to obtain the information through less prejudicial means. Indeed, the Federal Rules provide that "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). That is precisely the case here. Rather than burden the Opt In Plaintiffs by intruding on their relationship with their other entities, the County could simply utilize its own records, in conjunction with information obtained already from the Opt In Plaintiffs' themselves in their responses to written discovery, to evaluate the hours that they were working with the County. That is reason enough to quash the

5

subpoenas. *Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement*, 2016 WL 159842, at *3 (D. Ariz. Jan. 14, 2016 ("A court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation.")(internal citations omitted).

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court quash the County's third party subpoenas served relating to work performed at other entities by the Opt In Plaintiffs.

DATED: September 23, 2024.

**FRANKEL SYVERSON PLLC**
By   *s/Ty D. Frankel*
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

**FRANKEL SYVERSON PLLC**
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

*Attorneys for Plaintiff*

6