# EXHIBIT 1

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated, | Case No. 2:23-cv-00068-DGC |
| Plaintiff, | **OPT-IN PLAINTIFF JERRY VANCE'S RESPONSES TO DEFENDANT'S FIRST SET OF NON-UNIFORM INTERROGATORIES** |
| v. | |
| Maricopa County, | |
| Defendant. | |

Opt-In Plaintiff Jerry Vance ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Non-Uniform Interrogatories.

- 1 -

**PREFATORY STATEMENT**

The responses set forth herein are based on information currently known to Plaintiff. Accordingly, Plaintiff reserves the right to supplement, amend or correct any responses or objections as further information becomes known and as discovery progresses.

**GENERAL OBJECTIONS APPLICABLE TO ALL REQUESTS**

1.     Plaintiff objects to the instructions, definitions, and each of the Requests to the extent that they are overly broad, vague, ambiguous, unduly burdensome or purport to impose obligations on Plaintiff that exceed or differ from those imposed by the Federal Rules of Civil Procedure and the applicable rules of this Court.

2.     Plaintiff objects to each of the Requests to the extent that they seek information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery.

3.     Plaintiff objects to each of the Requests to the extent that such Requests seek information or documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence when considering relevancy and proportionality with respect to the need for discovery in this case.

4.     Plaintiff objects to each of the Requests to the extent that they seek information or documents that are not within Plaintiff's possession, custody or control.

5.     Plaintiff objects to each of the Requests to the extent that such Requests seek information or documents that are a matter of public record, otherwise equally accessible to all parties, more conveniently or appropriately obtained by Defendant, or less expensively obtained by Defendant.

6.     Plaintiff objects to each of the Requests as premature and states as follows: these Responses contain the best information currently known to Plaintiff and are subject to supplementation as may result from discovery or further inquiry by Plaintiff.  Furthermore, Plaintiff has not completed his investigation or preparation for the adjudication of this action.   Therefore, in accordance with the Federal Rules of Civil Procedure, Plaintiff

expressly reserves his right to seasonably supplement, correct, clarify or amend his Responses to the Requests if he later determines that additional information should be furnished in response to any such Request.

7.     Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

8.     Plaintiff's decision to provide documents and information notwithstanding the objections herein should not be construed as (a) an admission that any information or material is relevant, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence; (b) waiver of the General Objections or the objections asserted in response to a specific Request; or (c) an agreement that requests for similar documents and information will be treated in a similar manner.

## INTERROGATORIES

### INTERROGATORY NO. 1:

For any periods of time that you contend you were employed as a Law Enforcement Lieutenant in Patrol Bureaus East or West between January 11, 2020 and the present, please:

(a) Identify the District you worked in;

(b) List the date(s) you worked in each District;

(c) Identify the Commander(s) you directly reported to;

(d) Describe your typical schedule (days/hours); and

(e) Describe whether you were ever tasked with serving as a Night Commander, Acting Captain or Acting Commander.

### RESPONSE TO INTERROGATORY NO. 1:

**(a)-(b)  District 1 from approximately January 2021 to July 2021; Lake Patrol Division from approximately July 2021 to September 2023**

**(c)  Cory Morrison, David Lee**

- 3 -

**(d)  District 1: Nightshift was Wednesday to Saturday from 5pm – 3am and Dayshift was Wednesday to Saturday from 7am to 3pm; Lake Patrol: Westside Command Wednesday to Saturday from 9am – 7pm and when transitioned to Administrative Lieutenant was Monday, Tuesday, Thursday and Friday from 9am to 7pm**

**(e)  Plaintiff was not tasked with serving as an Acting Captain during the relevant period.  He did work as a "Watch Commander" from January to March, 2021 and then filled in for other Watch Commanders during their time off in April and May 2021.  He worked 9 night shifts as the "Watch Commander" (in addition to his other regularly assigned duties) in October and December 2022.**

**INTERROGATORY NO. 2:**

Separately identify each and every workweek during your employment with Defendant in which you claim entitlement to unpaid overtime compensation. For each work week, please state:

(a) the number of hours worked each day of each workweek;

(b) the start and stopping times for each day;

(c) the start and stop time of any and all daily meal periods/breaks;

(d) the start and stop time of any and all daily rest periods/breaks;

**RESPONSE TO INTERROGATORY NO. 2:  Plaintiff objects to this request because it misapplies Plaintiff's burden.  Plaintiff is required to provide evidence to support his damages as a matter of just and reasonable inference.  He is not required to provide the specificity the request asks for and approximations can be appropriate. This is particularly true when, as here, Defendant has an obligation to keep accurate records regarding the amount of time its employee's work under the FLSA.  Plaintiff also objects because many records pertinent to this request are in Defendant's custody and control, as Defendant required Patrol Lieutenants to track their time worked.**

**Plaintiff objects that the request is harassing because Defendant would have records demonstrating when Plaintiffs were scheduled to work.   Subject to and without waiving said objections, see Plaintiff Houck's computation of damages provided with his Second Supplemental Disclosure Statement for the basic formula for calculating damages; see also VANCE000001-10.  Plaintiff will supplement this discovery as the case continues.**

**INTERROGATORY NO. 3:**

Identify and describe any employment (other than with Defendant) that you held from January 11, 2020 to the present. For each such employer, please provide:

(a) the employer's name, address, and phone number;

(b) your job title and description of the work/services performed

(c) supervisor name(s);

(d) the dates of your employment;

(e) the number of weekly hours worked; and

(f) the compensation you earned.

**RESPONSE TO INTERROGATORY NO. 3:  Plaintiff objects that the request is disproportionate to the need for discovery in this case, with extremely limited probative value in comparison to the highly prejudicial impact this kind of intrusiveness on other employers can have to Plaintiff.  Plaintiff also objects that the request is harassing and unduly invasive of his personal affairs, seeking detailed information about other employment that does not impact the claims in this case. Subject to and without waiving Plaintiff's objections, Plaintiff responds that he worked for Realty Exchange, Sunnyhill Realty, and Fulton Grace Realty.**

**INTERROGATORY NO. 4:**

Identify with specificity any and all off-duty assignments that you worked from January 11, 2020 through the present. For each such assignment worked identify the date(s),

1   total hours worked, the organization, the name of the point of contact for the assignment,
2   and a brief description of the services performed.

3       **<u>RESPONSE TO INTERROGATORY NO. 4:</u>  Plaintiff objects that the request**
4   **is disproportionate to the need for discovery in this case, with extremely limited**
5   **probative value in comparison to the highly prejudicial impact this kind of**
6   **intrusiveness on other employers can have to Plaintiff.  Plaintiff also objects that the**
7   **request is harassing and unduly invasive of his personal affairs, seeking detailed**
8   **information about other employment that does not impact the claims in this case.**
9   **Plaintiff also objects that the term "off-duty assignments" is vague and ambiguous, as**
10  **it is unclear what constitutes an off-duty assignment for purposes of the request.**
11  **Subject to and without waiving Plaintiff's objections, Plaintiff refers to Response to**
12  **No. 3.**

13

14  **<u>INTERROGATORY NO. 5:</u>**

15      State whether you have been a party to a civil lawsuit between January 1, 2015 and
16  the present. If so, for each lawsuit, please provide the following information:

17      (a) How were you named in the lawsuit (e.g., plaintiff, defendant, intervenor, etc.)?

