**FRANKEL SYVERSON** pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**FIRST AMENDED NOTICE OF DEPOSITION OF DEFENDANT THROUGH DESIGNATED WITNESSES PURSUANT TO FED. R. CIV. P. 30(b)(6)** |

- 1 -

1  Please take notice that Plaintiff in the above captioned matter will take the
2  deposition upon oral examination pursuant to Fed. R. Civ. P. 30(b)(6) of Defendant
3  Maricopa County ("Defendant" or "Maricopa County"), with regard to the subjects
4  described below.

5  Pursuant to Rule 30(b)(6), Maricopa County must designate one or more officers,
6  directors, managing agents or other persons to appear on its behalf and to testify at this
7  deposition. Each person appearing on behalf of Maricopa County shall testify and be
8  deposed as to those subjects described below for which the witness is designated. If
9  Maricopa County designates a separate deponent with respect to any described matter for
10 examination, Maricopa County should advise Plaintiff prior to the deposition concerning
11 the identity of each witness and the subject(s) on which each witness has been designated
12 to testify on behalf of Maricopa County.

13  PLEASE TAKE NOTICE that the deposition described herein shall commence at
14 9:30 a.m. on October 29, 2024, at Griffin Group International, 3200 E. Camelback Road,
15 Suite 177, Phoenix, Arizona 85018.

16  PLEASE TAKE FURTHER NOTICE that the deposition will be recorded by using
17 the stenographic method.

18

19  **DEFINITIONS**

20  1.  "All," "any," and "each" shall be read to be all-inclusive and to require the
21 production of each and every document responsive to the category in which such term
22 appears.

23  2.  "And" or "or," and any other conjunctions or disjunctions used herein shall
24 be read both conjunctively and disjunctively, so as to require the production of all
25 documents responsive to all or any part of each request for production in which any
26 conjunction or disjunction appears.

27  3.  "Communicate" and "Communication" means every manner or means of
28 disclosure, transfer, or exchange of information, including the transmission and receipt of

information of any kind (in the form of facts, ideas, inquiries, or otherwise), by or through any means, including, but not limited to, speech, writings, language (machine, foreign, or otherwise), computer electronics of any kind (including, but not limited to, e-mail, text messaging, or instant messaging), magnetic tape, videotape, graphs, symbols, signs, magnetic or optical disks, "floppy disks," compact discs, CD-ROM disks, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types, or other media of any kind.  The terms Communicate and Communication also include, without limitation, all Documents (as defined below) and all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, or press, publicity, or trade releases.

4. *"Computer"* means all devices utilizing microchips to facilitate processing, analysis, or storage of Data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), microcomputers and mainframe computers.

5. "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

6. "Documents" is a broadly inclusive term referring to any and all written or other graphic material, however produced or reproduced, of every kind and description and to everything upon which sounds, words, symbols or pictures are recorded or depicted by printed, electronic, and/or photographic means and/or produced by hand or otherwise.  The term includes, by way of example and not limitation, the following and anything similar to any of the following:

    a. Notes, correspondence, electronic mail, notebooks of any character, summaries or records of personal conversations, press releases and other media statements, diaries, telegrams, memoranda, reports, charts, drawings, sketches, interoffice correspondence and any other forms of correspondence and written communication of any

nature (including e-mails or postings on Internet websites or bulletin boards);

  b. Records of meetings, minutes, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants;

  c. Agreements, contracts, policies, handbooks, practice guidelines, reports, studies, records, books, journals, papers, statements, pamphlets, circulars, brochures, advertisements, publications, trade letters, press releases, forms, postings, stenographic notebooks, files and their contents, file folders, file covers, file jackets, and notes;

  d. Summaries, abstracts, indexes, tabulations, graphs, charts, lists, inventories, or other data compilations of any kind;

  e. Calendars, desk calendars, appointment books, schedules, logs, telephone messages, diaries, time sheets, minutes of meetings, and transcripts;

  f. Financial statements, checks, invoices, accounting records and books, timesheets, and billing records;

  g. Pleadings, deposition transcripts, trial transcripts, interrogatories, answers to interrogatories, affidavits, declarations, papers filed or lodged with courts, and papers filed with or sent to administrative agencies; and

  h. Audio and video recordings, sound reproductions, objects, photographs, motion pictures, microfilm, computer data stored on magnetic tape, computer printouts, data processing cards or tapes, and computer disks, compact discs, and diskettes.

