Shayna Balch Santiago, SBN 024852
Lori A. Guner, SBN 031646
Jacob R. Valdez, SBN 035634
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
ssantiago@fisherphillips.com
lguner@fisherphillips.com
jvaldez@fisherphillips.com
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>    Defendant. | No. 2:23-cv-00068-DGC<br><br>**REPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENAS SERVED ON THIRD PARTY ENTITIES** |

Defendant Maricopa County ("Defendant" or the "County"), by and through undersigned counsel, hereby responds in opposition to Plaintiff Christopher J. Houck's ("Houck") Motion to Quash at Doc. 73. For the reasons set forth below, Plaintiff's motion must be summarily denied.

This Motion is supported by the following Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such matters as may be introduced at the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case was filed as a collective action under the FLSA. The Complaint contains a single cause of action for failure to pay overtime wages. Accordingly,

FP 52502001.1

Plaintiff Houck and the Opt-in Plaintiffs' hours worked are at the core of their claim for unpaid wages.

The parties have been actively meeting and conferring regarding information related to hours worked by Plaintiffs over the past year. Defendant first attempted to obtain this information by reminding Plaintiffs of their Rule 26 disclosure obligations. On multiple occasions, Defendant put Plaintiffs on notice regarding their deficient damages disclosures and requested Plaintiffs' summary of hours worked as part of their measure and computation of damages. Despite Plaintiffs' affirmative obligations under Rule 26, Plaintiffs failed to sufficiently supplement their damages' disclosures with this information.

Defendant also served written discovery requests on Plaintiffs requesting information related to their hours worked. Specifically, Defendant requested that the Plaintiffs identify hours worked for the County during the relevant time period. The information sought is especially relevant because Plaintiffs have maintained throughout this lawsuit that they are claiming unpaid overtime for off-the-clock work. Accordingly, pursuant to Plaintiffs' allegations, Defendant cannot determine Plaintiffs' hours worked simply by relying on their time records with the County. To date, Plaintiffs have not provided comprehensive itemizations of alleged off-the-clock hours for all Opt-in Plaintiffs.

Having not yet received this information, Defendant sought to obtain information regarding alternative employment that Plaintiff Houck and the Opt-in Plaintiffs have held during their employment with the County. By brief explanation, many Officers and Lieutenants with Maricopa County perform policing services for third parties outside of their scheduled hours with the County. Because the Lieutenants are claiming off-the-clock work outside of scheduled hours, hours worked at their additional employers are directly relevant. Defendant asked for Plaintiff to identify these companies and hours allegedly worked. While Plaintiffs ultimately provided a list of third-party employers that the Plaintiffs worked for during their employment with the County, Plaintiffs did not

provide information regarding the hours they claimed they worked for each company, days of employment, and compensation. Accordingly, on September 9, 2024, Defendant properly notified Plaintiffs of its intent to serve the subject subpoenas to obtain this information. The subpoenas were served beginning on September 12, 2024. Plaintiff then waited two whole weeks after notice of the subpoenas before filing the instant motion.

In short, Defendant has attempted to obtain information sought by the subject subpoenas through less intrusive means, and Plaintiff has stonewalled Defendant's attempts at obtaining this relevant information. Given the timing of Plaintiff's motion, Defendant's attempts at obtaining information sought by the subject subpoenas through less intrusive means, and the relevance of the subpoenas to the issues in this case, Plaintiffs have no basis to now move to quash the subject subpoenas, and their motion must therefore be denied.

## II.     RELEVANT BACKGROUND

### A.     Defendant attempted to obtain information regarding Plaintiffs' hours worked by notifying them of their Rule 26 affirmative disclosure obligations.

