# EXHIBIT A

| | |
|---|---|
| **From:** | Guner, Lori |
| **To:** | Patti Syverson; Ty Frankel |
| **Cc:** | David Streyle; Santiago, Shayna Balch; Valdez, Jacob; Pearce, Susan; Mehinovic, Dino |
| **Subject:** | RE: Houck v. Maricopa County |
| **Date:** | Tuesday, December 5, 2023 3:57:16 PM |
| **Attachments:** | image001.png |

Patti and Ty,

Following up on the case management conference earlier this afternoon, we noticed that Plaintiff's Initial Disclosure Statement does not include a computation of damages. We expect that you will provide a supplemental disclosure setting forth a detailed computation of damages for Plaintiff Houck and each of the opt-in Plaintiffs by the deadline set for initial disclosures, December 11, 2023. The damages disclosure in Plaintiff's Initial Disclosure Statement is completely inadequate and does not comply with Rule 26(a)(1)(A)(iii). As Judge Campbell mentioned during the case management conference, Plaintiff is required to disclose a damages calculation for each and every opt-in, pursuant to Rule 26(a)(1)(A)(iii). The one-page spreadsheet provided at Houck000300 (which appears to be duplicated at Houck000301), is also woefully inadequate.

On another note, please produce to us sample screenshots of the notice that you sent to the potential opt-ins, including prefatory language, if any.

Thank you.



**Lori Guner**
Attorney at Law

Fisher & Phillips LLP
3200 N. Central Avenue | Suite 1550 | Phoenix, AZ 85012
lguner@fisherphillips.com | O: (602) 281-3413

  vCard  |  Bio  |  Website   *On the Front Lines of Workplace Law*SM

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

**From:** David Streyle <David@frankelsyverson.com>
**Sent:** Monday, December 4, 2023 4:38 PM
**To:** Santiago, Shayna Balch <ssantiago@fisherphillips.com>; Guner, Lori <lguner@fisherphillips.com>; Valdez, Jacob <jvaldez@fisherphillips.com>
**Cc:** Patti Syverson <Patti@frankelsyverson.com>; Ty Frankel <Ty@frankelsyverson.com>; David Streyle <David@frankelsyverson.com>
**Subject:** Houck v. Maricopa County

> **CAUTION:** This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel:  Attached are Plaintiff's Initial Disclosure Statement and documents Bates labeled

HOUCK000001-303 in the *Houck* matter.  Thank you.

**David J. Streyle**
**Paralegal**

2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
p. (602) 598-4000
david@frankelsyverson.com
www.frankelsyverson.com



Please be advised that this e-mail and any files transmitted with it are confidential attorney-client privileged or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed.  If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately.  Any unauthorized dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by replying to the sender of the e-mail by return e-mail or telephone.

# EXHIBIT B



fisherphillips.com

**Phoenix**
3200 N. Central Avenue
Suite 1550
Phoenix, AZ 85012

(602) 281-3400 Tel
(602) 281-3401 Fax

**Writer's Direct Dial:**
(602) 281-3406
(602) 281-3413
(602) 281-3395

**Writer's E-mail:**
ssantiago@fisherphillips.com
lguner@fisherphillips.com
jvaldez@fisherphillips.com

July 15, 2024

**VIA EMAIL ONLY**
TY@FRANKELSYVERSON.COM
PATTI@FRANKELSYVERSON.COM

Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

Re:     *Christopher J. Houck v. Maricopa County*
        *Arizona District Court Case No.: 2:23-cv-00068-DGC*

Dear Ty and Patti:

We are writing to confer with you regarding Plaintiff's deficient disclosures under Rule 26 of the Federal Rules of Civil Procedure. We have reviewed Plaintiff's Second Supplemental Disclosure Statement, which you provided on April 5, 2024. Plaintiff's disclosures computation and measure of damages remain deficient under Rule 26, as further outlined below.

As you know, Rule 26(a)(1)(iii) requires that "[a] party must, without awaiting a discovery request, provide to the other parties:

> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Fed. R. Civ. P. 26(a)(1)(A)(iii). "A party who has made a disclosure under Rule 26(a)…must supplement or correct its disclosure or response…in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the

**Fisher & Phillips LLP**
Atlanta • Baltimore • Bethesda • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Detroit • Fort Lauderdale • Gulfport
Houston • Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • Nashville • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Pittsburgh • Portland • Sacramento • San Diego • San Francisco • Seattle • Tampa • Washington, DC • Woodland Hills

FP 51573694.1

Ty D. Frankel
Patricia N. Syverson
July 15, 2024
Page 2

discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).  Failure to do so may result in sanctions, up to and including exclusion of information, witnesses or documents, or other appropriate sanctions. Fed. R. Civ. P. 37(c). As outlined below, Plaintiff's disclosures, in this regard, remain woefully deficient.

On December 5, 2023, we notified you via email that Plaintiff Houck's damages computation was utterly deficient. We explained that Plaintiff's disclosures lack a detailed computation of damages for Plaintiff Houck and the opt-in plaintiffs in compliance with Rule 26(a)(1)(A)(iii). We further noted that the Court confirmed during the December 5, 2023 case management conference that Plaintiff is required to disclose a damages calculation for each and every opt-in plaintiff, pursuant to Rule 26(a)(1)(A)(iii). We further explained that the one-page spreadsheet provided at Houck000300 (which appeared to be duplicated at Houck000301) was also wholly inadequate.

On December 11, 2023, Plaintiff produced a First Supplemental Disclosure Statement, which lacks any computation of purported damages for the remaining opt-in plaintiffs as requested in our December 5, 2023 email. On April 5, 2023, Plaintiff produced a Second Supplemental Disclosure Statement, which again lacks any computation of purported damages for the any of the opt-in plaintiffs. Accordingly, this disclosure does not come close to satisfying Plaintiff's affirmative obligation to provide a detailed computation of damages for the remaining opt-in plaintiffs.

Plaintiff is the one who filed this lawsuit and decided to pursue his claims on a collective basis. In order to file and consent to join in this lawsuit, Plaintiff and the opt-in plaintiffs were required to have sufficient facts to substantiate their individual claims. Accordingly, the opt-in plaintiffs are required to provide individual damages calculations as part of Plaintiff's disclosures based on the information currently available. *See, e.g., City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (plaintiff is required to provide an "assessment of damages in light of the information currently available to it in sufficient detail so as to enable … Defendants … to understand the contours of its potential exposure and make informed decisions as to settlement and discovery[.]"); *Tamas v. Family Video Movie Club, Inc.*, 304 F.R.D. 543, 545 n.1 (N.D. Ill. 2015) (citing to the Court's prior minute entry ordering Plaintiffs to produce supplemental Rule 26(a) disclosures with damage calculations for *all* opt-in plaintiffs) (emphasis added). Indeed, during the case management conference on December 5, 2023, the Court noted that Plaintiff is required to disclose a damages calculation for each and every opt-in plaintiff, pursuant to Rule 26(a)(1)(A)(iii).

Failure to adequately supplement Plaintiff's damage disclosures for all of the opt-in plaintiffs can lead to exclusion of this information or dismissal of claims. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information … as required by Rule 26(a) … the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial[.]"); *E.E.O.C. v. GLC Restaurants, Inc.*, CV05 618 PCT DGC, 2007 WL 30269, at *9 (D. Ariz. Jan. 4, 2007) (pursuant to Rule 37(c)(1), plaintiffs were forbidden from presenting at trial any computation of damages or other information required by Rule 26(a)(1)(C) due to their failure to disclose a computation of damages); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008), as amended (Sept. 16, 2008) (affirming lower court's exclusion of damages evidence regarding the opt-in plaintiffs in a collective action under the FLSA due to the plaintiff's failure to provide a computation of damages for the opt-in plaintiffs); *Popovic v. Spinogatti*, 2016 WL 2893426, at *10 (D. Ariz. May 18, 2016) (dismissing plaintiffs' negligence claim due to plaintiffs' failure to disclose damages).

Ty D. Frankel
Patricia N. Syverson
July 15, 2024
Page 3

Disclosure of damages computations for each individual opt-in plaintiff is not only mandatory under Plaintiff's disclosure obligations outlined above but it is highly relevant given Plaintiff Houck and the opt-in plaintiffs are seeking unpaid wages for alleged unreported hours worked.  At a minimum, each opt-in plaintiff has an affirmative obligation to: a) identify the time period they claim to have worked as a Lieutenant in Patrol Bureaus East or West, b) identify the alleged hours he/she worked, and c) provide a detailed computation of alleged damages.

Plaintiff's disclosures do not come close to satisfying Plaintiff's affirmative obligation to provide a detailed computation of damages for each opt-in plaintiff. As deadlines in this case are quickly approaching, we expect Plaintiff to immediately supplement his currently inadequate Rule 26 disclosure statement to include a computation of damages for each opt-in plaintiff.

Sincerely,

Shayna Balch Santiago
Partner
Lori A. Guner
Associate
Jacob Valdez
Associate
For FISHER & PHILLIPS LLP

SBS:mcc

# EXHIBIT C

| | |
|---|---|
| **From:** | Valdez, Jacob |
| **To:** | Ty Frankel; Patti Syverson |
| **Cc:** | Santiago, Shayna Balch; Guner, Lori; Xochicale, Michelle; Cano, Itzel; David Streyle |
| **Subject:** | Houck v. Maricopa County: Case Deadlines |
| **Date:** | Friday, July 26, 2024 11:39:00 AM |

Ty and Patti,

We are still assessing your July 19 letter and plan to get back to you substantively by mid-next week. I believe we have gotten back you to on the other remaining discovery items over email. In the meantime, we show today as Defendant's deadline for expert witness disclosures. We also show our fact discovery deadline as September 29 and dispositive motion deadline as October 25. It is our position that it is impossible for the parties to comply with these deadlines.

As we already set forth in prior correspondence, we don't have a comprehensive damage computation for Plaintiff or any of the other opt-ins.  We first addressed this issue with you on December 5, 2023. When we served discovery, we also specifically asked in Interrogatory No. 2 for Plaintiff and the opt-ins to "identify each and every workweek during [their] employment with Defendant in which [they] claim entitlement to unpaid overtime compensation." Plaintiff and opt-ins objected and simply referred Defendant to Plaintiff's Houck's computation of damages found in Plaintiff's Second Supplemental Disclosure Statement. In RFA No. 5, we also asked Plaintiff and the opt-ins to admit or deny whether their "claim[s] of entitlement to pay for overtime allegedly worked is premised on the hours recorded on [their] pay stubs under either the heading "Reg No Pay" or "Regular No Pay."" Only three opt-ins admitted this request. While we have a formula for Plaintiff Houck's damages, he has not identified what hours he's allegedly worked that are not premised on his pay stubs, and we don't have ***any*** computation of damages for the other opt-ins.

We addressed this issue again in our July 15 letter. In your July 19 response, you indicated that Defendant has "refused to provide payroll information for all of the Opt-In Plaintiffs" but that nevertheless you would "supplement [y]our disclosure with more detailed information that becomes available during discovery." Plaintiff's position is untenable.  Defendant produced paystubs for Lt. Houck on December 11, 2023. On March 27, 2024, Defendant produced paystubs for Lts. Brice, Keller, Neville, Rankin, Thomas, Halverson, Rosenberger, and Vance. Finally, on June 21, 2024, Defendant produced paystubs for Lt. Freeman. It's been months since we've produced paystubs for these individuals, yet Plaintiff has failed to produce comprehensive damages computations. Moreover, in Plaintiff's motion for conditional certification, Plaintiff and the opt-ins offered numerous paystubs.  So their position that they don't have paystubs to complete a damages computation is simply disingenuous.   Finally, it is not lost on us that Plaintiff and the opt-ins are apparently claiming off the clock hours not recorded on paystubs.  If that is in fact the case, then there is no excuse as to why Plaintiff Houck and the opt-ins have not provided computations of these alleged hours worked and damages.

Simply put, we are in the difficult position of not fully understanding what alleged hours that Plaintiff Houck and the opt-ins are claiming as unpaid overtime, and therefore Defendant is not in a position to complete its expert disclosures by the July 26 deadline. Nor is Defendant in a position to meet the remaining case deadlines without damage computations.   Thank you for confirming in your prior

correspondence that you will supplement disclosures at a future date with damages computations. But we do not have a date certain for this.  And Plaintiff Houck and the opt-ins have had the benefit of paystubs produced by Defendant for four months now, yet a damages computation has yet to be produced.  Clearly we will need some time to review and analyze any damage computation prepared by Plaintiff Houck and the opt-ins against produced paystubs and other records before an expert can even begin to prepare a report for Defendant.  Given this timetable, it is our position that deadlines need to be extended by another six months.  Please let us know if you are willing to stipulate to a motion to extend case deadlines for six months. If so, we will send a neutrally worded stipulation for your review highlighting the voluminous discovery in this case and the parties' ongoing meet and confer efforts. If you are unwilling stipulate, please let us know, and we will be filing a motion with the Court later today.


Thanks,
Jacob



**Jacob Valdez**
**Attorney at Law**

Fisher & Phillips LLP
3200 N. Central Avenue | Suite 1550 | Phoenix, AZ 85012
jvaldez@fisherphillips.com | O: (602) 281-3395

vCard | Bio | Website    *On the Front Lines of Workplace Law*[SM]

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

# EXHIBIT D

1   Shayna Balch Santiago, SBN 024852
2   Lori A. Guner, SBN 031646
    Jacob R. Valdez, SBN 035634
3   **FISHER & PHILLIPS LLP**
    3200 N. Central Avenue, Suite 1550
4   Phoenix, Arizona 85012-2487
    Telephone: (602) 281-3400
5   Fax: (602) 281-3401
6   ssantiago@fisherphillips.com
    lguner@fisherphillips.com
7   jvaldez@fisherphillips.com
8   Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated, | No. 2:23-cv-00068-DGC |
| Plaintiff, | **DEFENDANT'S FIRST SET OF NON-UNIFORM INTERROGATORIES TO PLAINTIFF HOUCK** |
| v. | |
| Maricopa County, | |
| Defendant. | |

**PROPOUNDING PARTY:**   Defendant   Maricopa   County   ("County"   or "Defendant")

**RESPONDING PARTY:**   Plaintiff Christopher J. Houck ("Plaintiff Houck" or "Houck")

**SET NUMBER:**   One (1)

**TO: PLAINTIFF CHRISTOPHER J. HOUCK AND HIS ATTORNEY OF RECORD**

     Pursuant to Rule 33 of the Federal Rules of Civil Procedure, you are hereby requested to answer the following interrogatories separately and fully, in writing and under oath, within thirty (30) days from the date of service hereof.

