**FRANKEL SYVERSON PLLC**
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated, | Case No. 2:23-cv-00068-DGC |
| Plaintiff, | **PLAINTIFF'S FIRST SUPPLEMENTAL DISCLOSURE STATEMENT** |
| v. | |
| Maricopa County, | |
| Defendant. | |

Production, or other discovery-related process prepared and submitted in this action, along with all documents attached thereto and referenced therein.

20. Subject to and without waiving objections, any and all depositions taken in this action and exhibits thereto.

21. Subject to and without waiving any objections, any and all non-privileged correspondence generated by and between parties and/or counsel for the parties and/or third parties in this action.

22. Subject to and without waiving any objections, any and all recorded statements taken in this matter.

23. Any and all expert reports submitted in this matter, including documents and information upon which such experts relied in reaching their conclusions.

24. Subject to and without waiving any objections, any and all documents produced by non-parties to this action in response to subpoenas or document requests.

25. Subject to and without waiving any objections, any and all documents upon which witnesses rely with regard to the facts and circumstances related to this action.

26. All documents concerning or relating to this matter as revealed through continuing discovery.

27. Subject to and without waiving any objections, all documents disclosed or produced in this action by Defendant.

28. Subject to and without waiving objections regarding the scope of opt-in plaintiff discovery about which the parties must confer at the appropriate time, any and all of the above-listed documents related to collective action members.

29. Plaintiff will supplement this section as discovery continues.

## III. COMPUTATION OF DAMAGES

Plaintiff is unable to determine the full scope of the FLSA collective at this time; therefore, an accurate computation of damages is not feasible at this time. Pursuant to federal

law, Plaintiff and the similarly situated Patrol Lieutenants are entitled to the statutory overtime wage for every hour worked over forty in a workweek. Plaintiff is entitled to liquidated damages, statutory penalties, reasonable attorney's fees, costs and expenses as well as interest, in addition to back wages, under federal law. Plaintiff is not required to produce records to support a claim for damages under the FLSA. Plaintiff is required to come forward with evidence sufficient to show "the amount and extent of that work as a matter of just and reasonable inference." *Brock v. Seto*, 790 F.2d 1446 (9th Cir. 1986). It is possible for a plaintiff to meet his burden through estimates based on his own recollection. *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352 (2d Cir. 2011). Plaintiff anticipates that discovery will provide information regarding the extent and scope of the damages and statutory penalties to which he and the opt in plaintiffs are entitled. Information regarding damages is in Defendant's possession and control and will be discoverable and subject to disclosure by Defendant. ***As such, Plaintiff served Requests for Production of Documents on Defendant on December 6, 2023, which includes requests for documents related to the plaintiffs' compensation and hours worked. As that information is produced and analyzed in light of the discovery obligations in this case, Plaintiff will seasonably supplement the information regarding computing plaintiffs' damages.***

***At this time, Plaintiff can disclose a basic method or formula by which Plaintiff believes damages can be calculated. The plaintiffs are entitled to time and a half their regular rate of pay for each hour worked over forty in a workweek they worked as a Patrol Lieutenant, which will be determined through continuing discovery. They are entitled to that amount in unpaid overtime, an additional amount equal to the back wages as liquidated damages, interest, and their reasonable attorneys' fees and costs. The formula for calculating damages is:***

> ***Time and a half plaintiff's regular rate as a Patrol Lieutenant x the total number of overtime hours worked by plaintiff per workweek as a Patrol Lieutenant x the total number of workweeks as a Patrol Lieutenant.***

*Utilizing that formula, Plaintiff can provide a good faith estimate of his damages based on the information currently known at this early stage of the litigation. Plaintiff estimates that he worked approximately two to nine hours of overtime per week, and his regular rate of pay started at $47.45 per hour when he was first promoted to Patrol Lieutenant on April 4, 2022 and increased over his tenure to $52.06 per hour through the present time. If you average his hourly rates over his tenure as a Patrol Lieutenant to assume a regular rate of $49.76 and assume 5.5 hours of unpaid overtime per week during his tenure as a Patrol Lieutenant from April 4, 2022 to the present for a total of 88 weeks currently, Plaintiff Houck is due approximately $36,125.76 in unpaid overtime plus that same amount as liquidated damages. Plaintiff is also entitled to interest, attorneys' fees, and costs.*

Plaintiff will supplement this calculation once Defendant responds to the discovery that has been propounded, because additional payroll and timekeeping records are in Defendant's custody and control. Plaintiff also puts Defendant expressly on notice that the damages are increasing with each passing day, as Patrol Lieutenants currently employed by Defendant continue to work over forty hours per week without receiving overtime compensation. In addition, the formula described above could be utilized to calculate the damages of each opt in plaintiff once the data requested from Defendant in discovery is produced in this case and discovery is taken regarding their hours worked to provide: the opt in plaintiffs' regular rates of pay, number of weeks worked as a Patrol Lieutenant, and the number of hours of overtime worked.

IV. **INSURANCE AGREEMENTS**

Not applicable.

DATED: December 11, 2023.

**FRANKEL SYVERSON PLLC**
By ___*s/ Ty D. Frankel*___
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

8

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2023, I served by U.S. Mail and e-mail the foregoing document to the following counsel for Defendant:

Shayna Balch Santiago
Lori A. Guner
Jacob R. Valdez
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
ssantiago@fisherphillips.com
lguner@fisherphillips.com
jvaldez@fisherphillips.com

    *s/ David J. Streyle*
David J. Streyle

9