**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J Houck, | No. CV-23-00068-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| County of Maricopa, | |
| Defendant. | |

Plaintiff Christopher Houck, individually and on behalf of all those similarly situated, asserts a claim for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 et seq., against Defendant Maricopa County. Doc. 1 at 7. Plaintiff moves to quash subpoenas served by Defendant on third parties under Federal Rules of Civil Procedure 45(d)(3). Doc. 73 at 2. The motion is fully briefed and no party requests oral argument. For reasons stated below, the Court will grant the motion in part and modify the subpoenas.

**I.   Background.**

Plaintiff Houck, a lieutenant with the Maricopa County Sheriff's Office, claims that he and others similarly situated were misclassified as exempt from overtime pay and not properly compensated for hours worked for the County under the FLSA. Doc. 1 at ¶¶ 7, 18, 39, 48. On September 9, 2024, Plaintiff received notice of Defendant's intent to serve 49 subpoenas on third-party employers that the Opt-In Plaintiffs identified during discovery. Doc. 77 at 2-3. Defendant began serving the subpoenas on September 12, 2024

and Plaintiff filed the present motion on September 23, 2024. *Id.*, Docs. 73 at 6, 73-1 at 27.

Plaintiff's complaint about the subpoenas, and Defendant's response, should not have been presented in a motion. The Court's Case Management Order clearly states that parties should contact the Court for a conference all about discovery disagreements: "If a discovery dispute arises, the parties promptly shall call the Court to request a telephone conference concerning the dispute. . . . The parties shall not file written discovery motions without leave of Court." Doc. 48 3-4. The briefing makes clear that the parties disagreed on whether the Opt-In Plaintiffs properly responded to discovery and whether subpoenas should be used to obtain information Defendant believed should have been disclosed. The parties should have called the Court for a prompt resolution of this issue, rather than disregarding the Court's order and briefing the motion to quash. The Court normally would deny the motion as unauthorized, but because a significant amount of time has passed and the issue is fully briefed, the Court instead will rule.[1]

**II.   Timeliness and Standing.**

Defendant argues that Plaintiff's motion is untimely. Rule 45(d)(3), which governs when a court must quash or modify a subpoena, does not specify what qualifies as a timely motion, but "the deadline for filing a motion to quash or modify is usually held to be the date on which compliance is required." 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 45 at 1455 (2024). The sample subpoena provided to the Court has a compliance date of September 27, 2024, four days after Plaintiff's motion was filed. The motion is timely.

Defendant also claims that Plaintiff lacks standing to move to quash the third-party subpoenas. Doc. 77 at 9-10. A party has standing to challenge a subpoena served on another individual when he possesses a personal right or privilege in the information sought. *Blotzer v. L-3 Commc'ns Corp.*, 287 F.R.D. 507, 509 (D. Ariz. 2012). While

---

[1] The Court also erred in failing to catch the fact that this motion concerned a discovery dispute, and instead permitted it to enter the queue for written motions. This oversight by the Court does not excuse the parties' clear failure to follow the Case Management Order.

Plaintiff does not explicitly assert a personal right or privilege in his motion, "courts have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena." *Id*.

Furthermore, Plaintiff would have standing to move for a protective order under Rule 26(c). And "if a party moves to quash under circumstances where a protective order would have been the appropriate vehicle, ordinarily it will promote the goals of Rule 1 to construe the motion as being permissibly made under Rule 26(c) rather than reject it on a matter of form." 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 45 at 1453 (2024). The Court will consider Plaintiff's challenge to the subpoenas.

### III.     Scope of the Subpoenas.

A Court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). Plaintiff asserts that the subject subpoenas are unduly burdensome because they seek information irrelevant to the case and interfere with Plaintiff's and the Opt-In Plaintiffs' relationship with the third-party entities. Doc. 73 at 4, 5. Defendant responds that the information sought is necessary to determining the number of hours worked for Defendant because several Opt-In Plaintiffs are seeking compensation for hours they did not report through the County's time reporting system. Doc. 77 at 10.

The Court finds that the days and times the Opt-In Plaintiffs worked for the third-party employers are relevant to the question of how much off-the-clock time they could have worked for Defendant, but the scope of the subject subpoenas is much broader. It includes all documents in the Plaintiff's and Opt-In Plaintiffs' personnel files as well as "[a]ny and all documents pertaining to any alleged complaints, claims, or lawsuits" between them and the third parties related to their employment. Doc. 73-1 at 36. Defendant provides no justification for requesting such a broad range of documents, and the Court finds the range plainly overbroad and unduly burdensome. Defendant's subpoenas will be limited to documents related to the Plaintiff's and Opt-In Plaintiffs' time worked for the third parties, namely their time sheets, time records, and payroll records.

1   **IT IS ORDERED** that Defendants' motion to quash (Doc. 73) is **granted in part**
2   and **denied in part**. The third-party subpoenas will be modified to require production only
3   of time sheets, time records, and payroll records.
4   Dated this 28th day of January, 2025.

*David G. Campbell*
David G. Campbell
Senior United States District Judge