# EXHIBIT A



**Ty D. Frankel**
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
(602) 598-4000
ty@frankelsyverson.com
www.frankelsyverson.com

July 15, 2025

**Via Email Only**
Shayna Balch Santiago
David G. Myers
FISHER & PHILLIPS LLP
3200 N. Central Ave., Ste. 1550
Phoenix, Arizona 85012
ssantiago@fisherphillips.com
dmyers@fisherphillips.com

   RE: Houck v. Maricopa County, Case No. 2:23-cv-00068-DGC

Dear Counsel:

  We are in receipt of your June 19, 2025 letter outlining issues your client intends to address in a Motion for Summary Judgment.

  We disagree with your position that the Patrol Lieutenants are properly classified as exempt from overtime under the executive, administrative, and/or highly compensated employee exemptions to the FLSA. Their primary duties are first responder duties in nature. As such, they do not perform the duties required for those exemptions to apply. Furthermore, the Patrol Lieutenants are subject to the first responder exception to the exemptions. 29 C.F.R. § 541.3(b)(1). Under this exception, police officials with first responder duties like the Patrol Lieutenants are not exempt from overtime, and this is not an issue that the County will win on summary judgment given the evidence in this case.

  The Patrol Lieutenants are properly seeking back wages under the FLSA, including for the time they worked over forty hours in a week within the proper FLSA lookback period. The County claims that the Patrol Lieutenants cannot prove damages, incorrectly asserting that they have not offered admissible evidence or damages computations that they worked overtime sufficient to survive summary judgment. The Patrol Lieutenants have provided testimony, discovery responses, and detailed disclosures regarding their hours worked and damages calculations.

  The County's own records support that the Patrol Lieutenants worked overtime. The pay statements demonstrate many weeks in which the Patrol Lieutenants worked more than forty hours, and the Patrol Lieutenants testified about the extent to which they worked more hours than reflected in the County's inaccurate records. The case law regarding damages supports that testimony from the plaintiffs regarding their estimate of

Shayna Balch Santiago
David G. Myers
July 15, 2025
Page 2

the hours worked is sufficient in a case like this, and while the plaintiffs can testify themselves at trial about their damages, representative testimony about their hours can be used to make estimates and calculations for similarly situated employees as well. The Patrol Lieutenants have readily satisfied their burden in proving the amount and extent of their work as required by the FLSA. Regardless, there are specific damages estimates and calculations provided for the Patrol Lieutenants, who seek damages for their overtime from the relevant time period when they worked in Patrol Bureaus East or West.

Furthermore, the Patrol Lieutenants are properly seeking time for which they worked. The County has no evidence that the Patrol Lieutenants are seeking overtime for hours worked "preliminary or postliminary" to their principal activities, and we do not know what the County is referring to in that regard. The County also incorrect asserts that it was not aware of when the Patrol Lieutenants were working. The County's own time records and the testimony from the Patrol Lieutenants and their Captains support that the County was aware that the Patrol Lieutenants were working more than forty hours a week. The County also has no evidence that any offset or credits would be appropriate, nor is there any evidence supporting that the Patrol Lieutenants are seeking compensation for *de minimis* time. The County also conclusively asserts that the claims are barred by statutory exclusions, exceptions, or credits under the FLSA, but there is no evidence referenced that would support such a conclusion.

The County has insufficient evidence to support its position about liquidated damages. Although the County makes no reference to what facts support its position about liquidated damages, presumably the County is referring to its good faith affirmative defense. To support that defense, the County produced a 2005 Department of Labor opinion, which explicitly indicates that it is premised on the precise facts raised by the employer that was seeking the opinion. The County, through its counsel, has expressly provided that the good faith defense is not premised on advice of counsel. The County does not have evidentiary support to meet its burden to prove the affirmative defense of good faith. Plaintiff anticipates filing a Motion for Summary Judgment on this issue, given the County's failure to take any affirmative steps to ensure it was in compliance with the FLSA.

Finally, there is ample evidence that the three-year statute of limitations applies because the County recklessly disregarded the FLSA or the possibility that it could be in violation of the statute. The misclassification of the Patrol Lieutenants was reported to human resources, and the County dismissed the possibility that it could be out of compliance with the FLSA. Furthermore, other police departments like the City of Phoenix classify their Patrol Lieutenants as nonexempt employees entitled to overtime. There is evidence that the County was aware of this, yet the County failed to take affirmative steps to ensure the classification was proper.

Shayna Balch Santiago
David G. Myers
July 15, 2025
Page 3

      I am available to discuss this letter on Wednesday or Thursday if that would be helpful. It would be good to narrow any issues to prevent attorneys' fees from unnecessarily increasing if we can. I look forward to hearing from you.

                                      Very truly yours,

                                      Ty D. Frankel
                                      For the Firm