# EXHIBIT A



Phoenix
3200 N. Central Avenue
Suite 1550
Phoenix, AZ  85012

(602) 281-3400 Tel
(602) 281-3401 Fax

Writer's Direct Dial:
602-281-3406

Writer's E-mail:
ssantiago@fisherphillips.com

June 19, 2025

*VIA E-MAIL ONLY*

Ty Frankel
2375 E. Camelback Rd., Suite 600
Phoenix, AZ 85016
ty@frankelsyverson.com

Patti Syverson
Frankel Syverson
9655 Granite Ridge Dr., Suite 200
San Diego, CA 92123
patti@frankelsyverson.com

      Re:    *Christopher Houck v. Maricopa County*
               *Case No. 2:23-cv-00068-DGC*

Dear Counsel:

      Pursuant to the Court's March 3, 2025 Order, the purpose of this letter is to satisfy the parties' meet and confer obligation regarding upcoming summary judgment briefing. Maricopa County plans to file a motion for summary judgment requesting dismissal of this case, as to all of Plaintiff Houck and the remining opt-in Plaintiffs' claims. In its motion for summary judgment, Maricopa County will be asserting the below arguments.

      Houck and the opt-ins sole claim for "Failure to Pay Overtime Wages" brought pursuant to the FLSA must be dismissed because Houck and the opt-ins are properly classified as exempt from overtime pursuant to the executive, administrative, and/or highly compensated employee exemptions of the FLSA. The "first responder exception" Houck and the opt-ins have extensively argued in this case does not apply.

      Even assuming, *arguendo*, that Houck and the other opt-ins can somehow overcome summary judgment regarding their exempt status, Maricopa County is further entitled to summary judgment because Houck and the opt-ins cannot establish the *prima facie* elements of their claim. Specifically, Houck and the opt-ins have not offered admissible evidence or damage computations that they worked more than 40 hours in one or more workweeks. To the extent that certain opt-ins are alleging they worked

**Fisher & Phillips LLP**
Atlanta • Baltimore • Bethesda • Boston • Charlotte • Chicago • Cleveland • Columbia • Columbus • Dallas • Denver • Fort Lauderdale • Gulfport • Houston
Irvine • Kansas City • Las Vegas • Los Angeles • Louisville • Memphis • New Jersey • New Orleans • New York • Orlando • Philadelphia
Phoenix • Portland • Sacramento • San Diego • San Francisco • Seattle • Tampa • Washington, DC

Ty Frankel
Patti Syverson
June 19, 2025
Page 2

unrecorded hours, they have not established the existence of a policy or practice prohibiting them from logging or recording all hours worked.

The opt-ins' claims are further subject to dismissal to the extent they have failed to offer evidence that they worked as more than 40 hours in one or more workweeks as a Lieutenant in Patrol Bureaus East or West during the relevant time period. For example, Lt. Michael Trowbridge worked exclusively in SWAT for the relevant time period, which is not in Patrol Bureaus East or West.

Plaintiff Houck and the opt-in's claims are barred and should be dismissed to the extent they are seeking damages outside the applicable statutes of limitations and/or outside time periods they worked in Patrol Bureaus East or West as a Lieutenant.

Maricopa County will further be arguing that to the extent Houck and the opt-ins are able to survive summary judgment as to exempt status, their claims nevertheless fail because: (1) Houck and the opt-ins claims are barred as to all hours during which they were engaged in activities that were preliminary or postliminary to their principal activities; (2) Maricopa County did not suffer or permit the Lieutenants to work the hours claimed and/or Maricopa County lacked actual or constructive knowledge of those hours, (3) Maricopa County is entitled to an offset of monies, compensatory time off or other consideration paid or provided to Houck and the opt-ins for periods in which they were not engaged to work; (4) Houck and the opt-ins' claims are barred to the extent they seek to recover for time that is *de minimus* work time and, thus, not compensable; (5) liquidated damages do not apply; and (6) Houck and the opt-ins' claims are barred by statutory exclusions, exceptions, or credits under the FLSA.

Finally, Maricopa County will be arguing that Hock and the opt-ins have not established facts sufficient to permit a three-year-recovery window.

Feel free to contact me directly to discuss the matters contained herein, including any stipulations to facts or issues.

Sincerely,

Shayna Balch Santiago
Partner
For FISHER & PHILLIPS LLP