UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

Christopher J. Houck, on behalf of himself and all those similarly situated,

       Plaintiff,

       vs.

Maricopa County,

       Defendant.

No. 2:23-cv-00068-DGC

Phoenix, Arizona
July 29, 2025
2:00 p.m.

BEFORE:   THE HONORABLE DAVID G. CAMPBELL, Senior Judge

REPORTER'S TRANSCRIPT OF TELEPHONIC PROCEEDINGS

(Scheduling Conference)

Official Court Reporter:
Scott M. Coniam, RDR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 43
Phoenix, Arizona 85003-2151
(602) 322-7257

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

A P P E A R A N C E S

For the Plaintiff:

  Frankel Syverson PLLC
  By:  Mr. Ty D. Frankel, Esq.
    Ms. Patricia N. Syverson, Esq.
  2375 E. Camelback Road, Suite 600
  Phoenix, Arizona 85016

For the Defendant:

  Fisher & Phillips LLP
  By:  Ms. Shayna Balch Santiago, Esq.
    Mr. David G. Myers, Esq.
  3200 N. Central Avenue, Suite 1550
  Phoenix, Arizona 85012

P R O C E E D I N G

(Proceedings convened at 2:00 p.m.)

THE COURTROOM DEPUTY:  We're on the record in Civil Case Number CV 23-68, Christopher J. Houck vs. Maricopa County, set before the court for a telephone conference.

Counsel, please announce your appearances, beginning with plaintiff.

MR. FRANKEL:  Good afternoon.  This is Ty Frankel and Patty Syverson is joining me as well, on behalf of plaintiff Christopher Houck and the similarly situated patrol lieutenants.

MS. SANTIAGO:  Shayna Balch Santiago, with me is David Myers, on behalf of the defendants.

THE COURT:  All right.  Good afternoon, Counsel.

We set this call to talk about briefing on motions for summary judgment.  You have submitted letters that describe what you plan to argue in summary judgment and I've had a chance to read those.

My first question, before we actually talk about the briefing of summary judgment, is whether defense counsel intend to file a motion to decertify which would also be due on August 29th?

MS. SANTIAGO:  Yes, Your Honor.

This is Shayna Balch Santiago.  Yes, Your Honor.

THE COURT:  Okay.  What do you anticipate to be the

UNITED STATES DISTRICT COURT

approximate length of that motion?

MS. SANTIAGO:  We are currently assessing that, Your Honor.

If it pleases the court, can we file a motion or request to exceed the limitation on a future date if it looks like we need to exceed the presumptive limits?

THE COURT:  Well, if you do, yes.  I would encourage you to try to do it within that limit, but if you do, you can file with the motion a motion to exceed.

Given the relatively focused nature of the question that I'll be addressing, which is whether the plaintiffs are similarly situated, it seems to me that the page limit ought to work.  Obviously I don't know all of the factual issues you intend to raise.

Okay.  So what we should do is set up a schedule that calls for briefing on all of the issues.

From defendant's letter, it looks like you're intending to file a very broad motion for summary judgment.  I counted nine different issues you intend to argue summary judgment on.  I would encourage you, as you draft that motion, to only make arguments where you believe you can show as a matter of undisputed fact or a matter of law that you're entitled -- I know that's the standard, but I'm sure like me, counsel on this call have seen lots of motions for summary judgment that are really just arguments about the facts and

that's not a good use of counsel's time or the court's time.

When I see nine issues outlined, my inclination is to think there's got to be at least a few of these where everybody knows there's a factual dispute.  I might just be wrong on that.  But I would encourage you to be selective in identifying the issues where there clearly is a clear summary judgment argument.

My reading of plaintiff's motion -- or, pardon me, plaintiff's letter suggested that plaintiff's counsel intend to file a cross-motion on a fairly narrow issue and that is the good faith affirmative defense to liquidated damages.

Is that right, from plaintiff's side?

MR. FRANKEL:  Yes.  That is correct, Your Honor.

THE COURT:  Okay.  Well, coming back to defense counsel, Ms. Balch Santiago, what is your best estimate at this point as to how long your summary judgment motion will be?

