# EXHIBIT 24

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>               Plaintiff,<br><br>      v.<br><br>Maricopa County,<br><br>               Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**OPT-IN PLAINTIFF TODD BRICE'S RESPONSES TO DEFENDANT'S FIRST SET OF NON-UNIFORM INTERROGATORIES** |

       Opt-In Plaintiff Todd Brice ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Non-Uniform Interrogatories.

- 1 -

1     **RESPONSE TO INTERROGATORY NO. 6:  Plaintiff objects that the request**

2 **is improperly compound.   Plaintiff also objects to the extent that it calls for**

3 **information protected by the attorney client privilege and work product doctrine.**

4 **Subject to and without waiving said objections, Plaintiff responds as follows:**

5     **Plaintiff admits Request for Admission Number 3 only in part.  While he was**

6 **required to track his hours, the County only used the tracking to ensure that Patrol**

7 **Lieutenants like Plaintiff worked 80 hours in a pay period because they are classified**

8 **as exempt; the County was not as concerned about Patrol Lieutenants tracking hours**

9 **worked over 80 hours per pay period because they were not going to pay them**

10 **overtime anyway.  While Plaintiff did have a routine practice of tracking his hours as**

11 **accurately as possible in accordance with County policy, there may have been times**

12 **during the relevant period when Plaintiff worked more hours than he reported.**

13     **Plaintiff denies Request for Admission Number 4.  While he recorded some of**

14 **his hours that he worked as accurately as possible, there may have been times during**

15 **the relevant period that he worked time but did not include it when he submitted his**

16 **hours.  As a Patrol Lieutenant improperly classified as exempt by the County, many**

17 **Patrol Lieutenants like Plaintiff did not think it was necessary to record all the hours**

18 **they worked, because ultimately, they were paid the same amount of wages regardless**

19 **of the time they input.  Furthermore, their Captains only checked their time to make**

20 **sure they had accounted for at least eighty hours, so the precise amount they included**

21 **did not matter to their immediate supervisors.**

22     **Plaintiff denies Request for Admission Number 5.  While Plaintiff did record**

23 **his time as accurately as possible such that the majority of his time worked appears**

24 **on his pay stubs, there may have been hours during the relevant period that Plaintiff**

25 **worked but were not recorded.  Plaintiff will testify regarding the number of hours he**

26 **worked during a typical week, which is proper in an FLSA case like this.**

27 / / /

28 / / /

1       DATED:  April 5, 2024.

2                        **FRANKEL SYVERSON PLLC**

3                        By    *s/Ty D. Frankel*
                         Ty D. Frankel

4                        2375 E. Camelback Road, Suite 600
                         Phoenix, Arizona 85016

5

6                        **FRANKEL SYVERSON PLLC**
                         Patricia N. Syverson

7                        9655 Granite Ridge Drive, Suite 200
                         San Diego, California 92123

8                        *Attorneys for Plaintiff*

9

10

11

12

13

14

15                      **CERTIFICATE OF SERVICE**

16

17

18       I hereby certify that on April 5, 2024, I served by U.S. Mail and email the foregoing

19   document to the following counsel for Defendants:

20   Shayna Balch Santiago, SBN 024852
     Lori A. Guner, SBN 031646

21   Jacob R. Valdez, SBN 035634
     FISHER & PHILLIPS LLP

22   3200 N. Central Avenue, Suite 1550

23   Phoenix, Arizona 85012-2487
     Telephone: (602) 281-3400

24   Fax: (602) 281-3401

25   ssantiago@fisherphillips.com
     lguner@fisherphillips.com

26   jvaldez@fisherphillips.com

27       *s/David J. Streyle*

28   David J. Streyle

1

2

# Frankel Syverson pllc

3

4  FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
5  602-598-4000
Ty D. Frankel (027179)
6  ty@frankelsyverson.com

7  9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
8  602-598-4000
Patricia N. Syverson (020191)
9  patti@frankelsyverson.com

