# Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND DEADLINES RELATED TO DISPOSITIVE MOTIONS AND MOTION TO DECERTIFY**<br><br>(Third Request) |

1    Plaintiff, by and through undersigned counsel, submits this opposition to

2  Defendant's third request to extend deadlines related to dispositive motions and motion to

3  decertify at Doc. 176.  Defendant has had seven weeks to prepare its response and replies,

4  which is significantly longer than the typical amount of time provided under the Federal

5  Rules and weeks longer than the amount of time they would have had under the original

6  briefing schedule in this case that was set during a conference with the Court in which there

7  was discussion about scheduling.  *See* LRCiv 56.1(d); Doc. 122.  Now, barely two days

8  before the deadline for its briefs, Defendant requests a very lengthy extension of **more than**

9  **two additional months** to file its briefs on March 13, 2026.  Defendant's proposed deadlines

10  would make their briefs due more than seven months after the Court entered its original

11  briefing schedule for the outstanding motions in this case.  Doc. 122.

12    Plaintiff would be significantly prejudiced by the lengthy extension that Defendant

13  is requesting.  Plaintiff filed this case almost three years ago on January 11, 2023 and needs

14  a timely resolution to this case, particularly considering that the FLSA overtime violations

15  he alleges are ongoing.  Doc. 1.  There have been significant delays in the case, in large part

16  due to Defendant's scheduling requests which have included extension requests for: (1) the

17  time Defendant wanted to file its unsuccessful motion to dismiss; (2) the time Defendant

18  wanted to submit its unsuccessful opposition to FLSA conditional certification; and (3)

19  multiple requests by Defendant for extending case management deadlines as a result of

20  Defendant's counsel's availability and other purported litigation conflicts.  Docs. 20, 28,

21  30, 100, 113.  Now, despite the Court having twice indicated in its prior Orders regarding

22  the briefing at issue that no further continuances would be granted (*see* Docs. 139 and 163),

23  Defendant requests an additional two months to submit briefs that it has already had seven

24  weeks to complete.[1]  Defendant's unreasonable request prejudices Plaintiff with further

25  delay in reaching a resolution in this matter, and subjects Plaintiff and the similarly situated

26

27

28

[1] In a prior extension request related to the briefing, Defendant had indicated that it was requesting one final extension.  Doc. 149 at 1.

1

1   Opt In Plaintiffs to continuing to have to work under conditions in which they believe their

2   overtime rights are still being violated.

3        Defendant does not have good cause to request this lengthy extension, and in fact, it

4   appears that the Court already considered how much additional time Defendant would need

5   when it addressed the briefing schedule in its last Order about scheduling.  Defendant

6   misleadingly implies that Plaintiff's counsel was unwilling to confer with them about the

7   schedule when it was last revised, arguing that resulted in a schedule set by the Court that

8   did not account for Defendant's position that it needed significantly more time.  That is at

9   odds with the facts.  Although unavailable for a call, Plaintiff's counsel indicated that

10  Plaintiff would be willing to consider a reasonable extension and requested that Defendant

11  edit the stipulation regarding the case schedule to include Defendant's position on the issue.

12  Defendant never responded to that request, necessitating Plaintiff file a Motion for an

13  Extension.  *See* Doc. 162 at 3; Doc. 162-1.  Importantly, that Motion noted for the Court

14  that Defendant had requested the additional time, even attaching Defendant's counsel's

15  correspondence so the Court was aware of Defendant's position on the issue regarding its

16  briefing deadline.  *Id.*  The Court appears to have taken Defendant's request into account

17  when it issued its Order regarding the current briefing deadline at issue, providing

18  Defendant a total of seven weeks to submit the briefs, which is weeks longer than the time

19  the Court had previously provided Defendant for the same pleadings.  *Compare* Docs. 139

20  and 150 with Doc. 163.

21       Defendant now claims that existing litigation deadlines in other cases make it

22  impossible for them to comply with the briefing schedule that gave them seven weeks to

23  prepare their filings.  There is no indication that Defendant was unaware of these deadlines

24  for the last seven weeks, nor that it would have been impossible for them to move those

25  deadlines instead of causing further delay in this case that has already been on the docket

26  for nearly three years.  Specifically, Defendant cites one response to a motion for class

27  certification and a document production, which are both due on January 23, 2026, as the

28  reason for needing two more months to prepare the briefs in this case.  Defendant claims

2

1    that completing those litigation tasks due two weeks *after* their briefing in this case
2    necessitates a two month extension to the briefing due in this matter.  The logic simply does
3    not follow why those cases take precedence over this one, nor does there appear to be
4    sufficient explanation why the seven week briefing period was not enough due to
5    obligations in other litigation matters that are occurring weeks after the deadline in this case
6    and that would have been known for some time.  Lastly, Defendant cites a trial that its lead
7    counsel may be involved with, indicating that it will "likely" take place in mid-2026.  It is
8    hard to understand how a trial that does not appear to be scheduled yet, and if it was, would
9    occur in the middle of this year, should take precedence over the briefing in this case.

10          Finally, Plaintiff sympathizes with the fact that Defendant indicates counsel was out
11   ill for some time and this occurred over the holidays.  However, the extension is
12   unreasonable under the circumstances in this case.  Furthermore, if Defendant is provided
13   any extension on its briefing now, Plaintiff's counsel's personal circumstances will
14   necessitate a significant delay due to when Plaintiff can submit his reply briefing in support
15   of his cross motion for summary judgment.  Plaintiff's counsel who is the lead on the
16   briefing is having a baby at the end of this month, and since he will be a single father with
17   sole responsibility for the baby, he will be out on paternity leave from January 22, 2026
18   until May 4, 2026.  While Plaintiff was going to complete the reply that is due by the existing
19   deadline of January 23, 2026, Plaintiff respectfully submits that deadline will have to be
20   extended to the extent Defendant is provided any additional time now.  If that occurs,
21   Plaintiff submits that there is good cause for Plaintiff's reply to be submitted after he returns
22   from paternity leave on May 4, 2026.  As such, Plaintiff's reply brief would not be submitted
23   until May 18, 2026, which presumes that Plaintiff is given two weeks as he has been
24   provided under the current schedule.  Plaintiff hopes to avoid this additional delay that
25   would result from Defendant's current extension request.

26          Plaintiff respectfully submits that the Court has previously ordered that no further
27   continuances would be granted on the briefing in this case.  Plaintiff does not believe that
28   Defendant has satisfied its burden to demonstrate good cause sufficient to overcome that

1   admonishment from its prior Orders.  In any event, there is certainly insufficient cause to

2   support the need for more than two additional months.  As a result, Plaintiff must oppose

3   Defendant's Motion in light of the prejudice that the delay will cause Plaintiff.

4         DATED:  January 8, 2026.

5                                              **FRANKEL SYVERSON PLLC**
                                               By  _s/ Ty D. Frankel_
6                                              Ty D. Frankel
                                               2375 E. Camelback Road, Suite 600
7                                              Phoenix, Arizona 85016

8                                              **FRANKEL SYVERSON PLLC**
                                               Patricia N. Syverson
9                                              9655 Granite Ridge Drive, Suite 200
                                               San Diego, California 92123

10
                                               *Attorneys for Plaintiff*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4