Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**PLAINTIFF'S MEMORANDUM REGARDING TRIAL PLAN** |

Plaintiff Christopher Houck, through undersigned counsel, submits this Memorandum regarding Trial Plan.

## I. Introduction

This is a Fair Labor Standards Act (FLSA) overtime case involving Named Plaintiff Houck and 20 opt in plaintiffs who have filed consents to join forms pursuant to 29 U.S.C. § 216(b). On December 6, 2023, this Court limited written discovery and depositions to 50% of the opt in plaintiffs. Doc. 48. During discovery, the County deposed 12 opt in

plaintiffs. In addition, the County deposed Named Plaintiff Houck. Plaintiff deposed five Captains who supervise the plaintiffs and four human resources employees at the County, including Keely Farrow, Darrien Ellison, Erin Erskine, and Kelly Grennan. The County served written discovery on 11 opt in plaintiffs who were deposed as well as Named Plaintiff Houck. On July 24, 2026, this Court denied the County's request to decertify the collective action. Doc. 190. In its Order, the Court instructed the parties to confer about a pretrial plan, noting that in most of these types of FLSA cases trial can proceed on a representative basis. Doc. 190. Plaintiff agrees with the Court's analysis and proposes the pretrial plan in this Memorandum, which presents the case on a representative basis at trial.

On August 27, 2026, the parties conferred regarding whether they could agree to a trial plan. The County outright rejected the notion that trial could proceed on any representative basis, taking the position that every single opt in plaintiff who joined the case must testify at trial. The County claims that each opt in plaintiff must testify to account for their exemption classification for specific periods of time within specific districts in Patrol Bureaus East and West. The County's position ignores the Court's decision to keep the collective certified through trial, claiming that what must be proved at trial includes immaterial variation between the opt in plaintiffs relating to how the County claims they perform their jobs within certain periods of time, certain shifts, or certain districts. The County's attempt to focus the trial on differences that are immaterial to the merits question of their primary duty and exempt status cannot necessitate individualized testimony at trial, just like it could not necessitate that the case be decertified. The opt in plaintiffs remain alike on the questions material to whether their primary duty is first responder in nature and whether an exemption applies, regardless of their shift, when they worked, or which district within Patrol Bureau East or West they served.

This Court correctly held that decertification should be denied, and Plaintiff's pretrial plan is consistent with the great weight of authority holding that collective actions that remain certified through trial can be presented through representative testimony on the issue of liability and damages as outlined more fully below. Indeed, trying the case as a collective

through representative testimony is supported by the law, promotes efficiency for the Court, parties, and jury, and ensures the broad remedial purpose of the FLSA can be effectuated.

## II. Plaintiff's Proposed Trial Plan

Plaintiff's prima facie overtime claim consists of proving the following:

1. The existence of the Patrol Lieutenants' employment relationship with the County and that their work is covered by the FLSA.[1]
2. The Patrol Lieutenants worked more than forty hours in one or more workweeks;
3. The County had actual or constructive knowledge of overtime worked;
4. The performance of some work for which the employee was not properly compensated under the FLSA and the amount of such lability by a just and reasonable inference.

The Plaintiffs will successfully rebut the County's burden to prove their affirmative defenses regarding the exemptions that the County alleges apply, including by proving that Plaintiffs' primary duty is nonexempt in nature and that the County cannot otherwise satisfy the elements of the exemptions. *Peterson v. Navajo County*, 2022 WL 992664, at *3 (D. Ariz. March 31, 2022)(citing *Klem v. Cty. of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000)). Given the significant overlap between liability and damages, Plaintiffs' claims should be tried in a single trial with representative testimony for both liability and damages. Trial in this fashion will be the most efficient and the least burdensome for the parties and the Court. The broad remedial purpose of the FLSA will be furthered by an efficient and cost-effective trial.

### A. Bifurcation is unnecessary.[2]

---

[1] 29 U.S.C. § 207; 203(d), 203(e), 203(g), 203(s); *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992); *Bailey v. Youth Villages, Inc.*, 2009 WL 1045464, at *5 (W.D. Tenn. Apr. 20, 2009). The County admitted in its Answer that it is the employer of Plaintiff and Patrol Lieutenants. Doc. 40 at ¶ 12. The parties should stipulate that the County is covered by the FLSA. 29 U.S.C. § 203(s)(1)(C).

[2] A court may bifurcate issues into separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Bifurcation is the exception, not the rule, and should not be ordered unless "such a disposition is clearly necessary." *Real v. Bunn-*

The triable issues in this case are: whether Plaintiffs are nonexempt employees entitled to overtime; the number of overtime hours Plaintiffs worked; and whether the County's violation of the FLSA was willful. In an FLSA case like this where part of what Plaintiffs must prove is that they worked overtime hours for which they were not compensated (for liability purposes) and how many hours they were not compensated (for damages), the evidence on liability and damages issues are inextricably intertwined. Given the significant evidentiary overlap between liability and damages, Plaintiffs propose trying liability and damages together in a single trial rather than unnecessarily bifurcating the trial into a liability phase followed by a damages phase. *See Vichare v. AMBAC, Inc.*, 106 F.3d 457, 466 (2d Cir. 1996) (refusing to bifurcate a trial where the evidence on the issues of liability and damages are intertwined).

