Shayna Balch Santiago, SBN 024852
Lori A. Guner, SBN 031646
David G. Myers, SBN 038484
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
ssantiago@fisherphillips.com
lguner@fisherphillips.com
dmyers@fisherphillips.com
Attorneys for Defendants

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Christopher J. Houck, on behalf of himself and all those similarly situated,

Plaintiff,

v.

Maricopa County,

Defendant.

No. 2:23-cv-00068-DGC

**DEFENDANT'S MEMORANDUM REGARDING PROPOSED TRIAL PLAN**

The Court's Order at Doc. 190 directed the parties to engage in a meet and confer conference about how best to conduct the trial of this collective action, particularly as to the issue of representative testimony, and to jointly file a proposed trial plan if the parties are able to agree, or separate memoranda if the parties are unable to agree. The parties have met and conferred pursuant to the Order but were unable to come to any agreement regarding how best to conduct the trial of this action. Accordingly, Defendant Maricopa County hereby files its separate Memorandum Regarding Proposed Trial Plan.

/ / /

/ / /

/ / /

# I. Trial Testimony Cannot Be On A Representative Basis.

## A. The Court Has Ruled Trial Of This Matter Is Not Infeasible; Fundamental Fairness Demands That Defendant Be Permitted to Call All Lieutenants At Trial To Present Evidence Regarding its Defenses.

This case involves only twenty opt-in plaintiffs. Each opt-in is a party plaintiff asserting an individual claim, and Defendant should be permitted to present the evidence relevant to its affirmative defenses as to each of those claims. In particular, because Defendant contends that the opt-in lieutenants were properly classified as exempt, Defendant must be permitted to elicit testimony concerning the duties each lieutenant actually performed, including the material differences among lieutenants and, where applicable, among the different assignments held by a single lieutenant over time. Those defenses are inherently fact-specific. Limiting Defendant to generalized or representative testimony would prevent Defendant from fully presenting the individualized factual basis for its exemption defenses.

Twenty party plaintiffs is not an unmanageable number of witnesses, particularly where the testimony of each bears directly on that plaintiff's own claim and Defendant's corresponding defenses. Indeed, the Court has already rejected trial-management concerns as a basis for concluding that this case cannot proceed as a collective action explaining that "'procedural considerations [with respect to trial] must mean more than the inconvenience from the court's or defendant's viewpoint, of the party plaintiffs' choice.'" Doc. 190 at 6:14–17. Having determined that trial of this collective is feasible notwithstanding the individualized circumstances of the lieutenants, the Court should likewise permit Defendant to call each lieutenant and develop the testimony necessary for the jury to evaluate Defendant's exemption defenses as to that individual.

## B. Defendant Has Offered Evidence That the Lieutenants Performed Exempt Duties, But Their Specific Day-To-Day Tasks Varied Considerably; Restricting Defendant to Representative Testimony Under These Circumstances Would Be Unfairly Prejudicial.

Trial in this matter cannot be conducted on a representative basis because the testimony would not be fairly representational. An FLSA collective action is a party

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

plaintiff action, rather than a representative action such as a class action, the opt-ins all have individual claims, and Defendant is entitled to defend itself against all of the individual claims. Here, Plaintiff claims that he and the opt-ins were misclassified as exempt under the FLSA and were not paid for overtime hours worked due to the first responder regulation in the FLSA. Specifically, Plaintiff contends that the opt-ins' "primary" and "most important" job duty is "law enforcement" and "first responder" in nature, making them ineligible for exemptions. Defendant contends that the first responder regulation does not apply because Plaintiff Houck and the remaining opt-ins performed primarily exempt duties, rarely performed first responder duties, and that the Houck and the opt-ins were properly classified as exempt from overtime under the FLSA under the executive, administrative, or highly compensated employee exemptions.

Regardless, the jury will need to make determinations on a lieutenant-by-lieutenant basis as to whether their primary duty qualifies them as exempt. Because each opt-in's exempt status depends on individualized facts about the day-to-day tasks performed by each opt-in, and every opt-in testified that their job duties are vastly different, the exemption analysis cannot be resolved on a representative basis. Therefore, it is Defendant's position that it should be able to call each and every one of the opt-ins to testify at trial.

