Frankel Syverson pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>Defendant. | Case No. 2:23-cv-00068-DGC<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY THE COURT'S JULY 24, 2026 DECERTIFICATION ORDER FOR INTERLOCUTORY APPEAL AND STAY THE ACTION** |

Plaintiff Christopher Houck, on behalf of himself and all those similarly situated, submits this Response in Opposition to Defendant Maricopa County's Motion to Certify the Court's July 24, 2026 Decertification Order for Interlocutory Appeal and to Stay the Action (Doc. 195).

## I. Introduction

Plaintiff Christopher Houck represents himself and the Opt In Plaintiffs who are current or former Maricopa County Patrol Lieutenants alleging that they were denied

overtime after being misclassified as exempt employees. Plaintiff contends that the Patrol Lieutenants' primary duty is law enforcement first responder work covered by 29 C.F.R. § 541.3(b) and that the County cannot satisfy its burden to prove that they are exempt employees. The County contends that the Patrol Lieutenants are exempt under the executive, administrative, or highly compensated exemptions. Doc. 195 at 2.

After FLSA conditional certification and full discovery, the County moved to decertify the FLSA collective action. The Court denied that Motion on July 24, 2026. Doc. 190. Applying the Ninth Circuit standard from *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018)("*Campbell*") regarding FLSA decertification, the Court found substantial evidence that the Patrol Lieutenants share duties material to the exemption dispute, including the uniform requirement to respond to high level patrol calls in the field as first responders and evidence that this responsibility takes priority over administrative tasks. Doc. 190 at 4-5. While the Court acknowledged the County's argument regarding differences in testimony about the Patrol Lieutenants' other responsibilities, the Court held that those differences did not defeat collective treatment because the Patrol Lieutenants were alike in a material respect consistent with the standard in the Ninth Circuit for determining whether to decertify an FLSA collective action. Doc. 190 at 5.

The County now seeks certification of the Court's decertification decision under 28 U.S.C. § 1292(b) regarding interlocutory appeals. Although the County claims that it is not requesting the Court to reconsider the evidence regarding decertification, the issues raised by the County require the Court to consider whether common facts addressed by the Court on decertification are sufficiently probative of the Patrol Lieutenants' primary duty, how material similarities were weighed against the County's asserted differences, and whether similarity must exist as to one, several, or all exemption elements. Doc. 195 at 4-6, 9-10. The County is really asking the Court to reconsider its analysis of the facts that led to its decertification Order, asking the Court to reapply them under a different legal standard than the one articulated by the Ninth Circuit in *Campbell* that the County believes would be more suitable to the outcome it wants. This cannot support the basis of an interlocutory appeal.

Importantly, the County's Motion should be denied because the County cannot meet the elements it must satisfy for an interlocutory appeal to be warranted. The County identifies no unsettled controlling question of law. The County instead asks the Court to allow the Ninth Circuit Court of Appeals to revisit this Court's application of *Campbell* to a developed evidentiary record. The County's argument is ultimately premised on the Court's application of *Campbell* to the facts in this case, and it does not satisfy 28 U.S.C. § 1292(b).

The County's Motion rests on a false premise that *Campbell* leaves district courts without a legal rule for deciding post-discovery decertification motions in FLSA misclassification cases. In reality, the Ninth Circuit in *Campbell* supplies a definitive rule for deciding whether to decertify an FLSA collective action. Opt-In Plaintiffs are similarly situated when they share a factual or legal issue material to the disposition of their FLSA claims, meaning a similarity that can advance their claims collectively toward resolution. *Campbell*, 903 F.3d at 1114-17. At the post-discovery stage, courts apply a summary judgment standard to ask whether, viewing competent evidence in the nonmovants' favor, a factfinder could find the plaintiffs similarly situated on a material issue in the case. *Id.* at 1117-18.

This Court correctly applied that standard. It found substantial common evidence that all Opt In Plaintiffs must respond to high level calls as first responders; that this duty takes priority over administrative work; that all Opt In Plaintiffs must remain uniformed and equipped like deputies; that all Opt In Plaintiffs log into CAD and monitor the radio; and that they face discipline for failing to respond. Doc. 190 at 4–5. The Court then concluded that these shared facts are material to whether the Plaintiffs were properly classified as exempt. *Id.* at 5. The County's proposed questions about whether those similarities are sufficiently probative, whether other testimony should carry greater weight, and when differences become important enough to require decertification cannot be answered without examining the factual record and reassessing the Court's application of *Campbell* to the facts, which is not a proper basis to support interlocutory appeal.

