Shayna Balch Santiago, SBN 024852
Lori A. Guner, SBN 031646
David G. Myers, SBN 038484
FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Telephone: (602) 281-3400
Fax: (602) 281-3401
ssantiago@fisherphillips.com
lguner@fisherphillips.com
dmyers@fisherphillips.com
Attorneys for Defendant



**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>Defendant. | No. 2:23-cv-00068-DGC<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO (1) CERTIFY THE COURT'S JULY 24, 2026 DECERTIFICATION ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b), AND (2) STAY THE ACTION PENDING INTERLOCUTORY APPEAL** |

Defendant Maricopa County ("Defendant" or "County"), by and through undersigned counsel, hereby submits its Reply in Support of Motion to (1) Certify the Court's July 24, 2026 Decertification Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), and (2) Stay the Action Pending Interlocutory Appeal at Doc. 195 (the "Motion"). This Reply is supported by the record of evidence cited in its briefings to date, which is incorporated by reference herein, and the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Contrary to Plaintiffs' argument at Doc. 201, the Court's July 24, 2026 decertification order ("Order") presents a "controlling question of law as to which there is substantial ground for difference of opinion," for which an immediate appeal "may materially advance the ultimate

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

termination of the litigation." 28 U.S.C. § 1292(b). The question presented is what type and degree of common proof is sufficient to satisfy the "similarly situated" standard in *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018) in misclassification cases involving multiple exemptions. The County's exemption defenses are highly individualized. Proving those defenses at trial, Plaintiff by Plaintiff, will turn on divergent testimony about each Plaintiff's actual day-to-day duties, the time spent performing them, their relative importance, and other considerations. Each consideration is material to whether a Plaintiff was properly classified as exempt, but none is dispositive on its own. To be clear, this question does not ask this Court to reweigh the evidence but asks instead what evidence this Court must consider in the first instance, and how much weight this Court should give that evidence, to determine whether Plaintiffs are "similarly situated" under *Campbell*. This case makes clear that *Campbell* does not answer these questions.

Thus, as a matter of law, this issue calls into question the meaning of 29 U.S.C. § 216(b) and how strictly or leniently a district court should apply *Campbell's* "similarly situated" standard, with its focus on material similarities over immaterial differences, in a misclassification case like this where the plaintiffs are both similar and dissimilar with regards to numerous **material** aspects of their case. As set forth in the County's Motion, if the existence of any common issue of fact is sufficient to satisfy *Campbell*, then the second-stage inquiry risks becoming largely meaningless in multi-factor exemption cases.[1]

Further, there is substantial ground for difference of opinion regarding how *Campbell* is to be applied in multi-factor misclassification cases, and Plaintiffs' attempts to distinguish the

---

[1] Indeed, plaintiffs in misclassification cases would be incentivized to dispute every exemption element and primary duty factor knowing that the evidence will likely show some similarity on some aspect which is material to the disposition of a claim (or a subset of a claim), notwithstanding the existence of evidence showing dissimilarities on other aspects which are also material to the disposition of their claims. At the same time, employer-defendants in misclassification cases would be deterred from asserting multiple exemption defenses because doing so could increase the number of exemption elements the plaintiffs can dispute, resulting in a more expansive set of facts for the district court to find some evidence of similarity and deny decertification. The County respectfully submits that *Campbell* did not intend for this result.

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

cases cited in the County's Motion are unavailing. First, contrary to Plaintiffs' assertion, *Richter v. AutoZoners* does not foreclose this Court's consideration of whether to certify its Order. (Doc. 201 at 4:1-13). As set forth below, the district court in *Richter* denied the defendant's motion to certify for interlocutory appeal because although the defendant framed the controlling issue of law as purely legal in nature, the district court determined that this was merely an attempt to relitigate the merits of the district court's decertification order. No. CV-22-47-M-DLC, 2026 WL 657813, at *1 (D. Mont. Mar. 9, 2026). Here, the County's Motion does not ask this Court to relitigate the merits of its decertification Order. Nor does the County's Motion frame the issue as *whether* employees can be similarly situated under *Campbell* when liability turns on individualized determinations, but rather *how* a district court is to apply *Campbell* when liability turns on individualized determinations. Moreover, the defendant's underlying motion for decertification in *Richter* did not rely on *Campbell* whatsoever. *Id.* at *2.

