**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Christopher J. Houck, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Maricopa County,<br><br>Defendant. | No. CV-23-0068-PHX-DGC<br><br>**ORDER** |

The Court has reviewed the parties' memoranda regarding the trial in this case (Docs. 192, 193) and the briefing on Defendant's motion to certify a question to the Ninth Circuit and stay this action (Docs. 195, 201, 204). The Court will deny Defendant's motion and pose some questions to the parties regarding the trial in this matter.

**A. Motion to Certify and Stay.**

The Court does not agree with Defendant's characterization of the Ninth Circuit's decision in *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018) – specifically, that it is ambiguous and leaves unanswered questions related to the decertification decision. In denying Defendant's motion for decertification, the Court held:

> Plaintiffs have presented substantial evidence of their similarity. They consistently testified in their depositions that they are required to respond to all high-level patrol calls and report as first responders in the field for all such calls, and that this duty takes priority over any administrative tasks patrol lieutenants have. [Doc. 171] at 8-9 & n.8. All Plaintiffs must also (1) be uniformed at all times, including wearing body-worn cameras and the same equipment as deputies, (2) log into the CAD system at the start of their shift to ensure dispatch is aware they are available for calls, and (3) monitor the

> radio to ensure they are alerted to calls. *Id.* at 6-7. Plaintiffs are subject to discipline for failure to respond to high-level patrol calls. *Id.* at 9.
>
> Plaintiffs' facts are material to the question of whether they were properly classified as exempt employees, as will be evident in the summary judgment discussion below. And because these material facts are the same for all Plaintiffs, the Plaintiffs are "alike with regard to some material aspect of their litigation." *Campbell*, 903 F.3d at 1114. The "similarly situated" requirement for a collective action is therefore satisfied in this case. 29 U.S.C. § 216(b).

*Houck v. Maricopa Cnty.*, 2026 WL 2130620, at *3 (D. Ariz. July 24, 2026).

The Court continues to view this application of *Campbell* as correct. The Court does not find that its decertification or summary judgment rulings present a controlling issue of law on which there is a substantial ground for difference of opinion in the Ninth Circuit. 28 U.S.C. § 1292(9b). The Court therefore will not certify its decision for immediate appeal.

**B. Trial Issues.**

The Court does, however, find considerable uncertainty as to how this FLSA case should be tried. Plaintiff argues that this case can be tried through the representative testimony of him and six additional opt-in Plaintiffs, as well as selected management witnesses, and that both liability and damages can be determined for all 21 collective members on the basis of this evidence. The Court previously has noted that a majority of cases say collective actions can be tried on a representative basis (Doc. 190 at 13-14), but the parties' trial memoranda and the Court's continued thinking about trial have raised serious questions. The parties must assist the Court in resolving these questions.[1]

There are sufficient similarities among the opt-in Plaintiffs to certify this case under the *Campbell* test, as noted in the above quotation. But the threshold for certifying a collective action under *Campbell* is quite low – the Plaintiffs need only be similar on "some" material facts. 903 F.3d at 1114. That means they can be dissimilar on other material facts.

---

[1] The Court notes that these issues would not be resolved by an interlocutory appeal because the Court has not decided them or tried the case. Asking the Ninth Circuit to address these trial-management issues now would be asking for an impermissible advisory opinion.

If those other material facts could affect the determination of whether or not Plaintiffs are exempt employees, how can this case be tried fairly on a representative basis?

In its summary judgment ruling, the Court rejected Plaintiffs' argument that their primary role could be determined on the narrow set of facts described in the above quotation. The Court did not agree that these facts brought Plaintiffs within the firefighter cases that have held managers exempt. *Houck*, 2026 WL 2130620, at *4-5. The Court instead found that Plaintiffs' exempt status turned on a variety of factors:

