**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Christopher J Houck, on behalf of himself and all those similarly situated,

Plaintiff,

v.

Maricopa County,

Defendant.

No. CV-23-00068-PHX-DGC

**ORDER**

The Court has reviewed the parties' stipulation regarding trial witness testimony. Doc. 206. The stipulation agrees that Defendant may call any or all of the 20 opt-in Plaintiffs, as well as the named Plaintiff, at trial. This would not be a representative trial. Plaintiff states that he still believes trial can be conducted on a representative basis, but he does not explain how, nor does he address the Court's serious questions about a representative trial set forth in Doc. 205.

The Court will accept the parties' stipulation and proceed with the assumption that this will not be a representative trial. A non-representative trial will require careful planning, and more than the two weeks currently allotted for trial in April 2027. The Court therefore will require the parties to address various trial-management issues in a joint memorandum to be submitted by **November 20, 2026**. The Court will also vacate the current trial date of April 19, 2027, with the trial to be reset once its contours are known.

The parties should keep in mind the following. The Court finds Defendant's suggestion of a 55-day trial to be entirely unreasonable. Even if all 21 opt-in Plaintiffs testify, the trial will not take anything close to 55 trial days. The Court recently completed a complex medical product liability case, where 33 witnesses testified, in 12 trial days (including jury selection and jury deliberation). The Court allotted the plaintiff 30 hours of trial time and the defendants 29 hours of trial time, and held the parties to those time limits, as the Court does in all civil trials.

The Court believes comparable time limits will work in this case. This is particularly true because once the jury understands the basic facts of the case and the issues to be addressed in deciding whether each Plaintiff is an exempt employee, the testimony of individual Plaintiffs can be short, focusing on the specific facts Defendant believes render them exempt and the specific similarities Plaintiffs believe render them non-exempt.

Fairly detailed instructions at the start of trial could assist the jury in understanding the relevant points in each Plaintiff's focused testimony, and opening statements could do the same. The parties also could agree on various stipulated facts regarding each Plaintiff, such as how long the Plaintiff has served as a lieutenant, during which years, and the divisions in which he or she has served. These could be shared with the jury before each Plaintiff testifies. Stipulations on the admissibility of relevant documents could also streamline the trial significantly.

In the joint memorandum to be submitted on November 13, the parties should provide a joint proposal regarding the length of the trial, how efficiency can be achieved in trial witnesses and exhibits, proposed trial dates, and any other suggestions on how this case can be resolved efficiently and fairly.

Dated this 2nd day of November, 2026.

David G. Campbell

David G. Campbell
Senior United States District Judge