18      (b) A description of the claims and defenses.

19      (c) The case number, date, location, and title of the court in which the action was
20  commenced.

21      (d) The names of all the parties other than yourself involved in the action.

22      **<u>RESPONSE TO INTERROGATORY NO. 5:</u>  Plaintiff objects to the request**
23  **that it is overbroad in time frame, asking for information well beyond the relevant**
24  **period in this case.   Plaintiff also objects that the information requested is**
25  **disproportionate to the need for discovery in this case, with the likelihood of requesting**
26  **prejudicial information that has no bearing on the claims in this case.  Subject to and**
27  **without waiving said objections, Plaintiff responds that he was named as one of several**

28

defendants in *Packard v. Ashworth, et al.*, Case No. 2:23-cv-00793-SRB-CDB (D. Ariz). The case involves claims of use of force and wrongful shooting.

**INTERROGATORY NO. 6:**

In the event your answer to any of Defendant's Requests For Admission are anything other than an unqualified admission, please set forth the reason why, the details supporting your denial, and produce all evidence supporting your stance.

**RESPONSE TO INTERROGATORY NO. 6:** Plaintiff objects that the request is improperly compound. Plaintiff also objects to the extent that it calls for information protected by the attorney client privilege and work product doctrine. Subject to and without waiving said objections, Plaintiff responds as follows:

Plaintiff admits Request for Admission Number 3 only in part. While he was required to track his hours, the County only used the tracking to ensure that Patrol Lieutenants like Plaintiff worked 80 hours in a pay period because they are classified as exempt; the County was not as concerned about Patrol Lieutenants tracking hours worked over 80 hours per pay period because they were not going to pay them overtime anyway. While Plaintiff did have a routine practice of tracking his hours in accordance with County policy, there are times when Plaintiff actually worked more hours than he reported.

DATED:  April 5, 2024.

FRANKEL SYVERSON PLLC

By    *s/Ty D. Frankel*
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

FRANKEL SYVERSON PLLC
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2024, I served by U.S. Mail and email the foregoing document to the following counsel for Defendants:

Shayna Balch Santiago, SBN 024852
Lori A. Guner, SBN 031646
Jacob R. Valdez, SBN 035634
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
ssantiago@fisherphillips.com
lguner@fisherphillips.com
jvaldez@fisherphillips.com

_____s/David J. Streyle_____
David J. Streyle

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated, | Case No. 2:23-cv-00068-DGC |
| Plaintiff, | **OPT-IN PLAINTIFF JERRY VANCE'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Maricopa County, | |
| Defendant. | |

Opt-In Plaintiff Jerry Vance ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Requests for Admission.

# PREFATORY STATEMENT

The responses set forth herein are based on information currently known to Plaintiff. Accordingly, Plaintiff reserves the right to supplement, amend or correct any responses or objections as further information becomes known and as discovery progresses.

# GENERAL OBJECTIONS APPLICABLE TO ALL REQUESTS

1.      Plaintiff objects to the instructions, definitions, and each of the Requests to the extent that they are overly broad, vague, ambiguous, unduly burdensome or purport to impose obligations on Plaintiff that exceed or differ from those imposed by the Federal Rules of Civil Procedure and the applicable rules of this Court.

2.      Plaintiff objects to each of the Requests to the extent that they seek information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery.

3.      Plaintiff objects to each of the Requests to the extent that such Requests seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence when considering relevancy and proportionality with respect to the need for discovery in this case.

4.      Plaintiff objects to each of the Requests to the extent that they seek information not within Plaintiff's possession, custody or control.

5.      Plaintiff objects to each of the Requests as premature and states as follows: these Responses contain the best information currently known to Plaintiff and are subject to supplementation as may result from discovery or further inquiry by Plaintiff.  Furthermore, Plaintiff has not completed his investigation or preparation for the adjudication of this action.  Therefore, in accordance with the Federal Rules of Civil Procedure, Plaintiff expressly reserves his right to seasonably supplement, correct, clarify or amend his Responses to the Requests if he later determines that additional information should be furnished in response to any such Request.

6.     Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that as a Sworn Law Enforcement Lieutenant, you are required to be truthful.

Admit: __X____     Deny: _____

**REQUEST NO. 2:**

Admit that the job description at **Exhibit A** (Bates Nos. MCC 000010-000014) titled "Law Enforcement Lieutenant" applies to you in your role as a Maricopa County Sheriff's Office Law Enforcement Lieutenant.

Admit: ___X_____     Deny: _____

**REQUEST NO. 3:**

Admit that you were responsible for accurately recording and submitting to Defendant your work hours for each day of your employment with Defendant.

Admit: __X, in part____     Deny: _____

**RESPONSE TO REQUEST NO. 3:    Plaintiff admits only that Patrol Lieutenants are required to track their time, but Plaintiff denies that he was required to track the precise number of hours he worked because he was an exempt employee and the County only wanted to ensure that he recorded at least 80 hours per pay period to earn his compensation.**

**REQUEST NO. 4:**

Admit that you recorded and submitted to Defendant all of your hours worked for each day of your employment with Defendant.

Admit: __X____    Deny: ____

**REQUEST NO. 5:**

Admit that your claim of entitlement to pay for overtime allegedly worked is premised on the hours recorded on your pay stubs under either the heading "Reg No Pay" or "Regular No Pay."

Admit: ___X____    Deny: ____

**REQUEST NO. 6:**

Admit that you were promoted to Lieutenant on January 11, 2021.

Admit: __X____    Deny: _____

DATED:  April 5, 2024.

**FRANKEL SYVERSON PLLC**

By ___*s/Ty D. Frankel*_____
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*

1

**CERTIFICATE OF SERVICE**

2

3        I hereby certify that on April 5, 2024, I served by U.S. Mail and email the foregoing

4    document to the following counsel for Defendants:

5
     Shayna Balch Santiago, SBN 024852
6    Lori A. Guner, SBN 031646
     Jacob R. Valdez, SBN 035634
7    FISHER & PHILLIPS LLP
     3200 N. Central Avenue, Suite 1550
8    Phoenix, Arizona 85012-2487
9    Telephone: (602) 281-3400
     Fax: (602) 281-3401
10   ssantiago@fisherphillips.com
11   lguner@fisherphillips.com
     jvaldez@fisherphillips.com
12
              _s/David J. Streyle_
13   David J. Streyle

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>Maricopa County,<br><br>          Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**OPT-IN PLAINTIFF JERRY VANCE'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Opt-In Plaintiff Jerry Vance ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Requests for Production of Documents.

# PREFATORY STATEMENT

The responses set forth herein are based on information currently known to Plaintiff. Accordingly, Plaintiff reserves the right to supplement, amend or correct any responses or objections as further information becomes known and as discovery progresses.

# GENERAL OBJECTIONS APPLICABLE TO ALL REQUESTS

1.     Plaintiff objects to the instructions, definitions, and each of the Requests to the extent that they are overly broad, vague, ambiguous, unduly burdensome or purport to impose obligations on Plaintiff that exceed or differ from those imposed by the Federal Rules of Civil Procedure and the applicable rules of this Court.

2.     Plaintiff objects to each of the Requests to the extent that they seek information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery.