7. "Electronic" means relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities.

8. "Electronic Data," "Data" or "Data Elements" means the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Electronic Data includes, by way of example only,

1 computer programs (whether private, commercial, or work-in-progress), programming
2 notes or instructions, activity listings of electronic mail receipts and/or transmittals, output
3 resulting from the use of any software program, including word processing documents,
4 spreadsheets, Database files, charts graphs and outlines electronic mail, operating systems,
5 source code of all types, peripheral drivers, PIF files, batch files, ASCII files, .pdf (portable
6 document format) files, and any and all miscellaneous files and/or file fragments,
7 regardless of the media on which they reside and regardless of whether said electronic data
8 consists in an active file, deleted file or file fragment.  Electronic Data includes any and all
9 items stored on computer memories, hard disks, floppy disks, CD-ROMS, removable
10 media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic
11 tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but
12 not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data
13 storage and/or transmittal.  The term Electronic Data also includes the file, folder tabs
14 and/or containers and labels appended to, or associated with, any physical storage device
15 associated with each original and/or copy.

16       9. "Electronic Media" may include computer memories, hard disks, floppy
17 disks, CDs, DVDs, removable media such as Bernoulli Boxes and/or their equivalent,
18 magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips,
19 including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle
20 for digital Data storage and/or transmittal.

21       10. "Electronically stored information" means information that is stored in an
22 electronic medium.

23       11. "Identify" when used in reference to a person, means that person's: (1) name;
24 (2) title or position; (3) present or last known business and home address; (4) present or
25 last known employer; and (5) if any employee or officer of any party, the person's present
26 title and area of responsibility.

27       12. "Identify," "Identifying," or "Identification," when used in reference to a
28 Document, means the date, the author, the addressee(s), type of document (e.g., letter,

1  memorandum, chart, email, etc.), the name and address of the present custodian of all
2  copies thereof, and any other descriptive data identifying it with sufficient particularity to
3  meet the requirement of a request for production of documents pursuant to Federal Rules
4  of Civil Procedure.

5        13.    "Individual" means any person (of any gender), firm, corporation,
6  unincorporated association, governmental departmental or agency, or other organization.

7        14.    "Litigation" means the litigation captioned *Christopher Houck v. Maricopa*
8  *County,* Case No. 2:23-cv-00068-DGC, pending in the United States District Court,
9  District of Arizona.

10       15.    As used herein, the terms "Defendant," "Maricopa County," "You" and
11 "Your" means the Defendant in the Litigation and any of its agents, assigns, employees,
12 principals, representatives, officers, directors, successors, heirs and attorneys.

13       16.    "Network" means any hardware and/or software combination that connects
14 two or more computers together and allows the computers to share and/or transfer Data
15 between them.  For the purposes of this definition, the connection between or among the
16 computers need not be either physical or direct, this definition includes, i.e., wireless
17 networks, and sharing and/or transferring Data via indirect routes utilizing modems and
18 phone company facilities.  In addition, there need not be a central file or Data server or a
19 central network operating system in place, *i.e.,* peer-to-peer networks and networks
20 utilizing a mainframe host to facilitate Data transfer.

21       17.    "Relates" or "related to" or "concerning" or "referred to" means discussing,
22 describing, constituting, considering, embodying, evidencing, memorializing, concerning,
23 explaining, mentioning, identifying, evaluating, reviewing, reporting on, commenting on,
24 quantifying, addressing, dealing with, summarizing, listing, reflecting, analyzing, refuting,
25 or supporting the subject matter of the request, whether legally, factually, or otherwise.

26       18.    "Representatives" means any past or present, officers, directors, partners,
27 employees, servants, managers/Managers, subsidiaries, parents, affiliates, related entities,
28 agents, predecessors, or successors-in-interest, assigns, any other Individuals designated to

1 act with the authority of or on behalf of another Individual, and/or any corporation, company, partnership, organization, subsidiary, or other entity that is owned or operated, directly or indirectly by that Individual.