On December 5, 2023, Defendant notified Plaintiff via email that Plaintiffs' damages disclosure was utterly deficient. *See* December 5, 2023 Email, attached hereto as **Exhibit A**. Specifically, Defendant explained that Plaintiffs' disclosures lacked any detailed computation of damages for Plaintiff Houck and the Opt-in Plaintiffs in compliance with Rule 26(a)(1)(A)(iii). Defendant further noted that this Court confirmed during the December 5, 2023 case management conference that Plaintiffs are required to disclose a damages calculation for each and every Opt-in Plaintiff pursuant to Rule 26(a)(1)(A)(iii).

Because Plaintiffs failed to sufficiently supplement their damages disclosures, Defendant served a follow-up meet and confer letter on July 15, 2024. *See* July 15, 2024 Letter, attached hereto as **Exhibit B**. Therein, Defendant explained that Plaintiffs' damages disclosures remained deficient and further requested that Plaintiffs provide (1)

3

the time period Plaintiffs claim to have worked as a Lieutenant in Patrol Bureaus East or West; (2) the alleged hours Plaintiffs worked; and (3) a detailed computation of alleged damages.

Despite Defendant's efforts, Plaintiffs failed to supplement their disclosures, which started to impact the parties' ability to meet relevant case deadlines. On July 26, 2024, Defense counsel emailed Plaintiff seeking his position on extending case deadlines because Plaintiffs had failed to sufficiently supplement their damages disclosures, and their continued failure was affecting Defendant's ability to meet its pending expert deadline. *See* July 26 Email, attached hereto as **Exhibit C**. The parties ultimately entered a stipulated motion to extend case deadlines, which the Court granted at Doc. 69.

**B.   Defendant attempted to obtain information regarding Plaintiffs' hours worked by serving written discovery requests.**

On January 1 and February 2, Defendant served discovery requests on Plaintiff Houck and the Opt-in Plaintiffs seeking information relevant to their hours worked with the County. In Defendant's Interrogatory No. 2, Defendant specifically asked Plaintiffs to:

> Separately identify each and every workweek during your employment with Defendant in which you claim entitlement to unpaid overtime compensation. For each work week, please state:
>
> (a) the number of hours worked each day of each workweek;
> (b) the start and stopping times for each day;
> (c) the start and stop time of any and all daily meal periods/breaks;
> (d) the start and stop time of any and all daily rest periods/breaks.

*See* Excerpts from Defendant's First Set of Written Discovery Requests, attached hereto as **Exhibit D**.[1] Plaintiffs objected to the interrogatory and referred Defendant to Plaintiff's Houck's damage disclosure, time records with the County, charts, and declarations. *See* Excerpts from Plaintiffs' Responses to Defendant's First Set of Written

---

[1] Defendant served identical written discovery requests on Plaintiff Houck and the Opt-in Plaintiffs. Accordingly, Defendant only provides written discovery requests propounded on Plaintiff Houck, which are similarly propounded on the remaining Opt-in Plaintiffs.

FP 52502001.1

Discovery Requests, attached hereto as **Exhibit E**. Notably, Defendant had also propounded Request for Admission No. 4 on Plaintiffs asking them to admit or deny whether their "claim[s] of entitlement to pay for overtime allegedly worked is premised on the hours recorded on [their] pay stubs under either the heading "Reg No Pay" or "Regular No Pay."" **Exhibit D**. Only three Opt-in Plaintiffs (Lts. Keller, Rosenberger, and Vance) admitted this request. **Exhibit E**. The remaining Opt-in Plaintiffs (Lts. Houck, Brice, Freeman, Neville, Rankin, Halverson, Jackson, and Thomas) represented that their claim for unpaid overtime was premised on hours allegedly worked off the clock.

In addition, Defendant propounded written discovery requests on Plaintiffs regarding hours worked for non-parties during their employment with the County. Specifically, Defendants requested that Plaintiffs:

> Identify and describe any employment (other than with Defendant) that you held from January 11, 2020 to the present. For each such employer, please provide:
>
>   (a) the employer's name, address, and phone number;
>   (b) your job title and description of the work/services performed
>   (c) supervisor name(s);
>   (d) the dates of your employment;
>   (e) the number of weekly hours worked; and
>   (f) the compensation you earned.