**FISHER & PHILLIPS LLP**
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

## DEFINITIONS

1. "Document" or "Documents" shall mean, by way of illustration but not of exclusion, the original and any non-identical copy of any correspondence, memoranda, interoffice communications, forms, intraoffice communications, e-mails, facsimile transmissions, statements, speeches, contracts, proposals, bids, offers, appraisals, valuations, estimates, opinions, pamphlets, circulars, bulletins, instructions, questionnaires, studies, analyses, summaries, magazines, booklets, affidavits, contracts for sale, lease agreements, financial statements, market studies, market analyses, listing agreements, releases, canceled checks, worksheets, ledgers, tabulations, journal diaries, appointment books, recordings, corporate minutes, notes of conversations, calendar or diary entries, schedules, notes of meetings, notes of conferences, maps, charts, change orders, proposed change orders, requests for change orders, work orders, requests for payment, invoices, purchase orders, bills, liens, claims of liens, photographs, movies, video recordings, tape recordings, calendars, plans, specifications, drawings, surveys, renderings, schematics, calculations, reports, signs, advertisements, writings, telegrams, computer data as well as other tangible things on which information is recorded in writing, sound or in any other manner and including preliminary versions, drafts or revisions of any of the foregoing, and any supporting, underlying or preparatory material from which information can be obtained or translated through detection devices into reasonably usable form, altered or unaltered, made by any means.

2. The term "Plaintiff" unless otherwise specified, shall include Plaintiff Houck and any present or former agents, representatives, or others acting on his behalf.

3. The term "Defendant" unless otherwise specified, shall mean and refer to the County, and its predecessors in interest and/or subsidiaries, its officers, directors, managers, agents, representatives, attorneys, accountants, and other persons acting on its behalf.

4. The terms "you" and "yours," unless otherwise specified, shall refer to Plaintiff Houck and all present and former, agents, representatives, or others acting on his behalf.

5. "Relating to" or "relates to" means mentioning, discussing, describing, or referring to or involving a transaction or course of dealing with or about.

6. The term "Complaint" shall mean and refer to the "Collective Action and Class Action Complaint" and/or any amended versions of the Complaint on file in this case.

7. "Evidencing," "showing" or "reflecting" means to prove, establish, evidence, reflect, show, or support the specified subject, contention or fact.

8. The term "describe in detail" means that you are required to identify and describe with particularity each and every act, omission, incident and/or occurrence

2

which reflects, relates or in any way involves the information sought by the interrogatories, the specific date(s) and place(s) thereof, the participants and witnesses therein, and the substance of what each participant and witness stated or otherwise communicated by any means whatsoever.

9.     As used herein, the word "identify" means to state each and every identifying fact about the subject document(s) or person(s) as described below.

10.     As used herein, the word "person" means any natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity or forum. Where an interrogatory asks you to identify a person, you are required to state with respect to that person his or her name, last known home address and telephone number, last known business address and telephone number, last known employer's name, address and telephone number, and relationship to you.

11.     Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

## **INSTRUCTIONS**

In answering these interrogatories, you are required to furnish all information that is available to you, including information that is in the possession of your attorney(s), investigators for the attorney(s), other third parties, and your agents and assigns, which reflect, relate or refer to the information sought by these interrogatories, whether or not they are based on your own personal knowledge.

If you object to a particular interrogatory or any portion thereof, you are required to answer any and all other portions of the interrogatory to which you do not take objection. You are also required to state with particularity the reason(s) for not answering any interrogatory or portion thereof. Where a claim of privilege or exemption is made, you are required to state with particularity the privilege or exemption and the factual basis for asserting it.

If you are unable to answer the following interrogatories in full after exercising due diligence to secure the information to do so, you are required to answer to the extent possible, specifying in detail the reason(s) and nature of your inability to answer the interrogatory or portion thereof, describing in detail the steps you and your agents have taken to secure the information necessary to answer the interrogatory or portion thereof.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 49422696.1

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

For any periods of time that you contend you were employed as a Law Enforcement Lieutenant in Patrol Bureaus East or West between January 11, 2020 and the present, please:

(a)    Identify the District you worked in;

(b)    List the date(s) you worked in each District;

(c)    Identify the Commander(s) you directly reported to;

(d)    Describe your typical schedule (days/hours); and

(e)    Describe whether you were ever tasked with serving as a Night Commander, Acting Captain or Acting Commander.

**INTERROGATORY NO. 2:**

Separately identify each and every workweek during your employment with Defendant in which you claim entitlement to unpaid overtime compensation. For each work week, please state:

(a)    the number of hours worked each day of each workweek;

(b)    the start and stopping times for each day;

(c)    the start and stop time of any and all daily meal periods/breaks;

(d)    the start and stop time of any and all daily rest periods/breaks;

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

4

**INTERROGATORY NO. 3:**

Identify and describe any employment (other than with Defendant) that you held from January 11, 2020 to the present. For each such employer, please provide:

(a)     the employer's name, address, and phone number;

(b)     your job title and description of the work/services performed

(c)     supervisor name(s);

(d)     the dates of your employment;

(e)     the number of weekly hours worked; and

(f)     the compensation you earned.

**INTERROGATORY NO. 4:**

Identify with specificity any and all off-duty assignments that you worked from January 11, 2020 through the present. For each such assignment worked identify the date(s), total hours worked, the organization, the name of the point of contact for the assignment, and a brief description of the services performed.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FP 49422696.1

1 Shayna Balch Santiago, SBN 024852
2 Lori A. Guner, SBN 031646
  Jacob R. Valdez, SBN 035634
3 **FISHER & PHILLIPS LLP**
  3200 N. Central Avenue, Suite 1550
4 Phoenix, Arizona 85012-2487
  Telephone: (602) 281-3400
5 Fax: (602) 281-3401
6 ssantiago@fisherphillips.com
  lguner@fisherphillips.com
7 jvaldez@fisherphillips.com
8 Attorneys for Defendants

9           **UNITED STATES DISTRICT COURT**

10              **DISTRICT OF ARIZONA**

11 Christopher J. Houck, on behalf of himself    No. 2:23-cv-00068-DGC
   and all those similarly situated,
12                                               **DEFENDANT'S FIRST SET OF**
13              Plaintiff,                        **REQUESTS FOR ADMISSION TO**
                                                 **PLAINTIFF HOUCK**
14      v.

15 Maricopa County,

16              Defendant.

17

18 **PROPOUNDING PARTY:**      Defendant    Maricopa    County    ("County"    or
19                             "Defendant")

20 **RESPONDING PARTY:**       Plaintiff Christopher J. Houck ("Plaintiff Houck" or
21                             "Houck")

22 **SET NUMBER:**             One (1)

23 **TO: PLAINTIFF CHRISTOPHER J. HOUCK AND HIS ATTORNEY OF**
24 **RECORD**

25      Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, you are hereby
26 requested to answer the following requests for admission, separately and fully, in writing
27 and under oath, within thirty (30) days from the date of service hereof.

28

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

## **DEFINITIONS**

1. "Document" or "Documents" shall mean, by way of illustration but not of exclusion, the original and any nonidentical copy of any correspondence, memoranda, interoffice communications, intraoffice communications, e-mails, facsimile transmissions, statements, speeches, contracts, proposals, bids, offers, appraisals, valuations, estimates, opinions, pamphlets, circulars, bulletins, instructions, questionnaires, studies, analyses, summaries, magazines, booklets, affidavits, contracts for sale, lease agreements, financial statements, market studies, market analyses, listing agreements, releases, canceled checks, worksheets, ledgers, tabulations, journal diaries, appointment books, recordings, corporate minutes, notes of conversations, calendar or diary entries, schedules, notes of meetings, notes of conferences, maps, charts, change orders, proposed change orders, requests for change orders, work orders, requests for payment, invoices, purchase orders, bills, liens, claims of liens, photographs, movies, video recordings, tape recordings, calendars, plans, specifications, drawings, surveys, renderings, schematics, calculations, reports, signs, advertisements, writings, telegrams, computer data as well as other tangible things on which information is recorded in writing, sound or in any other manner and including preliminary versions, drafts or revisions of any of the foregoing, and any supporting, underlying or preparatory material from which information can be obtained or translated through detection devices into reasonably usable form, altered or unaltered, made by any means. The terms "Document" or "Documents" includes electronic documents and electronically stored information ("ESI").

2. The term "Plaintiff" unless otherwise specified, shall include Christopher J. Houck, any present or former agents, representatives, or others acting on his behalf.

3. The term "Defendant" unless otherwise specified, shall mean and refer to the County and its predecessors in interest and/or subsidiaries, its officers, directors, managers, agents, representatives, attorneys, accountants, and other persons acting on its behalf.

4. The terms "you" and "yours," unless otherwise specified, shall refer to Plaintiff Houck and all present and former, agents, representatives, or others acting on his behalf.

5. "Relating to" or "relates to" means mentioning, discussing, describing, or referring to or involving a transaction or course of dealing with or about.

6. The term "Complaint" shall mean and refer to the "Collective Action and Class Action Complaint" and/or any amended versions of the Complaint on file in this case.

7. "Evidencing," "showing" or "reflecting" means to prove, establish, evidence, reflect, show, or support the specified subject, contention or fact.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

2

8.     The term "describe in detail" means that you are required to identify and describe with particularity each and every act, omission, incident and/or occurrence which reflects, relates or in any way involves the information sought by the interrogatories, the specific date(s) and place(s) thereof, the participants and witnesses therein, and the substance of what each participant and witness stated or otherwise communicated by any means whatsoever.

9.     As used herein, the word "identify" means to state each and every identifying fact about the subject document(s) or person(s) as described below.

10.     As used herein, the word "person" means any natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity or forum.  Where an interrogatory asks you to identify a person, you are required to state with respect to that person his or her name, last known home address and telephone number, last known business address and telephone number, last known employer's name, address and telephone number, and relationship to you.

11.     Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

## **REQUEST FOR ADMISSIONS**

### **REQUEST NO. 1:**

Admit that as a Sworn Law Enforcement Lieutenant, you are required to be truthful.

Admit: _____          Deny: _____


### **REQUEST NO. 2:**

Admit that the job description at **Exhibit A** (Bates Nos. MCC 000010-000014) titled "Law Enforcement Lieutenant" applies to you in your role as a Maricopa County Sheriff's Office Law Enforcement Lieutenant.

Admit: _____          Deny: _____

### **REQUEST NO. 3:**

Admit that you were responsible for accurately recording and submitting to Defendant your work hours for each day of your employment with Defendant.

Admit: _____          Deny: _____

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

3

**REQUEST NO. 4:**

Admit that you recorded and submitted to Defendant all of your hours worked for each day of your employment with Defendant.

Admit: _____          Deny: _____

**REQUEST NO. 5:**

Admit that your claim of entitlement to pay for overtime allegedly worked is premised on the hours recorded on your pay stubs under either the heading "Reg No Pay" or "Regular No Pay."

Admit: _____          Deny: _____

**REQUEST NO. 6:**

Admit that **Exhibit B** (Bates No. 000093) is a true and accurate copy of the "FAIR LABOR STANDARDS ACT (FLSA) EMPLOYEE ACKNOWLEDGEMENT FORM" that you received and signed on March 30, 2022.

Admit: _____          Deny: _____

**REQUEST NO. 7:**

Admit that as part of your receipt and acknowledgement of the document at Exhibit B, you acknowledged that Maricopa County's "Hours Worked for Exempt Employees Policy" applied to you as a Law Enforcement Lieutenant.

Admit: _____          Deny: _____

**REQUEST NO. 8:**

Admit that **Exhibit C** (Bates Nos. MCC 000620-000622) is a true and accurate copy of the "Hours Worked for Exempt Employees Policy".

Admit: _____          Deny: _____

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

4

# EXHIBIT E

1

2

# Frankel
# Syverson PLLC

3

4  FRANKEL SYVERSON PLLC
   2375 E. Camelback Road, Suite 600
   Phoenix, Arizona 85016

5  602-598-4000
   Ty D. Frankel (027179)

6  ty@frankelsyverson.com

7  9655 Granite Ridge Drive, Suite 200
   San Diego, California 92123

8  602-598-4000
   Patricia N. Syverson (020191)

9  patti@frankelsyverson.com

10 *Attorneys for Plaintiff*

11

12                    **UNITED STATES DISTRICT COURT**

                        **DISTRICT OF ARIZONA**
13

14 | Christopher J. Houck, on behalf of himself | Case No. 2:23-cv-00068-DGC
   | and all those similarly situated, |

15

16 |                    Plaintiff, | **PLAINTIFF HOUCK'S RESPONSES
   |                                | TO DEFENDANT'S FIRST SET OF
17 |        v. | NON-UNIFORM INTERROGATORIES**

18 | Maricopa County, |

19

20 |                    Defendant. |

21

22

23        Plaintiff Houck's ("Plaintiff"), by and through his counsel undersigned and pursuant

24 to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District

25 Court of Arizona, hereby submits his Responses to Defendant's First Set of Non-Uniform

26 Interrogatories.

27

28

                                    - 1 -

Procedure, Plaintiff expressly reserves his right to seasonably supplement, correct, clarify or amend his Responses to the Requests if he later determines that additional information should be furnished in response to any such Request.

7.      Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

8.      Plaintiff's decision to provide documents and information notwithstanding the objections herein should not be construed as (a) an admission that any information or material is relevant, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence; (b) waiver of the General Objections or the objections asserted in response to a specific Request; or (c) an agreement that requests for similar documents and information will be treated in a similar manner.

# INTERROGATORIES

## INTERROGATORY NO. 1:

For any periods of time that you contend you were employed as a Law Enforcement Lieutenant in Patrol Bureaus East or West between January 11, 2020 and the present, please:

(a) Identify the District you worked in;

(b) List the date(s) you worked in each District;

(c) Identify the Commander(s) you directly reported to;

(d) Describe your typical schedule (days/hours); and

(e) Describe whether you were ever tasked with serving as a Night Commander, Acting Captain or Acting Commander.