MS. SANTIAGO:  Well, Your Honor, we're trying to assess right now and want to, I guess, ask for Your Honor's input on what would be easier for you to read.  It might be easier for us to file separate distinct motions for summary judgment, but one example of one of the topics that we plan on raising in the motion for summary judgment on is the proposition that plaintiff has an obligation to proffer some evidence that the opt-in plaintiffs are actually in the purported class, that they worked in Patrol Bureaus East or

West and worked in excess of 40 hours in a workweek.  We have not been given evidence of that by plaintiff.  So there are certain opt-ins that should be just summarily dismissed from the case that don't even get to the core issue of whether or not they're properly classified under the FLSA.

Since we're on this call, Your Honor, would it be more helpful for us to seek leave of court to file separate motions for summary judgment as to some of these individuals or to have it combined in one longer motion for summary judgment?

THE COURT:  No, I don't want separate motions.

Let me ask you a question about that.  If you file that motion and plaintiff's counsel comes back and says this opt-in plaintiff will testify that he was in the East Division and he worked more than 40 hours a week, don't I have to deny summary judgment?

MS. SANTIAGO:  No, because we were not permitted to take the deposition of half of the officers in this case, so it's not fair for us to be sandbagged at summary judgment if we were precluded from taking any written discovery or deposition testimony.

They can't offer up -- it's my position that they can't offer up a declaration that we've never been able to test the veracity of the opt-ins' testimony.

THE COURT:  It's your position in a case like this that if you can't get a deposition of a plaintiff, you will get

summary judgment because that plaintiff can't come forward with any evidence in support of its claim; is that right?

MS. SANTIAGO:  I'm saying it's -- if the only evidence is their testimony -- so one particular opt-in is an individual that -- we have approximately ten different opt-ins that have all confirmed that the SWAT department is not in Patrol Bureaus East or West.

We have records from personnel records and business records that one of the opt-ins in this case only worked in SWAT, which is not in Patrol Bureaus East or West.  So he's never worked in Patrol Bureaus East and West, which is the only subset that's in the collective and he should be excluded from the case.

THE COURT:  And you're saying he should have no opportunity to come forward with contrary evidence?

MS. SANTIAGO:  If the contrary evidence is his own testimony and declaration and we are precluded from ever testing the veracity of that or deposing him or take any discovery, then that's not fair and equitable, Your Honor.

THE COURT:  I don't remember this argument being made at the time we were deciding how much discovery defendants were entitled to from the opt-in plaintiffs.

MS. SANTIAGO:  It was, Your Honor.  And from my memory -- and I can pull the transcript, happy to submit it to the court -- Your Honor had stated that if the witness is going

to be providing trial testimony then at that point you would allow the defendants to take their deposition because it wouldn't be fair to have an individual provide testimony without giving the defendant the opportunity to depose that person.

THE COURT:  Well, but that's a bridge we're not talking about, right.  That's the notion that as we get to trial and we decide how the trial in this case is going to being structured, if one of them is going to be permitted to testify, then you can do a deposition before trial; right?  Isn't that what we were talking about?

MS. SANTIAGO:  Yes, Your Honor.  But I've also separately brought this up with plaintiff's counsel multiple times and in discovery letters that it's not going to be appropriate that if they do not let us take deposition or discovery as to opt-ins if they plan on offering declarations or testimony in response to a motion for summary judgment that we've never been able to take any discovery regarding.

THE COURT:  Are you aware of any case law that supports that position?

MS. SANTIAGO:  I can submit -- I can conduct research on that and submit a filing -- a motion, Your Honor.

THE COURT:  Well, if you -- yeah.  It's just an argument I have not encountered before.  And I've spent the weekend reviewing the 86 page new chapter for the Manual on

Complex Litigation on FLSA cases and there was no suggestion that that's the approach even in cases where discovery is limited. And, as you know, in some cases there are hundreds of opt-ins. Obviously we're not dealing with that problem here.

So what I would say is this. If you decide that you are going to make a motion for summary judgment with respect to a particular opt-in plaintiff and you believe that that opt-in plaintiff -- if you believe there's case law that supports the proposition that that opt-in plaintiff cannot produce a declaration in response to your motion, then include the citations in your motion for summary judgment and I will read those cases.