10  *Attorneys for Plaintiff*

11                    **UNITED STATES DISTRICT COURT**

12                        **DISTRICT OF ARIZONA**

13

14  Christopher J. Houck, on behalf of himself    Case No. 2:23-cv-00068-DGC
and all those similarly situated,
15
                                                **OPT-IN PLAINTIFF BENJAMIN**
16            Plaintiff,                          **FREEMAN'S RESPONSES TO**
                                                **DEFENDANT'S FIRST SET OF NON-**
17        v.                                     **UNIFORM INTERROGATORIES**

18  Maricopa County,

19            Defendant.

20

21

22

23         Opt-In  Plaintiff  Benajmin  Freeman  ("Plaintiff"),  by  and  through  his  counsel

24  undersigned and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local

25  Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's

26  First Set of Non-Uniform Interrogatories.

27

28

**information about other employment that does not impact the claims in this case. Plaintiff also objects that the term "off-duty assignments" is vague and ambiguous, as it is unclear what constitutes an off-duty assignment for purposes of the request. Subject to and without waiving Plaintiff's objections, Plaintiff refers to Response to No. 3.**

**INTERROGATORY NO. 5:**

State whether you have been a party to a civil lawsuit between January 1, 2015 and the present. If so, for each lawsuit, please provide the following information:

(a) How were you named in the lawsuit (e.g., plaintiff, defendant, intervenor, etc.)?

(b) A description of the claims and defenses.

(c) The case number, date, location, and title of the court in which the action was commenced.

(d) The names of all the parties other than yourself involved in the action.

**RESPONSE TO INTERROGATORY NO. 5:  Plaintiff objects to the request that it is overbroad in time frame, asking for information well beyond the relevant period in this case.   Plaintiff also objects that the information requested is disproportionate to the need for discovery in this case, with the likelihood of requesting prejudicial information that has no bearing on the claims in this case.  Subject to and without waiving said objections, Plaintiff responds that there are none.**

**INTERROGATORY NO. 6:**

In the event your answer to any of Defendant's Requests For Admission are anything other than an unqualified admission, please set forth the reason why, the details supporting your denial, and produce all evidence supporting your stance.

**RESPONSE TO INTERROGATORY NO. 6:  Plaintiff objects that the request is improperly compound.   Plaintiff also objects to the extent that it calls for**

**information protected by the attorney client privilege and work product doctrine. Subject to and without waiving said objections, Plaintiff responds as follows:**

**Plaintiff admits Request for Admission Number 3 only in part. While he was required to track his hours, the County only used the tracking to ensure that Patrol Lieutenants like Plaintiff worked 40 hours in a work week because they are classified as exempt; the County was not as concerned about Patrol Lieutenants tracking hours worked over 40 hours per week because they were not going to pay them overtime anyway. While Plaintiff did have a routine practice of tracking his hours in accordance with County policy, there are times when Plaintiff actually worked more hours than he reported.**

**Plaintiff denies Request for Admission Number 4. While he recorded some of his hours that he worked, there are hours that he worked that he did not include when he submitted his hours. As a Patrol Lieutenant improperly classified as exempt by the County, many Patrol Lieutenants like Plaintiff did not think it was necessary to record all the hours they worked, because ultimately, they were paid the same amount of wages regardless of the time they input. However, if a Patrol Lieutenant did not work 40 hours in a week, they would be required to make up the difference by using Paid Time Off. Furthermore, their Captains only checked their time to make sure they had accounted for at least 40 hours in a week, so the precise amount they included did not matter to their immediate supervisors.**

**Plaintiff denies Request for Admission Number 5. While Plaintiff did record much of his time such that it appears on this pay stubs, Plaintiff routinely worked additional hours that were not recorded. Plaintiff will testify regarding the number of hours he worked during a typical week, which is proper in an FLSA case like this.**

DATED:  April 5, 2024.