Plaintiffs will defeat the County's burden to prove that an exemption applies, including by proving that their primary duty was nonexempt in nature. In addition, Plaintiffs will prove that they worked uncompensated overtime and how many hours of uncompensated overtime they worked. These issues are so practically and factually intertwined that bifurcating them would require calling most of the same witnesses and introducing many of the same exhibits in two separate trials. Bifurcation will therefore result in needless delay causing Plaintiffs substantial prejudice, making a first trial on liability administratively difficult to manage as well as imposing a significant additional expense and waste of the Court's time and resources.

The evidence will show that regardless of the district within Patrol Bureaus East or West where Plaintiffs worked, or which Captain they reported to, the County cannot satisfy its burden to prove that Plaintiffs were exempt employees. Rather, Plaintiffs will successfully demonstrate that they are not subject to an exemption, including that they are

---

*OMatic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000) (quoting *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992)). "In determining whether bifurcation is appropriate, the trial judge should consider potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result." *Cravens v. County of Wood*, 856 F.2d 753, 755 (6th Cir. 1988).

employees who worked overtime hours for which they were not properly compensated. This includes the common theory establishing that they are nonexempt first responders, which will be proven by testimony from the Patrol Lieutenants in this case, testimony from their captains, and company human resources employees and documents. The evidence is consistent regardless of which district within Patrol Bureau East and West the Patrol Lieutenants worked in.

Moreover, Plaintiff's proof of the County's willful conduct is based on testimony from senior human resources officials tasked with addressing compensation policies and facts common to all the Plaintiffs, including the County's decision to classify all the Patrol Lieutenants as exempt and how the County addressed complaints related to the overall classification applicable to all the Patrol Lieutenants. Plaintiff's evidence consists of complaints about the Patrol Lieutenants' misclassification as exempt and evidence regarding the County's failure to act reasonably when making the original classification or addressing complaints about whether that classification remained proper. The Plaintiffs will also provide common evidence and testimony supporting that they were required to work overtime, which is supported by the County's payroll documents and common testimony regarding additional hours they were required to work beyond the overtime showing on their payroll records.

**B. Representative Testimony**

For efficiency purposes and to avoid unnecessarily wasting judicial resources with duplicative, cumulative, and never-ending testimony, this Court should adhere to the well-settled principle that FLSA cases are customarily tried based on representative proof. *See Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 781 (6th Cir. 1995) ("The testimony of fairly representative employees may be the basis for an award of back wages to non-testifying employees."); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1276-80 (11th Cir. 2008) (concluding that the general rule is that not all employees have to testify to prove overtime violations); *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997) ("it is well-established that the Secretary may present the testimony of a

representative sample of employees as part of his proof of the prima facie case under the FLSA"); *Reich v. Gateway Press*, 13 F.3d 685, 701 (3d Cir. 1994) ("not all employees need to testify in order to prove violations or to recoup back wages"); *Takacs v. Hahn Auto.*, 1999 WL 33127976, at *3 (S.D. Ohio June 25, 1999) (granting the plaintiffs' request to prove damages through representative proof consisting of four to six plaintiffs); *Stillman v. Staples, Inc.*, 2009 WL 1437817, at *18 (D.N.J. May 15, 2009) (explaining that representative testimony is permitted in FLSA actions).

Here, Plaintiff proposes proving liability and damages through the testimony of Plaintiff Houck, six opt in Plaintiffs who were deposed, three captains who were deposed, and the four County human resources employees who were deposed. The six opt in plaintiffs would be selected from the pool of twelve representative Plaintiffs that the County deposed and took written discovery from. Similarly, any witnesses the County calls in their case should be limited to Plaintiff Houck, the opt in plaintiffs who were deposed, the captains who were deposed, and the human resources employees who were deposed.[3] *See Wilks v. The Pep Boys*, 2006 WL 2821700, at *7 (M.D. Tenn. Sept. 26, 2006) (defendant was not prejudiced by not being able to cross-examine each plaintiff individually in an off-the-clock case because it was free to present evidence, cross-examine individual plaintiffs, and call other witnesses to defend its policies and procedures at a single trial). Moreover, limiting the pool of Plaintiffs submitting testimony at trial to those who were deposed will not prejudice the County because it had ample opportunity to conduct discovery on these Plaintiffs.