Another reason that representative testimony is unsuitable for this case is that among the multiple factors to consider when determining an employee's primary duty include is the amount of time spent performing exempt work. 112 A.L.R. Fed. 3d Art. 1 (Originally published in 2026). "Employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement." *Id.* Thus, given the variances in the work performed by the opt-ins, each one must testify regarding the amount of time spent performing exempt work.

Finally, the "the employer bears the burden of showing that the [FLSA overtime] exemption applies…. In doing this, the employer must show that the employee '[m]eets every requirement before the employee will be deprived of the protection of the Act.'"

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

*Kollin v. Brio Inc.*, 677 F. Supp. 3d 1002, 1005 (D. Ariz. 2023) (quoting *Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1125 (9th Cir. 2002)). Defendant should be given the opportunity to question each of the opt-ins individually at trial for the additional reason the exemptions are an affirmative defense that Defendant bears the burden of establishing as applicable to each individual opt-in and for each position held and for each year. Plaintiff has not conceded that tasks performed by each of the lieutenants were the same. In fact, they disputed this at summary judgment and the Court determined in its Order at Doc. 190 that this is an issue for the jury to decide.

**C. Representative Testimony Can Be Appropriate To Establish Number of Hours Worked and Damages; Representative Testimony Is Not Appropriate to Establish Job Duties, Which Is A Highly Individualized Determination.**

Most cases that have allowed representative testimony have allowed it in the context of determining the number of hours worked or damages.

On the other hand, the FLSA exemption analysis is intensely fact-specific, and there are significant differences amongst the opt-ins' day-to-day tasks, due in part to their assignments to different districts, which is further compounded by the fact that their district assignments change from time to time. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 945 (9th Cir. 2009) (citing *Tumminello v. United States*, 14 Cl.Ct. 693, 697 (1988)) ("The determination of whether an exemption applies to a given individual ... is a very fact-specific exercise."). When deciding whether to allow representative testimony in the context of overtime exemption classification, many courts have held that representative testimony should not be permitted:

> [R]epresentative testimony is typically only allowed in the unpaid overtime context to establish the number of hours employees worked and the amount they were paid, not whether a class of employees was exempt from the overtime laws' coverage. *See Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1278–79 (11th Cir.2008). In fact, the court has been unable to locate any case in which a court permitted a plaintiff to establish the non-exempt status of class members … through statistical evidence or representative testimony.





FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

*In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 268 F.R.D. 604, 612 (N.D. Cal. 2010).

While courts have permitted representative testimony in FLSA collective actions, as referenced in the Court's Order at Doc. 190, it appears that in most such cases, representative testimony was permitted in the context of establishing hours worked, but not for establishing the overtime exemption. See *DeLuca v. Farmers Ins. Exch.*, No. 17-CV-00034-EDL, 2019 WL 4307940, at *5-6 (N.D. Cal. Sept. 11, 2019) (Permitting representative testimony in FLSA collective action for purposes of establishing the number of overtime hours worked for plaintiffs.); *McLaughlin v. Ho Fat Seto*, 850 F.2d 586, 589 (9th Cir. 1988) ("district courts [may] award back wages under the FLSA to non-testifying employees based upon the fairly representative testimony of other employees.").

**D. The Representative Testimony Case Law Cited By The Court Is Easily Distinguishable.**

In its Order at Doc. 190 directing the parties to file this memorandum, the Court cited to several cases in stating that "a majority of cases have held that trial in FLSA cases can be conducted on a representative basis. However, those cases are distinguishable from this matter, for multiple reasons. First, some of those cases concern determining opt-ins' overtime hours, whereas the primary issue in this case is exemption status. Second, those cases involve facts which established that the plaintiffs had the same or substantially similar job duties, whereas there are significant differences among the opt-ins' job duties in this case.

*Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 455 (2016) is distinguishable because there, the Supreme Court determined that "there [were] important questions common to all class members, the most significant of which is whether time spent donning and doffing the required protective gear is compensable work under the FLSA." *Id.* at 454. Moreover, the Court specifically stated that the case "presents no occasion for adoption of broad and categorical rules governing the use of representative and statistical

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

evidence in class actions" but "rather, the ability to use a representative sample to establish classwide liability will depend on the purpose for which the sample is being introduced and on the underlying cause of action. *Id.* at 442. The case did not establish a bright-line rule that representative testimony is sufficient in an FLSA case.

*Tyson Foods* involved donning and doffing, and all employees worked in the same facility and performed similar work. By contrast, here, the opt-ins working in different districts and performed different work.