Importantly, *Richter v. AutoZoners, LLC* from a district court within the Ninth Circuit involves whether to certify an interlocutory appeal in circumstances like those raised by the County. After denying decertification in an FLSA executive exemption case, the court declined the employer's request to certify the question of whether employees could be similarly situated under *Campbell* when liability turned on individualized primary duty determinations. *Richter v. Autozoners, LLC*, 2026 WL 963339 (D. Mont. Apr. 9, 2026). The court in *Richter* held that the employer's proposed question was an effort to relitigate the decertification ruling and that an appeal would "stifle, rather than materially advance" the case. *Id.* at *2. The County misleadingly relies on *Richter's* earlier ruling regarding decertification to support its Motion, but the County does not confront the more recent order rejecting interlocutory review of that very decertification ruling that directly addressed the issues raised by the County now to support its request for interlocutory appeal. Doc. 195 at 13-15.

Nor do the *Guanzon* and *Weeks* decisions relied heavily upon by the County establish legal uncertainty for purposes of an interlocutory appeal. They applied *Campbell* to different factual records and found no material common evidence concerning the disputed exemption element at issue. Different outcomes under a settled legal standard do not create a substantial ground for difference of opinion to support interlocutory appeal. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)("That settled law might be applied differently does not establish a substantial ground for difference of opinion."). The County also cannot support that certification would advance the termination of the case. As discussed more fully below, the County cannot satisfy any of the three elements it must meet to support certification of an interlocutory appeal and its Motion should be denied.

The stay request should be denied independently. The County acknowledges that discovery is complete, dispositive motions are resolved, and "the only remaining aspect of this litigation is the trial." Doc. 195 at 17. The case is set for trial in April 2027. Doc. 197. There is no legitimate basis to stay the litigation that is already more than three and a half

years old, when doing so would lead to inefficiencies, cause delay, and would not advance the litigation toward termination.

## II. Legal Standard

28 U.S.C. § 1292(b) permits certification only when an order (1) involves a controlling question of law, (2) presents substantial ground for difference of opinion, and (3) may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The party pursuing the appeal bears the burden of demonstrating that each of the certification requirements have been met. *Couch*, 611 F.3d at 633. Certification is reserved for "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

## III. Legal Argument

### A. The County Does Not Identify a Controlling Question of Law

A question suitable for 28 U.S.C. § 1292(b) review must be a controlling question of law, not merely an issue important to the outcome. The County's question becomes "legal" only by removing the factual predicates necessary to answer it. Once those predicates are restored, the question is whether this Court correctly concluded on the record before it that Plaintiff presented substantial evidence of a material similarity. That is the precise decertification determination that the Court already made. Indeed, the County identifies no unsettled question of law. It asks to have the Ninth Circuit reconsider the Court's application of a settled legal standard to the evidentiary record in this case. 28 U.S.C. § 1292(b) does not authorize interlocutory appeal for that purpose.

The Ninth Circuit in *Campbell* resolved the governing legal framework for FLSA collective action decertification. It held that "[p]arty plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Campbell*, 903 F.3d at 1117. A similarity is material when it has "the potential to advance these claims, collectively, to some resolution." *Id.* at 1115. *Campbell* also rejected a categorical focus on differences; material

similarities can support collective treatment despite dissimilarities in other respects. *Id.* at 1114.

The County's Motion disputes how this Court applied those rules. The County calls the shared first responder evidence "minimal," argues that it "says little" about primary duty, contends the Court should have assigned greater significance to divergent testimony, and asks whether the Court was required to find similarity regarding every element of every asserted exemption. Doc. 195 at 6, 9-10, 15-16. Each contention requires a record specific judgment about the nature, weight, and materiality of the evidence that the Court analyzed in its decertification decision. An appellate court could not answer those questions in the abstract without reviewing Plaintiff's and Opt In Plaintiffs' deposition testimony, job duties, and the relationship between their first responder obligations and the asserted exemptions.