This is not conjecture. In this case, multiple elements of multiple exemptions are in dispute. Despite acknowledging several dissimilarities relevant to these elements, the Court did not consider them and determined that Plaintiffs were "similarly situated" under *Campbell* because all Plaintiffs testified that they perform some first-responder duties and that these facts are material to whether Plaintiffs were properly classified. (Doc. 190 at 4:15-5:27). The Court began and ended its similarly situated analysis here because of *Campbell's* instruction that factual dissimilarities do not defeat collective treatment where the plaintiffs are alike on some material aspect of their litigation. (*Id.*).

Whereas in both *Guanzon v. Vixxo Corp.*, and *Weeks v. Matrix Absence Manag. Inc.*, only the third element of the FLSA's administrative exemption was at issue for purposes of decertification, and the district court in both cases decertified the collective after finding that the plaintiffs were not similarly situated as to that one disputed element. (Doc. 195 at 11:9-13:20). Had another exemption element been in dispute, and had there been evidence of similarity material to that element, it begs the question whether the district courts in *Guanzon* and *Weeks* would have foregone their analysis of the material dissimilarities and denied decertification based on that material similarity alone, as the Court did here. Similarly, in *Richter*,

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

the district court performed a similarly situated analysis of two disputed exemption elements and concluded that the plaintiffs were similarly situated under *Campbell* because the record bore substantial evidence of similarity as to both elements. (Doc. 195 at 13:21-14:17). Thus, the question is whether *Campbell* compels a similarly situated analysis of all disputed exemption elements, as the district court in *Richter* performed, or whether the analysis stops when the district court finds evidence of similarity as to any disputed element, as the Court did here. Contrary to Plaintiffs' argument, district courts in this circuit are not merely applying *Campbell* and reaching different outcomes because of different factual records – they are reaching different outcomes because of fundamentally different applications of *Campbell* to the factual records before them.

Last, an immediate appeal could materially advance the termination of this litigation by transforming this case from one involving more than 20 plaintiffs to one involving one plaintiff. Conversely, allowing this case to proceed to trial as a collective will require the fact finder to examine duties performed individually by each of the 21 claimants and make a determination regarding multiple exemption defenses as to each Plaintiff.

## II. LEGAL ARGUMENT

### A. <u>Plaintiffs Mischaracterize the Controlling Question of Law as a Purely Factual Dispute.</u>

A "controlling question of law" does not require that "reversal of the district court's order terminate the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 2981). "Rather, all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Id.* Here, Plaintiffs attempt to reframe the County's proposed controlling question of law as one which cannot be resolved on appeal, claiming that "[i]t asks to have the Ninth Circuit reconsider the Court's application of a settled legal standard to the evidentiary record in this case." (Doc. 201 at 5:20-22). In doing so, Plaintiffs underscore the uncertainty of what it means to be "similarly situated" under *Campbell.*

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

**1. Campbell Leaves Unresolved How A Court Should Weigh Both Factual Similarities and Dissimilarities Material to a Misclassification Dispute.**

Plaintiffs argue that this Court's decertification analysis "require[][d] a record specific judgment about the nature, weight, and materiality of the evidence," and that "[a]n appellate court could not answer those questions in the abstract without reviewing Plaintiff's and Opt In Plaintiffs' deposition testimony, job duties, and the relationship between their first responder obligations and the asserted exemptions." (Doc. 201 at 3:3-22). But the County is not requesting that the Ninth Circuit review the factual record on the basis that the Court incorrectly judged the nature, weight, and materiality of the evidence. Rather, the fundamental issue is that *Campbell* leaves unresolved how a district court should identify what evidence is material and the relative importance of that material evidence when it bears on, but does not resolve, the ultimate liability question in a misclassification case involving multiple disputed elements for multiple exemptions. Plaintiffs emphasize the Court's finding that "certain common duties shown here are material to the classification dispute," (Doc. 201 at 6:13-15). But the Court also identified differences amongst Plaintiffs that bear on that dispute. (Doc. 190 at 5:18-27; 9:5-14). *Campbell* is silent as to how a district court should address both factual similarities and dissimilarities material to the misclassification dispute. Indeed, *Campbell* leaves unresolved whether a district court must grapple with material dissimilarities at all.