> As noted above, an employee is exempt from overtime pay under the FLSA if their "primary duty" is "the performance of exempt work." 29 C.F.R. § 541.700(a). "Primary duty" is defined in regulations as "the principal, main, major or most important duty that the employee performs." *Id.* Plaintiffs' "primary duty" cannot, however, be determined by focusing on a single fact or a small set of facts. The Court at summary judgment, and the jury at trial, must consider "the character of the employee's job as a whole," with relevant factors including (1) "the relative importance of the exempt duties" compared to the employee's other duties, (2) the "time spent performing exempt work," (3) "the employee's relative freedom from direct supervision," and (4) "the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." *Id.* In this case, these factors present disputes of fact that preclude summary judgment for any party.
>
> Defendant focuses on facts that support its claim that Plaintiffs are exempt. These include the fact that "[w]hen a patrol district's Captain/Commander is unavailable, a Patrol Lieutenant will fill the role as the patrol district's 'acting commander' or 'acting captain,[']' who becomes the highest-ranking individual in the patrol district," and that "Patrol lieutenants who work the night shift are referred to as the 'watch commander' and are the highest-ranking individual during that shift for Patrol Bureau East or West, and at times for the entire County." Doc. 157 at 42. Plaintiffs respond that even in these temporary roles, "the Patrol lieutenants still maintain their role and duties as a Patrol Lieutenant" and must respond to high level calls. Doc. 173 at 55.
>
> Defendant further argues that Plaintiffs "make recommendations as to hiring and promotion decisions," and that they have the authority to take various disciplinary actions. Doc. 157 at 43. Plaintiffs point to "testimony in the record that Patrol lieutenants did not have authority to make final hiring or promotional decisions" or the "authority to make final disciplinary decisions." Doc. 173 at 56-57. The parties also disagree on the relative

> importance of various other duties of Plaintiffs, including supervising other employees, making annual performance evaluations, and budgeting, training, and conducting special projects. Docs. 157 at 43-44, 173 at 57-60. These facts are relevant to the regulatory factors of Plaintiffs' relative freedom from direct supervision and the relative importance of their exempt duties compared to their other duties. *See* § 541.700(a).
>
> There is also a factual dispute regarding the relationship between the salaries of Plaintiffs and sergeants. Defendant claims Plaintiffs receive a 10% pay raise on promoting to patrol lieutenants (Docs. 156 at 13, 172 at 33), which Plaintiffs challenge as factually unsupported (Doc. 172 at 33). Plaintiffs also argue that they make less than sergeants when factoring in sergeants' overtime (*id.*).
>
> In short, determining Plaintiffs' "primary duty" is a multi-factor inquiry and the parties disagree on the facts relevant to that inquiry. A jury must resolve these factual disputes and determine the inferences to be drawn from them.

*Houck*, 2026 WL 2130620, at *5.

Because the jury must decide whether a Plaintiff is exempt based on the character of their job "as a whole," 29 C.F.R. § 541.700(a), it is possible that the jury – considering the varying circumstances among the 21 Plaintiffs – could find some exempt and others not. How, then, can this case be tried fairly on a representative basis? Under Plaintiff's proposal, the jury would have no knowledge of factual variations among the 14 non-testifying Plaintiffs and would simply have to assume – perhaps incorrectly – that their work, responsibilities, and schedules were the same as the testifying Plaintiffs.

And even if a method could be found for the jury to determine damages "as a matter of just and reasonable inference," *Est. of Barton v. ADT Sec. Servs. Pension Plan*, 820 F.3d 1060, 1068 (9th Cir. 2016), liability is a different and more complicated question. Plaintiff has not shown or attempted to show that the work of the seven proposed trial Plaintiffs is exactly like the work of the proposed 14 non-testifying Plaintiffs. Individual consideration seems necessary.

By **October 28, 2026**, Plaintiff shall file a 10-page memorandum on these issues. Plaintiff specifically should address the concerns set forth in this order and explain how his factual situation, or that of the six other proposed Plaintiff witnesses, can fairly be used by

the jury to determine the exempt status of non-testifying Plaintiffs whose factual situations differ. Plaintiff should provide examples from similar cases that were tried on a collective basis, including cases with fact-specific exemption defenses, and explain how that was done and what instructions were given to the jury regarding the representative nature of the trial.[2] By **November 6, 2026**, Defendants shall file a 10-page response. No reply should be filed without a request from the Court.

Dated this 14th day of October, 2026.

David G. Campbell

David G. Campbell
Senior United States District Judge

---

[2] The Court notes that Rule 23 class action cases will not be helpful. The Court has not made a determination of adequacy, commonality, typicality, or predominance in this case, as is required in class actions under Rule 23, and the Ninth Circuit specifically distinguished FLSA collective actions from Rule 23 class actions in *Campbell*. *See* 903 F.3d at 1111-13.