3.     Plaintiff objects to each of the Requests to the extent that such Requests seek information or documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence when considering relevancy and proportionality with respect to the need for discovery in this case.

4.     Plaintiff objects to each of the Requests to the extent that they seek information or documents that are not within Plaintiff's possession, custody or control.

5.     Plaintiff objects to each of the Requests to the extent that such Requests seek information or documents that are a matter of public record, otherwise equally accessible to all parties, more conveniently or appropriately obtained by Defendant, or less expensively obtained by Defendant.

6.     Plaintiff objects to each of the Requests as premature and states as follows: these Responses contain the best information currently known to Plaintiff and are subject to supplementation as may result from discovery or further inquiry by Plaintiff.  Furthermore, Plaintiff has not completed his investigation or preparation for the adjudication of this action.   Therefore, in accordance with the Federal Rules of Civil Procedure, Plaintiff

1  expressly reserves his right to seasonally supplement, correct, clarify or amend his
2  Responses to the Requests if he later determines that additional information should be
3  furnished in response to any such Request.

4       7.     Plaintiff reserves all objections as to the competency, relevance, materiality,
5  privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or
6  any other action for any purpose whatsoever.

7       8.     Plaintiff's decision to provide documents and information notwithstanding
8  the objections herein should not be construed as (a) an admission that any information or
9  material is relevant, admissible in evidence, or reasonably calculated to lead to the discovery
10 of admissible evidence; (b) waiver of the General Objections or the objections asserted in
11 response to a specific Request; or (c) an agreement that requests for similar documents and
12 information will be treated in a similar manner.

13
14                          **REQUESTS FOR PRODUCTION**
15
16 **REQUEST FOR PRODUCTION NO. 1:**

17      Any and all documents that indicate, reflect or relate to the number of hours you
18 contend you worked for Defendant including, but not limited to, work schedules, calendars,
19 diaries, notes, memoranda, time records, paystubs and payroll records.

20      **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:  Plaintiff objects to**
21 **this request as overbroad and disproportionate to the need for discovery in this case,**
22 **because it is not limited in time to the relevant time period in this case.  Plaintiff also**
23 **objects that the request is overbroad and disproportionate to the need for discovery in**
24 **this case because it requests "any and all documents" that could even arguably have**
25 **any bearing on the hours Plaintiff worked; it is not sufficiently limited to documents**
26 **indicating the hours Plaintiff worked.  Plaintiff also objects to the extent the request**
27 **calls for records protected by the attorney-client privilege and work product doctrine.**
28 **Subject to and without waiving said objections,** *see* **VANCE000001-10.**

- 3 -

**REQUEST FOR PRODUCTION NO. 2:**

Produce any and all documents in your possession that pertain to your duties while employed by Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:  Plaintiff objects to this request as overbroad and disproportionate to the need for discovery in this case, because it is not limited in time to the relevant time period in this case.  Plaintiff also objects that the request is overbroad and disproportionate to the need for discovery in this case because it requests "any and all documents" that could even arguably have any bearing Plaintiff's duties.  Plaintiff also objects to the extent the request calls for records protected by the attorney-client privilege and work product doctrine.  Subject to and without waiving said objections,** *see* **VANCE000011-63.**

**REQUEST FOR PRODUCTION NO. 3:**

Each and every document which relates to, refers to, shows or tends to support or rebut the allegations in paragraph 20 of the Complaint that your "primary duty as a Patrol Lieutenant is non-exempt in nature" and that your "primary duty is law enforcement, including rescuing crime victims, preventing or detecting crimes, conducting investigation and inspections for violations of law, performing surveillance, pursuing, restraining, and apprehending suspects, detailing or supervising suspected and convicted criminals, interviewing witnesses, and interrogating suspects."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:  Plaintiff objects to this request as overbroad and disproportionate to the need for discovery in this case, because it is not limited in time to the relevant time period in this case.  Plaintiff also objects that the request is overbroad and disproportionate to the need for discovery in this case because it requests every document that "tends to support or rebut" the allegations in paragraph 20 of the Complaint; the term "tends to support or rebut" is vague and ambiguous and not sufficiently limited to be proportionate to the need for discovery in this case.  Plaintiff also objects to the extent the request calls for records**

**protected by the attorney-client privilege and work product doctrine.  Subject to and**

**without waiving said objections,** *see* **VANCE000001-63.**

**REQUEST FOR PRODUCTION NO. 4:**

Each and every document which relates to, refers to, shows or tends to support or rebut the allegations in paragraph 51 of the Complaint that you are "entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees and costs."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:  Plaintiff objects to this request as overbroad and disproportionate to the need for discovery in this case, because it is not limited in time to the relevant time period in this case.  Plaintiff also objects that the request is overbroad and disproportionate to the need for discovery in this case because it requests every document that "tends to support or rebut" the allegations in paragraph 51 of the Complaint; the term "tends to support or rebut" is vague and ambiguous and not sufficiently limited to be proportionate to the need for discovery in this case.  Plaintiff also objects to the extent the request calls for records protected by the attorney-client privilege and work product doctrine.  Plaintiff objects to the request that it improperly calls for a legal conclusion, requesting information requiring legal analysis from counsel as opposed to Plaintiff.  Subject to and without waiving said objections, Plaintiff responds that he has no documents responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 5:**

Please produce copies of all postings that you made on any social media websites, including, but not limited to, Facebook, X (formerly known as Twitter), LinkedIn, Instagram, Snapchat, and/or Google Plus from January 11, 2020 through the present. Specifically with respect to Facebook, Defendant is seeking a copy of your Facebook "archive" from January 11, 2020 through the present. If you have an X account, please

1  obtain an archive of your tweets for production. If you have an Instagram account, please

2  obtain an archive of your posts.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:  Plaintiff objects that**

4  **the request is overbroad and disproportionate to the need for discovery in this case,**

5  **because it is not in any way limited to postings relevant to the allegations in this case.**

6  **The request for all postings is harassing and intrusive of Plaintiff's personal affairs,**

7  **because it is in no way limited to protect his privacy interests and ensure the**

8  **information gathered is limited to the allegations in this case.**

9

10 **REQUEST FOR PRODUCTION NO. 6:**

11 All documents relating to any employment (including self-employment) you held

12 with any organization(s) other than Defendant between January 11, 2020 and the present

13 including, but not limited to, your employment application, personnel documents,

14 evaluations, job descriptions, time sheets, payroll records, pay statements, policy and

15 procedures manuals, any other manuals, and documents describing your duties and

16 responsibilities.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:  Plaintiff objects that**

18 **the request is overbroad and unduly burdensome, requesting records relating in any**

19 **way to Plaintiff's employment for other organizations that is not limited to**

20 **information pertinent to the allegations in this case.  Plaintiff also objects that the**

21 **request is unnecessarily prejudicial and harassing to Plaintiff, requiring information**

22 **related to his work for other employers with such limited relevance that it is**

23 **disproportionate to the need for discovery in this case.  Plaintiff also objects that the**

24 **information requested can be acquired through less intrusive means such as by asking**

25 **Plaintiff questions at his deposition.  Subject to and without waiving said objections,**

26 **Plaintiff responds that he has no documents responsive to this Request.**

27

28

1    **REQUEST FOR PRODUCTION NO. 7:**

2       Produce any and all letters, texts, emails, advertisements, commercials, articles,

3 solicitations, questionnaires, newspaper or magazine ads, media materials, social media