19. "Defendant," "Maricopa County", "You" or "Your" means Defendant Maricopa County, its consultants, management, agents, and employees, and also includes all other regional or local offices in which those consultants, management and finance professionals, agents, and employees who performed services on its behalf.

20. "Patrol Lieutenants" means all current and former lieutenants employed by Maricopa County in Patrol Bureau East or Patrol Bureau West from January 11, 2020 to November 28, 2023.

21. "Relevant Time Period" means January 11, 2020 to the present.

**DEPOSITION SUBJECT MATTER**

1. Compensation procedures, practices, and policies for employees who worked as Patrol Lieutenants during the Relevant Time Period, including but not limited to information regarding their classification as exempt or non-exempt employees and timekeeping policies and practices used to track the Patrol Lieutenants' hours.

2. All policy and procedure manuals or other compilation of rules, policies, or guidelines governing compensation regarding the Patrol Lieutenants' compensation and job duties during the Relevant Time Period.

3. Training required to be completed by the Patrol Lieutenants during the Relevant Time Period, which relates to their job duties, compensation, timekeeping, and scheduling.

4. The management hierarchy overseeing the employment of the Patrol Lieutenants during the Relevant Time Period, including but not limited to management involved with the job duties, compensation, and day-to-day job function of the Patrol Lieutenants and the procedures they use for oversight and supervision of the Patrol Lieutenants job duties and expectations applicable to them.

6. During the Relevant Time Period, the departments that employ Patrol Lieutenants, are responsible for classifying Patrol Lieutenants as exempt, provide human resources and payroll support for Patrol Lieutenants, and/or evaluate the job performance of Patrol Lieutenants.

7. The factual bases for the following:

    a. Your affirmative defenses;

    b. Your responses to Interrogatories;

    c. Your responses to Request for Production;

    d. Your statements made in pleadings of this action;

    e. Affidavits filed in support of pleadings in this action;

    f. Your admission or denial of any allegations in the Complaint;

    g. Any claim that Plaintiff and the Patrol Lieutenants are not covered by the FLSA.

8. The exemption(s) claimed for each Plaintiff under the FLSA and the factual basis claimed for each exemption.

9. The steps taken by Defendant to search for responsive materials and electronically stored information produced in the course of discovery in this matter, including: (a) the identity, including both name and job title, of all employees, agents and others subject to Defendant's control that Defendant sought responsive information from during the course of this litigation; (b) the locations, systems, databases, and servers that were searched; (c) the search terms and protocols used; and (d) methods to collect and extract materials and information.

10. The (1) date on which Defendant received notice of this lawsuit; (2) the document/destruction policy effective before such notice; and (3) the document retention/destruction policy or litigation hold policy emplaced after Defendant received notice of this lawsuit, including individuals informed about the need to preserve documents after Defendant received notice of this lawsuit.

11. Authenticate and explain the documents produced by Defendant in response to Plaintiff's document requests.

DATED: October 7, 2024.

                                      **FRANKEL SYVERSON PLLC**

                                      By   *s/Ty D. Frankel*
                                      Ty D. Frankel
                                      2375 E. Camelback Road, Suite 600
                                      Phoenix, Arizona 85016

                                      **FRANKEL SYVERSON PLLC**
                                      Patricia N. Syverson
                                      9655 Granite Ridge Drive, Suite 200
                                      San Diego, California 92123

                                      *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2024, I served via the Courts's electronic filing system as well as by U.S. Mail and e-mail the foregoing document to the following counsel for Defendants:

Shayna Balch Santiago, SBN 024852
Lori A. Guner, SBN 031646
Jacob R. Valdez, SBN 035634
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
ssantiago@fisherphillips.com
lguner@fisherphillips.com
jvaldez@fisherphillips.com

    *s/David J. Streyle*
David J. Streyle

A copy of the foregoing was also e-mailed this 7th day of October 2024, to:

Griffin Group International
3200 E. Camelback Road, Suite 177
Phoenix, Arizona 85018
Calendar@griffinreporters.com

    *s/David J. Streyle*
David J. Streyle