**Exhibit D**. In response, Plaintiffs objected claiming that Defendant's request was "intrusive":

> Plaintiff objects that the request is disproportionate to the need for discovery in this case, with extremely limited probative value in comparison to the highly prejudicial impact this kind of intrusiveness on other employers can have to Plaintiff. Plaintiff also objects that the request is harassing and unduly invasive of his personal affairs, seeking detailed information about other employment that does not impact the claims in this case.

**Exhibit E.** Although Plaintiffs provided a list of employers responsive to the request, Plaintiffs did not provide any other information requested by Defendant including, without limit, the hours they claimed they worked for each employer, days of employment, and compensation.

5

### C. Plaintiff was put notice of the subject subpoenas.

On February 23, 2024, Defendant notified Plaintiff that his timely response to Defendant's Interrogatory No. 3 was required so that Defendant could "serve subpoenas on [employers identified in response to Interrogatory No. 3] as soon as possible" in order to meet relevant case deadlines. *See* February 23, 2024 Email String, attached hereto as **Exhibit F**. Plaintiff ultimately provided a list of employers responsive to Interrogatory No. 3 via email on March 4, 2024, which were also included in Plaintiffs' responses to Defendant's first set of written discovery requests.

On July 15, 2024, Defendant served Plaintiffs with a meet and confer letter informing them that it intended to serve subpoenas on the third-party entities identified by Plaintiffs. Defendant also provided Plaintiff with a copy of Lt. Jackson's subpoena. *See* Exhibit 4 attached to Plaintiff's Motion at Doc. 73-1. Defendant further informed Plaintiff that it would be serving identical subpoenas for Plaintiff Houck and the remaining Opt-in Plaintiffs subject to discovery. *Id*. On July 19, 2024, Plaintiff objected to Defendant's subpoena notice and requested a copy of each subpoena. *See* Exhibit 5 attached to Plaintiff's Motion at Doc. 73-1.

On September 9, 2024, Defendant emailed a copy of the subpoena notice, which included a hyperlink to access copies for each of the 49 subpoenas. *See* September 9, 2024 Email, attached hereto as **Exhibit G;** *see also* Exhibit 2 attached to Plaintiff's Motion at Doc. 73-1. Hearing no further objection from Plaintiffs, Defendant began serving the subject subpoenas on September 12, 2024. After Plaintiffs were notified of the subject subpoenas on September 9, 2024, Plaintiff inexplicitly waited two whole weeks before filing the instant motion.

### II. LEGAL AUTHORITY

Rule 45 provides for the issuance of subpoenas commanding that documents be produced. Fed. R. Civ. P. 45(a)(1)(D). Rule 45(d)(3)(A) requires a court to grant a motion to quash where the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii)

6

requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." *See Strike 3 Holdings, LLC v. Doe*, 2020 WL 5357793, at *2 (C.D. Cal. Apr. 28, 2020).

### III.   ARGUMENT

#### A.   **Plaintiff received prior notification that the subpoenas were going to be served pursuant to Rule 45.**

It is undisputed that Plaintiff was served with notice and copies of the subject subpoenas pursuant to Rule 45 on September 9, 2024. Rule 45(a)(4) requires that "a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). On September 24, 2024, Defendant emailed a copy of the subpoena notice indicating that "undersigned will issue and cause the attached subpoenas to be served on the following non-parties entities, to produce the items listed at the time and place specified in the subpoenas" pursuant to Rule 45(a)(4). *See* Exhibit 2 attached to Plaintiff's Motion at Doc. 73-1. In that same email, Defendant included a hyperlink to access copies for each of the 49 subpoenas. *See* **Exhibit G**. Plaintiff never objected to the subject subpoenas after he was provided with notice of them on September 9, 2024. Accordingly, Defendant attempted to serve subpoenas on the 44[2] non-party entities beginning on September 12, 2024. As of today's date, 42 of the 44 entities have been served.