## RESPONSE TO INTERROGATORY NO. 1:

**(a)  District 1 and District 7**

- 3 -

1    **(b)  District 7 from April 4, 2022 – April 18, 2022; District 1 from April 18,**

2    **2022 to the present**

3    **(c)  Cory Morrison, John Bailey, David Lee, Ryan McBride**

4    **(d)  For first seven months as Patrol Lieutenant, Weds.-Sat. from 5 p.m. to 3**

5    **a.m.; then Weds.-Sat. 7 a.m. to 5 p.m**

6    **(e)  Watch Commander for 7 months and Acting Commander for 1 week**

7

8    **INTERROGATORY NO. 2:**

9        Separately identify each and every workweek during your employment with

10   Defendant in which you claim entitlement to unpaid overtime compensation.  For each

11   work week, please state:

12       (a) the number of hours worked each day of each workweek;

13       (b) the start and stopping times for each day;

14       (c) the start and stop time of any and all daily meal periods/breaks;

15       (d) the start and stop time of any and all daily rest periods/breaks;

16   **RESPONSE TO INTERROGATORY NO. 2:  Plaintiff objects to this request**

17   **because it misapplies Plaintiff's burden.  Plaintiff is required to provide evidence to**

18   **support his damages as a matter of just and reasonable inference.  He is not required**

19   **to provide the specificity the request asks for and approximations can be appropriate.**

20   **This is particularly true when, as here, Defendant has an obligation to keep accurate**

21   **records regarding the amount of time its employee's work under the FLSA.  Plaintiff**

22   **also objects because many records pertinent to this request are in Defendant's**

23   **custody and control, as Defendant required Patrol Lieutenants to track their time**

24   **worked.  Plaintiff objects that the request is harassing because Defendant would have**

25   **records demonstrating when Plaintiff's were scheduled to work.  Subject to and**

26   **without waiving said objections, see Plaintiff's computation of damages provided with**

27   **his Second Supplemental Disclosure Statement.   Plaintiff will supplement this**

28   **discovery as the case continues.**

- 4 -

**INTERROGATORY NO. 3:**

Identify and describe any employment (other than with Defendant) that you held from January 11, 2020 to the present. For each such employer, please provide:

(a) the employer's name, address, and phone number;

(b) your job title and description of the work/services performed

(c) supervisor name(s);

(d) the dates of your employment;

(e) the number of weekly hours worked; and

(f) the compensation you earned.

**RESPONSE TO INTERROGATORY NO. 3:  Plaintiff objects that the request is disproportionate to the need for discovery in this case, with extremely limited probative value in comparison to the highly prejudicial impact this kind of intrusiveness on other employers can have to Plaintiff.  Plaintiff also objects that the request is harassing and unduly invasive of his personal affairs, seeking detailed information about other employment that does not impact the claims in this case. Subject to and without waiving Plaintiff's objections, Plaintiff responds that he did not have other employers during the relevant time period.**

**INTERROGATORY NO. 4:**

Identify with specificity any and all off-duty assignments that you worked from January 11, 2020 through the present. For each such assignment worked identify the date(s), total hours worked, the organization, the name of the point of contact for the assignment, and a brief description of the services performed.

**RESPONSE TO INTERROGATORY NO. 4:  Plaintiff objects that the request is disproportionate to the need for discovery in this case, with extremely limited probative value in comparison to the highly prejudicial impact this kind of intrusiveness on other employers can have to Plaintiff.  Plaintiff also objects that the request is harassing and unduly invasive of his personal affairs, seeking detailed**

1
2

# Frankel Syverson *pllc*

3

FRANKEL SYVERSON PLLC
4   2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
5   602-598-4000
Ty D. Frankel (027179)
6   ty@frankelsyverson.com

7   9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
8   602-598-4000
Patricia N. Syverson (020191)
9   patti@frankelsyverson.com

10  *Attorneys for Plaintiff*

11                    **UNITED STATES DISTRICT COURT**

12                        **DISTRICT OF ARIZONA**

13

14  Christopher J. Houck, on behalf of himself       Case No. 2:23-cv-00068-DGC
    and all those similarly situated,
15
                                                     **OPT-IN PLAINTIFF TODD BRICE'S**
16              Plaintiff,                            **RESPONSES TO DEFENDANT'S**
                                                     **FIRST SET OF NON-UNIFORM**
17        v.                                          **INTERROGATORIES**

18  Maricopa County,

19              Defendant.

20

21

22          Opt-In Plaintiff Todd Brice ("Plaintiff"), by and through his counsel undersigned and

23  pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the U.S.

24  District Court of Arizona, hereby submits his Responses to Defendant's First Set of Non-

25  Uniform Interrogatories.

26

27

28

                                          - 1 -

expressly reserves his right to seasonably supplement, correct, clarify or amend his Responses to the Requests if he later determines that additional information should be furnished in response to any such Request.

7.      Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

8.      Plaintiff's decision to provide documents and information notwithstanding the objections herein should not be construed as (a) an admission that any information or material is relevant, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence; (b) waiver of the General Objections or the objections asserted in response to a specific Request; or (c) an agreement that requests for similar documents and information will be treated in a similar manner.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

For any periods of time that you contend you were employed as a Law Enforcement Lieutenant in Patrol Bureaus East or West between January 11, 2020 and the present, please:

(a) Identify the District you worked in;

(b) List the date(s) you worked in each District;

(c) Identify the Commander(s) you directly reported to;

(d) Describe your typical schedule (days/hours); and

(e) Describe whether you were ever tasked with serving as a Night Commander, Acting Captain or Acting Commander.

**RESPONSE TO INTERROGATORY NO. 1:**

**(a)  District 3**

**(b)  January 11, 2020 - February 24, 2020**

**(c)  Frank McWilliams**

- 3 -

**(d)  Night Shift: Sunday through Wednesday 5pm to 3am; Day Shift: Monday through Thursday 9am to 6pm**

**(e)  Plaintiff did work as a "Night Watch Commander" and he may have worked on occasion as an acting Commander during the relevant period.**

## INTERROGATORY NO. 2:

Separately identify each and every workweek during your employment with Defendant in which you claim entitlement to unpaid overtime compensation. For each work week, please state:

(a) the number of hours worked each day of each workweek;

(b) the start and stopping times for each day;

(c) the start and stop time of any and all daily meal periods/breaks;

(d) the start and stop time of any and all daily rest periods/breaks;

**RESPONSE TO INTERROGATORY NO. 2:  Plaintiff objects to this request because it misapplies Plaintiff's burden.  Plaintiff is required to provide evidence to support his damages as a matter of just and reasonable inference.  He is not required to provide the specificity the request asks for and approximations can be appropriate. This is particularly true when, as here, Defendant has an obligation to keep accurate records regarding the amount of time its employee's work under the FLSA.  Plaintiff also objects because many records pertinent to this request are in Defendant's custody and control, as Defendant required Patrol Lieutenants to track their time worked. Plaintiff objects that the request is harassing because Defendant would have records demonstrating when Plaintiffs were scheduled to work.   Subject to and without waiving said objections, *see* Plaintiff Houck's computation of damages provided with his Second Supplemental Disclosure Statement for the basic formula for calculating damages.  Plaintiff will supplement this discovery as the case continues.**

1

2  **INTERROGATORY NO. 3:**

3       Identify and describe any employment (other than with Defendant) that you held

4  from January 11, 2020 to the present. For each such employer, please provide:

5       (a) the employer's name, address, and phone number;

6       (b) your job title and description of the work/services performed

7       (c) supervisor name(s);

8       (d) the dates of your employment;

9       (e) the number of weekly hours worked; and

10      (f) the compensation you earned.

11      **RESPONSE TO INTERROGATORY NO. 3: Plaintiff objects that the request**

12  **is disproportionate to the need for discovery in this case, with extremely limited**

13  **probative value in comparison to the highly prejudicial impact this kind of**

14  **intrusiveness on other employers can have to Plaintiff.  Plaintiff also objects that the**

15  **request is harassing and unduly invasive of his personal affairs, seeking detailed**

16  **information about other employment that does not impact the claims in this case.**

17  **Subject to and without waiving Plaintiff's objections, Plaintiff responds that he**

18  **worked for AZ Police Traffic Services as an independent contractor (*see***

19  **BRICE000001-7).**

20

21  **INTERROGATORY NO. 4:**

22      Identify with specificity any and all off-duty assignments that you worked from

23  January 11, 2020 through the present. For each such assignment worked identify the date(s),

24  total hours worked, the organization, the name of the point of contact for the assignment,

25  and a brief description of the services performed.

26      **RESPONSE TO INTERROGATORY NO. 4: Plaintiff objects that the request**

27  **is disproportionate to the need for discovery in this case, with extremely limited**

28  **probative value in comparison to the highly prejudicial impact this kind of**

- 5 -

1
2

# Frankel Syverson pllc

3

FRANKEL SYVERSON PLLC

4   2375 E. Camelback Road, Suite 600
    Phoenix, Arizona 85016

5   602-598-4000
    Ty D. Frankel (027179)

6   ty@frankelsyverson.com

7   9655 Granite Ridge Drive, Suite 200
    San Diego, California 92123

8   602-598-4000
    Patricia N. Syverson (020191)

9   patti@frankelsyverson.com

10  *Attorneys for Plaintiff*

11              **UNITED STATES DISTRICT COURT**

12                  **DISTRICT OF ARIZONA**

13

| | |
|---|---|
| 14  Christopher J. Houck, on behalf of himself and all those similarly situated, | Case No. 2:23-cv-00068-DGC |
| 15 | |
| 16                    Plaintiff, | **OPT-IN PLAINTIFF BENJAMIN FREEMAN'S RESPONSES TO DEFENDANT'S FIRST SET OF NON-UNIFORM INTERROGATORIES** |
| 17          v. | |
| 18  Maricopa County, | |
| 19                    Defendant. | |
| 20 | |
| 21 | |

22          Opt-In Plaintiff Benajmin Freeman ("Plaintiff"), by and through his counsel

23   undersigned and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local

24   Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's

25   First Set of Non-Uniform Interrogatories.

26

27

28

expressly reserves his right to seasonably supplement, correct, clarify or amend his Responses to the Requests if he later determines that additional information should be furnished in response to any such Request.

7.     Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

8.     Plaintiff's decision to provide documents and information notwithstanding the objections herein should not be construed as (a) an admission that any information or material is relevant, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence; (b) waiver of the General Objections or the objections asserted in response to a specific Request; or (c) an agreement that requests for similar documents and information will be treated in a similar manner.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For any periods of time that you contend you were employed as a Law Enforcement Lieutenant in Patrol Bureaus East or West between January 11, 2020 and the present, please:

(a) Identify the District you worked in;

(b) List the date(s) you worked in each District;

(c) Identify the Commander(s) you directly reported to;

(d) Describe your typical schedule (days/hours); and

(e) Describe whether you were ever tasked with serving as a Night Commander, Acting Captain or Acting Commander.

**RESPONSE TO INTERROGATORY NO. 1:**

**(a)-(b)   District 7 – November 2022 to April 2023; District 3 – April 2023 to present**

**(c)  Larry Kratzer, Brian Stutsman**

- 3 -

**(d)  Saturday through Wednesday 5pm to 3am; he would also sometimes work 7pm to 5am instead.**

**(e)  Filled in as an Acting Captain for one week in November/December 2022 and filled in as a Watch Commander in January 2023**

## INTERROGATORY NO. 2:

Separately identify each and every workweek during your employment with Defendant in which you claim entitlement to unpaid overtime compensation. For each work week, please state:

(a) the number of hours worked each day of each workweek;

(b) the start and stopping times for each day;

(c) the start and stop time of any and all daily meal periods/breaks;

(d) the start and stop time of any and all daily rest periods/breaks;

**RESPONSE TO INTERROGATORY NO. 2:  Plaintiff objects to this request because it misapplies Plaintiff's burden.  Plaintiff is required to provide evidence to support his damages as a matter of just and reasonable inference.  He is not required to provide the specificity the request asks for and approximations can be appropriate. This is particularly true when, as here, Defendant has an obligation to keep accurate records regarding the amount of time its employee's work under the FLSA.  Plaintiff also objects because many records pertinent to this request are in Defendant's custody and control, as Defendant required Patrol Lieutenants to track their time worked. Plaintiff objects that the request is harassing because Defendant would have records demonstrating when Plaintiffs were scheduled to work.   Subject to and without waiving said objections, *see* Plaintiff Houck's computation of damages provided with his Second Supplemental Disclosure Statement for the basic formula for calculating damages.  Plaintiff will supplement this discovery as the case continues.**

1  **INTERROGATORY NO. 3:**

2      Identify and describe any employment (other than with Defendant) that you held

3  from January 11, 2020 to the present. For each such employer, please provide:

4      (a) the employer's name, address, and phone number;

5      (b) your job title and description of the work/services performed

6      (c) supervisor name(s);

7      (d) the dates of your employment;

8      (e) the number of weekly hours worked; and

9      (f) the compensation you earned.

10      **RESPONSE TO INTERROGATORY NO. 3:  Plaintiff objects that the request**

11  **is disproportionate to the need for discovery in this case, with extremely limited**

12  **probative value in comparison to the highly prejudicial impact this kind of**

13  **intrusiveness on other employers can have to Plaintiff.  Plaintiff also objects that the**

14  **request is harassing and unduly invasive of his personal affairs, seeking detailed**

15  **information about other employment that does not impact the claims in this case.**

16  **Subject to and without waiving Plaintiff's objections, Plaintiff responds that he**

17  **worked for Off Duty Management Inc., Pleasant Harbor Marina in 2023.**

18

19  **INTERROGATORY NO. 4:**

20      Identify with specificity any and all off-duty assignments that you worked from

21  January 11, 2020 through the present. For each such assignment worked identify the date(s),

22  total hours worked, the organization, the name of the point of contact for the assignment,

23  and a brief description of the services performed.