MS. SANTIAGO: Will do, Your Honor.

THE COURT: So get back to where we -- yeah, go ahead, Mr. Frankel.

MR. FRANKEL: I was just going to address this on behalf of the plaintiff but -- number one, all of the opt-in plaintiffs have been disclosed as witnesses for a significant amount of time and the defendants had the opportunity to select the 50 percent that they wanted. If they had a concern about a particular plaintiff, that plaintiff could have been selected. This feels like sandbagging on their part in an attempt to get around the representative sampling that is typically used in these types of cases.

In addition, I'll add that Lieutenant Trowbridge, the

specific opt-in that she's referencing and that was also referenced in her letter was included on the list of lieutenants who were within Patrol Bureau East and West during the relevant time periods.  That's why he received the notice. And I fully expect him to be able to provide testimony that during the relevant time period he was working for Patrol Bureau East and West, based on what he's informed us about on this issue, that the SWAT division for a time was within that -- was within the division.

THE COURT:  Okay.  That's fine.  I'm obviously not going to decide this issue today.

I will look at what the parties argue and the cases that are cited and we'll deal with it at the time of summary judgment.

But let's come back to -- I think what started this line of discussion is -- you want to add something, Mr. Frankel?

MR. FRANKEL:  No.  Thank you, Your Honor.

THE COURT:  Okay.  Coming back, then, to what I think started this discussion was the question to defense counsel of what you anticipate in the length of the summary judgment motion that you'll be filing.

What are your thoughts on that?

MS. SANTIAGO:  I have not come up with a specific length, Your Honor, except I do know that we are going to need

to exceed the presumptive limit.  What procedure would you like for us to follow on seeking leave of court once I have a more definitive assessment of how long that motion is going to be?

THE COURT:  File it with your motion.  File the motion for leave to exceed the page limits with your motion.  What I will then do is I will look at your motion and if I think it's efficiently briefed and that you've really focused in on the points that need to be addressed and there's not an excessive use of pages, then I'll grant it.  But I do want to look at the motion when I'm ruling on that issue.

MS. SANTIAGO:  Of course, Your Honor.  I'll be as concise as possible.

THE COURT:  Okay.  That will be great.

Now, I have in my case management order a ten page limit on statements of fact in support of motions for summary judgment.  That's on the statement.  It's not on the supporting materials that might be attached.  I do that because I have seen, I think, more filing effort and pages wasted on statements of fact in summary judgment briefing than any other part of civil litigation.  As we've all seen, some attorneys feel compelled to put in every relevant fact and the truth is there's a very small subset usually that has an effect on the motion.  So that limit is in the statements of fact.

If when, defense counsel, you file your motion you've found that you need more than that, then include in your motion

to exceed not only the motion itself but the statement of facts and I'll do the same thing and look at it.

MS. SANTIAGO:  Your Honor, if I may.  And I don't know the specifics how much I would need to exceed the statement of facts by, but I anticipate needing likely at least double.  And here's why, Your Honor.  There's about 20 opt-ins.  So if it's just one page per opt-in, then that would get me to 20 pages.

THE COURT:  Well, that assumes you're going to be making separate specific arguments with respect to each opt-in, right?

MS. SANTIAGO:  Well, yes, but I think this case does lead itself to that since there are individualized claims. Some people are claiming undocumented time; others are not. And I've taken the depositions of a little less than half of the opt-ins and they all have vastly different testimony regarding what they're doing on a daily basis, what types of duties they're performing.  It's vastly different.  So I do plan on summarizing their testimony, at least as to folks that I've taken the depositions of, and then also summarizing some of the business records as well for the opt-ins, Your Honor.

THE COURT:  Well, same comment I made before.  File the motion for relief if you need more than ten pages and I will look at the statement of facts in deciding whether to grant it.  So obviously do your very best to be as efficient as you can be.

UNITED STATES DISTRICT COURT

MS. SANTIAGO:  Okay.

THE COURT:  So the motion and -- the motion for summary judgment from defendants and the decertification motion will be both due on August 29th.