**FRANKEL SYVERSON PLLC**
By    *s/Ty D. Frankel*
Ty D. Frankel

2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2024, I served by U.S. Mail and email the foregoing

document to the following counsel for Defendants:

Shayna Balch Santiago, SBN 024852
Lori A. Guner, SBN 031646
Jacob R. Valdez, SBN 035634
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
ssantiago@fisherphillips.com
lguner@fisherphillips.com
jvaldez@fisherphillips.com

        s/David J. Streyle
David J. Streyle

- 8 -

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>Maricopa County,<br><br>      Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**OPT-IN PLAINTIFF JONATHAN HALVERSON'S RESPONSES TO DEFENDANT'S FIRST SET OF NON-UNIFORM INTERROGATORIES** |

      Opt-In Plaintiff Jonathan Halverson ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Non-Uniform Interrogatories.

1  **INTERROGATORY NO. 6:**

2        In the event your answer to any of Defendant's Requests For Admission are anything

3  other than an unqualified admission, please set forth the reason why, the details supporting

4  your denial, and produce all evidence supporting your stance.

5        **RESPONSE TO INTERROGATORY NO. 6:** **Plaintiff objects that the request**

6  **is improperly compound.** **Plaintiff also objects to the extent that it calls for**

7  **information protected by the attorney client privilege and work product doctrine.**

8  **Subject to and without waiving said objections, Plaintiff responds as follows:**

9        **Plaintiff admits Request for Admission Number 3 only in part.** **While he was**

10  **required to track his hours, the County only used the tracking to ensure that Patrol**

11  **Lieutenants like Plaintiff worked 80 hours in a pay period because they are classified**

12  **as exempt; the County was not as concerned about Patrol Lieutenants tracking hours**

13  **worked over 80 hours per pay period because they were not going to pay them**

14  **overtime anyway.** **While Plaintiff did have a routine practice of tracking his hours in**

15  **accordance with County policy, there are times when Plaintiff actually worked more**

16  **hours than he reported.**

17        **Plaintiff denies Request for Admission Number 4.** **While he recorded some of**

18  **his hours that he worked, there are hours that he worked that he did not include when**

19  **he submitted his hours.** **As a Patrol Lieutenant improperly classified as exempt by the**

20  **County, many Patrol Lieutenants like Plaintiff did not think it was necessary to record**

21  **all the hours they worked, because ultimately, they were paid the same amount of**

22  **wages regardless of the time they input.**

23        **Plaintiff denies Request for Admission Number 5.** **While Plaintiff did record**

24  **much of his time such that it appears on this pay stubs, Plaintiff routinely worked**

25  **additional hours that were not recorded.** **Plaintiff will testify regarding the number of**

26  **hours he worked during a typical week, which is proper in an FLSA case like this.**

27  / / /

28  / / /

1    DATED:  April 5, 2024.

2                                                    **FRANKEL SYVERSON PLLC**

3                                                    By ___*s/Ty D. Frankel*___
                                                     Ty D. Frankel
4                                                    2375 E. Camelback Road, Suite 600
                                                     Phoenix, Arizona 85016

5
                                                     **FRANKEL SYVERSON PLLC**
6                                                    Patricia N. Syverson
                                                     9655 Granite Ridge Drive, Suite 200
7                                                    San Diego, California 92123

8                                                    *Attorneys for Plaintiff*

9

10

11

12

13

14

15                              **CERTIFICATE OF SERVICE**

16

17
          I hereby certify that on April 5, 2024, I served by U.S. Mail and email the foregoing
18
document to the following counsel for Defendants:
19

20   Shayna Balch Santiago, SBN 024852
     Lori A. Guner, SBN 031646
21   Jacob R. Valdez, SBN 035634
     FISHER & PHILLIPS LLP
22   3200 N. Central Avenue, Suite 1550
     Phoenix, Arizona 85012-2487
23   Telephone: (602) 281-3400
     Fax: (602) 281-3401
24   ssantiago@fisherphillips.com
     lguner@fisherphillips.com
25   jvaldez@fisherphillips.com
26
27   ___*s/David J. Streyle*___
     David J. Streyle
28