Further, submitting testimony from six opt in Plaintiffs in addition to Plaintiff Houck is more than sufficient for several reasons. First, the size of the collective is small consisting of only twenty opt in plaintiffs in addition to Plaintiff Houck. With this Court having held

---

[3] The County has repeatedly raised fairness considerations regarding testifying witnesses at trial, taking the position that only witnesses who have been deposed should be able to testify. Plaintiff's trial plan takes that position into account to avoid unnecessary litigation on that issue. The County should be held to the same principle, and its trial witnesses should be limited to individuals who have been deposed in the case.

that the Plaintiffs are similarly situated on the material issues to be considered regarding their FLSA classification, it is appropriate to use representative evidence even where the County has raised exemption defenses. *Snively v. Peak Pressure Control, LLC*, 347 F.Supp.3d, 294, 299-300 (W.D. Tex. Nov. 9, 2018)(holding that plaintiff could rely on representative testimony to prove liability and damages notwithstanding defendant's exemption defenses); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008) ("We reject [Defendant's] argument that the executive exemption defense is so individualized that the testifying Plaintiffs did not fairly represent the non-testifying Plaintiffs."); *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 697–701 (3d Cir. 1994) (relying on the representative testimony of twenty-two (22) employees in finding that seventy (70) employees were misclassified as exempt professionals); *Donovan v. Burger King Corp.*, 672 F.2d 221, 224–25 (1st Cir. 1982) (finding that 246 employees were not exempt executive employees based on the testimony of only some employees); *Cruz v. Dollar Tree Stores, Inc.*, 270 F.R.D. 499, 508 (N.D. Cal. 2010) ("Whether employees who spent a majority of their time performing the seventeen tasks on the weekly payroll certifications were engaged in exempt [managerial] work is also a question that can be answered on a class-wide basis.").

Submitting testimony from six opt in Plaintiffs in addition to Plaintiff Houck would be sufficiently representative of the remaining non-testifying Plaintiffs because the facts material to the determination of whether they were properly classified as exempt are similar among the collective members. Doc. 190 at 4. The question of how a plaintiff will prove damages in a collective action like this has already been resolved by the United States Supreme Court. In *Anderson v. Mt. Clemens Pottery Co.*, the Supreme Court held:

> Where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference.

> The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result may be only approximate.

328 U.S. 680, 687-88 (1946)(superseded by statute on other grounds). Where an employer cannot provide accurate time records, "it is the duty of the trier of fact to draw whatever reasonable inferences can be drawn from the employee's evidence" as to the amount of overtime hours worked. *Id.* at 694; *see also Est. of Barton v. ADT Sec. Servs. Pension Plan*, 820 F.3d 1060, 1068 (9th Cir. 2016) ("where an employer fails to keep adequate records of hours worked as required by FLSA, the employee carries his burden of establishing damages 'if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'"). Because the standard is a "just and reasonable inference" and not mathematical certainty, fewer witnesses will be needed. Here, the County does not have time records that accurately reflect how many hours the Plaintiffs worked, and this Court correctly ruled that the Patrol Lieutenants can prove their damages by other means as a result. Doc. 190 at 10-11. To support its position, Plaintiff can rely on evidence, including representative testimony, to prove their damages. *Monroe v. FTS USA, LLC*, 860 F.3d 389, 411–13 (6th Cir. 2017) (holding representative testimony can be used to award back wages for similarly-situated employees).

Finally, the testimony of the representative Plaintiffs is not Plaintiff's only evidence of hours worked. The County's own payroll records, testimony from the Captains, and County policy demonstrate that the Patrol Lieutenants work hours in addition to forty in a week, including more hours than their pay stubs show. *See* record evidence cited at Doc. 166 at 37. As the Eleventh Circuit held in the seminal *Morgan v. Family Dollar* case, fewer representative witnesses will be necessary for the jury to determine the hours worked by a typical Plaintiff under these circumstances. *Morgan*, 551 F.3d at 1233 (overruling the

defendant's challenge to the representative testimony of only seven plaintiffs at trial because the plaintiffs' evidence was not limited to just seven plaintiffs but also included an "abundance of trial evidence" including corporate manuals, testimony from corporate witnesses, charts summarizing wages and hours, and a wealth of exhibits including emails).

In sum, presentation of representative testimony from a sampling of opt in Plaintiffs in addition to Plaintiff Houck is typical in FLSA cases and consistent with the Federal Rules of Evidence's caution against undue delay, wasting time, and the needless presentation of cumulative evidence. *See* Fed. R. Evid. 611(a) and 403 (permitting the Court to exercise control over the presentation of evidence and exclude relevant testimony "if its probative value is substantially outweighed by . . . consideration of undue delay, waste of time, or needless presentation of cumulative evidence"). Any alternative to representative testimony is simply unworkable and is directly contrary to the FLSA's important remedial purpose that allows individuals with relatively small claims to pool their resources together in an economic manner. *See O'Brien*, 575 F.3d at 586 (citing *Hoffmann-La Roche, Inc., v. Sperling,* 493 U.S. 165, 170 (1989)) (acknowledging that in FLSA collective actions serve an important remedial purpose and therefore plaintiffs who present evidence that they are similarly situated to the lead plaintiffs should not be barred from the opportunity to be part of a collective action).

DATED: September 3, 2026.

**FRANKEL SYVERSON PLLC**
By *s/ Ty D. Frankel*
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*