In *Tyson*, the Court specifically stated as follows:

> One way for respondents to show, then, that the sample relied upon here is a permissible method of proving classwide liability is by showing that each class member could have relied on that sample to establish liability if he or she had brought an individual action. If the sample could have sustained a reasonable jury finding as to hours worked in each employee's individual action, that sample is a permissible means of establishing the employees' hours worked in a class action….
>
> An individual question is one where "members of a proposed class will need to present evidence that varies from member to member," while a common question is one where "the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof."

*Id.* at 453, 455.

*Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1264 (11th Cir. 2008), can also be distinguished. The Eleventh Circuit Court of Appeals in *Morgan* held that representative testimony could be appropriate under some circumstances where there is a finding regarding similarity, specifically, where there is evidence that the plaintiffs' actual jobs were the same, or, at a minimum, substantially similar. *Id.* at 1264. However, in this case, the opt-ins' actual jobs are not the same, nor are they substantially similar. Accordingly, there are significant differences with respect to the opt-ins' actual jobs, such that representative testimony is not appropriate or feasible.

Here, the same evidence will not suffice for each opt-in to make a determination regarding the opt-ins' exempt status. As established through deposition testimony and

declarations submitted at summary judgment, the opt-ins, who work in different districts, perform materially different work in practice, and the differences bear directly on the elements required to establish exemption from overtime under the FLSA. Moreover, courts have recognized that exempt status can fluctuate over time depending on changes in duties or circumstances.

It appears to Defendant that Plaintiff intends to offer to the Court representative testimony concerning what Plaintiff argues are similarities between the opt-ins. These alleged similarities are itemized by the Court in its Order at Doc. 190 denying decertification, which include: requirement to respond to all high-level patrol calls and report as first responders in the field; be uniformed at all times, including wearing body-worn cameras and the same equipment as deputies; log into the CAD system at the start of their shift to ensure dispatch is aware they are available for calls; and monitor the radio to ensure they are alerted to calls. However, this information is not necessarily indicative of the opt-ins' primary duty because it does not necessarily include everything that the opt-ins do on a daily basis, yet the exemption analysis requires looking at what tasks an employee is actually performing on a daily basis.

Moreover, the Court should not look to cases in other circuits for guidance on the appropriateness or feasibility of utilizing representative testimony. Some of the cases the Court cited in its Order at Doc. 190, and other cases that we anticipate Plaintiff will rely on, are not on equal footing with the facts of this case because they apply a different or more rigorous standard for determining whether plaintiffs are similarly situated.

For example, the First, Third, Fourth, Eighth, Tenth, and Eleventh Circuits largely adhere to the *ad hoc* test. The Ninth Circuit in *Campbell* rejected the *ad hoc* test because of "its focus on differences rather than similarities among the party plaintiffs," which leads courts "into an approach that treats difference as disqualifying, rather than one that treated the requisite kind of similarity as the basis for allowing partially distinct cases to proceed together." 903 F.3d 1090, 1117 (9th Cir. 2018). Under the *Campbell* standard,

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

"[i]f the plaintiffs' factual or legal similarities *are* material to the resolution of their case, dissimilarities in other respects should not defeat collective treatment." *Id*. at 1114.

In denying decertification in this case, the Court found that Plaintiffs were similarly situated based on the exclusive finding that they "consistently testified in their depositions that they are required to respond to all high-level patrol calls and report as first responders in the field for all such calls." (Doc. 190, at 4:20-23). Although the Court acknowledged that Plaintiffs "testified differently regarding their primary responsibilities, and that there is wide variation among Plaintiffs with regard to their duty assignments because patrol lieutenants are transferred between different districts," the Court declined to treat these differences as disqualifying because, under *Campbell*, "these factual dissimilarities do not defeat collective treatment where the Plaintiffs are alike on "*some* material aspect of their litigation." (Doc. 190, at 5:18-27) (quoting *Campbell*, 903 F.3d at 1114). If courts in these circuits were presented with similar evidence, application of the *ad hoc* test would likely result in decertification. It follows that these courts rarely, if ever, are tasked with determining how to conduct a fair trial utilizing representative testimony to establish the wildly variant job duties of each Plaintiff in this case.