The County's attempt to characterize its challenge as one about "the legal framework" does not change its substance. The Court did not hold that any common duty, however trivial, is enough. It found that certain common duties shown here are material to the classification dispute. Doc. 190 at 4-5. The County's own Motion considers "legal questions" to include whether the Patrol Lieutenants' common duties are sufficiently probative of their primary duties, whether the Court should have given greater significance to purportedly divergent testimony, whether responding to high level calls, wearing uniforms, using CAD, and monitoring the radio constitute enough common proof, and whether the Patrol Lieutenants' differences are sufficiently significant to defeat collective treatment. Doc. 195. The County's assertions about whether the Patrol Lieutenants' common duties are insufficiently probative is a disagreement with the Court's application of law to fact, and it is therefore not suitable to certify an interlocutory appeal. *See Richter v. AutoZoners*, LLC, 2026 WL 963339, at *1 (noting that relative importance of duties was a fact intensive determination not suitable for certification).

**1. Authority Relied On by the County Rejected Interlocutory Review of the Same Issue Raised by the County Now**

The County relies on *Richter* as support of a supposed inconsistency in the law, but one month after denying decertification, the same *Richter* court denied the employer's 28 U.S.C. § 1292(b) motion based on the same theory that the County relies on here. In *Richter*, a district court within the Ninth Circuit confirms that the County's proposed issue is not an appropriate controlling question of law. There, after denying decertification of an FLSA collective asserting misclassification under the executive exemption, the court was asked to certify the question of whether employees are similarly situated under *Campbell* "when liability turns on individualized determinations of each employee's actual primary duty for purposes of the executive exemption and no common proof exists that has the potential to resolve the dispositive issues for all." *Richter*, 2026 WL 963339, at *1. The court denied certification of the interlocutory appeal. Despite the employer's effort to frame the issue as purely legal, the court held that the proposed question was an "attempt to relitigate the merits" of the decertification ruling. *Id.* The court had already evaluated the fact-intensive primary duty record and would not repeat that analysis through 28 U.S.C. § 1292(b). *Id.* The court also held that *Campbell* made the governing standard clear and rejected the argument that other district courts' application of *Campbell* to the records in those cases resulting in differing decertification outcomes could constitute substantial grounds for disagreement for purposes of certifying an interlocutory appeal. *Id.* at *2.

The similarity between the employer's position in *Richter* and the County's position here is remarkable. Both cases involve post-discovery FLSA decertification, an exemption depending on primary duties, an employer asserting individualized differences, and a proposed question for certification asking whether common proof is sufficient under *Campbell*. The County cites *Richter's* March 9, 2026 decertification ruling as evidence of uncertainty. Doc. 195 at 13–15. Tellingly, however, the County completely ignores the April 9, 2026 interlocutory appeal certification order in *Richter* that is directly on point, likely because it outright rejected the very position that the County is taking now in support

of certification. The County asks whether *Campbell* permits collective treatment where the ultimate exemption question turns on individualized primary duty factors and whether similarities concerning particular duties can outweigh differing evidence concerning other duties, much like the analysis addressed in *Richter*. When the employer in *Richter* argued that the claimed fact intensive primary duty dispute presented an unsettled legal question under *Campbell* for purposes of seeking interlocutory appeal, the court held the opposite, finding that *Campbell* supplied a clear standard to evaluate decertification and the employer was merely attempting to relitigate the application of that standard to the record. *Richter*, 2026 WL 963339, at *1-*2.

**B. There Is No Substantial Ground for Difference of Opinion**

The second requirement concerns genuine uncertainty in controlling law, not disagreement with a ruling. *Couch*, 611 F.3d at 633. Substantial grounds may exist where circuits disagree and the controlling circuit has not spoken or where novel and difficult issues are presented. *Id.* However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion." *Id.* Important to this case, "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.*

The Ninth Circuit has spoken regarding the standard for decertification. *Campbell* defined "similarly situated" for purposes of FLSA decertification, identified materiality as the governing principle, rejected focusing on differences like the County requests, and established the post-discovery standard for deciding whether to decertify an FLSA collective action. *Campbell*, 903 F.3d at 1114–18. The County does not identify any basis for why there is genuine uncertainty about how to apply the *Campbell* decertification standard. Rather, the County points to different outcomes when district courts apply the *Campbell* standard to the factual record before them. That does not mean those cases disagreed about what *Campbell* means. *Guanzon* cited by the County applied *Campbell* and decertified because the plaintiffs' evidence materially diverged on the particular