**2. *Richter* Is Immaterial and Unpersuasive**.

Next, Plaintiffs assert that *Richter* "confirms that the County's proposed issue is not an appropriate controlling question of law," arguing that the County "completely ignores the . . . interlocutory appeal certification order in *Richter* that is directly on point, likely because it outright rejected the very position that the County is taking now in support of certification." (Doc. 201 at 7:21-8:1). Not so.

In *Richter*, the defendant moved to certify the district court's order denying decertification and framed the following question for interlocutory appeal:

> Whether employees who bring a collective action under 29 U.S.C. § 216(b) are "similarly situated" under *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018) when liability turns on individualized

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

> determinations of each employee's actual primary duty for purposes of the executive exemption and no common proof exists that has the potential to resolve the dispositive issues for all.

2026 WL 963339, at *1. The district court determined that "[d]espite [the defendant's] effort to characterize this question as purely legal in nature, the Court views [the defendant's] proposed question as an attempt to relitigate the merits of the Court's Order on decertification." *Id.* In other words, the district court determined that the defendant's proposed question was really a factual challenge to its finding that the plaintiffs were "similarly situated" with respect to the primary duty element of the FLSA's executive exemption. *Id.* Because the district court conducted that fact intensive primary duty analysis at decertification, it rejected the defendant's invitation to repeat it under the guise of a controlling question of law under 28 U.S.C. §1292(b). *Id.*

Unlike in *Richter*, this Court did not conduct an analysis of the primary duty factors before determining that Plaintiffs are "similarly situated" under *Campbell.* Nor did the Court decide that Plaintiffs are "similarly situated" with respect to any (or all) disputed element(s) of the asserted exemptions at issue. Instead, the Court found that Plaintiffs are "similarly situated" under *Campbell* because Plaintiffs consistently testified that "they are required to respond to all high-level patrol calls and report as first responders in the field for all such calls," "that this duty takes priority over any administrative tasks patrol lieutenants have," and that they all must be uniformed, wear the same equipment as their subordinates, log into the CAD system to be available for calls, and monitor the radio to be alerted to calls. (Doc. 190 at 4:20-5:6). This Court determined that these "facts are material to the question of whether they were *properly classified as exempt* employees," despite acknowledging Plaintiffs' divergent testimony regarding "their primary responsibilities." (Doc. 190 at 4:20-5:27) (emphasis added). Unlike in *Richter*, the County's Motion does not propose a question of law guised as a request to repeat the Court's similarly situated analysis. The question of law proposed by the County is whether this is the type and degree of common evidence contemplated by *Campbell.*

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

*Richter* is also not persuasive with respect to the second and third elements under 28 U.S.C. §1292(b). Plaintiffs argue that the *Richter* court "held that *Campbell* made the governing standard clear and rejected the argument that other district courts' application of *Campbell* to the records in those cases resulting in differing decertification outcomes could constitute substantial grounds for disagreement for purposes of certifying an interlocutory appeal." (Doc. 201 at 7:17-20). However, *Richter* rejected the defendant's reliance on other district court cases because those cases pre-dated *Campbell*, did not analyze decertification motions, and/or analyzed an inapplicable out-of-circuit standard. 2026 WL 963339, at *2. With respect to the third element under 28 U.S.C. § 1292(b), *Richter* merely indicated its "belie[f] that certifying [the defendant's] proposed question for interlocutory appeal would stifle, rather than materially advance, the termination of this case," without any reasoning or explanation as to how the district court formed that belief. *Id.*

**B. <u>The Cases Cited in the County's Motion Confirm There Is a Substantial Ground for Difference of Opinion for Determining if Plaintiffs in Misclassification Cases Are "Similarly Situated" Under *Campbell*.</u>**

"[T]o determine if a 'substantial ground for difference of opinion' exists under 28 U.S.C. § 1292(b), courts must examine to what extent the controlling law is unclear." *Harrington v. Cracker Barrel Old Country Store Inc.*, 713 F. Supp. 3d 568, 584 (D. Ariz. 2024). "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch v. Telescope Inc.*, 611 F.3d 629, 633-34 (9th Cir. 2010) (citations omitted).