4 postings or advertisements, or documents that solicited you as an Opt-In Member of this

5 FLSA lawsuit.

6       **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:  Plaintiff objects that**

7 **the request is overbroad and not proportionate to the need for discovery in this case.**

8 **Plaintiff also objects that the request is harassing and not likely to lead to discovery**

9 **of relevant evidence.   Subject to and without waiving said objections, *see* Notice**

10 **information produced to defense counsel by email dated March 4, 2024.**

11

12       DATED:  April 5, 2024.

13                         **FRANKEL SYVERSON PLLC**

14                         By    *s/Ty D. Frankel*
                        Ty D. Frankel

15                         2375 E. Camelback Road, Suite 600
                        Phoenix, Arizona 85016

16                         **FRANKEL SYVERSON PLLC**

17                         Patricia N. Syverson
                        9655 Granite Ridge Drive, Suite 200

18                         San Diego, California 92123

19                         *Attorneys for Plaintiff*

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2024, I served by U.S. Mail and email the foregoing document to the following counsel for Defendants:

Shayna Balch Santiago, SBN 024852
Lori A. Guner, SBN 031646
Jacob R. Valdez, SBN 035634
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
ssantiago@fisherphillips.com
lguner@fisherphillips.com
jvaldez@fisherphillips.com

_____*s/David J. Streyle*_____
David J. Streyle

# EXHIBIT 2

1  Shayna Balch Santiago, SBN 024852
2  Lori A. Guner, SBN 031646
   Jacob R. Valdez, SBN 035634
3  FISHER & PHILLIPS LLP
   3200 N. Central Avenue, Suite 1550
4  Phoenix, Arizona 85012-2487
   Telephone: (602) 281-3400
5  Fax: (602) 281-3401
6  ssantiago@fisherphillips.com
   lguner@fisherphillips.com
7  jvaldez@fisherphillips.com
8  Attorneys for Defendant

9              UNITED STATES DISTRICT COURT
                  DISTRICT OF ARIZONA
10
11  Christopher J. Houck, on behalf of himself   No. 2:23-cv-00068-DGC
    and all those similarly situated,
12                                               **NOTICE OF REQUEST FOR**
                        Plaintiff,               **PRODUCTION FROM NON-**
13                                               **PARTIES**
             v.
14
15  Maricopa County,
16                      Defendant.
17

        YOU ARE HEREBY NOTIFIED, pursuant to Fed. R. Civ. P. 45(a)(4), that the
18
19  undersigned will issue and cause the attached subpoenas to be served on the following
20  non-parties, to produce the items listed at the time and place specified in the subpoenas:
21      A. Todd Brice
22          1.     AZ Police Traffic Services
23
24      B. Benjamin Freeman
25          2.     Off Duty Management Inc.
26          3.     Pleasant Harbor Marina
27      C. Jonathan Halverson
28

4. Off Duty Management Inc.

5. RVA Security & Consulting LLC

6. Mesa Madrid Townhouses Corp.

7. Town of Fountain Hills

8. Fountain Hills Chamber of Commerce

9. Fountain Hills Dark Sky Association

10. Fountain Hills High School

11. Fountain Hills Cultural Civic Association

12. AZ Police Traffic Services

13. Law Enforcement Specialists, Inc.

14. All American Traffic Services LLC

15. Square Planet Media

16. Lockton Companies

D. Alden Jackson

17. Off Duty Management Inc.

18. NASCAR/Phoenix International Raceway

E. David Keller

19. Off Duty Management Inc.

20. Shumway Security

F. Ryan Neville

21. Off Duty Management Inc.

22. Countrywide Security

G. Andrew Rankin

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

2

23.   Off Duty Management Inc.

24.   RVA Security & Consulting LLC

H.  Donald Rosenberger

25.   Off Duty Services, Inc.

26.   Emerald Security Group, LLC

27.   Nesbitt Contracting Co., Inc.

28.   Adesa Auctions

29.   Tempe Police Department

30.   Law Enforcement Specialists, Inc.

31.   All American Traffic Services LLC

32.   Shumway Security

33.   Arizona Off-Duty Specialists, LLC

34.   AZ Police Traffic Services

35.   RVA Security & Consulting, LLC

36.   Proforce Law Enforcement

37.   M&G Brothers LLC

38.   Combs Construction Company, Inc.

39.   Perimeter Bicycling Association of America, Inc.

40.   Legacy Gallery

41.   JPMorgan Chase Bank, NA

42.   Professional Police Services, Inc.

43.   Brooksee LLC

44.   Blue Enforcement Services

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

3

FP 52160491.1

I.   Jason Thomas

      45.   Off Duty Management Inc.

      46.   RVA Security & Consulting LLC

J.   Jerry Vance

      47.   Realty Exchange LLC

      48.   Sunnyhill Realty, Inc.

      49.   Fulton Grace Realty

DATED this 9th day of September, 2024.

**FISHER & PHILLIPS LLP**

By   /s/  Lori A. Guner
      Shayna Balch Santiago
      Lori A. Guner
      Jacob R. Valdez
      3200 N. Central Avenue, Suite 1550
      Phoenix, Arizona 85012-2487
      Attorneys for Defendant

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 52160491.1

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2024, I delivered the foregoing by electronic mail to Counsel for Plaintiff:

Ty D. Frankel
Frankel Syverson PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
ty@frankelsyverson.com
Attorneys for Plaintiff

Patricia N. Syverson
Frankel Syverson PLLC
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
patti@frankelsyverson.com
Attorneys for Plaintiff


/s/ Katie Lee

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

5

FP 52160491.1

# EXHIBIT 3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| | | |
|---|---|---|
| Christopher J. Houck | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:23-cv-00068-DGC |
| | ) | |
| Maricopa County | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Realty Exchange LLC, Attn: Agent for Service of Process, Ryan Clandening,
6962 East 1st Avenue, Suite 102, Scottsdale, AZ 85251

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
        See Exhibit A attached.

| Place: Fisher & Phillips LLP | Date and Time: |
|---|---|
| 3200 N. Central Ave, Suite 1550 Phoenix, AZ 85012 | 09/27/2024 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/10/2024

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Defendant
Maricopa County                                     , who issues or requests this subpoena, are:
Lori Guner, Fisher & Phillips, 3200 N Central Ave, #1550, Phoenix, AZ 85012, 602-281-3400, lguner@fisherphillips.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:23-cv-00068-DGC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**INSTRUCTIONS FOR USE FOR SUBPOENA**

1.      In providing the documents described herein, you are requested to furnish all documents available to you, regardless of whether these documents are possessed directly by you, or by your attorney, employer, employees, agents, investigators, or other representatives.

2.      If any of these documents cannot be produced in full, produce to the extent possible, and specify the reasons for your inability to produce the remainder stating whatever information, knowledge or belief you have concerning the substance of the contents of such unproduced documents.

3.      If any document or thing requested was at one time in existence, but is no longer in existence, you shall so state, specifying for each document or thing: (a) the type of documents or thing; (b) the types of information contained therein; (c) the date upon which the document or thing ceased to exist; (d) the circumstances under which the document or thing ceased to exist; and (e) the identity of each person having knowledge or who had knowledge of the contents thereof.