In his motion, Plaintiff appears to take issue with the fact that he was not "hard served" with notice of the subject subpoenas. For example, Plaintiff claims that Defendant's September 9, 2024 email is somehow insufficient under the rules "since the County refused to consent to service by electronic mail and has insisted on service by mail during this case." (Doc. 73, p. 3, lns. 3-6.). Plaintiff has not once brought this issue

---

[2] Plaintiff repeatedly claims throughout his Motion at Doc. 73 that the subject subpoenas were issued to 49 third-party entities. This is incorrect. More than one Opt-in Plaintiff worked at the same third-party entity. Accordingly, 49 subpoenas were served on only 44 entities.

to Defendant's attention since he was served with notice of the subject subpoenas on September 9, 2024 (other than the instant Motion to Quash). Plaintiff has also failed to establish any prejudice in his Motion from electronic service of the subpoena notice. *In re William P. McCuan, Debtor*, 2018 WL 11205795 (M.D. Fla. 2018) (holding that although the issuing party "failed to comply with the technical requirements in Rule 45(a)(4)," there was no prejudice). Accordingly, it is completely disingenuous for Plaintiff to now argue that the subject subpoenas were improper and should be quashed for insufficient service.

**B.     The current motion to quash should be summarily dismissed as untimely.**

Pursuant to Rule 45(d)(3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies...." As set forth above, Plaintiff was provided notice of the subpoenas pursuant to Rule 45 on September 9, 2024. Despite this prior notice, Plaintiff sat on his hands and waited approximately two weeks before filing the instant motion on September 23, 2024. Tellingly, in that two-week frame, Plaintiff never contacted undersigned counsel or attempted to meet and confer.[3] By the time Defendant filed this motion, 44 of the 42 non-party entities had already been served.

Plaintiff's motion is especially untimely given the fact that Plaintiff was first put on notice regarding Defendant's intention to serve the subject subpoenas over 7 months ago. On January 31 and February 1, 2024, Defendant served Interrogatory No. 3 on Plaintiff Houck and the Opt-in Plaintiffs subject to discovery asking them to "[i]dentify and describe any employment (other than with Defendant) that [they] held from January 11, 2020 to the present". See **Exhibit D**. On February 20, 2024, Defendant notified

---

[3] To the extent the Court considers the instant Motion as a "discovery motion" pursuant to the Court's Order at Doc. 48, Plaintiff failed to attempt to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j).

Plaintiff that his timely response to Defendant's Interrogatory No. 3 was required so that Defendant could "serve subpoenas on [employers identified in response to Interrogatory No. 3] as soon as possible" in order to meet relevant case deadlines.[4] *See* **Exhibit F**. As set forth in Defendant's July 15, 2024 letter, Defendant again informed Plaintiff that it intended to serve the subject subpoenas and provided Plaintiff with a copy of Lt. Jackson's subpoena. *See* Exhibit 4 attached to Plaintiff's Motion at Doc. 73-1. The copy of Lt. Jackson's subpoena provided to Plaintiff contained the exact same category of documents sought by the subject subpoena. Accordingly, Defendant also informed Plaintiff that it would be serving identical subpoenas for Plaintiff Houck and the remaining Opt-in Plaintiffs subject to discovery. *Id*. On July 19, 2024, Plaintiff objected to the subpoenas and requested a copy of each subpoena in compliance with Rule 45, which Defendant subsequently provided in its September 9, 2024 email. *See* Exhibit 5 attached to Plaintiff's Motion at Doc. 73-1; *see also* **Exhibit G**.

Plaintiff has no excuse for waiting over two weeks to move to quash the subpoenas after being properly notified of them on September 9, 2024 (and after having the information necessary to move for relief since July 15, 2024). Accordingly, Plaintiff's motion is untimely and must be denied.