24      **RESPONSE TO INTERROGATORY NO. 4:  Plaintiff objects that the request**

25  **is disproportionate to the need for discovery in this case, with extremely limited**

26  **probative value in comparison to the highly prejudicial impact this kind of**

27  **intrusiveness on other employers can have to Plaintiff.  Plaintiff also objects that the**

28  **request is harassing and unduly invasive of his personal affairs, seeking detailed**

1
2

# Frankel Syverson pllc

3

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
4  Phoenix, Arizona 85016
602-598-4000
5  Ty D. Frankel (027179)
ty@frankelsyverson.com
6

7  9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
8  602-598-4000
Patricia N. Syverson (020191)
9  patti@frankelsyverson.com

10  *Attorneys for Plaintiff*

11              **UNITED STATES DISTRICT COURT**

12                **DISTRICT OF ARIZONA**

13

14  Christopher J. Houck, on behalf of himself       Case No. 2:23-cv-00068-DGC
and all those similarly situated,
15
                                                **OPT-IN PLAINTIFF JONATHAN**
16              Plaintiff,                       **HALVERSON'S RESPONSES TO**
                                                **DEFENDANT'S FIRST SET OF NON-**
17          v.                                   **UNIFORM INTERROGATORIES**

18  Maricopa County,

19              Defendant.

20

21

22          Opt-In Plaintiff Jonathan Halverson ("Plaintiff"), by and through his counsel

23  undersigned and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local

24  Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's

25  First Set of Non-Uniform Interrogatories.

26

27

28
                                    - 1 -

expressly reserves his right to seasonably supplement, correct, clarify or amend his Responses to the Requests if he later determines that additional information should be furnished in response to any such Request.

7.    Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

8.    Plaintiff's decision to provide documents and information notwithstanding the objections herein should not be construed as (a) an admission that any information or material is relevant, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence; (b) waiver of the General Objections or the objections asserted in response to a specific Request; or (c) an agreement that requests for similar documents and information will be treated in a similar manner.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For any periods of time that you contend you were employed as a Law Enforcement Lieutenant in Patrol Bureaus East or West between January 11, 2020 and the present, please:

(a) Identify the District you worked in;

(b) List the date(s) you worked in each District;

(c) Identify the Commander(s) you directly reported to;

(d) Describe your typical schedule (days/hours); and

(e) Describe whether you were ever tasked with serving as a Night Commander, Acting Captain or Acting Commander.

**RESPONSE TO INTERROGATORY NO. 1:**

**(a)-(b)   District 7 – March/April 2019 to January 2021 and January 2022 to January 2024**

**(c)  Larry Kratzer**

- 3 -

**(d)  Monday through Thursday 7am to 5pm**

**(e)  Filled in for Captain when he was on vacation and on FLMA extended leave in March/April 2022**

<u>**INTERROGATORY NO. 2:**</u>

Separately identify each and every workweek during your employment with Defendant in which you claim entitlement to unpaid overtime compensation.  For each work week, please state:

(a) the number of hours worked each day of each workweek;

(b) the start and stopping times for each day;

(c) the start and stop time of any and all daily meal periods/breaks;

(d) the start and stop time of any and all daily rest periods/breaks;

<u>**RESPONSE TO INTERROGATORY NO. 2:**</u>  **Plaintiff objects to this request because it misapplies Plaintiff's burden.  Plaintiff is required to provide evidence to support his damages as a matter of just and reasonable inference.  He is not required to provide the specificity the request asks for and approximations can be appropriate. This is particularly true when, as here, Defendant has an obligation to keep accurate records regarding the amount of time its employee's work under the FLSA.  Plaintiff also objects because many records pertinent to this request are in Defendant's custody and control, as Defendant required Patrol Lieutenants to track their time worked. Plaintiff objects that the request is harassing because Defendant would have records demonstrating when Plaintiffs were scheduled to work.   Subject to and without waiving said objections, see Plaintiff Houck's computation of damages provided with his Second Supplemental Disclosure Statement for the basic formula for calculating damages; see also HALVERSON000001-116, 117-140.  Plaintiff will supplement this discovery as the case continues.**

**INTERROGATORY NO. 3:**

Identify and describe any employment (other than with Defendant) that you held from January 11, 2020 to the present. For each such employer, please provide:

(a) the employer's name, address, and phone number;

(b) your job title and description of the work/services performed

(c) supervisor name(s);

(d) the dates of your employment;

(e) the number of weekly hours worked; and

(f) the compensation you earned.

**RESPONSE TO INTERROGATORY NO. 3:  Plaintiff objects that the request is disproportionate to the need for discovery in this case, with extremely limited probative value in comparison to the highly prejudicial impact this kind of intrusiveness on other employers can have to Plaintiff.  Plaintiff also objects that the request is harassing and unduly invasive of his personal affairs, seeking detailed information about other employment that does not impact the claims in this case. Subject to and without waiving Plaintiff's objections, Plaintiff responds that he possibly worked for: Off Duty Management Inc., RVA Security & Consulting LLC, Mesa Madrid HOA, Town of Fountain Hills, Fountain Hills Chamber of Commerce, Fountain Hills Dark Sky Association, Fountain Hills High School, Fountain Hills Cultural Civic Association, AZ Police Traffic Services LLC, Law Enforcement Specialists Inc., All American Traffic Services LLC, Square Planet Media, Concours in the Hills-Lockton Companies.**

**INTERROGATORY NO. 4:**

Identify with specificity any and all off-duty assignments that you worked from January 11, 2020 through the present. For each such assignment worked identify the date(s), total hours worked, the organization, the name of the point of contact for the assignment, and a brief description of the services performed.

- 5 -

**request is harassing and unduly invasive of his personal affairs, seeking detailed information about other employment that does not impact the claims in this case. Plaintiff also objects that the term "off-duty assignments" is vague and ambiguous, as it is unclear what constitutes an off-duty assignment for purposes of the request. Subject to and without waiving Plaintiff's objections, Plaintiff refers to Response to No. 3.**

**INTERROGATORY NO. 5:**

State whether you have been a party to a civil lawsuit between January 1, 2015 and the present. If so, for each lawsuit, please provide the following information:

(a) How were you named in the lawsuit (e.g., plaintiff, defendant, intervenor, etc.)?

(b) A description of the claims and defenses.

(c) The case number, date, location, and title of the court in which the action was commenced.

(d) The names of all the parties other than yourself involved in the action.

**RESPONSE TO INTERROGATORY NO. 5:  Plaintiff objects to the request that it is overbroad in time frame, asking for information well beyond the relevant period in this case.  Plaintiff also objects that the information requested is disproportionate to the need for discovery in this case, with the likelihood of requesting prejudicial information that has no bearing on the claims in this case.  Subject to and without waiving said objections, Plaintiff responds that Plaintiff responds that he was named as one of several defendants in *Mcgough v. Penzone, et al.*, Case No. 2:18-cv-01302-JAT-DMF (D. Ariz).  The case involved claims of excessive force.  All claims against Plaintiff were dismissed by Order dated February 14, 2019.**

**INTERROGATORY NO. 6:**

In the event your answer to any of Defendant's Requests For Admission are anything other than an unqualified admission, please set forth the reason why, the details supporting your denial, and produce all evidence supporting your stance.

**RESPONSE TO INTERROGATORY NO. 6: Plaintiff objects that the request is improperly compound. Plaintiff also objects to the extent that it calls for information protected by the attorney client privilege and work product doctrine. Subject to and without waiving said objections, Plaintiff responds as follows:**

**Plaintiff admits Request for Admission Number 3 only in part. While he was required to track his hours, the County only used the tracking to ensure that Patrol Lieutenants like Plaintiff worked 80 hours in a pay period because they are classified as exempt; the County was not as concerned about Patrol Lieutenants tracking hours worked over 80 hours per pay period because they were not going to pay them overtime anyway. While Plaintiff did have a routine practice of tracking his hours in accordance with County policy, there are times when Plaintiff actually worked more hours than he reported.**

**Plaintiff denies Request for Admission Number 4. While he recorded some of his hours that he worked, there are hours that he worked that he did not include when he submitted his hours. As a Patrol Lieutenant improperly classified as exempt by the County, many Patrol Lieutenants like Plaintiff did not think it was necessary to record all the hours they worked, because ultimately, they were paid the same amount of wages regardless of the time they input. Furthermore, their Captains only checked their time to make sure they had accounted for at least eighty hours, so the precise amount they included did not matter to their immediate supervisors.**

**Plaintiff denies Request for Admission Number 5. While Plaintiff did record much of his time such that it appears on this pay stubs, Plaintiff worked additional hours that were not recorded. Plaintiff will testify regarding the number of hours he worked during a typical week, which is proper in an FLSA case like this.**

- 7 -

1    DATED:  April 5, 2024.

2                                            **FRANKEL SYVERSON PLLC**

3                                            By   *s/Ty D. Frankel*
                                             Ty D. Frankel
4                                            2375 E. Camelback Road, Suite 600
                                             Phoenix, Arizona 85016

5
                                             **FRANKEL SYVERSON PLLC**
6                                            Patricia N. Syverson
                                             9655 Granite Ridge Drive, Suite 200
7                                            San Diego, California 92123

8                                            *Attorneys for Plaintiff*

9

10

11

12

13

14

15                        **CERTIFICATE OF SERVICE**

16

17
          I hereby certify that on April 5, 2024, I served by U.S. Mail and email the foregoing
18
     document to the following counsel for Defendants:
19
     Shayna Balch Santiago, SBN 024852
20   Lori A. Guner, SBN 031646
     Jacob R. Valdez, SBN 035634
21   FISHER & PHILLIPS LLP
22   3200 N. Central Avenue, Suite 1550
     Phoenix, Arizona 85012-2487
23   Telephone: (602) 281-3400
24   Fax: (602) 281-3401
     ssantiago@fisherphillips.com
25   lguner@fisherphillips.com
26   jvaldez@fisherphillips.com

27        *s/David J. Streyle*
28   David J. Streyle

                                    - 8 -

**information about other employment that does not impact the claims in this case. Plaintiff also objects that the term "off-duty assignments" is vague and ambiguous, as it is unclear what constitutes an off-duty assignment for purposes of the request. Subject to and without waiving Plaintiff's objections, Plaintiff refers to Response to No. 3.**

**<u>INTERROGATORY NO. 5:</u>**

State whether you have been a party to a civil lawsuit between January 1, 2015 and the present. If so, for each lawsuit, please provide the following information:

(a) How were you named in the lawsuit (e.g., plaintiff, defendant, intervenor, etc.)?

(b) A description of the claims and defenses.

(c) The case number, date, location, and title of the court in which the action was commenced.

(d) The names of all the parties other than yourself involved in the action.

**<u>RESPONSE TO INTERROGATORY NO. 5:</u>  Plaintiff objects to the request that it is overbroad in time frame, asking for information well beyond the relevant period in this case.   Plaintiff also objects that the information requested is disproportionate to the need for discovery in this case, with the likelihood of requesting prejudicial information that has no bearing on the claims in this case.  Subject to and without waiving said objections, Plaintiff responds that there are none.**

**<u>INTERROGATORY NO. 6:</u>**

In the event your answer to any of Defendant's Requests For Admission are anything other than an unqualified admission, please set forth the reason why, the details supporting your denial, and produce all evidence supporting your stance.

**<u>RESPONSE TO INTERROGATORY NO. 6:</u>  Plaintiff objects that the request is improperly compound.   Plaintiff also objects to the extent that it calls for**

1    **information protected by the attorney client privilege and work product doctrine.**

2    **Subject to and without waiving said objections, Plaintiff responds as follows:**

3          **Plaintiff admits Request for Admission Number 3 only in part.  While he was**

4    **required to track his hours, the County only used the tracking to ensure that Patrol**

5    **Lieutenants like Plaintiff worked 80 hours in a pay period because they are classified**

6    **as exempt; the County was not as concerned about Patrol Lieutenants tracking hours**

7    **worked over 80 hours per pay period because they were not going to pay them**

8    **overtime anyway.  Plaintiff did have a routine practice of tracking his hours in**

9    **accordance with County policy.**

10

11        DATED:  April 5, 2024.

12                                     **FRANKEL SYVERSON PLLC**

13                                     By   *s/Ty D. Frankel*
                                       Ty D. Frankel

14                                     2375 E. Camelback Road, Suite 600
                                       Phoenix, Arizona 85016

15                                     **FRANKEL SYVERSON PLLC**

16                                     Patricia N. Syverson
                                       9655 Granite Ridge Drive, Suite 200

17                                     San Diego, California 92123

18                                     *Attorneys for Plaintiff*

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3        I hereby certify that on April 5, 2024, I served by U.S. Mail and email the foregoing

4    document to the following counsel for Defendant:

5

Shayna Balch Santiago, SBN 024852

6    Lori A. Guner, SBN 031646

Jacob R. Valdez, SBN 035634

7    FISHER & PHILLIPS LLP

3200 N. Central Avenue, Suite 1550

8    Phoenix, Arizona 85012-2487

9    Telephone: (602) 281-3400

Fax: (602) 281-3401

10   ssantiago@fisherphillips.com

11   lguner@fisherphillips.com

jvaldez@fisherphillips.com

12

13          *s/David J. Streyle*

David J. Streyle

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**OPT-IN PLAINTIFF RYAN NEVILLE'S RESPONSES TO DEFENDANT'S FIRST SET OF NON-UNIFORM INTERROGATORIES** |

Opt-In Plaintiff Ryan Neville ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Non-Uniform Interrogatories.

- 1 -

expressly reserves his right to seasonably supplement, correct, clarify or amend his Responses to the Requests if he later determines that additional information should be furnished in response to any such Request.

7.      Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

8.      Plaintiff's decision to provide documents and information notwithstanding the objections herein should not be construed as (a) an admission that any information or material is relevant, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence; (b) waiver of the General Objections or the objections asserted in response to a specific Request; or (c) an agreement that requests for similar documents and information will be treated in a similar manner.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For any periods of time that you contend you were employed as a Law Enforcement Lieutenant in Patrol Bureaus East or West between January 11, 2020 and the present, please:

(a) Identify the District you worked in;

(b) List the date(s) you worked in each District;

(c) Identify the Commander(s) you directly reported to;

(d) Describe your typical schedule (days/hours); and

(e) Describe whether you were ever tasked with serving as a Night Commander, Acting Captain or Acting Commander.