What I would ask you to do, Mr. Frankel, is file with respect to the summary judgment motion a response to the defendant's motion and a cross-motion as a single document. I'm trying to limit the amount of briefing we're doing here.

And looking at the calendar I think -- given the fact that you're having to respond to two likely fairly substantial motions, I am thinking that the response and cross-motion as well as the response to the decertification motion should be due on September 5th.  Does that work for you?

MR. FRANKEL:  I'm sorry, Your Honor.  It's my understanding that the motion that the defendants will be filing --

THE COURT:  Oh.  I'm sorry.

MR. FRANKEL:  Yeah.

THE COURT:  You're right.  I -- yeah.  Actually I meant to say October 3rd.

MR. FRANKEL:  Okay.  I think that should be fine but without knowing the scope and whether there's going to be page extensions and the number of issues that the time -- you know, we may need to ask for more time, but based on what we're expecting, October 3rd should be fine.

Your Honor, if I could just get clarification though. So if we're filing a response to the motion for summary judgment and simultaneously our affirmative cross-motion on the good faith defense, it's my understanding you're saying you want those on October 3rd; is that correct?

THE COURT:  Right.

MR. FRANKEL:  Okay.  And then would the 17-page limit still apply for our response and then there would be an additional 17 pages for the cross-motion as though we were filing, you know, an affirmative brief?

The reason I think that would be appropriate is I don't know that our cross-motion is necessarily going to be responding to their motion depending on what issues they end up including.

THE COURT:  Well, my thought on that, Mr. Frankel, is that you don't need 17 pages to brief the good faith affirmative defense to liquidated damages.  You'll need more. So what I would ask you to do is the same thing -- that is, you'll need more than the 17 pages for the response.  I'd ask you to do the same thing that I just asked defense counsel to do.  When you file it, include a motion for leave to exceed the page limit for this combined response and motion and I will look at it and then grant it if you've used the pages efficiently.

MR. FRANKEL:  Understood.  Thank you for the

clarification.

THE COURT:  All right.  And then we will need a date for defense counsel to file a combined response in support -- pardon me -- reply in support of your motion for summary judgment and response to the defendant's cross-motion and that date I think should be October 31st.  And that would also be the same day for the reply in support of the motion to decertify.  Is that workable for defense counsel?

MS. SANTIAGO:  I'm trying to look at my calendar here, Your Honor.

I have plans to be out of town that last week and I'd prefer to not have to cancel that.

I'm trying to see if I have any other motions for summary judgment due that week.

Would the court be open to having the briefing due the following week, Your Honor?

THE COURT:  Yeah.  Let's make it November 7th.

And then the last brief will be plaintiff's reply in support of the cross-motion and I think that should be due by November 26th, if that works for you, Mr. Frankel.

MR. FRANKEL:  That should be fine, Your Honor.

THE COURT:  I would like to set the oral argument date today but I can't do that because I'm going to have 15 or 20 Daubert motions being fully briefed by about that time in an MDL that I'm managing and we haven't yet figured out the

schedule for dealing with those and holding arguments.  So I'm just going to have to look at my schedule when this briefing is done and get you a hearing date as soon as possible, but it's going to be in the midst of some pretty busy work in our chambers because of what's coming in on the MDL.

We will send out a minute entry today that captures this briefing schedule.

Plaintiff's counsel, do you have any additional questions or points you want to raise?

MR. FRANKEL:  Your Honor, I don't have any questions regarding the summary judgment briefing that you've discussed but if the court has time, there are two disclosure issues that we've conferred with defendants on that I would like guidance on what to do depending on the status on their end.

THE COURT:  I have another hearing starting in seven minutes, Mr. Frankel.  Could we get it done in that amount of time?

MR. FRANKEL:  Yeah.  It's just two simple disclosure issues.  I think we only need a couple minutes.

THE COURT:  Okay.

MS. SANTIAGO:  And, Your Honor, I do have a question about --

THE COURT:  Go ahead.