                                             - 8 -

1
2
3

# Frankel Syverson pllc

4  FRANKEL SYVERSON PLLC
   2375 E. Camelback Road, Suite 600
   Phoenix, Arizona 85016
5  602-598-4000
   Ty D. Frankel (027179)
6  ty@frankelsyverson.com

7  9655 Granite Ridge Drive, Suite 200
   San Diego, California 92123
8  602-598-4000
   Patricia N. Syverson (020191)
9  patti@frankelsyverson.com

10 *Attorneys for Plaintiff*

11                    **UNITED STATES DISTRICT COURT**

12                         **DISTRICT OF ARIZONA**

13

14 | Christopher J. Houck, on behalf of himself | Case No. 2:23-cv-00068-DGC
   and all those similarly situated,
15
                         Plaintiff,              | **OPT-IN PLAINTIFF ALDEN**
16                                               | **JACKSON'S RESPONSES TO**
                                                 | **DEFENDANT'S FIRST SET OF NON-**
17              v.                               | **UNIFORM INTERROGATORIES**

18 Maricopa County,

19                       Defendant.

20

21

22         Opt-In Plaintiff Alden Jackson ("Plaintiff"), by and through his counsel undersigned

23 and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the

24 U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of

25 Non-Uniform Interrogatories.

26

27

28
                                       - 1 -

1  **INTERROGATORY NO. 6:**

2        In the event your answer to any of Defendant's Requests For Admission are anything

3  other than an unqualified admission, please set forth the reason why, the details supporting

4  your denial, and produce all evidence supporting your stance.

5        **RESPONSE TO INTERROGATORY NO. 6:  Plaintiff objects that the request**

6  **is improperly compound.   Plaintiff also objects to the extent that it calls for**

7  **information protected by the attorney client privilege and work product doctrine.**

8  **Subject to and without waiving said objections, Plaintiff responds as follows:**

9        **Plaintiff admits Request for Admission Number 3 only in part.  While he was**

10  **required to track his hours, the County only used the tracking to ensure that Patrol**

11  **Lieutenants like Plaintiff worked 80 hours in a pay period because they are classified**

12  **as exempt; the County was not as concerned about Patrol Lieutenants tracking hours**

13  **worked over 80 hours per pay period because they were not going to pay them**

14  **overtime anyway.  While Plaintiff did have a routine practice of tracking his hours in**

15  **accordance with County policy, there are times when Plaintiff actually worked more**

16  **hours than he reported.**

17        **Plaintiff denies Request for Admission Number 4.  While he recorded some of**

18  **his hours that he worked, there are hours that he worked that he did not include when**

19  **he submitted his hours.  As a Patrol Lieutenant improperly classified as exempt by the**

20  **County, many Patrol Lieutenants like Plaintiff did not think it was necessary to record**

21  **all the hours they worked, because ultimately, they were paid the same amount of**

22  **wages regardless of the time they input.  Furthermore, their Captains only checked**

23  **their time to make sure they had accounted for at least eighty hours, so the precise**

24  **amount they included did not matter to their immediate supervisors.**

25        **Plaintiff denies Request for Admission Number 5.  While Plaintiff did record**

26  **much of his time such that it appears on this pay stubs, Plaintiff worked additional**

27  **hours that were not recorded.  Plaintiff will testify regarding the number of hours he**

28  **worked during a typical week, which is proper in an FLSA case like this.**

1    DATED:  April 5, 2024.

2                                                 **FRANKEL SYVERSON PLLC**

3                                                 By ____*s/Ty D. Frankel*____
                                                   Ty D. Frankel
4                                                 2375 E. Camelback Road, Suite 600
                                                   Phoenix, Arizona 85016
5
                                                   **FRANKEL SYVERSON PLLC**
6                                                 Patricia N. Syverson
                                                   9655 Granite Ridge Drive, Suite 200
7                                                 San Diego, California 92123

8                                                 *Attorneys for Plaintiff*

9

10

11

12

13

14

15                           **CERTIFICATE OF SERVICE**

16

17

18           I hereby certify that on April 5, 2024, I served by U.S. Mail and email the foregoing

19   document to the following counsel for Defendants:

20   Shayna Balch Santiago, SBN 024852
     Lori A. Guner, SBN 031646
21   Jacob R. Valdez, SBN 035634
     FISHER & PHILLIPS LLP
22   3200 N. Central Avenue, Suite 1550
     Phoenix, Arizona 85012-2487
23   Telephone: (602) 281-3400
     Fax: (602) 281-3401
24   ssantiago@fisherphillips.com
     lguner@fisherphillips.com
25   jvaldez@fisherphillips.com

26

27   _____*s/David J. Streyle*_____
     David J. Streyle
28

                                                - 8 -

1
2

# Frankel Syverson pllc

3
4  FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
5  602-598-4000
Ty D. Frankel (027179)
6  ty@frankelsyverson.com

7  9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
8  602-598-4000
Patricia N. Syverson (020191)
9  patti@frankelsyverson.com

10  *Attorneys for Plaintiff*

11                **UNITED STATES DISTRICT COURT**

12                     **DISTRICT OF ARIZONA**

13

14  Christopher J. Houck, on behalf of himself    Case No. 2:23-cv-00068-DGC
    and all those similarly situated,
15
                                                  **OPT-IN PLAINTIFF RYAN**
16            Plaintiff,                           **NEVILLE'S RESPONSES TO**
                                                  **DEFENDANT'S FIRST SET OF NON-**
17        v.                                      **UNIFORM INTERROGATORIES**

18  Maricopa County,

19            Defendant.

20

21

22        Opt-In Plaintiff Ryan Neville ("Plaintiff"), by and through his counsel undersigned

23  and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the

24  U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of

25  Non-Uniform Interrogatories.

26

27

28

intrusiveness on other employers can have to Plaintiff.  Plaintiff also objects that the request is harassing and unduly invasive of his personal affairs, seeking detailed information about other employment that does not impact the claims in this case. Plaintiff also objects that the term "off-duty assignments" is vague and ambiguous, as it is unclear what constitutes an off-duty assignment for purposes of the request. Subject to and without waiving Plaintiff's objections, Plaintiff refers to Response to No. 3.

**INTERROGATORY NO. 5:**

State whether you have been a party to a civil lawsuit between January 1, 2015 and the present. If so, for each lawsuit, please provide the following information:

(a) How were you named in the lawsuit (e.g., plaintiff, defendant, intervenor, etc.)?

(b) A description of the claims and defenses.

(c) The case number, date, location, and title of the court in which the action was commenced.

(d) The names of all the parties other than yourself involved in the action.

**RESPONSE TO INTERROGATORY NO. 5:  Plaintiff objects to the request that it is overbroad in time frame, asking for information well beyond the relevant period in this case.  Plaintiff also objects that the information requested is disproportionate to the need for discovery in this case, with the likelihood of requesting prejudicial information that has no bearing on the claims in this case.  Subject to and without waiving said objections, Plaintiff responds that there are none.**

**INTERROGATORY NO. 6:**

In the event your answer to any of Defendant's Requests For Admission are anything other than an unqualified admission, please set forth the reason why, the details supporting your denial, and produce all evidence supporting your stance.

- 6 -

**RESPONSE TO INTERROGATORY NO. 6:** **Plaintiff objects that the request is improperly compound.** **Plaintiff also objects to the extent that it calls for information protected by the attorney client privilege and work product doctrine. Subject to and without waiving said objections, Plaintiff responds as follows:**

**Plaintiff admits Request for Admission Number 3 only in part. While he was required to track his hours, the County only used the tracking to ensure that Patrol Lieutenants like Plaintiff worked 80 hours in a pay period because they are classified as exempt; the County was not as concerned about Patrol Lieutenants tracking hours worked over 80 hours per pay period because they were not going to pay them overtime anyway. While Plaintiff did have a routine practice of tracking his hours in accordance with County policy, there are times when Plaintiff actually worked more hours than he reported.**