Cases from the Fifth and Sixth Circuits are no more useful. In the Fifth Circuit, courts must "rigorously scrutinize the realm of 'similarly situated' workers, and must do so from the outset of the case, not after a lenient, step-one 'conditional certification.' Only then can the district court determine whether the requested opt-in notice will go to those who are actually similar to the named plaintiffs." *See Swales v. KLLM Transport Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021). And in the Sixth Circuit, plaintiffs must demonstrate a "strong likelihood" that members of the notice group are similarly situated. *See Clark v. A&L Homecare and Training Center, LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023). The Sixth Circuit articulated the "strong likelihood" standard as "a showing greater than the one necessary to create a genuine issue of fact, but less than the

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

one necessary to show a preponderance." *Id*. Both of these standards are more stringent than the summary judgment standard applied in the Ninth Circuit pursuant to *Campbell*.

Collectively, these other circuits determine whether a collective should be decertified by assessing whether there are differences in testimony that would impact trying the case on a collective basis, as with the *ad hoc* test, or by holding plaintiffs to a stricter burden to establish that they are similarly situated to proceed as a collective, as in the Fifth and Sixth Circuits. Under these different tests and standards, the risks associated with allowing representative testimony are lessened.

## II. The Verdict Form At Trial Should Include Each Opt-In's Assignment To Every District They Worked In During The Applicable Time Period.

As set forth above (and as fully briefed in Defendant's Motions for Summary Judgment and to Decertify), the specific tasks performed by the lieutenants varied considerably between employees and assignments. Accordingly, Defendant must be permitted to present evidence concerning those differences for each lieutenant so that the jury can evaluate Defendant's exemption defenses based on the duties actually performed by each opt-in during each materially distinct assignment. For example, a lieutenant may have worked nights in District 1 for six months, days in District 1 for another six months, and then days in District 2 for the following year, with materially different responsibilities in each assignment. These differences are not just hypothetical. Rather, numerous lieutenants testified that their duties assignment to assignment varied dramatically. *See* Doc. 157. The jury therefore will need to make separate factual determinations for each lieutenant across different periods of time based on their different assignments.

To streamline that process, Defendant asked Plaintiffs to stipulate to dates that each opt in was in each district. Plaintiffs declined and have taken the position that the Court's denial of decertification forecloses Defendant from presenting testimony regarding differences among the lieutenants' various assignments. Defendant's position is that the denial of decertification does not eliminate Defendant's right to present

evidence relevant to its affirmative defenses for each lieutenant and for each assignment. It is well established that an employee may fall in and out of exempt status over time depending on the duties actually performed – especially where those duties change over time.

Because Defendant is claiming the exemption as an affirmative defense, Defendant is entitled to present evidence that the opt-ins were performing exempt duties, and presentation of the evidence must be done on an individual basis for all members of the collective, rather than on a representative basis, due to the highly fact-intensive nature of the exemption analysis.

## III. Defendant Should Be Permitted To Depose All Remaining Opt-Ins Who Have Not Been Deposed, And Should Also Be Permitted to Re-Depose Those Who Have Already Been Deposed.

During the Case Management Conference held on December 5, 2026, the Court stated that if any opt-ins who are to testify at trial have not been deposed by Defendant, then in fairness, Defendant will be permitted an opportunity to depose those opt-ins before trial. See Doc. 55 at 4:23-5:1. As set forth above, Defendant's position is that all opt-ins must testify at trial. If all opt-ins are permitted to testify at trial, then Defendant should have the opportunity to depose each of them before trial in fairness, in order to avoid surprise at trial.

Furthermore, Defendant submits that it should be permitted to re-depose the opt-ins whom it has already deposed because many of the opt-ins frequently change districts, such that it is anticipated that many of their day-to-day tasks will have changed from the date of their deposition to trial. Moreover, each opt-in will need to testify regarding the hours worked since their deposition. Accordingly, Defendant respectfully requests that it should be given the opportunity to conduct up-to-date discovery concerning these issues before trial.

/ / /

/ / /

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

DATED this 3rd day of September 2026.

FISHER & PHILLIPS LLP

By s/ Shayna Balch Santiago
Shayna Balch Santiago
Lori A. Guner
David G. Myers
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Attorneys for Defendants

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Ty D. Frankel
Frankel Syverson PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
ty@frankelsyverson.com
Attorneys for Plaintiff

Patricia N. Syverson
Frankel Syverson PLLC
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
patti@frankelsyverson.com
Attorneys for Plaintiff

s/ Lori A. Guner