exemption element issue. *See Guanzon v. Vixxo Corp.*, 2019 WL 1586873 (D. Ariz. Apr. 12, 2019). *Weeks* applied *Campbell* and reached the same conclusion on its particular evidentiary record. *See Weeks v. Matrix Absence Mngm't Inc.*, 2022 WL 17104261 (D. Ariz. Nov. 22, 2022). *Richter* applied *Campbell* and found substantial evidence of similarity sufficient to deny decertification. *See Richter v. AutoZoners, LLC*, 2026 WL 963339 (D. Mont. Apr. 9, 2026). Those outcomes show that the same legal rule can produce different results on different factual records. That is insufficient when considering whether to certify an interlocutory appeal. *Couch*, 611 F.3d at 633 ("That settled law might be applied differently does not establish a substantial ground for difference of opinion.").

Furthermore, the *Guanzon* and *Weeks* decisions cited by the County apply the decertification analysis from *Campbell* rather than conflict with it. In *Guanzon*, the parties agreed on the employees' primary duty for one element of the administrative exemption, but the record contained materially divergent testimony about discretion and independent judgment, which was the disputed element that would decide exemption status. *Guanzon v. Vixxo Corp.*, 2019 WL 1586873, at *4–7. The plaintiffs did not meaningfully answer much of the employer's evidence. *Id.* at *6–7. *On that record*, the court found no sufficient material similarity and decertified. *Id.* at *7. *Weeks* likewise involved the administrative exemption's discretion element. The employees' testimony varied widely regarding their discretion, while their asserted common evidence consisted largely of tasks they did not perform. *Weeks v. Matrix Absence Management Inc.*, 2022 WL 17104261, at *2–3. *On that record*, the court held that the plaintiffs had not shown a material similarity bearing on the disputed element. *Id.* at *3.

Here, by contrast, this Court applied *Campbell* and found that there was consistent evidence of shared first responder duties bearing directly on the classification question that were material to the outcome of the case. Doc. 190 at 4-5. *Guanzon*, *Weeks*, *Richter*, and this case use the same legal rule from *Campbell* regarding FLSA decertification. Their outcomes on decertification varied because their evidentiary records were different, not because there is a genuine difference of opinion regarding how to apply the FLSA

decertification standard articulated by the Ninth Circuit. The existence of those district court cases does not create a substantial ground for disagreement for purposes of certifying an interlocutory appeal. In fact, it is clear that the County is simply relitigating the decertification analysis that led to denial of decertification, when taking into account that this Court already distinguished the *Guanzon* and *Weeks* decisions from this matter when it denied decertification in its July 24, 2026 Order. Doc. 190 at 6. The County cannot relitigate the Court's application of the law to the facts in its current attempt to concoct a basis to support an interlocutory appeal.

**C. Other Courts Have Declined Interlocutory Review of FLSA Decertification Rulings**

The decisions that address 28 U.S.C. § 1292(b) in circumstances similar to the County's position reinforce denial of certifying the interlocutory appeal. In *Harris v. Medical Transportation Management, Inc.*, the employer sought interlocutory review after the district court denied FLSA decertification. 2021 WL 5446829, at *1-*4 (D.D.C. Nov. 22, 2021). The court denied 28 U.S.C. § 1292(b) certification following its denial of FLSA decertification, holding that disagreement over the proper "similarly situated" analysis was insufficient where the employer failed to show that immediate review would materially affect the course of the litigation or generate significant savings of judicial and party resources. *Id.* at *2-*5. The D.C. Circuit later declined to reach the decertification issue through pendent appellate jurisdiction and treated the district court's assessment of trial management as relevant. *Harris v. Med. Transp. Mgmt., Inc.*, 77 F.4th 746, 756-57 (D.C. Cir. 2023). The D.C. Circuit emphasized that review would not materially advance the litigation, such orders ordinarily fall outside appellate jurisdiction, and the district court's "expert judgment on trial management" weighs "against an exceptional exercise of pendent jurisdiction." *Id*. at 764–67. Courts likewise reject attempts to convert disagreement with a fact-intensive decertification determination into a substantial ground for difference of opinion. In *Stevens v. HMSHost Corp.*, the court denied 28 U.S.C. § 1292(b) certification because the movant's objection to the court's application of the similarly situated factors

reflected only "disagreement with the Court," not the legal disagreement contemplated by the statute. *See, e.g., Stevens v. HMSHost Corp.*, 2015 WL 926007, at *3 (E.D.N.Y. Mar. 4, 2015).