Here, the County identified the few cases in the Ninth Circuit applying *Campbell* in a pure misclassification case such as this. The County further showed how those cases establish the existence of a substantial ground for difference of opinion as to what district courts consider to be the relevant "material" aspect in misclassification cases, as well as to what requisite type and degree of common proof is required of plaintiffs to satisfy their burden of proving they are "similarly situated" under *Campbell* at the decertification stage. In response, Plaintiffs explain that the district court in *Guanzon* "applied *Campbell* and decertified because

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

the plaintiffs' evidence materially diverged on the particular exemption element issue," that the district court in *Weeks* "applied *Campbell* and reached the same conclusion on its particular evidentiary record," and that the district court in *Richter* "applied *Campbell* and found substantial evidence of similarity sufficient to deny decertification." (Doc. 201 at 8:19-9:9). According to Plaintiffs, "[t]hose outcomes show that the same legal rule can produce different results on different factual records," which they argue "is insufficient when considering whether to certify an interlocutory appeal." (*Id.*). Plaintiffs' effort to harmonize these cases with the decision of this Court actually underscores Defendants' position.

As set forth in the County's Motion, both *Guanzon* and *Weeks* involved only **one disputed element** for purposes of the decertification analysis. In those cases, the district courts decertified the collective because they found no evidence of similarity with respect to the disputed element. (Doc. 195 at 11:9-13:20). In *Richter*, there were two disputed elements, and the district court denied decertification of the collective because it found evidence of similarity with respect to **both** disputed elements. (Doc. 195 at 13:21-14:16). In this case, the Court was presented with numerous disputed elements involving three separate and distinct FLSA exemptions, as well as the First Responder Regulation which identifies various non-exempt first-responder tasks to consider under the primary duty test. This Court determined that Plaintiffs satisfied *Campbell's* "similarly situated" standard because they all perform some of the enumerated first responder-type tasks, all wear uniforms, all log into the CAD system, and all monitor the radio, and this Court ended its similarly situated analysis there despite acknowledging divergent testimony among the Plaintiffs concerning their primary duty responsibilities. (Doc. 190 at 4:20-5:27).

At minimum, this case and the above-cited cases demonstrate that there is a substantial ground for difference of opinion regarding what facts are "material" for purposes of the decertification analysis in misclassification cases, notwithstanding that the ultimate liability question in all misclassification cases is whether an exemption applies, which requires meeting all the elements of the exemption at issue, which requires a holistic examination of what an individual does each day, in order to determine which of those day-to-day duties constitute

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

an employee's primary duty, among other considerations. This case and the above-cited cases further demonstrate that there is a substantial ground for difference of opinion as to when *Campbell's* "similarly situated" analysis begins and ends in light of the number of exemption elements in dispute.

**C. <u>An Immediate Appeal from the Court's Decertification Order Will Materially Advance the Ultimate Termination of this Litigation.</u>**

"The third requirement for an interlocutory appeal—that the appeal must be likely to materially speed the termination of the litigation—is closely linked to the question of whether an issue of law is 'controlling,' because the district court should consider the effect of a reversal on the management of the case." *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1071 (D. Ariz. 2015) (quoting *L.H. Meeker v. Belridge Water Storage Dist.*, No. 1:05-CV-00603-OWW-SMS, 2007 WL 781889, at *6 (E.D. Cal. Mar. 13, 2007)). If the "present appeal promises to advance the time for trial or to shorten the time required for trial, appeal is appropriate." *Dukes v. Wal-Mart Stores, Inc.*, No. C 01-02252 CRB, 2012 WL 6115536, at *5 (N.D. Cal. Dec. 10, 2012). On the other hand, where "a substantial amount of litigation remains in this case regardless of the correctness of the Court's ruling . . . arguments that interlocutory appeal would advance the resolution of this litigation are unpersuasive." *Friedman v. 24 Hour Fitness USA, Inc.*, No. CV-06-6282-AHM, 2009 WL 545783, at *2 (C.D. Cal. Mar. 3, 2009). Moreover, "immediate appeal may be inappropriate where there is a good prospect that the certified question may be mooted by further proceedings." *Dukes*, 2012 WL 6115536, at *5 (internal quotations marks and citations omitted).