4.      To the extent that any request is objected to, you are instructed to set forth all reasons for such objection. If any objection is made only to part of a particular request, that part shall be so specified and documents responsive to all other parts of the request shall be produced. With respect to any document which you claim to be privileged or otherwise immune from production, you are to describe each document in your response as follows: (a) the document's date; (b) its title; (c) the identity of each person who prepared or wrote the document; (d) the identity of each person who received the document; (e) the type of document (for example, memorandum, letter, etc.); (f) the subject matter of the document and the request to which the document is responsive; (g) the type of privilege claimed; and (h) all factual and legal bases for the claimed privilege.

5.      The singular form of any word shall include the plural, the masculine form of any word shall include the feminine, and the words "and" and "or" shall be construed both conjunctively and disjunctively.

6.      This request is intended to be continuing, requiring you to produce whatever documents responsive to this request that you may subsequently become aware of or obtain.

1

## DEFINITIONS APPLICABLE TO SUBPOENA

The following definitions shall be applicable to this Attachment to the subpoena:

A.      The term **"documents"** is used in the broad sense and includes, without limitation, the following items whether printed or recorded, reproduced by any mechanical, electronic, or photographic process, or written or produced by hand, and shall include all drafts and copies of any such document (unless such copy is identical in every respect with the original or copy thereof produced), namely: agreements; contracts; communications, including newspaper or other periodical reports or articles; correspondence; memoranda; records; books; summaries or records of telephone conversations; telephone logs; diaries; financial statements; statistical statements; management letters; accountants' or clients' work papers; manuals; graphs; charts; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions and/or reports of consultants; appraisals; reports; brochures; pamphlets; circulars; trade letters; press releases; telex files; teletype; telegrams; notes; projections; marginal notations; photographs; drawings; specifications; checks back and front; typed or stenographic transcripts or any testimony given at any legal or investigative proceeding; drafts of any of the foregoing, if applicable; or other documents or writings of whatever description.

B.      Documents that **"relate to"** a subject matter are documents that constitute, contain, support, modify, contradict, criticize, discuss, mention, describe, record, report, reflect, pertain to, were prepared in connection with or arise in any way from that subject matter.

C.      The term **"Plaintiff"** refers to the Plaintiff in this action, JERRY VANCE.

D.      The terms **"you"** and **"your"** refer to REALTY EXCHANGE LLC, and any other persons acting or purporting to act on its behalf, including agents, employees, attorneys, accountants, assistants and investigators.

E.      The term **"possession, custody or control"** includes the joint or several possession, custody or control not only of the individual to whom this request is addressed, but also the joint or several possession, custody or control by each present or former agent of the individual, whether an attorney, employee, agent, sponsor, spokesperson, investigator, or representative.

F.      The term **"person"** means the singular and plural of any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association, including all agents, representatives, and employees.

2

G.    The terms **"matter"** and **"action"** refer to the lawsuit pursuant to which this Subpoena Duces Tecum is filed, captioned *Christopher J. Houck v. Maricopa County*, Case No. 2:23-cv-00068-DGC, currently pending before the United States District Court in Maricopa County, Arizona.

3

**CATEGORIES OF DOCUMENTS TO BE PRODUCED**

True and correct copies of any and all documents referencing or relating to the employment of JERRY VANCE, Date of Birth: <span style="color:red">Redacted</span> , Social Security Number: <span style="color:red">Redacted</span> . The documents and information sought for this subpoena are documents pertaining to JERRY VANCE, but not limited to:

1.    Complete copies of any and all file(s) regarding JERRY VANCE, whether maintained by Human Resources or other administrative department(s), manager(s) or supervisor(s), including, but not limited to: time records, time sheets, applications for employment; resumes; notes; correspondence regarding application(s) for employment including job offer letter, letters of rejection/withdrawal, and JERRY VANCE's prior employment history; payroll records; compensation (including W-2 Forms, Forms 1099, or other forms reflecting year-end earnings and deductions for taxes and benefits); bonuses; commissions; agreements reflecting terms of commission and/or bonus; and evaluations or other documents in any written form reflecting job performance, counseling, investigations, or discipline or any other documents contained in JERRY VANCE's personnel file.

2.    Any and all documents pertaining to any alleged complaints, claims, or lawsuits lodged by or against JERRY VANCE in relation to their employment by REALTY EXCHANGE LLC, including, but not limited to, settlement agreements, settlement negotiations, witness statements, declarations, affidavits, deposition transcripts, or any other related documents.

4

## DECLARATION

RE:   JERRY VANCE
      *Christopher J. Houck v. Maricopa County*
      United States District Court, District of Arizona
      Case No. 2:23-cv-00068-DGC

The undersigned declares as follows:

1.      I, _____, am an employee/member of REALTY
        EXCHANGE LLC. As such, I have the authority to certify the records of
        REALTY EXCHANGE LLC. REALTY EXCHANGE LLC received a
        subpoena requiring the production of certain records. The enclosed copies
        of records are true photocopies of the documents within REALTY
        EXCHANGE LLC's care, custody, and control, which could be located
        based on the description of documents set forth in the subpoena. Every
        possible effort has been undertaken to locate the documents as requested of
        REALTY EXCHANGE LLC regarding JERRY VANCE.

2.      I am informed and believe on that basis and thereon allege that those
        records that were prepared by REALTY EXCHANGE LLC, or personnel
        of REALTY EXCHANGE LLC, were prepared in the ordinary course of
        business at or near the time of the act, condition, or event.

I declare under penalty of perjury under the laws of the State of Arizona that the
foregoing is true and correct.

Executed on this _____ day of _____ 2024 in the State of _____.


_____          _____
Signature of Custodian of Records          Name Printed

# EXHIBIT 4



fisherphillips.com

July 15, 2024

**Phoenix**
3200 N. Central Avenue
Suite 1550
Phoenix, AZ 85012

(602) 281-3400 Tel
(602) 281-3401 Fax

**Writer's Direct Dial:**
(602) 281-3406
(602) 281-3413
(602) 281-3395

**Writer's E-mail:**
ssantiago@fisherphillips.com
lguner@fisherphillips.com
jvaldez@fisherphillips.com

**VIA EMAIL ONLY**
*TY@FRANKELSYVERSON.COM*
*PATTI@FRANKELSYVERSON.COM*)

Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

> **Re:** ***Christopher J. Houck v. Maricopa County***
> ***Arizona District Court Case No.: 2:23-cv-00068-DGC***

Dear Ty and Patti:

We are writing to follow up regarding discussions concerning subpoenas to the opt-in Plaintiffs' employers. Further, as explained below, we are providing notice of the subpoenas pursuant to Fed. R. Civ. P. 45(a)(4).

Maricopa County previously served interrogatories upon Plaintiff Houck and the opt-in Plaintiffs selected for discovery requesting identification of any employment other than with Maricopa County that they held from January 11, 2020 to the present—or in other words, employers for which they have moonlighted during their employment with Maricopa County during the relevant time period. We informed you that we were seeking this information in order to subpoena the employers for the Plaintiffs' employment records. You provided us with a list of employers for each of the Plaintiffs. On February 7, 2014, we discussed this request with you during a videoconference. We informed you that the subject employment records are relevant to Plaintiffs' hours worked. During this discussion, you requested that copies of the subpoenas be provided to you prior to service on Plaintiffs' employers, so that you may have the opportunity to move to quash them. We indicated that we would of course provide you copies of the subpoenas prior to service, in compliance with Fed. R. Civ. P. 45(a)(4).