    **C.**    <u>**The issued subpoenas are not unduly burdensome, and the information sought is directly relevant to the claims in this case.**</u>

        **1.**    **Plaintiff does not have standing to move to quash the subject subpoenas.**

As an initial matter, Plaintiff does not have standing to argue that that the subject subpoenas are unduly burdensome. "Ordinarily, only the party served with a subpoena has standing to move to quash it." *Oyenik v. Corizon Health Inc.*, 2014 WL 12787872, at *1 (D. Ariz. Nov. 20, 2014). "A party has standing to challenge a subpoena served on another entity only if the party can show it has a personal right or privilege regarding the subject matter of the subpoena." *Blotzer v. L-3 Commc'ns Corp.*, 287 F.R.D. 507, 509 (D.

---

[4] At that time, Defendant's expert deadline was July 26, 2024.

Ariz. 2012); *see e.g., Mount Hope Church v. Bash Back!*, 705 F.3d 418, 428 (9th Cir. 2012) ("the 'undue burden' language is limited to harms inflicted by complying with the subpoena"); *Wells Fargo & Co. v. ABD Ins.*, 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012) ("A party's objection that a subpoena . . . seeks irrelevant information or would impose an undue burden are not grounds on which a party has standing to move to quash . . . "). Here, Defendant served subpoenas on third-party entities who are not parties to the instant lawsuit. Plaintiff has not identified any personal right or privilege regarding the subject matter of the subpoenas in his motion. Accordingly, Plaintiff lacks standing to object to the subpoenas as unduly burdensome, and Plaintiff's motion should be denied for this reason alone.

**2.    The subject subpoenas are relevant and proportional to the needs of this case.**

Assuming Plaintiff has standing to challenge the subpoenas (which he does not), the subpoenas are not unduly burdensome and seek information directly relevant to this case. Plaintiff has filed the instant lawsuit as a collective action under the FLSA. Specifically, Plaintiff Houck and the Opt-in Plaintiffs are claiming unpaid overtime for hours worked. In addition, Brice, Freeman, Neville, and Rankin, including Plaintiff Houck, have affirmatively stated in their discovery responses that they are claiming unpaid overtime for hours that are not documented on their paystubs. *See* **Exhibit E**. Since Plaintiffs are claiming wages for allegedly unreported time, employment records outside their Maricopa County time records are directly relevant. Defendant is entitled to conduct discovery concerning Plaintiffs' employment outside of working for the County to determine hours actually worked for the County and to test the veracity of Plaintiffs allegations of same. Moreover, the majority of subpoena responses that Defendant has received thus far only include 1099 records and summaries of payments made.[5] Not a single subpoena response received thus far contains a W2, personnel file, or other

---

[5] Notably, plaintiff does not appear to argue that Defendant is not at least entitled to confirmation of 1099 status, dates worked, and payments rendered.

FP 52502001.1

employment records typically associated with a W2 employee. Accordingly, the subpoenas are not overbroad considering the type of working relationships the Lieutenants apparently had with these companies. Defendant is entitled to records and correspondence, including job offers, job applications, and resumes, to determine when the Lieutenants worked and how much they were paid. Finally, the information sought is proportional to the needs of the case, as Plaintiffs' hours worked are at the core of Plaintiffs' claim for unpaid wages and any purported burden or expense arising out of the subpoenas is outweighed by the benefit of the information sought.