**RESPONSE TO INTERROGATORY NO. 1:**

**(a)  District 2**

**(b)  July 26, 2021 to April 2023**

**(c)  Joe Dietrich and Philip Hilliker**

- 3 -

**(d)  Nightshift: Wednesday to Saturday from 5pm to 3am; Dayshift: Monday to Thursday he would arrive between 5 and 7am and be there until 3pm.  He would also rotate weekend shifts.**

**(e)  he was a Night Watch Commander for approximately 11 months**

## INTERROGATORY NO. 2:

Separately identify each and every workweek during your employment with Defendant in which you claim entitlement to unpaid overtime compensation. For each work week, please state:

(a) the number of hours worked each day of each workweek;

(b) the start and stopping times for each day;

(c) the start and stop time of any and all daily meal periods/breaks;

(d) the start and stop time of any and all daily rest periods/breaks;

**RESPONSE TO INTERROGATORY NO. 2:  Plaintiff objects to this request because it misapplies Plaintiff's burden.  Plaintiff is required to provide evidence to support his damages as a matter of just and reasonable inference.  He is not required to provide the specificity the request asks for and approximations can be appropriate.  This is particularly true when, as here, Defendant has an obligation to keep accurate records regarding the amount of time its employee's work under the FLSA.  Plaintiff also objects because many records pertinent to this request are in Defendant's custody and control, as Defendant required Patrol Lieutenants to track their time worked.  Plaintiff objects that the request is harassing because Defendant would have records demonstrating when Plaintiffs were scheduled to work.   Subject to and without waiving said objections, see Plaintiff Houck's computation of damages provided with his Second Supplemental Disclosure Statement for the basic formula for calculating damages.  Plaintiff will supplement this discovery as the case continues.**

- 4 -

**INTERROGATORY NO. 3:**

Identify and describe any employment (other than with Defendant) that you held from January 11, 2020 to the present. For each such employer, please provide:

(a) the employer's name, address, and phone number;

(b) your job title and description of the work/services performed

(c) supervisor name(s);

(d) the dates of your employment;

(e) the number of weekly hours worked; and

(f) the compensation you earned.

**RESPONSE TO INTERROGATORY NO. 3:  Plaintiff objects that the request is disproportionate to the need for discovery in this case, with extremely limited probative value in comparison to the highly prejudicial impact this kind of intrusiveness on other employers can have to Plaintiff.  Plaintiff also objects that the request is harassing and unduly invasive of his personal affairs, seeking detailed information about other employment that does not impact the claims in this case. Subject to and without waiving Plaintiff's objections, Plaintiff responds that he worked for the following throughout the relevant period: Off Duty Management Inc., HOAs such as Dreaming Summit HOA and Tres Rios HOA, and Countrywide Security.**

**INTERROGATORY NO. 4:**

Identify with specificity any and all off-duty assignments that you worked from January 11, 2020 through the present. For each such assignment worked identify the date(s), total hours worked, the organization, the name of the point of contact for the assignment, and a brief description of the services performed.

**RESPONSE TO INTERROGATORY NO. 4:  Plaintiff objects that the request is disproportionate to the need for discovery in this case, with extremely limited probative value in comparison to the highly prejudicial impact this kind of**

- 5 -

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated, | Case No. 2:23-cv-00068-DGC |
| Plaintiff, | **OPT-IN PLAINTIFF ANDREW RANKIN'S RESPONSES TO DEFENDANT'S FIRST SET OF NON-UNIFORM INTERROGATORIES** |
| v. | |
| Maricopa County, | |
| Defendant. | |

Opt-In Plaintiff Andrew Rankin ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Non-Uniform Interrogatories.

- 1 -

expressly reserves his right to seasonably supplement, correct, clarify or amend his Responses to the Requests if he later determines that additional information should be furnished in response to any such Request.

7.      Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

8.      Plaintiff's decision to provide documents and information notwithstanding the objections herein should not be construed as (a) an admission that any information or material is relevant, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence; (b) waiver of the General Objections or the objections asserted in response to a specific Request; or (c) an agreement that requests for similar documents and information will be treated in a similar manner.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1:**

For any periods of time that you contend you were employed as a Law Enforcement Lieutenant in Patrol Bureaus East or West between January 11, 2020 and the present, please:

(a) Identify the District you worked in;

(b) List the date(s) you worked in each District;

(c) Identify the Commander(s) you directly reported to;

(d) Describe your typical schedule (days/hours); and

(e) Describe whether you were ever tasked with serving as a Night Commander, Acting Captain or Acting Commander.

## **RESPONSE TO INTERROGATORY NO. 1:**

**(a)  District 3**

**(b)  April 4, 2022 to present**

**(c)  Brian Stutsman**

**(d)  Nightshift was Sunday – Wednesday from 5pm to 3am; Dayshift was Monday-Thursday from 8am to 6 pm**

**(e)  Filled in as an Acting Captain on a few occasions, including in January/February 2024**

**INTERROGATORY NO. 2:**

Separately identify each and every workweek during your employment with Defendant in which you claim entitlement to unpaid overtime compensation. For each work week, please state:

(a) the number of hours worked each day of each workweek;

(b) the start and stopping times for each day;

(c) the start and stop time of any and all daily meal periods/breaks;

(d) the start and stop time of any and all daily rest periods/breaks;

**RESPONSE TO INTERROGATORY NO. 2:  Plaintiff objects to this request because it misapplies Plaintiff's burden.  Plaintiff is required to provide evidence to support his damages as a matter of just and reasonable inference.  He is not required to provide the specificity the request asks for and approximations can be appropriate. This is particularly true when, as here, Defendant has an obligation to keep accurate records regarding the amount of time its employee's work under the FLSA.  Plaintiff also objects because many records pertinent to this request are in Defendant's custody and control, as Defendant required Patrol Lieutenants to track their time worked. Plaintiff objects that the request is harassing because Defendant would have records demonstrating when Plaintiffs were scheduled to work.   Subject to and without waiving said objections, *see* Plaintiff Houck's computation of damages provided with his Second Supplemental Disclosure Statement for the basic formula for calculating damages.  Plaintiff will supplement this discovery as the case continues.**

1  **INTERROGATORY NO. 3:**

2      Identify and describe any employment (other than with Defendant) that you held

3  from January 11, 2020 to the present. For each such employer, please provide:

4      (a) the employer's name, address, and phone number;

5      (b) your job title and description of the work/services performed

6      (c) supervisor name(s);

7      (d) the dates of your employment;

8      (e) the number of weekly hours worked; and

9      (f) the compensation you earned.

10      **RESPONSE TO INTERROGATORY NO. 3:  Plaintiff objects that the request**

11  **is disproportionate to the need for discovery in this case, with extremely limited**

12  **probative value in comparison to the highly prejudicial impact this kind of**

13  **intrusiveness on other employers can have to Plaintiff.  Plaintiff also objects that the**

14  **request is harassing and unduly invasive of his personal affairs, seeking detailed**

15  **information about other employment that does not impact the claims in this case.**

16  **Subject to and without waiving Plaintiff's objections, Plaintiff responds that he**

17  **worked for Off Duty Management Inc., RVA Security once in January 2024.**

18

19  **INTERROGATORY NO. 4:**

20      Identify with specificity any and all off-duty assignments that you worked from

21  January 11, 2020 through the present. For each such assignment worked identify the date(s),

22  total hours worked, the organization, the name of the point of contact for the assignment,

23  and a brief description of the services performed.

24      **RESPONSE TO INTERROGATORY NO. 4:  Plaintiff objects that the request**

25  **is disproportionate to the need for discovery in this case, with extremely limited**

26  **probative value in comparison to the highly prejudicial impact this kind of**

27  **intrusiveness on other employers can have to Plaintiff.  Plaintiff also objects that the**

28  **request is harassing and unduly invasive of his personal affairs, seeking detailed**

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated, | Case No. 2:23-cv-00068-DGC |
| Plaintiff, | **OPT-IN PLAINTIFF DONALD ROSENBERGER'S RESPONSES TO DEFENDANT'S FIRST SET OF NON-UNIFORM INTERROGATORIES** |
| v. | |
| Maricopa County, | |
| Defendant. | |

Opt-In Plaintiff Donald Rosenberger ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Non-Uniform Interrogatories.

- 1 -

expressly reserves his right to seasonably supplement, correct, clarify or amend his Responses to the Requests if he later determines that additional information should be furnished in response to any such Request.

7.      Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

8.      Plaintiff's decision to provide documents and information notwithstanding the objections herein should not be construed as (a) an admission that any information or material is relevant, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence; (b) waiver of the General Objections or the objections asserted in response to a specific Request; or (c) an agreement that requests for similar documents and information will be treated in a similar manner.

## INTERROGATORIES

### INTERROGATORY NO. 1:

For any periods of time that you contend you were employed as a Law Enforcement Lieutenant in Patrol Bureaus East or West between January 11, 2020 and the present, please:

(a) Identify the District you worked in;

(b) List the date(s) you worked in each District;

(c) Identify the Commander(s) you directly reported to;

(d) Describe your typical schedule (days/hours); and

(e) Describe whether you were ever tasked with serving as a Night Commander, Acting Captain or Acting Commander.

**RESPONSE TO INTERROGATORY NO. 1:**

**(a)-(b)  District 1 from January 2020 to January 2021; District 6 – January 2021 to January 10, 2022; Lake Patrol Division from January 2022 to present**

**(c)  Dave Letourneau, George Pepe, Greg Lugo, Fred Aldorasi, David Lee**

- 3 -

1    **(d)  Sunday to Wednesday from 7am to 5pm in all three locations**

2    **(e)  He occasionally filled in as Acting Captain when others were on vacation**

3    **or leave**

4

5    <u>**INTERROGATORY NO. 2:**</u>

6    Separately identify each and every workweek during your employment with

7    Defendant in which you claim entitlement to unpaid overtime compensation. For each work

8    week, please state:

9    (a) the number of hours worked each day of each workweek;

10   (b) the start and stopping times for each day;

11   (c) the start and stop time of any and all daily meal periods/breaks;

12   (d) the start and stop time of any and all daily rest periods/breaks;

13   <u>**RESPONSE TO INTERROGATORY NO. 2:**</u>  **Plaintiff objects to this request**

14   **because it misapplies Plaintiff's burden.  Plaintiff is required to provide evidence to**

15   **support his damages as a matter of just and reasonable inference.  He is not required**

16   **to provide the specificity the request asks for and approximations can be appropriate.**

17   **This is particularly true when, as here, Defendant has an obligation to keep accurate**

18   **records regarding the amount of time its employee's work under the FLSA.  Plaintiff**

19   **also objects because many records pertinent to this request are in Defendant's custody**

20   **and control, as Defendant required Patrol Lieutenants to track their time worked.**

21   **Plaintiff objects that the request is harassing because Defendant would have records**

22   **demonstrating when Plaintiffs were scheduled to work.   Subject to and without**

23   **waiving said objections, *see* Plaintiff Houck's computation of damages provided with**

24   **his Second Supplemental Disclosure Statement for the basic formula for calculating**

25   **damages; see also ROSEN000001-16.  Plaintiff will supplement this discovery as the**

26   **case continues.**

27

28

**INTERROGATORY NO. 3:**

Identify and describe any employment (other than with Defendant) that you held from January 11, 2020 to the present. For each such employer, please provide:

(a) the employer's name, address, and phone number;

(b) your job title and description of the work/services performed

(c) supervisor name(s);

(d) the dates of your employment;

(e) the number of weekly hours worked; and

(f) the compensation you earned.

**RESPONSE TO INTERROGATORY NO. 3:  Plaintiff objects that the request is disproportionate to the need for discovery in this case, with extremely limited probative value in comparison to the highly prejudicial impact this kind of intrusiveness on other employers can have to Plaintiff.  Plaintiff also objects that the request is harassing and unduly invasive of his personal affairs, seeking detailed information about other employment that does not impact the claims in this case. Subject to and without waiving Plaintiff's objections, Plaintiff responds that he worked for Off Duty Services, Emerald Security, Nesbitt Construction, Adesa Auctions, Tempe PD, Law Enforcement Specialists, All American Traffic Services LLC, Strickland Security, Shumway Security, Arizona Police Traffic Services, RVA Security, Pro Force, Arizona Off Duty Specialists, M & G Brothers LLC, Superior Law Enforcement, Combs Construction, Perimeter Bicycling Association, Legacy Gallery, Chase Bank, Professional Police Services, Brooksee LLC, Blue Enforcement Services.**

**INTERROGATORY NO. 4:**

Identify with specificity any and all off-duty assignments that you worked from January 11, 2020 through the present. For each such assignment worked identify the date(s),

# Frankel Syverson PLLC

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated, | Case No. 2:23-cv-00068-DGC |
| Plaintiff, | **OPT-IN PLAINTIFF JASON THOMAS'S RESPONSES TO DEFENDANT'S FIRST SET OF NON-UNIFORM INTERROGATORIES** |
| v. | |
| Maricopa County, | |
| Defendant. | |

Opt-In Plaintiff Jason Thomas ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Non-Uniform Interrogatories.

- 1 -

expressly reserves his right to seasonably supplement, correct, clarify or amend his Responses to the Requests if he later determines that additional information should be furnished in response to any such Request.

7. Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

8. Plaintiff's decision to provide documents and information notwithstanding the objections herein should not be construed as (a) an admission that any information or material is relevant, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence; (b) waiver of the General Objections or the objections asserted in response to a specific Request; or (c) an agreement that requests for similar documents and information will be treated in a similar manner.

## INTERROGATORIES

### INTERROGATORY NO. 1:

For any periods of time that you contend you were employed as a Law Enforcement Lieutenant in Patrol Bureaus East or West between January 11, 2020 and the present, please:

(a) Identify the District you worked in;

(b) List the date(s) you worked in each District;

(c) Identify the Commander(s) you directly reported to;

(d) Describe your typical schedule (days/hours); and

(e) Describe whether you were ever tasked with serving as a Night Commander, Acting Captain or Acting Commander.

### RESPONSE TO INTERROGATORY NO. 1:

**(a)  District 1**

**(b)  April 4, 2022 to the present**

**(c)  Warren (Cory) Morrison, John Bailey, and Ryan McBride**

**(d)  Sunday through Wednesday 7am to 5pm**

**(e)  From April 4, 2022 to April 17, 2022, assigned as a Night Commander; filled in as Night Commander about 5 times over the last 18 months.  In 2023, he was the acting Captain for John Bailey on two separate occasions for about 30 days.**

## INTERROGATORY NO. 2:

Separately identify each and every workweek during your employment with Defendant in which you claim entitlement to unpaid overtime compensation. For each work week, please state:

(a) the number of hours worked each day of each workweek;

(b) the start and stopping times for each day;

(c) the start and stop time of any and all daily meal periods/breaks;

(d) the start and stop time of any and all daily rest periods/breaks;

**RESPONSE TO INTERROGATORY NO. 2:  Plaintiff objects to this request because it misapplies Plaintiff's burden.  Plaintiff is required to provide evidence to support his damages as a matter of just and reasonable inference.  He is not required to provide the specificity the request asks for and approximations can be appropriate. This is particularly true when, as here, Defendant has an obligation to keep accurate records regarding the amount of time its employee's work under the FLSA.  Plaintiff also objects because many records pertinent to this request are in Defendant's custody and control, as Defendant required Patrol Lieutenants to track their time worked. Plaintiff objects that the request is harassing because Defendant would have records demonstrating when Plaintiffs were scheduled to work.   Subject to and without waiving said objections, *see* Plaintiff Houck's computation of damages provided with his Second Supplemental Disclosure Statement for the basic formula for calculating damages; see also THOMAS000001-54.  Plaintiff will supplement this discovery as the case continues.**

**INTERROGATORY NO. 3:**

Identify and describe any employment (other than with Defendant) that you held from January 11, 2020 to the present. For each such employer, please provide:

(a) the employer's name, address, and phone number;

(b) your job title and description of the work/services performed

(c) supervisor name(s);

(d) the dates of your employment;

(e) the number of weekly hours worked; and

(f) the compensation you earned.