MS. SANTIAGO:  The question about the briefing schedule is with regards to plaintiff's reply to the

cross-motion, I just want to confirm that that reply is limited to only their cross-motion is not leave to do a surreply to defendant's motion for summary judgment or to decertify.

THE COURT:  It's a reply in support of their cross-motion.  Does that answer your question?

MS. SANTIAGO:  Yes.  I just wanted to verify that there's no leave of court to also respond to arguments regarding defendant's --

THE COURT:  No.

MS. SANTIAGO:  -- reply in support of its own motion for summary judgment and motions to decertify.

THE COURT:  It's not a surreply.  It's just a reply in support of their cross-motion.

Okay.  Mr. Frankel.

MR. FRANKEL:  In the defendant's initial disclosure, they had alluded to the existence of an insurance policy that may apply and we had initially conferred about that around the time of their disclosure and they had represented that it was an excess liability policy and they didn't believe that the value meant that it would apply in this case so it wasn't disclosed.

It's since come to our attention that an adjuster employee at the county has been attending the depositions and so we've asked the defendants to provide us additional information and disclose that policy in light of that change

since the original representations that they've made and they've been saying that they would get back to us.

In addition, we've asked for supplementation for the payroll records of the patrol defendants so we have a current set and can update our disclosures by the discovery deadline but we haven't gotten that information either.

THE COURT:  All right.  Ms. Balch Santiago, what are your thoughts?

MS. SANTIAGO:  On the insurance issue, that was already, I thought, addressed with -- by co-counsel Patty during a deposition that just recently occurred -- I believe it was last week, if not the week before -- where it sounds like it's a misunderstanding.  There isn't an insurance adjuster per se, there was someone with Risk Management who was my client rep sitting in on the deposition, so I'm not quite sure where they're getting that from.  The -- my co-counsel who they had previously been working with on those prior communications is on maternity leave.  I have reached out to her and I'm going to verify that there's no information that I'm not aware of on this, but I think it's just a misunderstanding based on plaintiffs believing that some third party sat in on a deposition when that's not the case.

THE COURT:  So your position, Ms. Balch Santiago, is that there is not insurance coverage; is that right?

MS. SANTIAGO:  I need to verify that, Your Honor, and

I can verify that by the end of the week, but my understanding -- my co-counsel was handling that specific issue. My understanding was that there wasn't any, but I'll verify that with my co-counsel, who's out on maternity leave right now.

THE COURT: Okay. And then if you would by the end of week get back to Mr. Frankel with what you learn.

MS. SANTIAGO: Okay.

THE COURT: Okay. And the other issue, Mr. Frankel?

MR. FRANKEL: The other issue was we had requested supplementation of the pay statements for the patrol lieutenants in the case so we have a current set so we can update our damages disclosures in light of the work that's been performed since the last production of pay statements. I mean, we need to get those in short order with the discovery deadline on the 8th.

THE COURT: Ms. Balch Santiago, what are your thoughts on that?

MS. SANTIAGO: I believe that we have provided some supplemental records. I'll go back and verify exactly if there are records that need to be supplemented again on what those records look like, but I can get back to opposing counsel by the end of week on that as well.

THE COURT: Okay. If you would, I think that would be great. Are there any other matters that we need to address?

MR. FRANKEL:  Not from the plaintiff's perspective, Your Honor.

MS. SANTIAGO:  There could potentially be some discovery issues from defendant's perspective.  Although we are nearing the end of discovery, I wasn't prepared to discuss that on today's call, Your Honor, but we will very promptly reach back out to chambers if we need to pursue anything.

THE COURT:  Okay.  All right.  Thank you, all.

Why don't we have you drop off.  I think the folks for my next hearing are already on the line and I'll just proceed with that one.

MS. SANTIAGO:  All right.  Thank you, Your Honor.

MR. FRANKEL:  Thank you.

(Proceedings adjourned at 2:29 p.m.)

21

C E R T I F I C A T E

I, SCOTT M. CONIAM, do herby certify that I am duly appointed and qualified to act as Official Court Reporter for the United State District Court.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED August 18, 2025.


s/Scott M. Coniam_____
SCOTT M. CONIAM, RDR, CRR

UNITED STATES DISTRICT COURT