**Plaintiff denies Request for Admission Number 4. While he recorded some of his hours that he worked, there are hours that he worked that he did not include when he submitted his hours. As a Patrol Lieutenant improperly classified as exempt by the County, many Patrol Lieutenants like Plaintiff did not think it was necessary to record all the hours they worked, because ultimately, they were paid the same amount of wages regardless of the time they input. Furthermore, their Captains only checked their time to make sure they had accounted for at least eighty hours, so the precise amount they included did not matter to their immediate supervisors.**

**Plaintiff denies Request for Admission Number 5. While Plaintiff did record much of his time such that it appears on this pay stubs, Plaintiff routinely worked additional hours that were not recorded. Plaintiff will testify regarding the number of hours he worked during a typical week, which is proper in an FLSA case like this.**

DATED:  April 5, 2024.

**FRANKEL SYVERSON PLLC**

By   *s/Ty D. Frankel*
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

- 7 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2024, I served by U.S. Mail and email the foregoing document to the following counsel for Defendants:

Shayna Balch Santiago, SBN 024852
Lori A. Guner, SBN 031646
Jacob R. Valdez, SBN 035634
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
ssantiago@fisherphillips.com
lguner@fisherphillips.com
jvaldez@fisherphillips.com

_____s/David J. Streyle_____
David J. Streyle

- 8 -

1
2
3

**FRANKEL SYVERSON PLLC**
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**OPT-IN PLAINTIFF ANDREW RANKIN'S RESPONSES TO DEFENDANT'S FIRST SET OF NON-UNIFORM INTERROGATORIES** |

        Opt-In Plaintiff Andrew Rankin ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Non-Uniform Interrogatories.

**information about other employment that does not impact the claims in this case. Plaintiff also objects that the term "off-duty assignments" is vague and ambiguous, as it is unclear what constitutes an off-duty assignment for purposes of the request. Subject to and without waiving Plaintiff's objections, Plaintiff refers to Response to No. 3.**

**<u>INTERROGATORY NO. 5:</u>**

State whether you have been a party to a civil lawsuit between January 1, 2015 and the present. If so, for each lawsuit, please provide the following information:

(a) How were you named in the lawsuit (e.g., plaintiff, defendant, intervenor, etc.)?

(b) A description of the claims and defenses.

(c) The case number, date, location, and title of the court in which the action was commenced.

(d) The names of all the parties other than yourself involved in the action.

**<u>RESPONSE TO INTERROGATORY NO. 5:</u>  Plaintiff objects to the request that it is overbroad in time frame, asking for information well beyond the relevant period in this case.   Plaintiff also objects that the information requested is disproportionate to the need for discovery in this case, with the likelihood of requesting prejudicial information that has no bearing on the claims in this case.  Subject to and without waiving said objections, Plaintiff responds that there are none.**

**<u>INTERROGATORY NO. 6:</u>**

In the event your answer to any of Defendant's Requests For Admission are anything other than an unqualified admission, please set forth the reason why, the details supporting your denial, and produce all evidence supporting your stance.

**<u>RESPONSE TO INTERROGATORY NO. 6:</u>  Plaintiff objects that the request is improperly compound.   Plaintiff also objects to the extent that it calls for**

information protected by the attorney client privilege and work product doctrine. Subject to and without waiving said objections, Plaintiff responds as follows:

Plaintiff admits Request for Admission Number 3 only in part.  While he was required to track his hours, the County only used the tracking to ensure that Patrol Lieutenants like Plaintiff worked 80 hours in a pay period because they are classified as exempt; the County was not as concerned about Patrol Lieutenants tracking hours worked over 80 hours per pay period because they were not going to pay them overtime anyway.  While Plaintiff did have a routine practice of tracking his hours in accordance with County policy, there are times when Plaintiff actually worked more hours than he reported.

Plaintiff denies Request for Admission Number 4.  While he recorded some of his hours that he worked, there are hours that he worked that he did not include when he submitted his hours.  As a Patrol Lieutenant improperly classified as exempt by the County, many Patrol Lieutenants like Plaintiff did not think it was necessary to record all the hours they worked, because ultimately, they were paid the same amount of wages regardless of the time they input.  Furthermore, their Captains only checked their time to make sure they had accounted for at least eighty hours, so the precise amount they included did not matter to their immediate supervisors.