**D. An Appeal Would Delay Rather Than Materially Advance Termination of This Trial Ready Case**

The County also fails to satisfy the third requirement. The question is whether an immediate appeal may materially advance the ultimate termination of the litigation, not whether reversal might reduce the number of plaintiffs or simplify trial. 28 U.S.C. § 1292(b). If potential trial savings alone were enough, FLSA collective action decertification decisions would routinely qualify despite Congress's decision to make 28 U.S.C. § 1292(b) exceptional.

The County's own Motion establishes why appeal would delay resolution. Discovery is complete, dispositive motions have been decided, and "the only remaining aspect of this litigation is the trial." Doc. 195 at 17. Certification would insert two additional stages before that trial, including a petition asking the Ninth Circuit to permit the appeal and, if accepted, full appellate proceedings. Meanwhile, witnesses' memories fade, the case grows older, and Plaintiff waits longer to adjudicate straightforward overtime claims filed more than three and a half years ago in January 2023. Under these circumstances, certification would not materially advance the termination of the case. *Richter*, 2026 WL 963339, at *2 (holding that certification would "stifle, rather than materially advance" termination of the FLSA collective action at the same procedural stage as the instant case).

Also, far from advancing the ultimate termination of the litigation, a successful appeal of the decertification ruling would significantly delay an end to the litigation. Decertification would result in the Opt In Plaintiffs being given the opportunity to file individual actions, necessitating 21 individual trials that would utilize common testimony and documents regarding the County's policies and Patrol Lieutenants' job duties. *See Campbell*, 903 F.3d at 1109 (noting that in cases where opt in plaintiffs have already joined,

they will be dismissed without prejudice to the merits of their individual FLSA claims); *Guanzon*, 2019 WL 1586873, at *7 (dismissing opt in plaintiffs without prejudice following decertification). Ultimately, this would extend the litigation regarding the overtime classification at issue for a lengthy, undermined amount of time, cutting against the County's argument that such a result would somehow expedite the litigation process. *See Harris v. Medical Trans. Mngm't, Inc.*, 2021 WL 5446829, at *5 (noting that prevailing at interlocutory appeal regarding decertification would result in individualized trials that even if consolidated as to certain issues likely would have extended the litigation for no practical purpose).

**E. The Court Should Deny the Requested Stay**

The stay request should be denied independently. 28 U.S.C. § 1292(b) expressly provides that an application for interlocutory appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." The County therefore must justify a stay because certification would not supply one automatically.

The County's showing is inadequate. The County argues only that trial resources might be saved if the Ninth Circuit accepts an appeal and later reverses the decertification decision. Doc. 195 at 16–17. That contingent possibility exists whenever a party seeks interlocutory review. It does not outweigh the prejudice of delaying an action ready for trial, especially one seeking unpaid wages. The County identifies no irreparable injury beyond ordinary litigation expense, no fixed appellate timetable, and no reason the Court cannot manage a collective trial under the legal standard it already applied.

A stay would also undermine judicial economy, particularly where the Court has already set trial for April 2027 and the parties have indicated they are ready to proceed then. The Court has presided over the case for more than three years, supervised discovery, and resolved decertification and summary judgment. Proceeding to trial permits all issues to reach one final judgment and, if necessary, one appeal. Pausing now would fragment the litigation. Further, if the Court granted the stay and the Ninth Circuit eventually agreed

with the County, the delay from the stay would not advance the efficiency of the litigation. At that point, the parties would have waited years to then have an individual trial of Plaintiff Houck's claims and then inevitably the separate individual trials for the claims of each of the Opt In Plaintiffs who decide to pursue their claims independently after decertification. If anything, the County's approach causes significant delay and inefficient use of the Court's and parties' resources. Because certification should be denied and the balance independently disfavors delay, the Court should deny the stay.

## IV. Conclusion

The County has not shown a controlling question of law, substantial ground for difference of opinion, or that immediate appeal may materially advance termination of this action. Plaintiffs respectfully request that the Court deny Defendant's Motion to Certify the July 24, 2026 Order for Interlocutory Appeal and deny the requested stay.

DATED: September 23, 2026.

**FRANKEL SYVERSON PLLC**
By *s/ Ty D. Frankel*
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*