Here, a substantial amount of litigation does not remain, because the discovery process has already been completed and the matter has been set for trial in Spring 2027. All that remains to be litigated is the trial itself. Thus, the certified question will not be mooted. Moreover, an immediate appeal could materially advance the ultimate resolution of this case. If the decertification order is overturned, this case will transform from one involving 21 Plaintiffs to a single Plaintiff. Conversely, if this case proceeds to trial in its present posture, the factfinder will be required to examine duties performed individually by each of the 21

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

Plaintiffs and make a determination regarding multiple affirmative exemption defenses as to each party Plaintiff.

### D. **Plaintiffs' Out-of-Circuit Cases Declining Interlocutory Review of FLSA Decertification Rulings Are Non-Binding, Non-Persuasive, and Inapposite.**

The two out-of-circuit cases relied on by Plaintiffs in support of their assertion that decertification rulings are not appropriate for interlocutory review have no binding or persuasive value before this Court and are altogether inapposite to the question proposed by the County. *See Harris v. Medical Transport. Manag., Inc.*, No. 17-cv-1371 (APM), 2021 WL 5446829, (D.D.C. Nov. 22, 2021).2021 WL 5446829, at *2 (D.D.C. Nov. 22, 2021); *Stevens v. HMSHost Corp.,* No. 10-CV-3571, 2015 WL 9260007, (E.D.N.Y. Mar. 4, 2015).

In *Harris*, the district court "noted that the D.C. Circuit has not yet spoken on what makes persons 'similarly situated' for purposes of an FLSA collective action," then considered the "ad hoc approach," the "minority approach," and "the approach taken by the Ninth Circuit in *Campbell*." The court ultimately settled on the *Campbell* approach and denied the defendant's motion for decertification. 2021 WL 5446829, at *2. The district court denied the defendant's request for interlocutory review of the decertification order because the defendant failed to "explain[] how the selection of the ad hoc or minority approach, as opposed to the *Campbell* approach, would make any difference here, let alone 'materially affect the course of litigation.'" *Id.* (citation omitted). On appeal, the D.C. Circuit simply chose not to second guess the district court's statutorily conferred discretion whether to allow interlocutory appeals. 77 F.4th 746, 767 (D.C. Cir. 2023).

Here, the approach in this circuit for determining whether plaintiffs are "similarly situated" is settled: *Campbell*. The County's request for interlocutory review of the Court's decertification Order concerns how district courts are to determine whether plaintiffs in multi-factor misclassification cases are "similarly situated" under the *Campbell* approach itself.

Plaintiffs' reliance on *Stevens* fairs no better. In *Stevens*, the plaintiff sought interlocutory review of the district court's order granting decertification, arguing that the district court

misapplied the various factors under the *ad hoc* approach. 2015 WL 9260007, at *2. The district court refused to certify its decertification order based on its determination that the plaintiff's argument "is merely an attempt to relitigate the dueling motions that led to the Decertification Order, and the Court will not entertain it." *Id.*

Here, the County does not argue that the Court misapplied *Campbell*. To the contrary, the County's request for interlocutory review stems from "the Court['s] faithful[] attempt to apply *Campbell*," which exposed "important issues that *Campbell* clearly does not resolve." (Doc. 195 at 3:13-4:4).

### E. **<u>The Court Should Stay the Case Pending Resolution of this Interlocutory Appeal.</u>**

Should the Court certify its July 24, 2026 decertification Order, the County respectfully requests that the Court stay these proceedings while the decertification Order is on appeal to the Ninth Circuit. If a ruling from the Ninth Circuit ultimately affirms this Court's decertification Order, a stay simply preserves the status quo until the case is tried as a collective on the evidence already adduced and preserved through discovery. Whereas allowing this case to proceed to trial without a ruling from the Ninth Circuit poses significant risk of futility and wasted resources for all parties if the Court's decertification Order is overturned.

## III. CONCLUSION

For all the foregoing reasons, the Court should certify its July 24, 2026 Order pursuant to 28 U.S.C. §1292(b) and stay the case pending resolution of the proposed appellate proceedings.

DATED this 7th day of October 2026.

FISHER & PHILLIPS LLP

By <u>s/ Shayna Balch Santiago</u>
Shayna Balch Santiago
Lori A. Guner
David G. Myers
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
Attorneys for Defendants

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Ty D. Frankel
Frankel Syverson PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
ty@frankelsyverson.com
Attorneys for Plaintiff

Patricia N. Syverson
Frankel Syverson PLLC
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
patti@frankelsyverson.com
Attorneys for Plaintiff

s/ Itzel Cano