Enclosed is a copy of a subpoena we intend to serve upon Alden Jackson's employer, Off Duty Management, Inc.. Additionally, we intend to serve subpoenas seeking identical records

**Fisher & Phillips LLP**

Atlanta • Baltimore • Bethesda • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Detroit • Fort Lauderdale • Gulfport
Houston • Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • Nashville • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Pittsburgh • Portland • Sacramento • San Diego • San Francisco • Seattle • Tampa • Washington, DC • Woodland Hills

Ty D. Frankel
Patricia N. Syverson
July 15, 2024
Page 2

(pertaining to each of the opt-ins) upon the rest of the employers you have identified for the opt-in Plaintiffs. The information sought by the subpoenas largely consists of time and pay records.

> Fed. R. Civ. P. 26(b)(1):
>
> broadly permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, among other factors, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Hausauer v. City of Mesa*, No. CV-15-01796-PHX-ROS, 2017 WL 6515963 at *1 (D. Ariz. Apr. 5, 2017) (internal quotations omitted); Fed. R. Civ. P. 26(b)

*Fox v. State*, No. CV-21-01089-PHX-MTL, at *14 (D. Ariz. Dec. 19, 2022). More specifically, with respect to subpoenas:

> The scope of discovery through a subpoena under Rule 45 is the same as the scope of discovery permitted under Rule 26(b)." *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1217 (N.D. Cal. 2015). Rule 26(b) allows for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering," among other factors, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Hausauer v. City of Mesa*, CV-15-01796-PHX-ROS, 2017 WL 6515963, at *1 (D. Ariz. Apr. 5, 2017).

Here, the information sought by the subpoenas is highly relevant in light of the claims in this case as well as Houck and other opt-in Plaintiffs' responses to Maricopa County's first set of non-uniform interrogatories indicating that they are seeking unpaid wages for alleged unreported time. Of course, if our understanding of the scope of Houck and the other opt-in Plaintiffs' claims is mistaken, please immediately let us know. Since Plaintiffs are claiming wages for allegedly unreported time, Maricopa County is entitled to conduct discovery concerning Plaintiffs' employment outside of working for Maricopa County, including hours worked for those companies. Moreover, the information sought is proportional to the needs of the case, as Plaintiffs' hours worked are at the core of Plaintiffs' claim for unpaid wages. Thus, the records sought are also important to resolving the issues in this case, and considering the information sought relates to the crux of Plaintiffs' claim, any purported burden or expense arising out of the subpoenas is outweighed by the benefit of the information sought.

Accordingly, for the reasons set forth above, Maricopa County is entitled to the records sought by the subpoenas. We plan on serving the subpoenas on Monday, July 22, 2024.

Sincerely,

Shayna Balch Santiago
Partner
Lori A. Guner
Associate
Jacob Valdez
Associate
For FISHER & PHILLIPS LLP

LAG:mcx
Enclosure

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Arizona

| | | |
|---|---|---|
| Christopher J. Houck | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   2:23-cv-00068-DGC |
| | ) | |
| Maricopa County | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Off Duty Management, Inc., Attn: Agent for Service of Process, C T Corporation System,
3800 North Central Avenue, Suite 460, Phoenix, AZ 85012

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A attached.

| Place: Fisher & Phillips LLP<br>3200 N. Central Ave, Suite 1550<br>Phoenix, AZ 85012 | Date and Time:<br><br>08/05/2024 5:00 pm |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     07/22/2024

_CLERK OF COURT_

                                                                                    OR

_____              s/ Lori A. Guner
_Signature of Clerk or Deputy Clerk_                            _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     Defendant
Maricopa County                                        , who issues or requests this subpoena, are:
Lori Guner, Fisher & Phillips, 3200 N Central Ave, #1550, Phoenix, AZ 85012, 602-281-3400, lguner@fisherphillips.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:23-cv-00068-DGC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                       *Server's signature*

                                                  _____
                                                       *Printed name and title*

                                                  _____
                                                       *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**INSTRUCTIONS FOR USE FOR SUBPOENA**

1.    In providing the documents described herein, you are requested to furnish all documents available to you, regardless of whether these documents are possessed directly by you, or by your attorney, employer, employees, agents, investigators, or other representatives.

2.    If any of these documents cannot be produced in full, produce to the extent possible, and specify the reasons for your inability to produce the remainder stating whatever information, knowledge or belief you have concerning the substance of the contents of such unproduced documents.

3.    If any document or thing requested was at one time in existence, but is no longer in existence, you shall so state, specifying for each document or thing: (a) the type of documents or thing; (b) the types of information contained therein; (c) the date upon which the document or thing ceased to exist; (d) the circumstances under which the document or thing ceased to exist; and (e) the identity of each person having knowledge or who had knowledge of the contents thereof.

4.    To the extent that any request is objected to, you are instructed to set forth all reasons for such objection. If any objection is made only to part of a particular request, that part shall be so specified and documents responsive to all other parts of the request shall be produced. With respect to any document which you claim to be privileged or otherwise immune from production, you are to describe each document in your response as follows: (a) the document's date; (b) its title; (c) the identity of each person who prepared or wrote the document; (d) the identity of each person who received the document; (e) the type of document (for example, memorandum, letter, etc.); (f) the subject matter of the document and the request to which the document is responsive; (g) the type of privilege claimed; and (h) all factual and legal bases for the claimed privilege.

5.    The singular form of any word shall include the plural, the masculine form of any word shall include the feminine, and the words "and" and "or" shall be construed both conjunctively and disjunctively.

6.    This request is intended to be continuing, requiring you to produce whatever documents responsive to this request that you may subsequently become aware of or obtain.

1

## <u>DEFINITIONS APPLICABLE TO SUBPOENA</u>

The following definitions shall be applicable to this Attachment to the subpoena:

A.      The term **"documents"** is used in the broad sense and includes, without limitation, the following items whether printed or recorded, reproduced by any mechanical, electronic, or photographic process, or written or produced by hand, and shall include all drafts and copies of any such document (unless such copy is identical in every respect with the original or copy thereof produced), namely: agreements; contracts; communications, including newspaper or other periodical reports or articles; correspondence; memoranda; records; books; summaries or records of telephone conversations; telephone logs; diaries; financial statements; statistical statements; management letters; accountants' or clients' work papers; manuals; graphs; charts; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions and/or reports of consultants; appraisals; reports; brochures; pamphlets; circulars; trade letters; press releases; telex files; teletype; telegrams; notes; projections; marginal notations; photographs; drawings; specifications; checks back and front; typed or stenographic transcripts or any testimony given at any legal or investigative proceeding; drafts of any of the foregoing, if applicable; or other documents or writings of whatever description.

B.      Documents that **"relate to"** a subject matter are documents that constitute, contain, support, modify, contradict, criticize, discuss, mention, describe, record, report, reflect, pertain to, were prepared in connection with or arise in any way from that subject matter.

C.      The term **"Plaintiff"** refers to the Plaintiff in this action, ALDEN JACKSON.

D.      The terms **"you"** and **"your"** refer to OFF DUTY MANAGEMENT, INC., and any other persons acting or purporting to act on its behalf, including agents, employees, attorneys, accountants, assistants and investigators.