To the extent Plaintiff argues that Defendant can obtain this information in a less intrusive manner, that is simply not the case. Defendant first sought this information in written discovery requests propounded on Plaintiff Houck and the Opt-in Plaintiffs subject to discovery more than 7 months ago in January and February of 2024. Specifically, Defendant propounded Interrogatory No. 3, which requested that Plaintiff Houck and the Opt-in Plaintiffs subject to discovery "[i]dentify and describe any employment (other than with Defendant) that you held from January 11, 2020 to the present," including "(a) the employer's name, address, and phone number; (b) [Plaintiffs'] job title and description of the work/services performed; (c) supervisor name(s); (d) the dates of [Plaintiffs'] employment; (e) ***the number of weekly hours worked***; and (f) the compensation [Plaintiffs] earned." (emphasis added). *See* **Exhibit D**. In response, Plaintiffs objected claiming that Defendant's request was "intrusive":

> Plaintiff objects that the request is disproportionate to the need for discovery in this case, with extremely limited probative value in comparison to the highly prejudicial impact this kind of intrusiveness on other employers can have to Plaintiff. Plaintiff also objects that the request is harassing and unduly invasive of his personal affairs, seeking detailed information about other employment that does not impact the claims in this case.

*Id.* While some of the Plaintiffs provided a list of employers responsive to the request, Defendant did not provide any of the other information requested by Defendant, including the hours they claimed they worked for each employer, days of employment, and compensation. Because Plaintiffs failed to provide this information in response to

11

Defendant's discovery requests, Defendant is entitled to seek this information by way of subpoena.[6] Regardless, Defendant is also entitled to information sought by the subject subpoenas to test the veracity of Plaintiffs' discovery responses.

Finally, information related to hours worked by Plaintiff Houck and the Opt-in Plaintiffs should have been provided pursuant to their Rule 26 affirmative disclosure obligations at the outset of this lawsuit. The parties have been actively meeting and conferring regarding information relevant to Plaintiffs' hours worked for several months. Indeed, Defendant has served several meet and confer correspondence asking for Plaintiffs' summary of hours worked particularly as it relates to their damage calculations. It has now been more than a year since Plaintiffs filed this lawsuit, and to date, Plaintiffs have not provided Defendant with a computation of damages summarizing the hours they allegedly worked. Plaintiff cannot on one hand claim that Defendant should not be entitled to information regarding Plaintiffs' hours worked and then on the other hand fail to provide this basic information in their damage's disclosures. Accordingly, Plaintiff has no basis to argue that Defendant should obtain information sought by the subject subpoenas through less intrusive means when this information must be supplied as part of their Rule 26 disclosure obligations and could have been provided in Plaintiffs' discovery responses.

---

[6] Plaintiff's assertion that "information about when [the Opt-in Plaintiffs] were working had already been requested and provided in discovery from the Opt In Plaintiffs in this case" plays fast and loose with the facts. (Doc. 73 at p. 6, lns. 6-7). As set forth in Exhibit 1 attached to Plaintiffs' Motion at Doc. 73-1, Defendant requested in Interrogatory No. 2 that Plaintiff Houck and the Opt-in Plaintiffs "[s]eparately identify each and every workweek during your employment with Defendant in which you claim entitlement to unpaid overtime compensation." Contrary to Plaintiff's assertion, Plaintiffs did not provide a complete response to this request, including the number of hours worked each day of each workweek. Instead, Plaintiffs referred Defendant to records consisting of paystubs, declarations, and charts and Plaintiff Houck's deficient damages disclosure.

FP 52502001.1

## IV.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Quash at Doc. 73.

RESPECTFULLY SUBMITTED this 7th day of October 2024.

                        FISHER & PHILLIPS LLP

                        By  s/ *Jacob R. Valdez*
                              Shayna Balch Santiago
                              Lori A. Guner
                              Jacob R. Valdez
                              3200 N. Central Avenue, Suite 1550
                              Phoenix, Arizona 85012-2487
                              Attorneys for Defendants

FP 52502001.1

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Ty D. Frankel
Frankel Syverson PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
ty@frankelsyverson.com
Attorneys for Plaintiff

Patricia N. Syverson
Frankel Syverson PLLC
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
patti@frankelsyverson.com
Attorneys for Plaintiff

   s/ *Itzel Cano*

FP 52502001.1