**RESPONSE TO INTERROGATORY NO. 3:  Plaintiff objects that the request is disproportionate to the need for discovery in this case, with extremely limited probative value in comparison to the highly prejudicial impact this kind of intrusiveness on other employers can have to Plaintiff.  Plaintiff also objects that the request is harassing and unduly invasive of his personal affairs, seeking detailed information about other employment that does not impact the claims in this case. Subject to and without waiving Plaintiff's objections, Plaintiff responds that he worked for Off Duty Management, Inc., RVA Security during the relevant time period, in particular three shifts on October 29, 2023 (9.75 hours), October 31, 2023 (3 hours), and November 2, 2023 (3 hours).  His point of contact was Rudy Acosta and the work involved escorting vehicles.**

**INTERROGATORY NO. 4:**

Identify with specificity any and all off-duty assignments that you worked from January 11, 2020 through the present. For each such assignment worked identify the date(s), total hours worked, the organization, the name of the point of contact for the assignment, and a brief description of the services performed.

**RESPONSE TO INTERROGATORY NO. 4:  Plaintiff objects that the request is disproportionate to the need for discovery in this case, with extremely limited**

- 5 -

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**OPT-IN PLAINTIFF JERRY VANCE'S RESPONSES TO DEFENDANT'S FIRST SET OF NON-UNIFORM INTERROGATORIES** |

Opt-In Plaintiff Jerry Vance ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Non-Uniform Interrogatories.

expressly reserves his right to seasonably supplement, correct, clarify or amend his Responses to the Requests if he later determines that additional information should be furnished in response to any such Request.

7.     Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

8.     Plaintiff's decision to provide documents and information notwithstanding the objections herein should not be construed as (a) an admission that any information or material is relevant, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence; (b) waiver of the General Objections or the objections asserted in response to a specific Request; or (c) an agreement that requests for similar documents and information will be treated in a similar manner.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

For any periods of time that you contend you were employed as a Law Enforcement Lieutenant in Patrol Bureaus East or West between January 11, 2020 and the present, please:

(a) Identify the District you worked in;

(b) List the date(s) you worked in each District;

(c) Identify the Commander(s) you directly reported to;

(d) Describe your typical schedule (days/hours); and

(e) Describe whether you were ever tasked with serving as a Night Commander, Acting Captain or Acting Commander.

**RESPONSE TO INTERROGATORY NO. 1:**

**(a)-(b)  District 1 from approximately January 2021 to July 2021; Lake Patrol Division from approximately July 2021 to September 2023**

**(c)  Cory Morrison, David Lee**

- 3 -

**(d)  District 1: Nightshift was Wednesday to Saturday from 5pm – 3am and Dayshift was Wednesday to Saturday from 7am to 3pm; Lake Patrol: Westside Command Wednesday to Saturday from 9am – 7pm and when transitioned to Administrative Lieutenant was Monday, Tuesday, Thursday and Friday from 9am to 7pm**

**(e)  Plaintiff was not tasked with serving as an Acting Captain during the relevant period.  He did work as a "Watch Commander" from January to March, 2021 and then filled in for other Watch Commanders during their time in April and May 2021.  He worked 9 night shifts as the "Watch Commander" (in addition to his other regularly assigned duties) in October and December 2022.**

**INTERROGATORY NO. 2:**

Separately identify each and every workweek during your employment with Defendant in which you claim entitlement to unpaid overtime compensation. For each work week, please state:

(a) the number of hours worked each day of each workweek;

(b) the start and stopping times for each day;

(c) the start and stop time of any and all daily meal periods/breaks;

(d) the start and stop time of any and all daily rest periods/breaks;

**RESPONSE TO INTERROGATORY NO. 2:  Plaintiff objects to this request because it misapplies Plaintiff's burden.  Plaintiff is required to provide evidence to support his damages as a matter of just and reasonable inference.  He is not required to provide the specificity the request asks for and approximations can be appropriate.  This is particularly true when, as here, Defendant has an obligation to keep accurate records regarding the amount of time its employee's work under the FLSA.  Plaintiff also objects because many records pertinent to this request are in Defendant's custody and control, as Defendant required Patrol Lieutenants to track their time worked.**

- 4 -

1   **Plaintiff objects that the request is harassing because Defendant would have records**

2   **demonstrating when Plaintiffs were scheduled to work.   Subject to and without**

3   **waiving said objections, see Plaintiff Houck's computation of damages provided with**

4   **his Second Supplemental Disclosure Statement for the basic formula for calculating**

5   **damages; see also VANCE000001-10.  Plaintiff will supplement this discovery as the**

6   **case continues.**

7

8   **INTERROGATORY NO. 3:**

9   Identify and describe any employment (other than with Defendant) that you held

10   from January 11, 2020 to the present. For each such employer, please provide:

11   (a) the employer's name, address, and phone number;

12   (b) your job title and description of the work/services performed

13   (c) supervisor name(s);

14   (d) the dates of your employment;

15   (e) the number of weekly hours worked; and

16   (f) the compensation you earned.

17   **RESPONSE TO INTERROGATORY NO. 3:  Plaintiff objects that the request**

18   **is disproportionate to the need for discovery in this case, with extremely limited**

19   **probative value in comparison to the highly prejudicial impact this kind of**

20   **intrusiveness on other employers can have to Plaintiff.  Plaintiff also objects that the**

21   **request is harassing and unduly invasive of his personal affairs, seeking detailed**

22   **information about other employment that does not impact the claims in this case.**

23   **Subject to and without waiving Plaintiff's objections, Plaintiff responds that he**

24   **worked for Realty Exchange, Sunnyhill Realty, and Fulton Grace Realty.**

25

26   **INTERROGATORY NO. 4:**

27   Identify with specificity any and all off-duty assignments that you worked from

28   January 11, 2020 through the present. For each such assignment worked identify the date(s),

- 5 -

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**PLAINTIFF HOUCK'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION** |

Plaintiff Houck ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Requests for Admission.

- 1 -

6.      Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that as a Sworn Law Enforcement Lieutenant, you are required to be truthful.

Admit:  __X____  Deny: _____

**REQUEST NO. 2:**

Admit that the job description at **Exhibit A** (Bates Nos. MCC 000010-000014) titled "Law Enforcement Lieutenant" applies to you in your role as a Maricopa County Sheriff's Office Law Enforcement Lieutenant.

Admit:  ___X____  Deny: _____

**REQUEST NO. 3:**

Admit that you were responsible for accurately recording and submitting to Defendant your work hours for each day of your employment with Defendant.

Admit:  _X, in part_  Deny: _____

**RESPONSE TO REQUEST NO. 3:**    **Plaintiff admits only that Patrol Lieutenants are required to track their time, but Plaintiff denies that he was required to track the precise number of hours he worked because he was an exempt employee and the County only wanted to ensure that he recorded at least 40 hours to earn his compensation.**

**REQUEST NO. 4:**

Admit that you recorded and submitted to Defendant all of your hours worked for each day of your employment with Defendant.

Admit: _____      Deny: __X__

**REQUEST NO. 5:**

Admit that your claim of entitlement to pay for overtime allegedly worked is premised on the hours recorded on your pay stubs under either the heading "Reg No Pay" or "Regular No Pay."

Admit: _____      Deny: __X__

**REQUEST NO. 6:**

Admit that **Exhibit B** (Bates No. 000093) is a true and accurate copy of the "FAIR LABOR STANDARDS ACT (FLSA) EMPLOYEE ACKNOWLEDGEMENT FORM" that you received and signed on March 30, 2022.

Admit: __X__      Deny: _____

**REQUEST NO. 7:**

Admit that as part of your receipt and acknowledgement of the document at Exhibit B, you acknowledged that Maricopa County's "Hours Worked for Exempt Employees Policy" applied to you as a Law Enforcement Lieutenant.

Admit: __X__      Deny: _____

**REQUEST NO. 8:**

Admit that **Exhibit C** (Bates Nos. MCC 000620-000622) is a true and accurate copy of the "Hours Worked for Exempt Employees Policy".

Admit: __X__      Deny: _____

- 4 -

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated, | Case No. 2:23-cv-00068-DGC |
| Plaintiff, | **OPT-IN PLAINTIFF TODD BRICE'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Maricopa County, | |
| Defendant. | |

Opt-In Plaintiff Todd Brice ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Requests for Admission.

- 1 -

6.      Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that as a Sworn Law Enforcement Lieutenant, you are required to be truthful.

Admit: __X__      Deny: _____

**REQUEST NO. 2:**

Admit that the job description at **Exhibit A** (Bates Nos. MCC 000010-000014) titled "Law Enforcement Lieutenant" applies to you in your role as a Maricopa County Sheriff's Office Law Enforcement Lieutenant.

Admit: __X__      Deny: _____

**REQUEST NO. 3:**

Admit that you were responsible for accurately recording and submitting to Defendant your work hours for each day of your employment with Defendant.

Admit: __X, in part__      Deny: _____

**RESPONSE TO REQUEST NO. 3:  Plaintiff admits that Patrol Lieutenants' time is automatically input into the time system based on their assigned work schedules and Plaintiff is able to adjust it as necessary (including noting vacation and paid sick time), but Plaintiff denies that he was required to track the precise number of hours he worked (*e.g.*, punch a time clock) because he was an exempt employee and the County only wanted to ensure that he recorded at least 80 hours per pay period to earn his compensation.**

1   **REQUEST NO. 4:**

2        Admit that you recorded and submitted to Defendant all of your hours worked for

3   each day of your employment with Defendant.

4              Admit: _____    Deny: __X__

5

6   **REQUEST NO. 5:**

7        Admit that your claim of entitlement to pay for overtime allegedly worked is

8   premised on the hours recorded on your pay stubs under either the heading "Reg No Pay"

9   or "Regular No Pay."

10             Admit: _____    Deny: __X__

11

12        DATED:  April 5, 2024.

13                                        **FRANKEL SYVERSON PLLC**

14                                        By   *s/Ty D. Frankel*
                                          Ty D. Frankel
15                                        2375 E. Camelback Road, Suite 600
                                          Phoenix, Arizona 85016

16                                        **FRANKEL SYVERSON PLLC**
17                                        Patricia N. Syverson
                                          9655 Granite Ridge Drive, Suite 200
18                                        San Diego, California 92123

19                                        *Attorneys for Plaintiff*

20

21

22

23

24

25

26

27

28

- 4 -

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated, | Case No. 2:23-cv-00068-DGC |
| Plaintiff, | **OPT-IN PLAINTIFF BENJAMIN FREEMAN'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Maricopa County, | |
| Defendant. | |

Opt-In Plaintiff Benjamin Freeman ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Requests for Admission.

- 1 -

6.      Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that as a Sworn Law Enforcement Lieutenant, you are required to be truthful.

Admit: ___X___      Deny: _____

**REQUEST NO. 2:**

Admit that the job description at **Exhibit A** (Bates Nos. MCC 000010-000014) titled "Law Enforcement Lieutenant" applies to you in your role as a Maricopa County Sheriff's Office Law Enforcement Lieutenant.

Admit: ___X___      Deny: _____

**REQUEST NO. 3:**

Admit that you were responsible for accurately recording and submitting to Defendant your work hours for each day of your employment with Defendant.

Admit: __X, in part___      Deny: _____

**RESPONSE TO REQUEST NO. 3:   Plaintiff admits only that Patrol Lieutenants are required to track their time, but Plaintiff denies that he was required to track the precise number of hours he worked because he was an exempt employee and the County only wanted to ensure that he recorded at least 40 hours per pay period to earn his compensation.**

**REQUEST NO. 4:**

Admit that you recorded and submitted to Defendant all of your hours worked for each day of your employment with Defendant.

Admit: _____     Deny: __X__

**REQUEST NO. 5:**

Admit that your claim of entitlement to pay for overtime allegedly worked is premised on the hours recorded on your pay stubs under either the heading "Reg No Pay" or "Regular No Pay."

Admit: _____     Deny: __X__

DATED:  April 5, 2024.

**FRANKEL SYVERSON PLLC**

By __*s/Ty D. Frankel*_____
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*

- 4 -

1

2

# Frankel Syverson pllc

3

FRANKEL SYVERSON PLLC

4   2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

5   602-598-4000
Ty D. Frankel (027179)

6   ty@frankelsyverson.com

7   9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

8   602-598-4000
Patricia N. Syverson (020191)

9   patti@frankelsyverson.com

10   *Attorneys for Plaintiff*

11                    **UNITED STATES DISTRICT COURT**

12                         **DISTRICT OF ARIZONA**

13

14   Christopher J. Houck, on behalf of himself       Case No. 2:23-cv-00068-DGC
     and all those similarly situated,

15
                          Plaintiff,
16                                                     **OPT-IN PLAINTIFF JONATHAN**
                                                       **HALVERSON'S RESPONSES TO**
17            v.                                       **DEFENDANT'S FIRST SET OF**
                                                       **REQUESTS FOR ADMISSION**
18   Maricopa County,

19                          Defendant.

20

21

22          Opt-In Plaintiff Jonathan Halverson ("Plaintiff"), by and through his counsel

23   undersigned and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local

24   Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's

25   First Set of Requests for Admission.

26

27

28
                                          - 1 -

6.     Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

## **REQUESTS FOR ADMISSION**

**REQUEST NO. 1:**

Admit that as a Sworn Law Enforcement Lieutenant, you are required to be truthful.