Plaintiff denies Request for Admission Number 5.  While Plaintiff did record much of his time such that it appears on this pay stubs, Plaintiff routinely worked additional hours that were not recorded.  Plaintiff will testify regarding the number of hours he worked during a typical week, which is proper in an FLSA case like this.


DATED:  April 5, 2024.


FRANKEL SYVERSON PLLC

By    s/Ty D. Frankel
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

- 7 -

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2024, I served by U.S. Mail and email the foregoing document to the following counsel for Defendants:

Shayna Balch Santiago, SBN 024852
Lori A. Guner, SBN 031646
Jacob R. Valdez, SBN 035634
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
ssantiago@fisherphillips.com
lguner@fisherphillips.com
jvaldez@fisherphillips.com

        *s/David J. Streyle*
David J. Streyle

- 8 -

1

2

3

# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated, | Case No. 2:23-cv-00068-DGC |
| Plaintiff, | **OPT-IN PLAINTIFF JASON THOMAS'S RESPONSES TO DEFENDANT'S FIRST SET OF NON-UNIFORM INTERROGATORIES** |
| v. | |
| Maricopa County, | |
| Defendant. | |

Opt-In Plaintiff Jason Thomas ("Plaintiff"), by and through his counsel undersigned and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court of Arizona, hereby submits his Responses to Defendant's First Set of Non-Uniform Interrogatories.

- 1 -

**RESPONSE TO INTERROGATORY NO. 6:  Plaintiff objects that the request is improperly compound.   Plaintiff also objects to the extent that it calls for information protected by the attorney client privilege and work product doctrine. Subject to and without waiving said objections, Plaintiff responds as follows:**

**Plaintiff admits Request for Admission Number 3 only in part.  While he was required to track his hours, the County only used the tracking to ensure that Patrol Lieutenants like Plaintiff worked 40 hours in a week because they are classified as exempt; the County was not as concerned about Patrol Lieutenants tracking hours worked over 40 hours in a work week because they were not going to pay them overtime anyway.  While Plaintiff did have a routine practice of tracking his hours in accordance with County policy, there are times when Plaintiff actually worked more hours than he reported.**

**Plaintiff denies Request for Admission Number 4.  While he recorded some of his hours that he worked, there are hours that he worked that he did not include when he submitted his hours.  As a Patrol Lieutenant improperly classified as exempt by the County, many Patrol Lieutenants like Plaintiff did not think it was necessary to record all the hours they worked, because ultimately, they were paid the same amount of wages regardless of the time they input.  Furthermore, their Captains only checked their time to make sure they had accounted for at least 40 hours in a week, so the precise amount they included did not matter to their immediate supervisors.**

**Plaintiff denies Request for Admission Number 5.  While Plaintiff did record much of his time such that it appears on this pay stubs, Plaintiff routinely worked additional hours that were not recorded.  Plaintiff will testify regarding the number of hours he worked during a typical week, which is proper in an FLSA case like this.**

DATED:  April 5, 2024.

**FRANKEL SYVERSON PLLC**

By    *s/Ty D. Frankel*
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

1

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

2

3

*Attorneys for Plaintiff*

4

5

6

7

8

9

10

11

12

13

14

15

**CERTIFICATE OF SERVICE**

16

17

     I hereby certify that on April 5, 2024, I served by U.S. Mail and email the foregoing

18

document to the following counsel for Defendants:

19

20

Shayna Balch Santiago, SBN 024852
Lori A. Guner, SBN 031646

21

Jacob R. Valdez, SBN 035634
FISHER & PHILLIPS LLP

22

3200 N. Central Avenue, Suite 1550

23

Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400

24

Fax: (602) 281-3401
ssantiago@fisherphillips.com

25

lguner@fisherphillips.com

26

jvaldez@fisherphillips.com

27

     *s/David J. Streyle*

28

David J. Streyle