E.      The term **"possession, custody or control"** includes the joint or several possession, custody or control not only of the individual to whom this request is addressed, but also the joint or several possession, custody or control by each present or former agent of the individual, whether an attorney, employee, agent, sponsor, spokesperson, investigator, or representative.

F.      The term **"person"** means the singular and plural of any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association, including all agents, representatives, and employees.

2

FP 50166790.1

G.      The terms **"matter"** and **"action"** refer to the lawsuit pursuant to which this Subpoena Duces Tecum is filed, captioned *Christopher J. Houck v. Maricopa County*, Case No. 2:23-cv-00068-DGC, currently pending before the United States District Court in Maricopa County, Arizona.

3

## CATEGORIES OF DOCUMENTS TO BE PRODUCED

True and correct copies of any and all documents referencing or relating to the employment of ALDEN JACKSON, Date of Birth: Redacted , Social Security Number: Redacted . The documents and information sought for this subpoena are documents pertaining to ALDEN JACKSON, but not limited to:

1. Complete copies of any and all file(s) regarding ALDEN JACKSON, whether maintained by Human Resources or other administrative department(s), manager(s) or supervisor(s), including, but not limited to: time records, time sheets, applications for employment; resumes; notes; correspondence regarding application(s) for employment including job offer letter, letters of rejection/withdrawal, and ALDEN JACKSON prior employment history; payroll records; compensation (including W-2 Forms, Forms 1099, or other forms reflecting year-end earnings and deductions for taxes and benefits); bonuses; commissions; agreements reflecting terms of commission and/or bonus; and evaluations or other documents in any written form reflecting job performance, counseling, investigations, or discipline or any other documents contained in ALDEN JACKSON personnel file.

2. Any and all documents pertaining to any alleged complaints, claims, or lawsuits lodged by or against ALDEN JACKSON in relation to their employment by OFF DUTY MANAGEMENT, INC., including, but not limited to, settlement agreements, settlement negotiations, witness statements, declarations, affidavits, deposition transcripts, or any other related documents.

FP 50166790.1

# DECLARATION

RE:   ALDEN JACKSON
       *Christopher J. Houck v. Maricopa County*
       United States District Court, District of Arizona
       Case No. 2:23-cv-00068-DGC

The undersigned declares as follows:

1.     I, _____, am an employee/member of OFF DUTY
       MANAGEMENT, INC. As such, I have the authority to certify the records
       of OFF DUTY MANAGEMENT, INC. OFF DUTY MANAGEMENT,
       INC. received a subpoena requiring the production of certain records. The
       enclosed copies of records are true photocopies of the documents within
       OFF DUTY MANAGEMENT, INC.'s care, custody, and control, which
       could be located based on the description of documents set forth in the
       subpoena. Every possible effort has been undertaken to locate the
       documents as requested of OFF DUTY MANAGEMENT, INC. regarding
       ALDEN JACKSON.

2.     I am informed and believe on that basis and thereon allege that those
       records that were prepared by OFF DUTY MANAGEMENT, INC., or
       personnel of OFF DUTY MANAGEMENT, INC., were prepared in the
       ordinary course of business at or near the time of the act, condition, or
       event.

I declare under penalty of perjury under the laws of the State of Arizona that the
foregoing is true and correct.

Executed on this _____ day of _____ 2024 in the State of _____.


_____          _____
Signature of Custodian of Records          Name Printed

# EXHIBIT 5



**Ty D. Frankel**

2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
(602) 598-4000
ty@frankelsyverson.com
www.frankelsyverson.com

July 19, 2024

<u>**Via E-Mail Only**</u>
Shayna Balch Santiago
Lori A. Guner
Jacob R. Valdez
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
ssantiago@fisherphillips.com
lguner@fisherphillips.com
jvaldez@fisherphillips.com

  RE: *Houck v. Maricopa County*; USDC 2:23-cv-00068-DGC
     **Response to July 15, 2024 letters from Defense Counsel**

Dear Jacob:

  We are in receipt of the three letters that you sent on July 15, 2024, most of which duplicate earlier communications from your office on these issues.  Nevertheless, we address below the issues raised again by your correspondence.

  **1.  Letter regarding disclosure of damages**

  We received your three-page letter requesting that we supplement the damages we have disclosed for the Opt-In Plaintiffs in this case.  As we previously told you when we conferred on this topic, we have provided sufficient disclosure of damages for Plaintiff and the Opt-In Plaintiffs based on the posture of discovery in this case.  Plaintiff provided a complete damages computation, including the formula he used to reach the amount due for back wages under federal and state law.  In addition, Plaintiff provided the precise formula that will be used to calculate damages for the Opt-In Plaintiffs:  Time and a half plaintiff's regular rate as a Patrol Lieutenant X the total number of overtime hours worked by plaintiff per workweek as a Patrol Lieutenant X the total number of workweeks as a Patrol Lieutenant.

  We have provided a method of calculation, and where possible, the calculation of damages as required under Rule 26.  We are diligently obtaining additional information

Shayna Balch Santiago
Lori A. Guner
Jacob R. Valdez
July 19, 2024
Page 2

through discovery to seasonably supplement our disclosure as necessary, despite your client's refusal to turn over basic payroll information for the Opt-In Plaintiffs that would enable us to do so more quickly.  The disclosure we have provided to date is sufficient based on the discovery that has occurred.  *Cardoza v. Bloomin' Brands*, 2015 WL 3875916, at *2 (D. Nev. June 22, 2015)("A plaintiff should disclose the basic method or formula by which it contends its damages should or will be calculated even if it cannot identify the specific dollar amount of damages pending further discovery).  It should also be noted that even from cases that you cite acknowledge that whether Opt-In Plaintiffs have an individual obligation to provide damages calculations remains an open question.  *See, e.g., Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008)(noting that the obligation to disclose damages for opt in plaintiffs in FLSA action remains "unsettled" and holding that opt in plaintiffs had to disclose individual damages <u>because they had state law causes of action that were not included in the class action</u>).

As we discussed with you and indicated in our damages disclosure, we have requested in discovery payroll records in your client's custody and control that would help facilitate us expeditiously providing more specific calculations for the Opt-In Plaintiffs.  Simply put, we have asked your client to provide pay statements for the Opt-In Plaintiffs.  To date, your client has refused to provide payroll information for all of the Opt-In Plaintiffs and instead took the position that such basic damages information is subject to the 50% limitation on opt-in plaintiff discovery set by the Court.  That basic damages information should be produced as part of your Rule 26 disclosure obligation, and in fact, is required by Arizona state law.  *See* A.R.S. § 23-364(D)("Employers shall permit an employee or his or her designated representative to inspect and copy payroll records pertaining to that employee.").  It is also unproductive for your client to needlessly refuse to produce basic pay statements, which appears to have occurred for no other purpose than to make it more difficult for us to supplement our disclosure statement with as much precision as possible in our damages computations.