Admit: __X____     Deny: _____

**REQUEST NO. 2:**

Admit that the job description at **Exhibit A** (Bates Nos. MCC 000010-000014) titled "Law Enforcement Lieutenant" applies to you in your role as a Maricopa County Sheriff's Office Law Enforcement Lieutenant.

Admit: ___X____     Deny: _____

**REQUEST NO. 3:**

Admit that you were responsible for accurately recording and submitting to Defendant your work hours for each day of your employment with Defendant.

Admit: __X, in part____     Deny: _____

**RESPONSE TO REQUEST NO. 3:**  **Plaintiff admits only that Patrol Lieutenants are required to track their time, but Plaintiff denies that he was required to track the precise number of hours he worked because he was an exempt employee and the County only wanted to ensure that he recorded at least 80 hours in a pay period to earn his compensation.**

1    **REQUEST NO. 4:**

2        Admit that you recorded and submitted to Defendant all of your hours worked for

3    each day of your employment with Defendant.

4            Admit: _____    Deny: __X__

5

6    **REQUEST NO. 5:**

7        Admit that your claim of entitlement to pay for overtime allegedly worked is

8    premised on the hours recorded on your pay stubs under either the heading "Reg No Pay"

9    or "Regular No Pay."

10           Admit: _____    Deny: __X__

11

12       DATED:  April 5, 2024.

13                                              **FRANKEL SYVERSON PLLC**

14                                              By __*s/Ty D. Frankel*_____
                                                Ty D. Frankel
15                                              2375 E. Camelback Road, Suite 600
                                                Phoenix, Arizona 85016

16                                              **FRANKEL SYVERSON PLLC**
17                                              Patricia N. Syverson
                                                9655 Granite Ridge Drive, Suite 200
18                                              San Diego, California 92123

19                                              *Attorneys for Plaintiff*

20

21

22

23

24

25

26

27

28

- 4 -

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>        Plaintiff,<br><br>      v.<br><br>Maricopa County,<br><br>        Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**OPT-IN PLAINTIFF ALDEN JACKSON'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION** |

Opt-In Plaintiff Alden Jackson ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Requests for Admission.

- 1 -

6.      Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that as a Sworn Law Enforcement Lieutenant, you are required to be truthful.

Admit: __X____      Deny: _____

**REQUEST NO. 2:**

Admit that the job description at **Exhibit A** (Bates Nos. MCC 000010-000014) titled "Law Enforcement Lieutenant" applies to you in your role as a Maricopa County Sheriff's Office Law Enforcement Lieutenant.

Admit: ___X____      Deny: _____

**REQUEST NO. 3:**

Admit that you were responsible for accurately recording and submitting to Defendant your work hours for each day of your employment with Defendant.

Admit: __X, in part____      Deny: _____

**RESPONSE TO REQUEST NO. 3:   Plaintiff admits only that Patrol Lieutenants are required to track their time, but Plaintiff denies that he was required to track the precise number of hours he worked because he was an exempt employee and the County only wanted to ensure that he recorded at least 80 hours per pay period to earn his compensation.**

**REQUEST NO. 4:**

Admit that you recorded and submitted to Defendant all of your hours worked for each day of your employment with Defendant.

Admit: _____     Deny: __X__

**REQUEST NO. 5:**

Admit that your claim of entitlement to pay for overtime allegedly worked is premised on the hours recorded on your pay stubs under either the heading "Reg No Pay" or "Regular No Pay."

Admit: _____     Deny: __X__

**REQUEST NO. 6:**

Admit that you were promoted to Lieutenant on November 28, 2022.

Admit: __X__     Deny: _____

DATED:  April 5, 2024.

**FRANKEL SYVERSON PLLC**

By ___*s/Ty D. Frankel*___
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*

- 4 -

1

2

3

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated, | Case No. 2:23-cv-00068-DGC |
| Plaintiff, | **OPT-IN PLAINTIFF DAVID SCOTT KELLER'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Maricopa County, | |
| Defendant. | |

Opt-In Plaintiff David Scott Keller ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Requests for Admission.

- 1 -

6.      Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that as a Sworn Law Enforcement Lieutenant, you are required to be truthful.

Admit:  __X__     Deny: _____

**REQUEST NO. 2:**

Admit that the job description at **Exhibit A** (Bates Nos. MCC 000010-000014) titled "Law Enforcement Lieutenant" applies to you in your role as a Maricopa County Sheriff's Office Law Enforcement Lieutenant.

Admit:  ___X___     Deny: _____

**REQUEST NO. 3:**

Admit that you were responsible for accurately recording and submitting to Defendant your work hours for each day of your employment with Defendant.

Admit:  __X, in part___     Deny: _____

**RESPONSE TO REQUEST NO. 3:   Plaintiff admits only that Patrol Lieutenants are required to track their time, but Plaintiff denies that he was required to track the precise number of hours he worked because he was an exempt employee and the County only wanted to ensure that he recorded at least 80 hours per pay period to earn his compensation.**

- 3 -

**REQUEST NO. 4:**

Admit that you recorded and submitted to Defendant all of your hours worked for each day of your employment with Defendant.

Admit: __X__     Deny: ____

**REQUEST NO. 5:**

Admit that your claim of entitlement to pay for overtime allegedly worked is premised on the hours recorded on your pay stubs under either the heading "Reg No Pay" or "Regular No Pay."

Admit: __X__     Deny: ____

**REQUEST NO. 6:**

Admit that you were promoted to Lieutenant on October 19, 2020.

Admit: __X__     Deny: _____

DATED:  April 5, 2024.

**FRANKEL SYVERSON PLLC**

By ___*s/Ty D. Frankel*___
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*

- 4 -

1
2
3

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>Maricopa County,<br><br>        Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**OPT-IN PLAINTIFF RYAN NEVILLE'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION** |

        Opt-In Plaintiff Ryan Neville ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Requests for Admission.

6.      Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

## **REQUESTS FOR ADMISSION**

**REQUEST NO. 1:**

Admit that as a Sworn Law Enforcement Lieutenant, you are required to be truthful.

Admit: __X____      Deny: _____

**REQUEST NO. 2:**

Admit that the job description at **Exhibit A** (Bates Nos. MCC 000010-000014) titled "Law Enforcement Lieutenant" applies to you in your role as a Maricopa County Sheriff's Office Law Enforcement Lieutenant.

Admit: ___X_____      Deny: _____

**REQUEST NO. 3:**

Admit that you were responsible for accurately recording and submitting to Defendant your work hours for each day of your employment with Defendant.

Admit: __X, in part____      Deny: _____

**RESPONSE TO REQUEST NO. 3:     Plaintiff admits only that Patrol Lieutenants are required to track their time, but Plaintiff denies that he was required to track the precise number of hours he worked because he was an exempt employee and the County only wanted to ensure that he recorded at least 80 hours per pay period to earn his compensation.**

**REQUEST NO. 4:**

Admit that you recorded and submitted to Defendant all of your hours worked for each day of your employment with Defendant.

Admit: _____   Deny: __X__

**REQUEST NO. 5:**

Admit that your claim of entitlement to pay for overtime allegedly worked is premised on the hours recorded on your pay stubs under either the heading "Reg No Pay" or "Regular No Pay."

Admit: _____   Deny: __X__

**REQUEST NO. 6:**

Admit that you were promoted to Lieutenant on July 26, 2021.

Admit: __X__   Deny: _____

DATED:  April 5, 2024.

**FRANKEL SYVERSON PLLC**

By ___*s/Ty D. Frankel*___
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*

- 4 -

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated, | Case No. 2:23-cv-00068-DGC |
| Plaintiff, | **OPT-IN PLAINTIFF ANDREW RANKIN'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| Maricopa County, | |
| Defendant. | |

    Opt-In Plaintiff Andrew Rankin ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Requests for Admission.

- 1 -

6.      Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that as a Sworn Law Enforcement Lieutenant, you are required to be truthful.

Admit:   X      Deny:

**REQUEST NO. 2:**

Admit that the job description at **Exhibit A** (Bates Nos. MCC 000010-000014) titled "Law Enforcement Lieutenant" applies to you in your role as a Maricopa County Sheriff's Office Law Enforcement Lieutenant.

Admit:   X      Deny:

**REQUEST NO. 3:**

Admit that you were responsible for accurately recording and submitting to Defendant your work hours for each day of your employment with Defendant.

Admit:   X, in part      Deny:

**RESPONSE TO REQUEST NO. 3:   Plaintiff admits only that Patrol Lieutenants are required to track their time, but Plaintiff denies that he was required to track the precise number of hours he worked because he was an exempt employee and the County only wanted to ensure that he recorded at least 80 hours per pay period to earn his compensation.**

**REQUEST NO. 4:**

Admit that you recorded and submitted to Defendant all of your hours worked for each day of your employment with Defendant.

Admit: _____     Deny: __X__

**REQUEST NO. 5:**

Admit that your claim of entitlement to pay for overtime allegedly worked is premised on the hours recorded on your pay stubs under either the heading "Reg No Pay" or "Regular No Pay."

Admit: _____     Deny: __X__

**REQUEST NO. 6:**

Admit that you were promoted to Lieutenant on April 4, 2022.

Admit: __X__     Deny: _____


DATED:  April 5, 2024.

**FRANKEL SYVERSON PLLC**

By ___*s/Ty D. Frankel*___
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*

- 4 -

1
2
3

**FRANKEL SYVERSON PLLC**
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>Maricopa County,<br><br>        Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**OPT-IN PLAINTIFF DONALD ROSENBERGER'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION** |

        Opt-In Plaintiff Donald Rosenberger ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Requests for Admission.

- 1 -

6.      Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that as a Sworn Law Enforcement Lieutenant, you are required to be truthful.

Admit: __X__      Deny: _____

**REQUEST NO. 2:**

Admit that the job description at **Exhibit A** (Bates Nos. MCC 000010-000014) titled "Law Enforcement Lieutenant" applies to you in your role as a Maricopa County Sheriff's Office Law Enforcement Lieutenant.

Admit: __X__      Deny: _____

**REQUEST NO. 3:**

Admit that you were responsible for accurately recording and submitting to Defendant your work hours for each day of your employment with Defendant.

Admit: __X__      Deny: _____

**REQUEST NO. 4:**

Admit that you recorded and submitted to Defendant all of your hours worked for each day of your employment with Defendant.

Admit: __X__      Deny: ____

**REQUEST NO. 5:**

Admit that your claim of entitlement to pay for overtime allegedly worked is premised on the hours recorded on your pay stubs under either the heading "Reg No Pay" or "Regular No Pay."

Admit: ___X___   Deny: ____


DATED:  April 5, 2024.

                                  **FRANKEL SYVERSON PLLC**

                                  By ___*s/Ty D. Frankel*___
                                  Ty D. Frankel
                                  2375 E. Camelback Road, Suite 600
                                  Phoenix, Arizona 85016

                                  **FRANKEL SYVERSON PLLC**
                                  Patricia N. Syverson
                                  9655 Granite Ridge Drive, Suite 200
                                  San Diego, California 92123

                                  *Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2024, I served by U.S. Mail and email the foregoing document to the following counsel for Defendants:

Shayna Balch Santiago, SBN 024852
Lori A. Guner, SBN 031646
Jacob R. Valdez, SBN 035634
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
ssantiago@fisherphillips.com
lguner@fisherphillips.com
jvaldez@fisherphillips.com


      ___*s/David J. Streyle*___
David J. Streyle

- 4 -

1
2
3

**FRANKEL SYVERSON PLLC**
2375 E. Camelback Road, Suite 600
4   Phoenix, Arizona 85016
602-598-4000
5   Ty D. Frankel (027179)
ty@frankelsyverson.com
6

7   9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
8   602-598-4000
Patricia N. Syverson (020191)
9   patti@frankelsyverson.com

10  *Attorneys for Plaintiff*

11              **UNITED STATES DISTRICT COURT**

12                     **DISTRICT OF ARIZONA**

13

14  Christopher J. Houck, on behalf of himself       Case No. 2:23-cv-00068-DGC
    and all those similarly situated,
15
16                          Plaintiff,               **OPT-IN PLAINTIFF JASON
                                                     THOMAS'S RESPONSES TO
17              v.                                   DEFENDANT'S FIRST SET OF
                                                     REQUESTS FOR ADMISSION**
18  Maricopa County,
19
                            Defendant.
20

21

22
        Opt-In Plaintiff Jason Thomas ("Plaintiff"), by and through his counsel undersigned
23
    and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of the
24
    U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of
25
    Requests for Admission.
26

27

28
                                    - 1 -

6.      Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that as a Sworn Law Enforcement Lieutenant, you are required to be truthful.

Admit: __X__      Deny: _____


**REQUEST NO. 2:**

Admit that the job description at **Exhibit A** (Bates Nos. MCC 000010-000014) titled "Law Enforcement Lieutenant" applies to you in your role as a Maricopa County Sheriff's Office Law Enforcement Lieutenant.

Admit: ___X___      Deny: _____


**REQUEST NO. 3:**

Admit that you were responsible for accurately recording and submitting to Defendant your work hours for each day of your employment with Defendant.

Admit: __X, in part___      Deny: _____

**RESPONSE TO REQUEST NO. 3:**   **Plaintiff admits only that Patrol Lieutenants are required to track their time, but Plaintiff denies that he was required to track the precise number of hours he worked because he was an exempt employee and the County only wanted to ensure that he recorded at least 40 hours per week to earn his compensation.**

**REQUEST NO. 4:**

Admit that you recorded and submitted to Defendant all of your hours worked for each day of your employment with Defendant.

Admit: _____     Deny: __X__

**REQUEST NO. 5:**

Admit that your claim of entitlement to pay for overtime allegedly worked is premised on the hours recorded on your pay stubs under either the heading "Reg No Pay" or "Regular No Pay."

Admit: _____     Deny: __X__

**REQUEST NO. 6:**

Admit that you were promoted to Lieutenant on April 4, 2022.

Admit: __X__     Deny: _____

DATED:  April 5, 2024.

**FRANKEL SYVERSON PLLC**

By ___*s/Ty D. Frankel*___
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*

- 4 -

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Maricopa County, <br><br> Defendant. | Case No. 2:23-cv-00068-DGC <br><br> **OPT-IN PLAINTIFF JERRY VANCE'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION** |

Opt-In Plaintiff Jerry Vance ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Requests for Admission.

6.      Plaintiff reserves all objections as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in, or trial of, this or any other action for any purpose whatsoever.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that as a Sworn Law Enforcement Lieutenant, you are required to be truthful.