Despite your refusal to disclose basic payroll records for the Opt-In Plaintiffs, we are nevertheless working to provide additional information regarding the damages calculations soon.  If you care to expedite that process, you could turn over the payroll records for the Opt-In Plaintiffs without requiring us to go to the Court and explain that your client refuses to provide pay statements as required by Arizona law and basic Rule 26 disclosure requirements.  And, while we have already provided sufficient damages computations to date, we intend to supplement our disclosure with more detailed information that becomes available during discovery, in large part to help facilitate a potential resolution of this case.  As we mentioned in our call last month, we remain perplexed that your client is not interested in seeking a resolution given the number of Patrol Lieutenants at issue in this case.  As you know, our fees and costs continue to accrue during the expansion of this litigation that your client continues to perpetuate.

Shayna Balch Santiago
Lori A. Guner
Jacob R. Valdez
July 19, 2024
Page 3


**2.  Letter re "basic information" from Opt-In Plaintiffs**

We are also in receipt of your letter regarding information you claim to be subject to mandatory disclosure requirements under Rule 26.  As discussed below, you are simply wrong on what is required under Rule 26.  The proper course of action is to send discovery subject to the discovery limitations relating to Opt-In Plaintiffs set forth in the Case Management Order.

You are claiming that Opt-In Plaintiffs have an obligation to disclose whether they have filed bankruptcy in the last three years under Rule 26.  We asked you to provide us case law that would support such a mandatory disclosure requirement, particularly in a an FLSA collective action like this one.  You have failed to provide any authority that supports that Opt-In Plaintiffs are required under Rule 26 to disclose whether they've ever had a bankruptcy.  The case law you cite regurgitates blackletter bankruptcy law; there is no authority cited that would support such a disclosure obligation in an FLSA collective action like this one.  You claim to need this information related to your affirmative defense of standing, which is your burden to prove.  If you want information regarding this affirmative defense, you'll need to send a discovery request subject to the discovery limitations on opt-in plaintiff discovery for us to respond in accordance with the Rules.  This is consistent with standing having been raised as an affirmative defense in your Answer, and it is therefore your burden to prove.

We have also already discussed your position that the Opt-In Plaintiffs have a Rule 26 disclosure requirement to provide you information regarding their spouses.  We asked for legal authority that would support why that would be a disclosure requirement, when certainly that information is not relevant to proving the unpaid wage claims in this case.  You have provided no such authority for why this information would be required to be produced under Rule 26.  Furthermore, your position that it is difficult for us to get information from the Opt-In Plaintiffs is inaccurate and irrelevant.  The Court made clear in its decision on this issue that the information could be obtained all the way up through trial and should not be required to be provided until the very unlikely prospect of your client obtaining attorneys' fees and costs rises beyond mere speculation.  Indeed, the Court specifically held that you can renew this request if and when an award of fees and costs to Defendant becomes more than "mere speculation" all the way up to trial.  *Houck v. Maricopa County*, 2023 WL 7018061, at *2 (D. Ariz. Oct. 25, 2023).  Your letter does not offer any basis for why fees and costs would even conceivably be awarded to the County.  The FLSA shifts fees and costs only in favor of Plaintiffs and absolutely nothing has occurred in this case that would even conceivably suggest that your client may get fees and costs in this matter.

Shayna Balch Santiago
Lori A. Guner
Jacob R. Valdez
July 19, 2024
Page 4


Troublingly, in an apparent attempt to get around the Judge's Order on this issue, you manufacture an issue on fees and costs by pointing to two Opt-In Plaintiffs who exercised their right to withdraw from the case, just like they had a right to join it by filing a consent form.  There is nothing wrong with this routine practice of Opt-In Plaintiffs withdrawing their consent forms early in the case, and contrary to your self-serving conclusion, you have no idea why the Opt-in Plaintiffs at issue withdrew their consent forms.  In an apparent attempt to manufacture a fee issue prematurely, you claim that filing a notice of withdrawal of their consent form was procedurally improper and intimate that somehow brings fees and costs beyond mere speculation.  As a matter of fact, the procedure that Lts. Hunter and Bocardo followed to withdraw their consent forms is routinely accepted.  *See Vega v. All My Sons Business Development LLC, et al.*, No. CV-20-00284-TUC-RCC (D. Ariz. Jan. 17, 2024)(Order approving FLSA class and collective action settlement as to FLSA opt in plaintiffs who did not file notices withdrawing their consent forms); *Risbrook v. Blue Horseshoe Network, LLC*, 2020 WL 13441574, at *2 (E.D. Mich. Sept. 4, 2020)(recognizing notices of withdrawal filed for opt ins and noting that settlement did not apply to them).


Even if Lts. Hunter and Bocardo needed to file a stipulation as opposed to a notice, it begs the question whether your client would somehow oppose such a request for the untoward purpose of seeking fees and costs against them as your letter suggests; this would be wholly improper given the remedial purpose of the FLSA (which indeed is the purpose of fees shifting ONLY in favor of plaintiffs).  There would be no basis to seek fees against them.   The County was not prejudiced in any way by their short period in this case, and in fact, the discovery that was propounded to them was identical in substance to all of the other discovery sent to the Opt-In Plaintiffs.  There are simply no fees unique to them and there is no legal basis to seek fees or costs against them.  Targeting them for fees arising from their short involvement in this case begs the question of whether there is improper retaliation afoot.


There also is no legal basis supporting an affirmative obligation on Opt-In Plaintiffs to disclose whether they have been convicted of a crime or pled guilty.  If you want this information, you can send discovery requests subject to the limitations on Opt-in Plaintiffs set by the Court.  At that time, we will respond as appropriate under the Rules.


Finally, you again request us to disclose which of the Opt-In Plaintiffs we intend to use as witnesses at trial.  This is perplexing because we have complied with our disclosure requirements already.  I encourage you to review our Second Supplemental Disclosure Statement in that regard.

Shayna Balch Santiago
Lori A. Guner
Jacob R. Valdez
July 19, 2024
Page 5


**3.  Letter regarding subpoenas of employment records**

We are in receipt of you letter indicating that you intend to subpoena the employers of every single opt in plaintiff on whom you served written discovery.  As we discussed, we believe such subpoenas are unduly intrusive and disproportionate to the need for discovery given the less intrusive means of obtaining the same information.  To be clear, we are not saying that you cannot get information about where they worked and when they worked other than at the County during the relevant time period.  However, there are less intrusive means to get that information than subpoenaing other places where they worked and potentially putting their positions there in jeopardy.  The harassing nature of your subpoenas is especially clear when looking at how overbroad it is.  In your letter, you claim to need the information regarding the hours Opt-In Plaintiffs worked.  However, rather than request information limited to when they were working, you subpoena records that go into issues irrelevant to this wage matter, including demands for records like personal tax information, job evaluations, discipline, and complaints related to their employment.   If you nevertheless serve such subpoenas despite their shocking overbreadth, we expect you to comply with Rule 45 by simultaneously serving us with a copy of each subpoena.  Your inclusion of one sample subpoena with your letter does not suffice under the Rule.

As we said when we conferred on that issue, we intend to move to quash the subpoenas based on your client's ability to get damages information relating to their hours by less intrusive and harassing means.  This is especially true in this case about unpaid hours, given that your position remains that the Patrol Lieutenants tracked their hours working for the County in the County's timekeeping system.  To that end, you have records showing many, if not all, the hours that the Patrol Lieutenants worked.

We can schedule a time to discuss the issues outlined in this letter should you believe that would be helpful.  However, I hope this letter causes your client to adjust its unsupported positions regarding the issues you have raised.


Very truly yours,


Ty D. Frankel
For the Firm