Admit: __X__      Deny: _____

**REQUEST NO. 2:**

Admit that the job description at **Exhibit A** (Bates Nos. MCC 000010-000014) titled "Law Enforcement Lieutenant" applies to you in your role as a Maricopa County Sheriff's Office Law Enforcement Lieutenant.

Admit: __X__      Deny: _____

**REQUEST NO. 3:**

Admit that you were responsible for accurately recording and submitting to Defendant your work hours for each day of your employment with Defendant.

Admit: __X, in part__      Deny: _____

**RESPONSE TO REQUEST NO. 3:    Plaintiff admits only that Patrol Lieutenants are required to track their time, but Plaintiff denies that he was required to track the precise number of hours he worked because he was an exempt employee and the County only wanted to ensure that he recorded at least 80 hours per pay period to earn his compensation.**

**REQUEST NO. 4:**

Admit that you recorded and submitted to Defendant all of your hours worked for each day of your employment with Defendant.

Admit: __X__     Deny: ____

**REQUEST NO. 5:**

Admit that your claim of entitlement to pay for overtime allegedly worked is premised on the hours recorded on your pay stubs under either the heading "Reg No Pay" or "Regular No Pay."

Admit: __X__     Deny: ____

**REQUEST NO. 6:**

Admit that you were promoted to Lieutenant on January 11, 2021.

Admit: __X__     Deny: _____

DATED:  April 5, 2024.

**FRANKEL SYVERSON PLLC**

By ___*s/Ty D. Frankel*___
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*

- 4 -

# EXHIBIT F

| | |
|---|---|
| **From:** | Ty Frankel |
| **To:** | Guner, Lori |
| **Cc:** | David Streyle; Patti Syverson; Santiago, Shayna Balch; Valdez, Jacob; Xochicale, Michelle; Logan, Christine |
| **Subject:** | RE: Houck v. Maricopa County |
| **Date:** | Monday, February 26, 2024 10:15:37 AM |
| **Attachments:** | image001.png |
| | Houck v. Maricopa County.msg |

Lori,

We appreciate your willingness to provide us an extension for the NUIs, RFPs, and RFAs served on Plaintiff and the selected Opt In Plaintiffs up to and including April 5, 2024.  In the spirit of compromise and without waiving potential objections to the discovery regarding this issue, we will do everything we can to provide you the information from the Plaintiff and the selected Opt In Plaintiffs about whether they worked for other employers by March 4, 2024 as you have requested.

Regarding your request for information related to the FLSA Notice that was distributed pursuant to the Court's Order, we already provided that to you months ago.  See attached.  I trust that resolves the issue you raise regarding that request.

Please confirm today that we have an agreement regarding the extension for Plaintiff and the selected Opt In Plaintiffs' discovery responses as outlined in this email.

Ty

---

**From:** Guner, Lori <lguner@fisherphillips.com>
**Sent:** Friday, February 23, 2024 5:31 PM
**To:** Ty Frankel <Ty@frankelsyverson.com>
**Cc:** David Streyle <David@frankelsyverson.com>; Patti Syverson <Patti@frankelsyverson.com>; Santiago, Shayna Balch <ssantiago@fisherphillips.com>; Valdez, Jacob <jvaldez@fisherphillips.com>; Xochicale, Michelle <mxochicale@fisherphillips.com>; Logan, Christine <clogan@fisherphillips.com>
**Subject:** RE: Houck v. Maricopa County

Ty,

I am surprised by your response. Perhaps you misunderstood my email. We are not asking for unlimited extensions of all deadlines. We only requested that you not oppose our request for an extension of our expert disclosure deadline, in the event the extension is needed in the future. Here is our predicament. Defendant's expert disclosure deadline is currently set for July 26. If we do not receive the names of any other employers the opt-ins have been working for until April 5, we will likely be unable to meet the July 26 expert disclosure deadline. This is because it will take at least a month and a half to have all of the subpoenas served on those entities and then receive responses back from them. Thus, if you do not get us this information until April 5, we will be unlikely to receive records from the employers until just before the month of June. From there, we will need to review the records we receive and then depose the opt-ins. Then we will need time to receive copies of the deposition transcripts from the court reporters, which our expert will need to review first before preparing their report. Our prediction, from prior experience, is that the expert will need at least 60

days to review records and prepare a report. This would put us past July. Accordingly, we are willing to give you and your clients a reasonable discovery extension, but it is likely that with the extension you have requested, we will need an extension of our expert disclosure deadline, for the reasons I have listed above. Therefore, we would expect you not to oppose a request for the expert disclosure deadline if we end up needing it. We are merely concerned that if we do not receive the referenced information until April 5, there likely will not be enough time to produce our expert report, and I am sure you can appreciate how this would be highly prejudicial to our client. Under these circumstances, I do believe our request is reasonable.

Additionally, to clarify, we are not asking for voluminous information. We simply want to know the names of the entities that the subject opt-ins have worked for from January 11, 2020 to the present. Presumably it should not be too difficult for your office to reach out to those select opt-ins by March 4 simply to confirm whether they have been employed by any entity other than MCSO since January 11, 2020. However, if I am incorrect in making this assumption, please let me know.

Finally, as I requested in my email below (and previously), please confirm that you will promptly provide copies of the notices you sent to the opt-ins pursuant to the Court's Order at Doc. 38, because you have not addressed this request.

Thank you.



**Lori Guner**
**Attorney at Law**

Fisher & Phillips LLP
3200 N. Central Avenue | Suite 1550 | Phoenix, AZ 85012
lguner@fisherphillips.com | O: (602) 281-3413



vCard | Bio | Website | *On the Front Lines of Workplace Law*<sup>SM</sup>

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

**From:** Ty Frankel <Ty@frankelsyverson.com>
**Sent:** Friday, February 23, 2024 4:06 PM
**To:** Guner, Lori <lguner@fisherphillips.com>
**Cc:** David Streyle <David@frankelsyverson.com>; Patti Syverson <Patti@frankelsyverson.com>; Santiago, Shayna Balch <ssantiago@fisherphillips.com>; Valdez, Jacob <jvaldez@fisherphillips.com>; Xochicale, Michelle <mxochicale@fisherphillips.com>; Logan, Christine <clogan@fisherphillips.com>
**Subject:** RE: Houck v. Maricopa County

> **CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Lori,

With all due respect, I find your response incredibly disappointing and contradictory.  You are preemptively asking us to agree to extensions that you don't even know if you need, while at the same time only conditionally granting us an extension in the event we comply with your demands.

There also appears to be some unfounded animosity regarding how we have handled your numerous requests for extensions dating back to the outset of this case.  If you look back at the totality of the circumstances, I cannot think of a single time we have not granted the extension requested.  That includes the time you reference in which we had initially asked you to consider a shorter extension request but ultimately agreed to what you requested after you sent me an email pleading that I reconsider your position, which I did.

Now, to the discovery at hand, unfortunately we cannot complete the discovery you have requested by the deadline; as I'm sure you can appreciate, even the limited requests you are asking for require us to consult with the numerous individuals who have been served with discovery.  That is a very time-consuming process, and while we have begun it, we simply cannot complete it in time to provide the discovery you are requesting by the initial deadline.  As you did when we initially asked to shorten your last extension request, I ask that you reconsider our extension request and grant us until April 5, 2024 to complete the NUIs, RFPs, and RFAs you served on Plaintiff and selected Opt In Plaintiffs as we initially requested.

Finally, we will continue to appropriately consider extension requests as this case continues and intend to give them whenever we can, just as we have done throughout this case.  I certainly hope you will do the same in the future, without putting unreasonable conditions on your willingness to grant them if you expect us to grant you professional courtesies as well.  And yes, I do think the conditions you place on your willingness to give us an extension are unreasonable.  We would have responses to you by April 5.  Discovery does not conclude until September 29.  That is more than enough time to deal with any subpoenas that may or may not be necessary.

I would appreciate hearing from you regarding our request that you reconsider our extension request this afternoon.  If you do not grant it, I anticipate asking the Court for relief.  I certainly hope that won't be necessary.

Ty

---

**From:** Guner, Lori <lguner@fisherphillips.com>
**Sent:** Friday, February 23, 2024 3:35 PM
**To:** Ty Frankel <Ty@frankelsyverson.com>
**Cc:** David Streyle <David@frankelsyverson.com>; Patti Syverson <Patti@frankelsyverson.com>; Santiago, Shayna Balch <ssantiago@fisherphillips.com>; Valdez, Jacob <jvaldez@fisherphillips.com>; Xochicale, Michelle <mxochicale@fisherphillips.com>; Logan, Christine <clogan@fisherphillips.com>
**Subject:** RE: Houck v. Maricopa County

Good afternoon Ty,

I apologize for my delayed response, I was out of town this week for work and in meetings the entire

trip, with limited access to internet. Of course we are willing to give you the professional courtesy of a 30-day extension, contingent upon the following: Your willingness to agree to a similar 30-day extension of defendant's deadline for expert witnesses, should we need it at a future date, and your willingness to provide only the minimal information referenced below by the original response deadline.

Plaintiff has always taken the issue that discovery should not be extended and that we need to stay on an aggressive schedule. Several of Maricopa County's discovery requests seek information related to defendant's proper discovery on potential third parties, such as the opt-ins' employers other than MCSO (i.e., NUI no. 3). It is not currently clear whether any of the opt-ins have engaged in moonlighting and have worked for other entities during the relevant time period, but if they have, it is our position that that information is discoverable and relevant to this case. Accordingly, we are willing to give you the extension, but please confirm whether any of the opt-ins have worked for any other entities from January 11, 2020 to the present. If so, please disclose the entities so that we can serve subpoenas on them as soon as possible, so that we can stay on track with the case deadlines. If there are no such entities for any of the opt-ins and/or Houck, please let us know. As you know, it will take a significant amount of time to serve the subpoenas, get responses back, and then review the responses, which we will want to do before taking depositions. This is why we are in need of this information before April. Accordingly, please also let us know the opt-ins' availability for depositions in mid-to-late April at your earliest convenience.

Similarly, we also served a discovery request that seeks copies of solicitations by your office to the opt-ins in connection with this lawsuit (i.e., RFP no. 7). We are entitled to this information and you should clearly be in possession of those records. Accordingly, we do not see any reason for delay in providing that information to us.

Finally, we trust that if we are in need of an extension in the future, you will similarly grant it. It is not lost on us that when we previously requested a three-week extension for our client's responses to plaintiff's first set of discovery requests, you initially agreed only to a two-week extension. Litigation dockets can get hectic and we are always willing to grant extensions so long as they are not harmful to our client's case. We are hopeful and would appreciate if you will be more amenable in the future to extensions as well.

Best regards,



**Lori Guner**
**Attorney at Law**

Fisher & Phillips LLP
3200 N. Central Avenue | Suite 1550 | Phoenix, AZ 85012
lguner@fisherphillips.com | O: (602) 281-3413

vCard  |  Bio  |  Website  *On the Front Lines of Workplace Law*SM

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

**From:** Ty Frankel <Ty@frankelsyverson.com>
**Sent:** Thursday, February 22, 2024 2:53 PM
**To:** Guner, Lori <lguner@fisherphillips.com>
**Cc:** David Streyle <David@frankelsyverson.com>; Patti Syverson <Patti@frankelsyverson.com>;
Santiago, Shayna Balch <ssantiago@fisherphillips.com>
**Subject:** RE: Houck v. Maricopa County

> **CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you**
> **recognize the sender and know the content is safe.**

Lori & Shayna, It's been a few days since I sent the extension request below.  Can you please let me
know if you agree?  We appreciate any professional courtesy you can extend, as we have to you.
Thanks, Ty

**From:** Ty Frankel
**Sent:** Tuesday, February 20, 2024 11:56 AM
**To:** Guner, Lori <lguner@fisherphillips.com>
**Cc:** David Streyle <David@frankelsyverson.com>; Patti Syverson <Patti@frankelsyverson.com>;
Santiago, Shayna Balch <ssantiago@fisherphillips.com>
**Subject:** Houck v. Maricopa County

Lori,

We are working on the discovery you have sent to the Plaintiff and Opt In Plaintiffs, which include
NUIs, RFPs, and RFAs.  As I'm sure you can appreciate, this is a time-consuming process and has also
been impacted by complications with scheduling due to other cases.  We would appreciate the
professional courtesy of an approximate 30-day extension for the Plaintiff and Opt In Plaintiffs'
discovery responses, up to and including April 5, 2024.  Please let me know if you agree to this
extension.

Thanks,
Ty

## Ty D. Frankel
**Lawyer**

2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
p. (602) 598-4000
ty@frankelsyverson.com
www.frankelsyverson.com



Please be advised that this e-mail and any files transmitted with it are confidential attorney-client privileged or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed.  If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately.  Any unauthorized dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by replying to the sender of the e-mail by return e-mail or telephone.

# EXHIBIT G

| | |
|---|---|
| **From:** | Lee, Katie |
| **To:** | Ty Frankel; Patti Syverson; David Streyle |
| **Cc:** | Santiago, Shayna Balch; Valdez, Jacob; Guner, Lori; Cano, Itzel; Xochicale, Michelle |
| **Subject:** | SERVICE OF COURT DOCUMENT - Christopher Houck v. Maricopa County - 2:23-cv-00068-DGC |
| **Date:** | Monday, September 9, 2024 2:09:50 PM |
| **Attachments:** | Houck v. Maricopa County - Def's Notice of Request for Production from Non-Parties.pdf |

Good afternoon,

Please use the following link to access copies of the subpoenas referenced in the attached Notice:

https://www.imanageshare.com/pd/1ZKP6kRGtpc

| | |
|---|---|
| **Court Identity:** | **United States District Court – District of Arizona** |
| **Case No.** | **2:23-cv-00068-DGC** |
| **Plaintiff(s):** | **Christopher Houck** |
| **Defendant(s):** | **Maricopa County** |
| **Document being served:** | **Defendant's Notice of Request for Production from Non-Parties** |
| **Sender's name:** | **Lori Guner** |
| **Sender's phone number:** | **(602) 281-3413** |



**Katie Lee**
Paralegal

Fisher & Phillips LLP
101 East Kennedy Blvd. | Suite 2350 | Tampa, FL 33602
klee@fisherphillips.com | O: (813) 769-7506

Website    *On the Front Lines of Workplace Law*℠

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*